**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

---

Civil Action No. 1:19-cv-00124-WJM-SKC

LOGAN DURANT, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE,
BIGGS PORTER, and
MICHAEL B. WIRASEKARA, JR.,

    Defendants.

---

Civil Action No. 1:19-cv-00758-NRN

HOWARD SCHWARTZ and
JILL SCHWARTZ, on Behalf of Themselves and All Others Similarly Situated,

    Plaintiffs,

  v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE,
BIGGS PORTER, and
MICHAEL B. WIRASEKARA, JR.

    Defendants.

---

**MOTION OF PHILLUP G. NEWHOPE AND MICHAEL W. SLAUNWHITE,
AS TRUSTEE OF THE SLAUNWHITE FAMILY TRUST, FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF COUNSEL**

---

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|------|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 3 |
| III. | ARGUMENT | | 4 |
| | A. | The Related Actions Should Be Consolidated | 4 |
| | B. | Newhope and Slaunwhite Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff | 5 |
| | | 1. Newhope and Slaunwhite Have Timely Moved for Appointment as Lead Plaintiff | 6 |
| | | 2. Newhope and Slaunwhite Have the Largest Financial Interest in the Relief Sought by the Class | 6 |
| | | 3. Newhope and Slaunwhite Satisfy the Requirements of Rule 23 | 7 |
| | |    a. Newhope and Slaunwhite Are Typical | 7 |
| | |    b. Newhope and Slaunwhite Are Adequate | 8 |
| | C. | Newhope and Slaunwhite's Selection of Counsel Should Be Approved | 10 |
| IV. | CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnwell v. Advanced Emissions Sols., Inc.*,
   Nos. 14–cv–01243–CMA–KMT,
   2015 WL 13612170 (D. Colo. Feb. 19, 2015) ............................................................... *passim*

*In re Cohen v. U. S. Dist. Court for the N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ....................................................................................... 10

*Ellis v. The Spectranetics Corp.*,
   No. 15-cv-01857-KLM,
   2015 WL 9259928 (D. Colo. Dec. 18, 2015) ................................................................ 6-7, 7

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
   No. 13-CV-05368-LHK,
   2014 WL 2604991 (N.D. Cal. June 10, 2014) .............................................................. 1

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328(RJS),
   2008 WL 2811358 (S.D.N.Y. July 8, 2008) ................................................................. 5

*Sabbagh v. Cell Therapeutics, Inc.*,
   Nos. C10-414MJP, *et al.*,
   2010 WL 3064427 (W.D. Wash. Aug. 2, 2010) ........................................................... 9

**Statutes**

15 U.S.C. § 78u-4(a) .................................................................................................... *passim*

Fed. R. Civ. P. 23 ........................................................................................................ 8

Phillup G. Newhope and Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust ("Newhope and Slaunwhite") respectfully submit this motion for the entry of an Order: (1) consolidating the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"); (2) appointing Phillup G. Newhope and Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust, as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Newhope and Slaunwhite's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class and The Shuman Law Firm ("Shuman") as Liaison Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.[1]

## I. INTRODUCTION

Presently pending in this District are two related securities class actions (the "Related Actions") brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 15 U.S.C. § 78t(a).[2] The Related Actions are brought on behalf of purchasers of Maxar Technologies Inc. ("Maxar" or the "Company") securities between

---

[1] This motion has been filed pursuant to § 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA. Section 21D(a)(3)(B) provides that within sixty days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for the plaintiff cannot determine who the competing lead plaintiff movants are at this time. As a result, counsel for Newhope and Slaunwhite has been unable to confer with opposing counsel pursuant to D.C.COLO.LCivR 7.1(a). Newhope and Slaunwhite will update the Court after the lead plaintiff deadline has passed and they have had the opportunity to confer with other movants.

[2] Unless otherwise noted, all emphases are added and all internal quotations and citations are omitted.

February 22, 2018, and January 7, 2019, inclusive (the "Class Period").[3] Because the Related Actions involve common issues of law and fact, Newhope and Slaunwhite respectfully suggest that consolidation is appropriate under Rule 42(a).

