# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00124-WJM-SKC

LOGAN DURANT, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

MAXAR TECHNOLOGIES INC., HOWARD L. LANCE, BIGGS PORTER, and MICHAEL
B. WIRASEKARA, JR.,

    Defendants.

Civil Action No. 1:19-cv-00758-LTB

HOWARD SCHWARTZ and JILL SCHWARTZ, on Behalf of Themselves and All Others
Similarly Situated,

    Plaintiffs,

  v.

MAXAR TECHNOLOGIES INC., HOWARD L. LANCE, BIGGS PORTER, and MICHAEL
B. WIRASEKARA, JR.

    Defendants.

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF**
**PHILLUP G. NEWHOPE AND MICHAEL W. SLAUNWHITE, AS TRUSTEE**
**OF THE SLAUNWHITE FAMILY TRUST, FOR CONSOLIDATION OF RELATED**
**ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF**
**SELECTION OF COUNSEL**

We, Phillup G. Newhope and Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     Phillup G. Newhope and Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust, respectfully submit this Declaration in support of their Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel.  Each of us has personal knowledge about the information in this Declaration relating to ourselves.

2.     I, Phillup G. Newhope, am a resident of California.  I am currently retired, and previously worked as a pharmacist, having received my B.A. Pharmacy from the University of Iowa.  I have been investing in the stock market for approximately twenty years.  As set forth in our motion for appointment as Lead Plaintiff and supporting papers, I suffered substantial losses from my investments in Maxar Technologies Inc. ("Maxar") securities during the Class Period.  I am familiar with the facts and circumstances that are the subject matter of this litigation.  I understand the responsibilities and obligations with which a lead plaintiff is charged under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which include acting as a fiduciary for all class members, staying informed about this litigation, and overseeing lead counsel.  I accept these responsibilities and am willing to oversee the vigorous prosecution of this litigation in order to maximize the class's recovery.

3.     I, Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust, am a resident of Ontario, Canada.  I currently serve on the boards of directors of two software companies.  Prior to my current position, I served as an executive for multiple software companies and as an independent consultant, assisting companies with strategic and financing plans.  I received a B.A. Commerce from Carleton University. I have been investing in the stock market for approximately

thirty years.  As set forth in our motion for appointment as Lead Plaintiff and supporting papers, I suffered substantial losses from my investments in Maxar securities during the Class Period.  I am familiar with the facts and circumstances that are the subject matter of this litigation.  I understand the responsibilities and obligations with which a lead plaintiff is charged under the PSLRA, which include acting as a fiduciary for all class members, staying informed about this litigation, and overseeing lead counsel.  I accept these responsibilities and am willing to oversee the vigorous prosecution of this litigation in order to maximize the class's recovery.

4.    We are each highly incentivized to recover the substantial losses we suffered as a result of defendants' violations of the federal securities laws, and believe that the securities litigation against Maxar and other defendants is important to all Maxar investors.  Accordingly, we believe that this case should be prosecuted by investors with a financial interest substantial enough to ensure that the action is litigated vigorously, efficiently, and in the best interests of the class.  Our primary goal in litigating this action is to maximize the class's recovery from all potentially culpable parties.

5.    After evaluating the claims against the defendants and the size of our respective losses arising from the defendants' alleged misconduct, we determined that we could maximize the potential recovery for the class by seeking joint appointment as Lead Plaintiff and by seeking the appointment of Kessler Topaz Meltzer and Check, LLP ("Kessler Topaz") as Lead Counsel. In making this determination, we considered, among other things, the factual basis of the claims pending against the defendants and the benefits of joint decision-making.

6.    We individually understand that we are under no obligation to seek appointment as Lead Plaintiff (individually or as a group) or to propose the appointment of Kessler Topaz as Lead

Counsel.  Each of us understands that we were free to select and propose any qualified counsel to serve as class counsel.  We are also aware that multiple law firms have issued press releases alerting investors to the lead plaintiff deadline in this litigation.  However, we are each highly motivated to recover the substantial losses that we incurred as a result of defendants' violations of the federal securities laws.  To this end, in order to ensure the best possible recovery for the class, we believe that this case should be prosecuted by engaged investors with a financial interest substantial enough to ensure vigorous and efficient representation.  Significantly, given the facts of this case, we strongly believe that the Lead Plaintiff must be committed to actively overseeing qualified counsel who is capable of aggressively litigating this case without unnecessary expense, delay, or duplication of work.  Our primary goal in litigating this action is to maximize the class's recovery from all potentially culpable parties.  We believe our appointment and the Court's approval of our proposed Lead Counsel, Kessler Topaz, will meet this goal.

7.      Prior to seeking appointment as Lead Plaintiff, we convened a joint conference call to formalize our commitment to jointly prosecute this litigation and to discuss our duties as Lead Plaintiff.  During the joint conference call, we discussed: aspects of the litigation against Maxar; the significance of a small and cohesive group of investors prosecuting claims against Maxar in order to maximize recovery for the class; our interest in serving jointly as Lead Plaintiff; and the importance of ensuring that the class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Kessler Topaz.  During the joint call, the two of us made plans to speak to each other, without counsel, to further ensure we will effectively oversee this action.

8.      Based on the joint call, we believe that our collective experience and ability to deliberate and engage in joint decision-making would materially benefit and advance the interests of the class.  We consider each other to be like-minded investors with a substantial financial stake in this litigation and share a commitment to maximizing investors' recovery.  Our discussions with each other lead us to conclude that a small, cohesive group of experienced investors serving as Lead Plaintiff will have a positive effect on the quality of representation provided to absent class members.

9.      We intend to prosecute this litigation against the defendants in an independent and vigorous manner.  Each of us is highly motivated to recover our substantial losses and intend to share our collective experience.  Among other things, we have discussed with each other the importance of joint decision-making and maintaining regular communication that will enable us to confer, with or without counsel, via telephone and/or e-mail on short notice to ensure that we are able to make timely decisions.  To this end, we have exchanged contact information and have instructed counsel to arrange for calls upon our demand.  Given that we are already communicating directly with each other with and without counsel, we do not foresee any difficulty in continuing to communicate with each other and Kessler Topaz.

10.     Based on our obligations to the class and our shared common interest in maximizing the recovery for all investors, we fully expect to reach unanimous decisions regarding litigation decisions.  However, in the event that we are unable to reach a unanimous decision, we have agreed that we will rely on that collective experience and our shared fiduciary duty to the class to reach a consensus through reasoned discussion.

11.    In addition to discussing our goals for the litigation, we individually understand the importance of selecting a qualified law firm to prosecute the class's interests and to do so efficiently.  We are each aware of Kessler Topaz's reputation as an accomplished law firm and have been informed of Kessler Topaz's history of achieving impressive settlements and corporate governance reforms with defendants and experience litigating complex class action lawsuits.  Through our oversight of our proposed Lead Counsel, we believe that Kessler Topaz will prosecute this litigation in a zealous and cost-effective manner and in the best interests of all class members.

12.    We hereby reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with each other and counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, we will ensure that the Maxar securities litigation will be vigorously prosecuted consistently with the Lead Plaintiffs obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

**[REMAINDER INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 15th day of March 2019.

_____

Phillup G. Newhope

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 15th day of March 2019.

*Michael Slaunwhite*

Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust