# EXHIBIT F



THE SHUMAN LAW FIRM

*The Shuman Law Firm prides itself with its unwavering dedication to serving clients at the highest legal and ethical standards in the prosecution of corporate securities fraud throughout the United States. We are passionate about advancing the rights of defrauded shareholders and work steadfastly to*

## MISSION STATEMENT

*redress damages suffered by our clients. We take great pleasure in our commitment to two fundamental principles – client communication and satisfaction. We view our size as an asset which facilitates communication and enables us to better serve our clients. We believe our success as a law firm cannot only be measured by the amount of money we recover, but also the trust we develop with our clients and their approval of our work done on their behalf.*

WE ARE PROUD TO ACKNOWLEDGE THAT RISKMETRICS GROUP'S SECURITIES CLASS ACTION SERVICES DIVISION RECOGNIZED THE SHUMAN LAW FIRM AS ONE OF THE TOP 50 PLAINTIFFS' LAW FIRMS IN THE UNITED STATES, RANKED BY TOTAL DOLLAR AMOUNT OF FINAL SECURITIES CLASS ACTION SETTLEMENTS IN 2008 IN WHICH THE LAW FIRM SERVED AS LEAD OR CO-LEAD COUNSEL.



The Shuman Law Firm is a nationally recognized law firm located in majestic Boulder, Colorado. Our firm specializes in representing shareholders who have suffered financial losses from corporate securities fraud or other corporate malfeasance.

Since its inception in 1994, Kip B. Shuman, principal of The Shuman Law Firm, has worked to recover hundreds of millions of dollars on behalf of defrauded investors. The Shuman Law Firm has acted as class counsel for institutional investors, including public pension funds, labor unions, as well as thousands of individual investors

## FIRM BACKGROUND

in securities class actions and derivative litigation.

Most recently, The Shuman Law Firm served as counsel in over forty derivative lawsuits emanating from the well-publicized stock option backdating scandal that came to light in 2006. In these cases, corporate executives of publicly-traded companies manipulated company stock options in a manner that allowed the executives to enrich themselves to the tune of hundreds of millions of dollars at the expense of the companies and shareholders. The Shuman Law Firm has played a central role in causing many corporate executives who received manipulated stock options to return their ill-gotten profits to the companies they served.

*continued on next page*



In many instances, The Shuman Law Firm has caused the manipulated stock options to be either rescinded or re-priced to ensure that executives cannot profit from their wrong doing. In addition, The Shuman Law Firm has caused the boards of directors of these companies to adopt robust corporate governance changes that are specifically designed to create a system of checks and balances which ensure that stock option manipulation will not occur in the future. These cases provide one recent example of The Shuman Law Firm's commitment to protecting the rights of shareholders. See pages 6-8 for a partial list of stock option backdating derivative cases and the results achieved.

## ACCOLADES

*In comparison with the thousand-plus attorney mega-firms commonly seen today, The Shuman Law Firm and its predecessor firm, has been frequently recognized by the courts for the high quality of its work and results achieved.*

• At a hearing to appoint lead plaintiffs, lead counsel, and liaison counsel in In Re Rhythms Securities Litigation, United States District Court Senior Judge John L. Kane complimented Mr. Shuman on having done an "excellent job" in all of the class action securities matters held in his court to date.

*continued on next page*



- In *In re Qwest Communications International, Inc., Securities Litigation,* which is believed to be the largest securities fraud case in the history of the State of Colorado, the Court in granting approval of the final settlement of the action stated: "I have for my duration as the presiding judge in this case respected and admired your competent counsel, because as I have commented and as my lead law clerk have commented repeatedly, the quality of your briefing and your argument and authority was exemplary and something that I would hope would be emulated by other counsel in the same or similar circumstances."

- In *Queen Uno v. Coeur D'Alene Mines Corporation,* the Court recognized the "skill and experience, reputation and ability" of plaintiffs' counsel, stating that counsel are "well respected litigators in the securities field," "highly skilled in class action litigation and federal securities law," and that " the substantial amount recovered is testament to their skill."

