**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

**Civil Action No**.: 1:19-cv-00124

LOGAN DURANT, Individually and on
Behalf of All Others Similarly Situated,

         Plaintiff,

    v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, BIGGS PORTER,
and MICHAEL B. WIRASEKARA, JR,

       Defendants.

---

**Civil Action No**.: 1:19-cv-00758

HOWARD SCHWARTZ and JILL
SCHWARTZ, on Behalf of Themselves and
All Others Similarly Situated,,

         Plaintiff,

    v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, BIGGS PORTER,
and MICHAEL B. WIRASEKARA, JR,

       Defendants.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
THE MAXAR INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................................1

STATEMENT OF FACTS ................................................................................................................2

ARGUMENT....................................................................................................................................4

      A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
            PURPOSES.......................................................................................................................4

      B.      THE MAXAR INVESTOR GROUP SHOULD BE APPOINTED LEAD
            PLAINTIFFS ...................................................................................................................6

            1.      The Maxar Investor Group are Willing to Serve as Class
                   Representatives ...............................................................................................7

            2.      The Maxar Investor Group Have the "Largest Financial Interest"..............7

            3.      The Maxar Investor Group Otherwise Satisfy the Requirements of
                   Rule 23 of the Federal Rules of Civil Procedure .........................................8

            4.      The Maxar Investor Group Will Fairly and Adequately Represent
                   the Interests of the Class and are Not Subject to Unique Defenses ...........10

      C.      LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
            APPROVED ...................................................................................................................11

CONCLUSION...............................................................................................................................12

i

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*A.F.I.K. Holding SPRL v. Fass*,
    216 F.R.D. 567 (D. N.J. 2003) ..................................................................................................8

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ...............................................................................................................11

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) .......................................................................................................10

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ..............................................................................................6

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006)....................................................................................................10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ..............................................................................................5

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999)..............................................................................................10

*Fischler v. Amsouth Bancorporation*,
    176 F.R.D. 583 (M.D. Fla. 1997)..............................................................................................9

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................9

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ..............................................................................................9

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
    2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)..............................................................8

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ...........................................................8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
    2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ...........................................................6

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ......................................................................................8, 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................................................9

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .........................................................................................5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004)...........................................................................................8

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)......................................................8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)...............................................................................................5

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997).......................................................8

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993).................................................................................................5

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ....................................................12

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986)...........................................................................................10

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ........................................................................ *passim*

PSLRA Section 21D(a)(3)(B)(iii)(I)(cc)...............................................................6, 7, 9

## **Rules**

Federal Rules of Civil Procedure Rule 23 .............................................................. *passim*

Federal Rules of Civil Procedure Rule 42 ...................................................................1, 5

Movants Gabriel Assioun, Kelly Svendsen, and Babulal Tarapara (collectively, the "Maxar Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Maxar Investor Group as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired securities of Maxar Technologies Inc. ("Maxar" or the "Company"), between March 29, 2018 through January 7, 2019, both dates inclusive (the "Class Period"); (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Glancy Prongay & Murray LLP ("GPM") as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Maxar Investor Group, with losses of approximately $121,684 in connection with its Class Period purchases of Maxar securities, has the largest financial interest in the relief sought in this action. The Maxar Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as its members are adequate representatives with claims typical of the other Class members. Accordingly, the Maxar Investor Group respectfully submits that it should be appointed Lead Plaintiff.

1

**STATEMENT OF FACTS**

Maxar is a leading global provider of advanced space technology solutions for commercial and government markets including satellites, Earth imagery, geospatial data and analytics, at the nexus of the new space economy, developing and sustaining its infrastructure and delivering the products, services, systems and solutions.

Maxar was founded in 1969 and is based in Westminster, Colorado. Prior to 2017, Maxar was doing business under the name MacDonald, Dettwiler and Associates Ltd. ("MacDonald"), and the Company's common shares traded on the Toronto Stock Exchange ("TSX") under the ticker symbol "MDA." During the second quarter of 2017, the Company successfully registered its common shares with the SEC and Maxar began trading as a dual-listed company on both the TSX and the New York Stock Exchange (the "NYSE") under the symbol "MAXR."

On October 5, 2017, MacDonald purchased DigitalGlobe, Inc. ("DigitalGlobe"), an American commercial vendor of space imagery and geospatial content. MacDonald purchased DigitalGlobe for approximately $2.3 billion dollars and then rebranded itself as "Maxar Technologies Ltd." As part of the purchase, the Company acquired DigitalGlobe's satellites, called the "WorldView Legion", including the WorldView-4 satellite ("WorldView-4").

WorldView-4 was acquired by GeoEye Inc. prior to its merger with DigitalGlobe in 2013. WorldView-4 was launched in November 2016 and generated revenues of approximately $85 million in fiscal year 2018. The satellite had a net book value of approximately $155 million, including related assets, as of December 31, 2018.

