# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC

LOGAN DURANT, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, BIGGS PORTER,
and MICHAEL B. WIRASEKARA, JR.,

      Defendants.

---

## RESPONSE OF ROSTYSLAV NAGORNYI TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

---

010810-11 1114189 V1

Lead plaintiff movant and class member Rostyslav Nagornyi submits this response with respect to the competing motions in the above-captioned actions for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA").

The PSLRA creates a presumption that the "most adequate plaintiff" for the purposes of these motions is the person or group that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, "the relief sought by the class" consists of recovery for investment losses suffered as a result of transactions in Maxar Technologies Inc. securities between March 29, 2018 and January 7, 2019.

Mr. Nagornyi applied for appointment as lead plaintiff on March 15, 2019, stating that he suffered losses of approximately $243,565.70. Several competing motions were filed, and based on a review of those motions, it appears Mr. Nagornyi does not have the largest financial interest in this litigation when compared to Oregon Laborers Pension Trust Fund ("Oregon Laborers"), – claiming $318,679.01. Absent new information, Mr. Nagornyi concedes that Oregon Laborers is the presumptive most adequate movant to be appointed lead plaintiff in this action.

While Michael W. Slaunwhite Family Trust and Phillip Newhope also appear to have a larger interest when combined, each individually has smaller loses. Slaunwhite claims losses of $137,709.55 and Newhope claims losses of $179,584.74. Each has losses less than Mr. Nagornyi. Moreover, Slaunwhite and Newhope did not file a declaration with their motion showing that they are a properly constituted or adequate group. Thus, if Oregon Laborers is not found to be adequate, or to have the largest financial interest, then Mr. Nagornyi would be next in line for consideration.

By this response, Mr. Nagornyi does not waive his right to participate and recover as a class member. Mr. Nagornyi also remains ready, willing, and able to serve as lead plaintiff if the Oregon

1

Laborers are not found to be the proper lead plaintiff, or if otherwise the need arises.

DATED: April 5, 2019                    Respectfully submitted,


                                        HAGENS BERMAN SOBOL SHAPIRO LLP


                                        _____/s/ Reed R. Kathrein_____
                                        Reed R. Kathrein
                                        Danielle Smith
                                        715 Hearst Avenue, Suite 202
                                        Berkeley, CA  94710
                                        Telephone: (510) 725-3000
                                        Facsimile: (510) 725-3001
                                        reed@hbsslaw.com
                                        danielles@hbsslaw.com

                                        Steve W. Berman
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA 98101
                                        Telephone:  (206) 623-7292
                                        Facsimile:  (206) 623-0594
                                        steve@hbsslaw.com

                                        *Attorneys for Proposed Lead Plaintiff Rostyslav
                                        Nagornyi*

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

        I hereby certify that on April 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                       */s/ Reed R. Kathrein*
                                       REED R. KATHREIN

- 1 -