# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC

LOGAN DURANT, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE,
BIGGS PORTER, and
MICHAEL B. WIRASEKARA, JR.,

      Defendants.

---

## THE TRUST FUND'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

---

1549777_1

## I.    INTRODUCTION

On March 15, 2019, six movants filed motions seeking appointment as lead plaintiff, and approval of selection of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) the Oregon Laborers Employers Pension Trust Fund (the "Trust Fund"); (2) Phillup G. Newhope and Michael W. Slaunwhite, as Trustee of The Slaunwhite Family Trust ("Newhope and Slaunwhite"); (3) Rostyslav Nagornyi; (4) Gabriel Assioun, Kelly Svendsen, and Babulal Tarapara (collectively, the "Maxar Investor Group"); (5) Howard and Jill Schwartz; and (6) Miami Firefighters' Relief & Pension Fund.  ECF Nos. 25, 23, 27, 29, 21, 24, respectively.

Pursuant to the PSLRA, the Court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Recognizing that Trust Fund has asserted the "largest financial interest" pursuant to the PSLRA's requirements and otherwise satisfies the Rule 23 requirements, all five of the competing movants have since filed notices or responses indicating their non-opposition to the Trust Fund's motion.  *See* ECF Nos. 32-36.  As the only movant that meets all the PSLRA's requirements, the Trust Fund should be appointed Lead Plaintiff in this litigation.  For the same reasons, the competing motions should be denied.

1549777_1

## II.    ARGUMENT

"The PSLRA establishes a presumption that the potential lead plaintiffs with the largest financial interest should be appointed as lead plaintiffs, assuming they otherwise meet the requirements of Federal Rule of Civil Procedure 23." *Peace Officers' Annuity and Benefit Fund of Georgia v. DaVita Inc.*, No. 1:17-cv-00304-WJM-NYW, ECF No. 30 at 1 (D. Colo. Nov. 6, 2017). "'While the PSLRA does not specify how we should decide which plaintiff group has the "largest financial interest" in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses.'" *Duane & Virginia Lanier Tr. v. Sandridge Energy, Inc.*, 2016 WL 1056653, at *2 (W.D. Okla. Mar. 16, 2016) (citation omitted); *see also DaVita*, No. 1:17-cv-00304-WJM-NYW, ECF No. 30 at 2 ("Plaintiffs also allege their combined losses from relevant transactions totaled over $400,000 . . . .  [N]o other shareholder(s) has shown that it has a larger financial interest in this litigation, and these Plaintiffs are therefore the presumptive choice to be lead plaintiffs.").

Here, all of the movants represented the losses suffered on their investment in Maxar securities to demonstrate their financial interest. *See* ECF Nos. 22-3, 23-2, 26-3, 28-3, 31-3, 34-5. Somewhat complicating matters, on January 14, 2019, the instant case was filed on behalf of all purchasers of Maxar Technologies Inc. securities between March 29, 2018 through January 7, 2019 (the "*Durant* Class Period").  On March 14, 2019, just one day before the PSLRA lead plaintiff motion deadline expired, another case was filed asserting the same claims and nearly verbatim allegations against the same defendants but with an extended class period, from February 22, 2018

1549777_1

through January 7, 2019 (the "*Schwartz* Class Period").[1] Of the six movants that filed lead plaintiff

motions, three asserted their financial interest only in the *Durant* Class Period, two asserted their

financial interest only in the *Schwartz* Class Period, and only one movant – the Trust Fund –

provided its financial interest in both class periods. With losses of over $300,000 in the *Durant*

Class Period and over $385,000 in the *Schwartz* Class Period – ***greater than the financial interest of***

***any other competing movant, regardless of the class period in which they asserted their financial***

***interest***, ***and regardless of the accounting methodology[2] used to calculate their financial interest***,

it is clear that the Trust Fund asserts the greatest financial interest in this litigation:

| Movant | Financial Interest in *Durant* Class Period | Financial Interest in *Schwartz* Class Period |
|---|---|---|
| Trust Fund | $395,119.41 FIFO $318,679.01 LIFO | $462,183.26 FIFO $385,742.86 LIFO |
| ~~Newhope and Slaunwhite~~ | | ~~$317,294.29 LIFO~~ |
| ~~Nagornyi~~ | ~~$243,565.70 FIFO~~ | |
| ~~Maxar Investor Group~~ | ~~$121,684 LIFO~~ | |
| ~~Howard and Jill Schwartz~~ | | ~~$111,264.83 LIFO~~ |
| ~~Miami Firefighters'~~ | ~~$30,164.40 LIFO~~ ~~$30,164.40 FIFO~~ | |

ECF Nos. 26-3, 23-2, 28-3, 31-3, 22-3, 34-5; *see also* ECF No. 35 at 1 ("Mr. Nagornyi concedes that

Oregon Laborers is the presumptive most adequate movant to be appointed lead plaintiff").

---

[1] *See Schwartz v. Maxar Techs. Inc.*, No. 1:19-cv-00758 (D. Colo.). If the Trust Fund is appointed as the lead plaintiff, the minor difference between the *Durant* and *Schwartz* Class Periods will be resolved through the Trust Fund's filing of a consolidated complaint. As such, the Court need not determine whether the filing of the *Schwartz* Action one day before the statutory deadline amounts to "improper gamesmanship" as a competing movant claimed. *See* ECF No. 27 at 2 n.2.

