IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-124-WJM-SKC
*Consolidated with Civil Action No. 19-cv-758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE,
BIGGS PORTER, and
MICHAEL B. WIRASEKARA, JR.,

    Defendants.

## ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

Plaintiff Logan Durant ("Durant") filed this proposed securities fraud class action lawsuit on January 14, 2019. (ECF No. 1.) Under the Private Securities Litigation Reform Act ("PSLRA") (principally codified at 15 U.S.C. § 78u-4), Durant was then required,

> [n]ot later than 20 days after the date on which the complaint [was] filed, [to] cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
>     **(I)** of the pendency of the action, the claims asserted therein, and the purported class period; and
>
>     **(II)** that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C.A. § 78u-4(a)(3)(A)(i). Durant's counsel's law firm published the required notice in *Globe Newswire* on the same day the suit was filed, announcing that lead plaintiff motions were due no later than March 15, 2019. (ECF No. 22-1.)

On March 14, 2019, Howard and Jill Schwartz (together, the "Schwartzs") filed a lawsuit that was substantially the same as Durant's action but had a longer proposed class period. *See Schwartz v. Maxar Tech. Inc.*, Case No. 19-cv-758 (D. Colo., filed Mar. 14, 2019), ECF No. 1, ¶ 1 ("*Schwartz* Complaint"). The proposed class period in the *Schwartz* Complaint runs from February 22, 2018, through January 7, 2019, whereas the proposed class period in the instant action runs from March 29, 2018, through January 7, 2019. *Id.* On the same day that the Schwartz Complaint was filed, the Schwartzs's counsel's law firm published the required notice with the expanded class period in *BusinessWire*, and announced that lead plaintiff motions were due no later than March 15, 2019. (ECF No. 22-1.) The following day, the Schwartzs filed a notice of motion to consolidate. *Schwartz v. Maxar*, ECF No. 8. Thereafter, U.S. District Judge Chrstine M. Arguello stayed the *Schwartz* action until sixty days after the consolidation and lead counsel motions in the instant case are resolved. *Schwartz v. Maxar*, ECF No. 23.

On March 15, 2019, six groups of potential lead plaintiffs filed motions seeking appointment as such in the instant action:

- The Schwartzs filed a motion claiming total investment losses of approximately $111,264, and seeking consolidation with the *Schwartz* action (ECF No. 21 at 11, 13);

- Phillup Newhope and Michael Slaunwhite as Trustee of the Slaunwhite Family Trust (together, "Slaunwhite") filed a motion claiming total investment losses of approximately $317,294, and seeking consolidation with the *Schwartz* action (ECF No. 23 at 5, 7);

- Gabriel Assioun, Kelly Svendsen, and Babulal Tarapara (collectively, the "Maxar Investment Group") filed a motion claiming total investment losses of $121,684, and seeking consolidation with the *Schwartz* action (ECF No. 29; ECF No. 30 at 8, 11);

- The Miami Firefighters' Relief & Pension Fund ("Miami Firefighters' Fund") filed a motion claiming total investment losses of approximately $30,164 (ECF No. 24 at 5);

- Rostyslav Nagornyi filed a motion claiming total investment losses of approximately $243,565.70 (ECF No. 27 at 7); and

- The Oregon Laborers Employers Pension Trust Fund ("Oregon Trust") filed a motion claiming total investment losses of over $319,000 (ECF No. 25 at 6 n.1).

Durant himself did not file for appointment as lead counsel.

Nagornyi and the Oregon Trust both acknowledged that they, and others, would have greater losses under the longer class period proposed in the *Schwartz* action. (ECF No. 25 at 6 n.1; ECF No. 27 at 3 n.2.) However, in asserting their total investment losses, they both rely on the shorter class period for calculation. By contrast, the Schwartzs and Slaunwhite use the longer class period proposed in the *Schwartz* action to calculate approximate losses. (ECF No. 21 at 13; ECF No. 22-2; ECF No. 23 at 5

3

n.3.) Ultimately, the Oregon Trust has the greatest loss regardless of the period used.

