## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

## LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS'
## REQUEST FOR JUDICIAL NOTICE (ECF No. 52)

---

4845-6897-2207.v1

Lead Plaintiff Oregon Laborers Employers Pension Trust Fund, by and through its attorneys, hereby responds to defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss the Consolidated Complaint ("RJN") (ECF No. 52). For the reasons stated below, Lead Plaintiff objects to the Court's consideration of 17 of the 19 documents defendants have submitted to the Court.

## I.    BACKGROUND

On November 25, 2019, the parties met and conferred regarding defendants' motion to dismiss. On December 5, 2019, defendants' counsel emailed Lead Plaintiff's counsel a list of 19 documents (but not the documents themselves) defendants intended to ask the Court to consider in support of their upcoming motion to dismiss due the following day. That same day, Lead Plaintiff's counsel responded, stating that Lead Plaintiff was unable to take a position on defendants' request as there was insufficient time and opportunity to review the documents that defendants would submit.

On December 6, 2019, defendants filed their Motion to Dismiss the Consolidated Complaint (ECF No. 51, hereinafter "MTD") and RJN (ECF No. 52). At the same time, defendants lodged 19 documents with the Court for potential consideration pursuant to Federal Rule of Evidence 201[1] and *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). *See* Declaration of Kristin N. Murphy in Support of Defendants' Motion to Dismiss the Consolidated Complaint ("Murphy Decl.") (ECF No. 51-1), Exs. 2-20.

Lead Plaintiff does not oppose consideration of defendants' Exhibits 18 and 19, as those documents are referenced in Lead Plaintiff's Consolidated Complaint for Violations of the Federal

---

[1]    While defendants' request is nominally brought under Fed. R. Evid. 201, defendants have failed to identify the adjudicative facts the Court should consider or supply the Court with information necessary to take judicial notice of their proposed exhibits. *See* Fed. R. Evid. 201(c)(2).

- 1 -

Securities Laws ("Consolidated Complaint") (ECF No. 44), Lead Plaintiff does not dispute the authenticity of those materials and defendants provide a reasonable basis as to why the Court should consider them. *See* MTD at 13-14 & n.6. With respect to Exhibits 2-11, 13-15 and 20, however, defendants have not provided any reason why the Court should consider them. These documents do not contradict a single allegation in the Consolidated Complaint, and they are redundant in that they repeat certain allegations in the pleading. The Court should not consider Exhibits 2-3, 6-8 and 16-17 for the additional reason that defendants have utilized them to concoct a falsity allegation that does not find itself in the Consolidated Complaint. Last, the Court should not consider Exhibit 12 because defendants have failed to authenticate a non-party's document and otherwise offer it for an improper purpose.

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests only the adequacy of the allegations in a complaint. *See Auraria Student Hous. at The Regency, LLC v. Campus Vill. Apartments, LLC*, 825 F. Supp. 2d 1072, 1075 (D. Colo. 2011). If a document is referenced in a complaint and is central to a plaintiff's cause of action, "a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp.*, 130 F.3d at 1384. This Court, however, retains discretion whether to consider any such document in the context of a Rule 12(b)(6) motion to dismiss. *See Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("We agree with our sister circuits that . . . the court has discretion to consider such materials.").

- 2 -

III.    ARGUMENT

A.    **Consideration of Exhibits 2-11, 13-15 and 20 Would Be a Waste of Judicial Resources**

Lead Plaintiff acknowledges that the Consolidated Complaint references Exhibits 2-11, 13-15 and 20, and each document is authentic.  The Court, however, need not consider the documents because defendants have offered them principally to create string citations to identical information alleged in the Consolidated Complaint.  *See, e.g.*, MTD at 4-5 (citing Consolidated Complaint, ¶¶55-56, 181, 183, 187, and citing Murphy Decl., Exs. 2-5 with yellow highlighting to show how the documents match allegations in the pleading); *see also* MTD at 5-7, 16, 19, 23-24 (citing Consolidated Complaint, ¶¶8-9, 11-12, 152, 160, 179, 181, 186-187, 198, 211, 226, and citing Murphy Decl., Exs. 6-11, 13-15, 20 with yellow highlighting to show how the documents match allegations in the pleading).[2]

Defendants provide no real explanation as to why they have submitted these exhibits for the Court's consideration, other than making the vague claim that they are offered as a "convenience." Murphy Decl., ¶¶3-21.  But it is unnecessary to burden scarce judicial resources by inviting the