After consolidation, the PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the Exchange Act. Specifically, the PSLRA requires the appointment of the person or group of persons: (1) making a timely motion under the PSLRA's sixty-day deadline; (2) who asserts the largest financial interest in the relief sought by the class; and (3) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Newhope and Slaunwhite respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Newhope and Slaunwhite's motion is timely and their losses of approximately $317,294 under a last-in, first-out ("LIFO") basis in connection with their transactions in Maxar securities during the Class Period represents the largest known financial interest in the relief sought by the class. *See* Exs. A & B. In addition to asserting the largest financial interest, Newhope and Slaunwhite satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the class and because they will fairly and adequately represent the class. *See infra* Section III.B.

---

[3] At the lead plaintiff stage, the longest-pled class period controls. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *6, n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."). As such, Newhope and Slaunwhite rely on the class period alleged in *Schwartz, et al. v. Maxar Technologies, Inc., et al.*, No. 1:19-cv-00758-NRN (D. Colo.) in assessing their financial interest.

Finally, Newhope and Slaunwhite have retained experienced and competent counsel to represent the class. Accordingly, Newhope and Slaunwhite respectfully request that their selection of Kessler Topaz as Lead Counsel for the class and Shuman as Liaison Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Barnwell v. Advanced Emissions Sols., Inc.*, Nos. 14–cv–01243–CMA–KMT, *et al.*, 2015 WL 13612170, at *3 (D. Colo. Feb. 19, 2015) ("[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class") (alteration in original).

## II. FACTUAL BACKGROUND

Maxar, a Delaware corporation headquartered in Colorado, is a space technology company specializing in manufacturing communication, earth observation, radar, and on-orbit servicing satellites, satellite products, and related services. Maxar trades as a dual-listed company on both the Toronto Stock Exchange and the New York Stock Exchange under the symbol "MAXR."

The Related Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements, as well as failed to disclose material adverse facts, regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Maxar improperly inflated the value of its intangible assets, among other accounting improprieties; (2) Maxar's highly-valued WorldView-4 satellite was equipped with control moment gyros ("CMGs") that were faulty and/or not suited for their intended purpose; and (3) as a result, Maxar's public statements were materially false and misleading at all relevant times.

On August 7, 2018, Spruce Point Capital Management published a research report (the "Spruce Point Report") alleging that Maxar "has pulled one of the most aggressive accounting

schemes Spruce Point has ever seen to inflate Non-IFRS earnings by 79%." Specifically, the Spruce Point Report asserted that Maxar had used its acquisition of DigitalGlobe, Inc. "to inflate [its] intangible assets" and had "amended its post-retirement benefit plan to book one-time gains" in a manner that "was not fully disclosed across its investor communications. On this news, the Company's stock price fell $5.97 per share, or 13.44%, to close at $38.44 on August 7, 2018.

Thereafter, on January 7, 2019, Maxar disclosed that WorldView-4 had experienced a failure in its CMGs, preventing the satellite from collecting imagery due to the loss of an axis of stability and that the satellite will likely not be recoverable and will no longer produce usable imagery. On this news, the Company's stock price fell $5.69 per share, or 48.5%, over the following two trading sessions, to close at $6.03 per share on January 8, 2019.

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate where the actions "involve a common question of law or fact." *See Barnwell*, 2015 WL 13612170, at *1 (consolidating cases involving common questions of law or fact).

There are at least two related securities class actions pending in this District of behalf of investors who purchased Maxar securities:

| Case Caption | Civil No. | Date Filed |
|---|---|---|
| *Durant v. Maxar Technologies Inc., et al.* | No. 1:19-cv-00124-WJM-SKC | January 14, 2019 |
| *Schwartz, et al. v. Maxar Technologies Inc., et al.* | No. 1: 19-cv-00758-NRN | March 14, 2019 |

The Related Actions make substantially identical allegations against identical Defendants.[4] Accordingly, consolidation is appropriate under Rule 42(a). *See id.*

### B. Newhope and Slaunwhite Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id.* § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id.* § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall

---

[4] While the class periods in the Related Actions are not identical, this does not defeat consolidation under Rule 42(a). *See In re Orion Sec. Litig.*, No. 08 Civ. 1328(RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008) ("slight differences in the facts alleged and legal issues raised do not preclude consolidation").

appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii); *Barnwell*, 2015 WL 13612170, at *2.