- Likewise, in approving the final settlement of another national securities fraud class action, *Schaffer v. Evolving Systems, Inc.,* the court recognized the effort and ability of plaintiffs' counsel, stating that "the $10 million settlement … is a good recovery, in fact, almost extraordinarily good.  And I commend counsel for having achieved that result."



*Mr. Shuman, of The Shuman Law Firm, has exceptional success in prosecuting shareholder class actions and derivative actions.  Below is a sample of his more notable cases.*

- *Rasner v. FirstWorld Communications Inc.,* Case No. 00-K-1376 (D. Colo.) (co-lead counsel) ($25.925 million recovered).

- *In re Tele-Communications, Inc. Sec. Litig.,* Case No. 97CV421 (Colo.) (co-lead counsel) ($26.5 million recovered).

## NOTABLE CASES

- *Muhr v. Transcrypt Int'l, Inc.,* Case No. CI98-333 (Neb.) (co-lead counsel) (approximately $25 million recovered).

- *In re Samsonite Corp. Sec. Litig.,* Case No. 98-K-1878 (D. Colo.) (co-lead counsel) ($24 million recovered).

- *Queen Uno Ltd. Partnership. v. Coeur D'Alene Mines Corp.,* Case No. 97-WY-1431 (D. Colo.) (co-lead counsel) ($13 million recovered).

- *In re Secure Computing Corp. Sec. Litig.,* Case No. C-99-1927 (N.D. Cal.) (co-lead counsel) ($10.1 million recovered).

*continued on next page*

- *Angres v. Smallworldwide PLC,* Case No. 99-K-1254 (D. Colo.) (co-lead counsel) ($9.85 million recovered).

- *In re Qwest Comms. Int'l Sec. Litig.,* Case No. 01-cv-1451 (D. Colo.) (liaison counsel) ($450 million recovered).

- *In re First American Corporation Shareholder Derivative Litigation,* Case No. SACV-06-1230 (C.D. Cal.) (corporate reforms obtained included, separating roles of the Chairman of the Board and CEO, enhanced Chairman of the Board duties, the creation of lead independent director, and revised compensation guidelines).

- *In re Quest Software, Inc. Derivative Litigation,* Case No. SACV-06-751 (C.D. Cal.) (corporate reforms obtained included, separating roles for Chairman of Board and CEO, enhanced Chairman of the Board duties, amendments to stock option plans, revisions to compensation committee and audit committee charters, and revised compensation guidelines).

- *In re NVIDIA Corp. Derivative Litigation,* Case No. C-06-06110 (N.D. Cal.) (payments, re-pricing and other benefits to the company for mispriced stock options valued at over $15 million; corporate reforms obtained included, enhanced board of director duties and independence requirements, creation of lead independent director with specified duties, and revised compensation and stock option policies).

*continued on next page*



- *In re Newpark Resources, Inc. Derivative Litigation,* Case No. 06-7340 (E.D. La.) (payment of $8.3 million to the company for mispriced stock options; creation and implementation of code of ethics for senior officers and directors, creation and implementation of policy on reporting, cooperating with investigation and discipline in connection with policy violations, modifications to company policy regarding remediation actions related to material weaknesses in internal controls over financial reporting).

- *In re Meade Instruments Corp. Derivative Litigation,* Case No. 06CC00205 (Cal. Super. Ct., Orange County) (corporate reforms included, enhanced timing, disclosures, and doc-umentation of company equity compensation awards of awards, the creation of a compliance officer and enhanced duties for compensation and audit committees).

- *In re Cheesecake Factory Incorporated Derivative Litigation,* Case No. CV-06-6234 (C.D. Cal.) (repayment to the company by certain directors and officers for mispriced exercised stock options; cor-porate reforms included, the addition of an independent director, maintenance of a lead independent director with specified duties, enhanced board of director duties and independence requirements, and revised compensation and stock option policies).