WorldView-4 is equipped with control moment gyros ("CMGs"), which are attitude control devices generally used in spacecraft attitude control systems.1 A CMG consists of a spinning rotor and one or more motorized gimbals that tilt the rotor's angular momentum. As the rotor tilts, the changing angular momentum causes a gyroscopic torque that rotates the spacecraft.

On January 2, 2019, Maxar filed a Current Report on Form 8-K with the SEC (the "January 2 Form 8-K"). The January 2 Form 8-K announced that on January 1, 2019, Maxar Technologies Inc., a Delaware corporation ("Maxar U.S."), became the ultimate parent company of Maxar Technologies Ltd., which existed under the laws of the Province of British Columbia ("Maxar Canada").

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Maxar improperly inflated the value of its intangible assets, among other accounting improprieties; (ii) Maxar's highly-valued WorldView-4 was equipped with CMGs that were faulty and/or ill-suited for their designed and intended purpose; and (iii) as a result, Maxar's public statements were materially false and misleading at all relevant times.

On August 7, 2018, Spruce Point Capital Management ("Spruce Point") published a research report regarding Maxar. The Spruce Point report alleged, in part, that Maxar "has pulled one of the most aggressive accounting schemes Spruce Point has ever seen to inflate Non-IFRS earnings by 79%." Specifically, the report asserted that Maxar had used its acquisition of DigitalGlobe "to inflate [its] intangible assets" and had "amended its post-

3

retirement benefit plan to book one-time gains" in a manner that "was not fully disclosed across its investor communications."

Following publication of the Spruce Point report, Maxar's stock price fell $5.97 per share, or 13.44%, to close at $38.44 on August 7, 2018.

On January 7, 2019, on a Current Report Form 8-K filed with the SEC, Maxar disclosed that WorldView-4 experienced a failure in its CMGs, preventing the satellite from collecting imagery due to the loss of an axis of stability. It was further disclosed that WorldView4 will likely not be recoverable and will no longer produce usable imagery.

Following this announcement, the Company's stock price fell $5.69 per share, or 48.5%, over the following two trading sessions, to close at $6.03 per share on January 8, 2019.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members have suffered significant losses and damages.

<u>ARGUMENT</u>

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).  See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d

Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of Maxar's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

**B.     THE MAXAR INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFFS**

The Maxar Investor Group should be appointed Lead Plaintiffs because they have the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.   Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Maxar Investor Group satisfies all three of these criteria and thus are entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

6

### 1.    The Maxar Investor Group is Willing to Serve as Class Representative

On January 14, 2018, counsel for plaintiff in the first of the Related Actions to be filed caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Maxar securities that they had until March 15, 2019 to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of Motion of the Maxar Investor Group for Consolidation, Appointment as Lead Plaintiffs and Approval of Counsel ("Lieberman Decl."), Ex. A.

The Maxar Investor Group has filed the instant motion pursuant to the Notice, and its members have submitted Certifications attesting to their willingness to serve as class representatives for the Class, and to provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. B.  Accordingly, the Maxar Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    The Maxar Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Maxar Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate

7

losses suffered).[1] The most critical among the *Lax* Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at \*39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at \*2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, the Maxar Investor Group (1) purchased 17,000 shares of Maxar securities; (2) expended $220,239 on its purchases of Maxar securities; (3) retained 17,000 of its Maxar shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $121,684. *See* Lieberman Decl., Ex. C. Because the Maxar Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The Maxar Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the Maxar Investor Group are typical of those of the Class. The Maxar Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Maxar, or omitted to state material facts necessary to make the statements they did make not misleading. The Maxar Investor Group, as did all members of the Class, purchased

9

Maxar securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Maxar Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Maxar Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the Maxar Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The Maxar Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the Maxar Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or

10

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Maxar Investor Group to fairly and adequately represent the Class has been discussed above. The Maxar Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the Maxar Investor Group should be appointed Lead Plaintiff for the Class.

## C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Maxar Investor Group has selected Pomerantz and GPM as Co-Lead Counsel. Pomerantz and GPM are highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Lieberman Decl., Exhibits D & E. As a result of Pomerantz's and GPM's extensive experience in litigation involving issues similar to those raised in the Actions, the Maxar Investor Group's counsel have the skill and knowledge which will enable them to prosecute the Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by the Maxar Investor Group, the members of the class will receive the best legal representation available.

11

## CONCLUSION

For the foregoing reasons, The Maxar Investor Group respectfully request that the Court issue an Order (1) consolidating the related actions; (2) appointing the Maxar Investor Group as Lead Plaintiffs for the Class; (3) approving Pomerantz and GPM as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   March 15, 2019

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

**GLANCY PRONGAY & MURRAY LLP**
Lesley Portnoy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  310-201-9150
Facsimile:    310-201-9160
Email: lportnoy@glancylaw.com

*Counsel for Movants and Proposed*
*Lead Counsel for the Class*

12