[2] All movants provided their loss calculations using either the first in, first out (FIFO) accounting methodology or the last in, first out (LIFO) methodology.

1549777_1

Once the Court has determined the movant with the greatest financial interest, "[t]he court must then focus its attention on ***that*** plaintiff and determine whether that plaintiff meets Rule 23's requirements, particularly those of typicality and adequacy." *Delashmet v. Custom Designed Compressor Sys., Inc.*, 2006 WL 2016080, at *3 (D.N.M. Mar. 9, 2006) (emphasis in original). At this stage, the lead plaintiff movant must make only a *prima facie* showing that the adequacy and typicality requirements under Rule 23 have been met. *See Assad v. DigitalGlobe, Inc.*, 2017 WL 3575229, at *3 (D. Colo. Aug. 17, 2017) ("'As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a) – typicality and adequacy – impact the analysis of the lead plaintiff issue.'") (citation omitted).

The Trust Fund made a *prima facie* showing of "typicality" and "adequacy" under Rule 23. *See* ECF No. 25 at 5-7. The Trust Fund's claims are "typical" of the claims of the proposed class because, *inter alia*, its claims arise from the same course of conduct by defendants that gives rise to the initial plaintiff and other class members' claims and are based on the same legal theories. *Id.* at 5-6. The Trust Fund is adequate because, *inter alia*, it is a sophisticated institutional investor aware of its duties as lead plaintiff and class representative under the PSLRA and Rule 23, respectively, and is prepared to diligently discharge those duties. *See id*. at 5-7. Furthermore, the Trust Fund does not have any interests that are antagonistic to the other class members. *Id.* Rather, the Trust Fund has a significant stake in the outcome of this case to ensure vigorous prosecution of the claims here. *Id.* Finally, the Trust Fund has retained qualified counsel with considerable experience in prosecuting federal securities class actions. *Id.* at 6-7. Consequently, the Trust Fund satisfies the Rule 23 requirements at this stage. *See DaVita*, No. 1:17-cv-00304-WJM-NYW, ECF No. 30 at 3.

- 4 -

According to the PSLRA, the presumptive lead plaintiff, in this case the Trust Fund, "shall" be appointed unless the competing movants submit ***proof*** that the Trust Fund will not satisfy the typicality and adequacy requirements of Rule 23(a). *In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002); *see also Delashmet*, 2006 WL 2016080, at *4 ("'Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.'") (quoting *Cavanaugh*, 306 F.3d at 732). "That the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F. 3d at 729 n.2 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)). "The burden of proof of inadequacy of the presumptive lead plaintiff rests with parties contesting its appointment." *In re SemGroup Energy Partners, L.P., Sec. Litig.*, 2008 WL 4826318, at *2 (N.D. Okla. Oct. 27, 2008).

All competing movants have filed their responses to the Trust Fund's motion; none attempt to rebut the presumption that lies in the Trust Fund's favor. *See* ECF Nos. 32-36. Consequently, the Trust Fund should be appointed Lead Plaintiff, and the competing motions should be denied. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

Lastly, the PSLRA vests authority in the lead plaintiff appointed by the court to select and retain counsel to represent the class, subject to the court's approval. *See* 15 U.S.C. §78u-

- 5 -

4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff . . . the power to select a lawyer for the class"). The Trust Fund respectfully requests the Court approve its selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the class. Robbins Geller is very experienced in federal securities class actions and is well-equipped to represent the class in this litigation. *See* ECF No. 26-4.

## III.     CONCLUSION

It is axiomatic that the investor with the largest financial interest that satisfies the Rule 23 requirements is entitled to the PSLRA's most adequate plaintiff presumption. The competing movants have all recognized that the Trust Fund is entitled to that presumption, and none of the competing movants have attempted to rebut that presumption as to the Trust Fund with exacting proof (or otherwise). As such, the competing motions for appointment of lead plaintiff and approval of selection of counsel (ECF Nos. 21, 23, 24, 27, 29) should be denied. The Trust Fund's motion (ECF No. 25) should be granted.

DATED:  April 5, 2019                          Respectfully submitted,

                                               ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                               DANIELLE S. MYERS
                                               MICHAEL ALBERT


                                                    s/ Danielle S. Myers
                                               DANIELLE S. MYERS

- 6 -

1549777_1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

ANDRUS WAGSTAFF, PC
VANCE R. ANDRUS
AIMEE H. WAGSTAFF
7171 W. Alaska Drive
Lakewood, CO 80226
Telephone:  303/376-6360
303/376-6361 (fax)
vance.andrus@andruswagstaff.com
aimee.wagstaff@ andruswagstaff.com

Local Counsel

- 7 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 5, 2019, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

1549777_1

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Durant v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **Brian Thomas Glennon**
  brian.glennon@lw.com,brian-glennon-0505@ecf.pacerpro.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,sf_filings@hbsslaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Eric C. Pettis**
  eric.pettis@lw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,jbulanow@shermanhoward.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)