## I. CONSOLIDATION

The Schwartzs, Slaunwhite, and the Maxar Investment Group each ask the Court to consolidate this action with the *Schwartz* action. (ECF Nos. 21, 23 & 30.) When motions to consolidate and motions for appointment of lead counsel are pending simultaneously in a PSLRA action, the PSLRA directs courts to first decide the motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

Pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, the Court finds that the *Durant* action and the *Schwartz* action involve common questions of law or fact, including common parties and common claims. The Court also finds that consolidation of these two cases will avoid unnecessary costs and delays. The Court notes that consolidation is not opposed by Defendants or any potential lead plaintiffs.

Accordingly, the Court orders that the cases be consolidated, and that the *Schwartz* action be reassigned to the undersigned as the Presiding District Judge, and to U.S. Magistrate Judge S. Kato Crews in the referral role.

## II. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

As for lead plaintiff, the PSLRA establishes a presumption that the potential lead plaintiffs with the largest financial interest should be appointed as lead plaintiffs, assuming they otherwise meet the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)–(cc). In that light, the Schwartzs, Slaunwhite, Maxar Investment Group, the Miami Firefighters' Fund, and Nagornyi all filed notices stating that they acknowledge that they do not have the greatest financial interest in this case. (ECF Nos. 32, 33, 34, 35 & 36.) Nagornyi also acknowledged that the Oregon Trust appeared to have a greater financial interest. (ECF No. 35 at 2.)

The Oregon Trust has the greatest financial interest in this case and is therefore the presumptive choice for lead plaintiff. That presumption can be rebutted

> only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—
>
> **(aa)** will not fairly and adequately protect the interests of the class; or
>
> **(bb)** is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No party has made an argument to rebut this presumption. Moreover, the Oregon Trust's filings adequately demonstrate it meets the typicality and adequacy requirements of Rule 23(a), and that its attorneys could

5

appropriately serve as class counsel under Rule 23(g). (ECF No. 25 at 7; ECF No. 37 at 5–7.)

### III. CONCLUSION

For the reasons set for above, the Court ORDERS as follows:

1. The Schwartzs' Motion (ECF No. 21) is GRANTED IN PART as to the request for consolidation, and the remainder of the motion is DENIED;

2. The Slaunwhite Motion (ECF No. 23) is GRANTED IN PART as to the request for consolidation, and the remainder of the motion is DENIED;

3. The Maxar Investment Group Motion (ECF No. 29) is GRANTED IN PART as to the request for consolidation, and the remainder of the motion is DENIED;

4. The Miami Firefighters' Fund Motion (ECF No. 24) is DENIED;

5. Rostyslav Nagornyi's Motion (ECF No. 27) is DENIED;

6. The Oregon Laborers Employers Pension Trust Fund Motion (ECF No. 25) is GRANTED;

7. In accordance with the Court's inherent power to control its docket, and in accordance with Federal Rule of Civil Procedure 42(a), Civil Action No. 19-cv-758-CMA-NRN is CONSOLIDATED into the above-captioned action. Civil Action No. 19-cv-124-WJM-SKC shall be the lead case, and all future filings shall be made in this action only;

8. Pursuant to D.C.COLO.Civ.R 40.1(d)(4)(C), the Clerk is directed to reassign Civil Action No. 19-cv-758 to the undersigned as the Presiding District Judge and to U.S. Magistrate Judge S. Kato Crews;

9. The Oregon Laborers Employer Pension Trust Fund is hereby APPOINTED as Lead Plaintiff in this action;

10. Robbins Geller Rudman & Dowd LLP is APPOINTED as Lead Counsel; and

11. The Clerk's Office and the parties are DIRECTED to update the case caption to reflect the cases' consolidated status, as well as the newly-designated Lead Plaintiff, as shown in the caption of this Order.

Dated this 7th day of August, 2019.

BY THE COURT:

William J. Martinez
United States District Judge