---

[2]    Defendants' Exhibits 2-11, 13-15 and 20 cannot really be offered to the Court in "support" of their motion to dismiss because, if anything, they confirm that certain allegations in the Consolidated Complaint are accurate.  Defendants' proposed use of Exhibit 14, moreover, is particularly misleading.  Defendants' motion to dismiss acknowledges that the Consolidated Complaint (¶160) alleges that the AMOS-8 contract was not definitive, but then denies Maxar admitted to that fact on October 31, 2018 (asserting they "actually 'admitted'" something altogether different).  MTD at 16. But in making that argument ***defendants have outright ignored the rest of their October 31, 2018 admission*** concerning the previously undisclosed terms of the AMOS-8 contract.  Specifically, defendants admitted in an October 31, 2018 press release that: "The voiding of this contract did not have an impact on the Company backlog, ***as it was not a definitive award*** . . . ." Consolidated Complaint, ¶187 (emphasis added).  Exhibit 14 only serves to confirm the accuracy of defendants' admission of the previously undisclosed truth concerning AMOS-8 (regardless of defendants' erroneous spin of well-pled facts).  Accordingly, the Court need not consider Exhibit 14.

- 3 -

Court and its personnel to comb through documents for identical information that may be readily located in the four corners of the Consolidated Complaint. *See Auraria*, 825 F. Supp. 2d at 1076 (this Court may exercise its discretion not to consider these documents, even though they are referenced in the Consolidated Complaint and are authentic); *see also In re DaVita Inc. Stockholder Derivative Litig.*, No. 17-152-MPT, 2019 WL 1855445, at *10 (D. Del. Apr. 25, 2019) (declining to consider materials offered in support of defendants' opening brief where they were offered for defendants' "own purposes[,] . . . [the] materials do not appear to facially contradict the allegations in the Complaint, and . . . defendants offer no explanation as to why the court should consider the materials at this time") (footnotes omitted). The Court should decline to consider Exhibits 2-11, 13-15 and 20 because it need only look to the Consolidated Complaint for the same information. Lead Plaintiff objects to consideration of Exhibits 2-3 and 6-8 for additional reasons discussed below.

> **B.     Defendants Have Submitted Exhibits 2-3, 6-8 and 16-17 for an
>             Irrelevant and Improper Purpose**

Defendants offer Exhibits 2-3 and 6-8, as well as Exhibits 16-17, to advance a meritless argument in their motion to dismiss. Specifically, in the context of arguing the adequacy of the pleading's falsity allegations concerning the AMOS-8 contract, defendants contend that "[p]laintiff does not and cannot point to a single fact to suggest that either party [to the AMOS-8 contract] had any reservations about the success of the deal at the time it was announced." MTD at 11 (citing Murphy Decl., Exs. 2-3, 6-8, 16-17). As defendants are fully aware, however, the Consolidated Complaint does not allege that the AMOS-8 statements are actionable because Maxar and Spacecom had undisclosed reservations about the deal in March 2018.

Rather, the Consolidated Complaint alleges in detail that defendants misleadingly led investors to believe the AMOS-8 contract was definitive because defendants failed to disclose

- 4 -

material financial, effectiveness and withdrawal contingencies governing the deal when they spoke about it. *See* Consolidated Complaint, ¶¶116, 155-158, 160.[3] Here, defendants are improperly inviting the Court to consider Exhibits 2-3, 6-8 and 16-17 in support of an irrelevant strawman argument based on falsity allegations nowhere to be found in the Consolidated Complaint. Thus, the Court should decline to consider them. *See Auraria*, 825 F. Supp. 2d at 1075; *cf. DaVita*, 2019 WL 1855445, at *10 (declining consideration where document offered for defendants' "own purposes").

### C.    Defendants Have Failed to Authenticate Exhibit 12

Counsel for defendants claims that Exhibit 12 is a "true and correct" copy of non-party Spruce Point Capital Management's ("Spruce Point") August 7, 2018 report. Murphy Decl., ¶13. However, a person who provides testimony concerning what a document is must have sufficient personal knowledge of the facts. *Auraria*, 825 F. Supp. 2d at 1076; Fed. R. Evid. 901(b)(1). Defendants' counsel does not provide the Court with any information from which it can determine whether she has knowledge concerning the authenticity of a non-party's document. Murphy Decl., ¶¶1, 13. Defendants have thus failed to authenticate Exhibit 12. *See Auraria*, 825 F. Supp. 2d at