### 1. Newhope and Slaunwhite Have Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any member or group of members of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, notice of the filing of *Durant v. Maxar Technologies Inc., et al.,* No. 1:19-cv-00124-WJM-SKC, was published in *Globe Newswire* on January 14, 2019. *See* Ex. C. Thus, March 15, 2019 is the deadline for class members to seek appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Accordingly, Newhope and Slaunwhite have timely moved this Court for appointment as Lead Plaintiff.

### 2. Newhope and Slaunwhite Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant or group of movants asserting the largest financial interest in the relief sought by class and who "otherwise satisfies the requirements of Rule 23" is the most adequate plaintiff. *See id.* § 78u-4(a)(3)(B)(iii). Here, Newhope and Slaunwhite suffered losses of approximately $317,294 under a LIFO analysis in connection with their Class Period

transactions in Maxar securities. *See* Exs. A & B; *Ellis v. The Spectranetics Corp.*, No. 15-cv-01857-KLM, 2015 WL 9259928, at *2 (D. Colo. Dec. 18, 2015) ("[C]ourts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action."). To the best of Newhope and Slaunwhite's knowledge, there are no other applicants seeking Lead Plaintiff appointment that have a larger financial interest in this litigation.

### 3. Newhope and Slaunwhite Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the in the relief sought by class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only a preliminary showing of typicality and adequacy is necessary at this stage of the litigation. *See Ellis*, 2015 WL 9259928, at *2 (finding only typicality and adequacy impact the lead plaintiff selection analysis).

#### a. Newhope and Slaunwhite Are Typical

"Typicality exists where the claims of the representative plaintiffs 'arise out of the same course of conduct and are based on the same theories as those of the absent class members and thus their interests are coextensive with and typical of those of all class members.'" *Barnwell*,

7

2015 WL 13612170, at *2. Here, Newhope and Slaunwhite satisfy the typicality requirement because, just like all other proposed class members, Newhope and Slaunwhite seek recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of Maxar securities. Thus, Newhope and Slaunwhite's claims arise from the same conduct as those of the other class members. Accordingly, Newhope and Slaunwhite are typical.

### b.   Newhope and Slaunwhite Are Adequate

The adequacy element of Rule 23 is satisfied where the Lead Plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Thus, the adequacy requirement is met where there is "(1) the absence of potential conflict between the named plaintiffs and the class members; and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Barnwell*, 2015 WL 13612170, at *2.

Here, Newhope and Slaunwhite's significant losses in their Class Period investments in Maxar securities ensure that Newhope and Slaunwhite have the incentive to vigorously pursue the claims against the Defendants. Moreover, as set forth Newhope and Slaunwhite's PSLRA certifications, Newhope and Slaunwhite have affirmatively demonstrated their willingness to pursue this litigation for the benefit of the class. *See* Ex. A. In addition, there are no conflicts between Newhope and Slaunwhite and the class as each seeks to recover losses caused by Defendants' false and misleading statements. Newhope and Slaunwhite have also demonstrated their adequacy through the selection of Kessler Topaz as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class

action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action litigation in an efficient, effective, and professional manner.

To further demonstrate their adequacy, Newhope and Slaunwhite provided a Joint Declaration detailing their motivations for seeking appointment together and steps they have implemented to ensure that the class's claims will be prosecuted zealously. *See* Ex. D (the "Joint Decl."); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (allowing for the appointment of a group); *Sabbagh v. Cell Therapeutics, Inc.*, Nos. C10-414MJP, *et al.*, 2010 WL 3064427, at *6 (W.D. Wash. Aug. 2, 2010) (the "declarations address every concern raised by courts who have questioned the ability of previously-unrelated group[s]" to represent the class).