**KIP B. SHUMAN**                    kip@shumanlawfirm.com

Kip B. Shuman, founding member of the firm, has prosecuted class actions and derivative actions in Colorado and throughout the United States for more than fifteen years. Mr. Shuman concentrates his practice on representing injured shareholders through securities class actions and derivative litigation.

Mr. Shuman graduated from U.C.L.A. in 1984 and the University of San Francisco School of Law in 1989.

## OUR SECURITIES LITIGATION TEAM



Mr. Shuman has materially participated in or has had primary responsibility for more than fifty class action lawsuits, including actions that were the subject of the following opinions: *Queen Uno Ltd. P'ship. v. Coeur d'Alene Mines Corp., 2 F. Supp. 2d 1345 (D. Colo. 1998); Queen Uno Ltd. P'ship. v. Coeur D'Alene Mines Corp., 183 F.R.D. 687 (D. Colo. 1998); Schaffer v. Evolving Sys. Inc., 29 F. Supp. 2d 1213 (D. Colo. 1998); In re Intelcom Group, Inc., Sec. Litig., 169 F.R.D. 142 (D. Colo. 1996); In re Hirsch, 984 P.2d 629 (Colo. 1999); Leonard v. McMorris, 272 F.3d 1295 (10th Cir. 2001); In re Secure Computing Sec. Litig., 2001 U.S. Dist. LEXIS 13563 (N.D. Cal. 2001); Angres v. Smallworldwide, 94 F. Supp. 2d 1167 (D. Colo. 2000); In re Ribozyme Pharm., Inc. Sec. Litig., 192 F.R.D. 656 (D. Colo. 2000); Kerns v. SpectraLink Corp., 2003 U.S. Dist. LEXIS 6194 (D. Colo. 2003); Kerns v. SpectraLink Corp.,*

*continued on next page*



*2003 U.S. Dist. LEXIS 11711 (D. Colo. 2003); Gregg v. Sport–Haley, Inc., 2003 U.S. Dist. LEXIS 6195 (D. Colo. 2003); and In re Rhythms Sec. Litig., 300 F. Supp. 2d 1081 (D. Colo. 2004).*

Mr. Shuman has lectured in the area of class actions, teaching a continuing legal education course entitled, *Litigating the Class Action Lawsuit in Colorado.*  He was also a panelist at the 35th Rocky Mountain Securities Conference and presented on the topic of *Pleading Requirements in the Tenth Circuit after the Private Securities Litigation Reform Act of 1995.*

Mr. Shuman is a member of both the Colorado and California State Bars, and is admitted to practice before the United States District Courts for the Northern District and Central District of California, the United States District Court for Colorado, and the United States Ninth and Tenth Circuit Courts of Appeals.

### Rusty E. Glenn                    rusty@shumanlawfirm.com

Rusty E. Glenn, an associate of the firm, concentrates his practice on representing injured shareholders through securities class actions and derivative litigation.

Mr. Glenn received his B.S., summa cum laude, from Baker University, an M.A. in Economics from the University of Kansas Graduate School of Economics and his law degree from the University of Kansas School of Law where he was awarded the

*continued on next page*



*Hinkle Elkouri Tax Procedure Award* for his scholastic achievement and community service in providing volunteer income tax assistance to low-income individuals. He also studied at Bahceshir University in Istanbul, Turkey under U.S. Supreme Court Justice Antonin Scalia.

Mr. Glenn's professional experience includes two years as Constituent Director for Kansas Senate Democratic Leader Anthony Hensley. In addition, Mr. Glenn gained experience in the investigation and prosecution of financial crimes and corporate fraud while working for the Federal Bureau of Investigation in Washington, D.C. and Kansas City, Missouri. Upon graduation from law school, Mr. Glenn joined The Shuman Law Firm and has prosecuted numerous class actions and derivative actions.

Mr. Glenn is a member of the Colorado State Bar, and is admitted to practice before the United States District Court for the District of Colorado, and the United States Tenth Circuit Court of Appeals.