---

[3]    Defendants could have submitted a copy of the AMOS-8 contract itself, but they did not. That document is referenced extensively in the Consolidated Complaint and defendants could have authenticated it. And defendants have not submitted to the Court numerous other pertinent documents referenced in the Consolidated Complaint. *See, e.g.*, Consolidated Complaint, ¶70 (February 22, 2018 Form 6-K), ¶78 (August 8, 2017 Maxar conference call transcript), ¶80 (November 2, 2017 Maxar conference call transcript), ¶90 (February 22, 2018 conference call transcript), ¶97 (March 8, 2018 Maxar investor day conference call transcript and slide presentation), ¶177 (Maxar's August 7, 2018 press release), ¶231 (October 2017 $3.2 billion credit agreement), ¶237 (March 29, 2018 Proxy), ¶238 (March 28, 2019 Proxy). Defendants' narrow presentation of the evidence provides independent grounds for the Court to reject consideration of all of defendants' proposed exhibits because they have "only selected certain documents referenced in the [Consolidated] Complaint to submit to the Court." *Auraria*, 825 F. Supp. 2d at 1076; *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1003 (9th Cir. 2018) (discussing the misuse of requests for judicial notice and incorporation by reference to defeat otherwise adequately pleaded securities fraud claims), *cert. denied*, __ U.S. __, 139 S. Ct. 2615 (2019).

- 5 -

1076 (finding "affidavit filed by a law clerk of the law firm representing Defendant" that attested certain documents were "true and correct copies" was insufficient for lack of knowledge).

Further, Exhibit 12 does not appear to be indisputably authentic. The declaration by defendants' counsel states the Spruce Point report is "dated August 7, 2018" and "is available . . . on Spruce Point Management's website" at a specific Internet address. Murphy Decl., ¶13. The metadata of the document found at that location, however, reveals that it was created on October 31, 2018, and was last modified as recently as May 24, 2019. *See* Declaration of Sergio Ulloa in Support of Lead Plaintiff's Response to Defendants' Request for Judicial Notice, Ex. B (filed herewith). A review of the document also reveals that on the bottom right-hand corner of page 4, the author stated: "On October 31, Maxar reported impairment losses of $383.6m – validating our concerns." *Id.*, Ex. A at 4.[4] The document defendants have identified for the Court does not appear to be dated "August 7, 2018" and, thus, the document's authenticity is in dispute. Accordingly, the document is not what defendants purport it to be, Fed. R. Evid. 901(a), and the Court should decline to consider it. *Auraria*, 825 F. Supp. 2d at 1076.

Even if defendants had properly authenticated Exhibit 12 – which they have not – defendants also offer it for an improper purpose. Defendants do not offer Exhibit 12 for the adjudicative fact that Spruce Point issued a report on August 7, 2018, but they go one step further and refer to it to raise disputable facts in their briefing. For instance, defendants' motion to dismiss quotes Exhibit 12 for language nowhere to be found in the Consolidated Complaint to raise a factual inference that Spruce Point's reporting concerning Maxar was "bias[ed]." MTD at 22 n.9; *see Great Am. Ins. Co. v. Crabtree*, No. CIV 11-1129 JB/KBM, 2012 WL 3656500, at *22 (D.N.M. Aug. 23, 2012)

---

[4]    Defendants did not provide page 4 of Exhibit 12 to the Court.

- 6 -

(declining to consider a document under Fed. R. Evid. 201 where defendants offered facts subject to reasonable dispute).  In addition, because defendants have not authenticated Exhibit 12 at all, every purported fact they ask the Court to consider in the document is subject to reasonable dispute.

## IV.     CONCLUSION

For the reasons stated herein, Lead Plaintiff respectfully requests that the Court decline to consider defendants' Exhibits 2-17 and 20 when deciding the motion to dismiss.

DATED:  December 27, 2019                        Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN
TRIG R. SMITH
DEBASHISH BAKSHI

s/ TRIG R. SMITH
TRIG R. SMITH

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
tsmith@rgrdlaw.com
dbakshi@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 7 -

4845-6897-2207.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 27, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ TRIG R. SMITH
TRIG R. SMITH

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  trigs@rgrdlaw.com

4845-6897-2207.v1

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Debashish Bakshi**
  DBakshi@rgrdlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **Brian Thomas Glennon**
  brian.glennon@lw.com,brian-glennon-0505@ecf.pacerpro.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,sf_filings@hbsslaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Eric C. Pettis**
  eric.pettis@lw.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)