Specifically, the Joint Declaration establishes, *inter alia*, that:

- Based on their respective financial losses and after substantial consideration, Newhope and Slaunwhite each independently determined that they could maximize the potential recovery for the class through the benefits of joint decision making, and, on this basis, affirmatively decided to seek appointment as Lead Plaintiff (Joint Decl., ¶¶ 5-8);

- Before filing a motion, Newhope and Slaunwhite personally discussed, on a joint conference call, seeking appointment in this case and conferred regarding the benefits of working together and aspects of prosecuting this litigation (*Id.*, ¶¶ 8-9);

- Newhope and Slaunwhite have explicitly acknowledged and accepted their duties and obligations to all class members if selected as Lead Plaintiff and are committed to seeking the largest possible recovery for the class (*Id.*, ¶¶ 2-5, 7-9, 11-12);

- Newhope and Slaunwhite are committed to overseeing counsel to ensure that the

      case is efficiently litigated in the class's best interest (*Id.*, ¶¶ 2-4, 6-7, 12); and

- Newhope and Slaunwhite are committed to collaboratively working together to manage this litigation on behalf of the proposed class (*Id.*, ¶¶ 7, 9-11).

Accordingly, Newhope and Slaunwhite satisfy Rule 23's adequacy requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (allowing for the appointment of a group).

### C. Newhope and Slaunwhite's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See id.* § 78u-4(a)(3)(B)(v); *Barnwell*, 2015 WL 13612170, at *3 ("[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class") (alteration in original). The Court should not disturb the lead plaintiff's choice of counsel unless necessary to 'protect the interests of the class.'" *See In re Cohen v. U. S. Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Here, Newhope and Slaunwhite have selected and retained Kessler Topaz to serve as Lead Counsel and Shuman as Liaison Counsel. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-md-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re*

*Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including: *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); *Baker v. SeaWorld Entertainment, Inc.*, No. 14-cv-02129 (MMA) (S.D. Cal.); and *Washtenaw County Employees' Retirement System v. Walgreen Co.*, No. 15-cv-03187 (SJC) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held before the Honorable Shira A. Scheindlin in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—at the time, one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

In addition, Shuman has significant experience litigating securities class actions in this District and is well qualified to represent the class as Liaison Counsel. *See* Ex. F.

Thus, the Court may be assured that, in the event this Motion is granted, the class will receive the highest caliber of legal representation available. Accordingly, Newhope and Slaunwhite's selection of Lead and Liaison Counsel should be approved. *See Barnwell*, 2015 WL 13612170, at *3 (appointing plaintiff's selected lead counsel).

## IV. CONCLUSION

For the reasons stated herein, Newhope and Slaunwhite respectfully request that the Court (1) consolidate the Related Actions; (2) appoint Phillup G. Newhope and Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust as Lead Plaintiff; (3) approve Newhope and Slaunwhite's selection of Kessler Topaz as Lead Counsel for the class and Shuman as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

DATED: March 15, 2019

Respectfully submitted,

*/s/ Rusty E. Glenn*
Rusty E. Glenn
The Shuman Law Firm
600 17th Street, Suite 2800 South
Denver, CO 80202
Telephone: (303) 861-3003
Fax: (303) 484-4886
rusty@shumanlawfirm.com

-and-

Kip B. Shuman
The Shuman Law Firm
One Montgomery Street, Ste. 1800
San Francisco, CA 94104
Telephone:  303-861-3003
303-536-7849 (fax)
kip@shumanlawfirm.com

*Proposed Liaison Counsel for the Class*

Naumon A. Amjed
Ryan T. Degnan
Melissa L. Troutner
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Fax: (610) 667-7056

Email: namjed@ktmc.com
Email: rdegnan@ktmc.com
Email: mtroutner@ktmc.com

*Counsel for Phillup G. Newhope and Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust and Proposed Lead Counsel for the Class*

13

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed or served the document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Rusty E. Glenn*
Rusty E. Glenn
The Shuman Law Firm
600 17th Street, Suite 2800 South
Denver, CO 80202
Telephone: (303) 861-3003
Fax: (303) 536-7849
Email: rusty@shumanlawfirm.com

*Proposed Liaison Counsel for the Class*