**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

    Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

## PRELIMINARY STATEMENT

Defendants' Request for Judicial Notice ("RJN") (Dkt. 52) should be granted in its entirety. The exhibits at issue are documents *specifically cited in the Consolidated Complaint* (Dkt. 44) that contain (1) the alleged false statements (Exhs. 2-3, 6-11, 16-17), (2) the alleged corrective disclosures (Exhs. 4-5, 12-15), or (3) relate to Plaintiff's alleged scienter allegations (Exh. 20). Defendants have submitted these documents to ensure that the record is accurate and complete, and to ensure that the statements at issue in this case are not mischaracterized or taken out of context over the course of these proceedings.

As a preliminary matter, Plaintiff does not object to Exhibits 18 and 19. (Opp. at 1.) (Dkt. 53.) With respect to Exhibits 2-11, 13-15 and 20, Plaintiff "acknowledges that the Consolidated Complaint references Exhibits 2-11, 13-15 and 20, and each document is authentic." (Opp. at 3.) These documents are thus (admittedly) judicially noticeable. Plaintiff's additional arguments concerning Exhibits 2-3, 6-8 and 16-17 do not change the result. Plaintiff does not and cannot really dispute that these documents were specifically cited and/or quoted in the Consolidated Complaint, are true and correct copies of the documents Plaintiff cited and relied upon in making its fraud allegations, and are judicially noticeable. Plaintiff's argument about the authenticity of Exhibit 12 is equally meritless. The specific content referenced in the Consolidated Complaint is identical to the slides published on August 7, 2018, when Plaintiff claims they allegedly revealed a "truth" to the investing community.

In sum, courts in the Tenth Circuit routinely judicially notice or incorporate by reference the precise types of exhibits proffered here, and this Court should do the same.

I.   **ARGUMENT**

   A.   **The Court May Consider Exhibits 2-11, 13-17, and 20 as Incorporated by Reference or Subject to Judicial Notice**

      1.   **Courts Routinely Consider Documents Referenced in the Complaint or are Public Records**

Exhibits 2-11, 13-17, and 20 are incorporated by reference and may be considered by the Court when evaluating Defendants' Motion to Dismiss the Consolidated Complaint.  As a matter of law, the Court may consider documents central to the plaintiff's claim when considering a motion to dismiss if the defendant submits an indisputably authentic copy to the court.  *In re Gold Resource Corp. Sec. Litig.*, 957 F. Supp. 2d 1284, 1293 (D. Colo. 2013) (citing *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997)).

These documents are cited in the Consolidated Complaint and Plaintiff expressly states that Exhibits 2-11, 13-15, and 20 are authentic and does not raise any issues with the authenticity of Exhibits 16-17.  (*See* Opp. at 3; *see generally* Opp.)  Moreover, as noted, these exhibits directly relate to the alleged misstatements, corrective disclosures, and/or Plaintiff's allegations of scienter:

- **Exhibit 2** is an alleged misstatement and is cited in the Consolidated Complaint at paragraphs 7, 113, 114 and 155;

- **Exhibit 3** is an alleged misstatement and is cited in the Consolidated Complaint at paragraph 156;

- **Exhibit 4** is an alleged corrective disclosure and is cited in the Consolidated Complaint at paragraph 181;

- **Exhibit 5** is an alleged corrective disclosure and is cited in the Consolidated Complaint at paragraph 183;

- **Exhibit 6** is an alleged misstatement and is cited in the Consolidated Complaint at paragraphs 158, 163 and 164;

2

- **Exhibit 7** is an alleged misstatement and is cited in the Consolidated Complaint at paragraph 162;

- **Exhibit 8** is an alleged misstatement and is cited in the Consolidated Complaint at paragraph 162;

- **Exhibit 9** is an alleged misstatement and is cited in the Consolidated Complaint at paragraphs 168-69;

- **Exhibit 10** is an alleged misstatement and is cited in the Consolidated Complaint at paragraph 167;

- **Exhibit 11** is an alleged misstatement and is cited in the Consolidated Complaint at paragraph 167;

- **Exhibit 13** is an alleged corrective disclosure and is cited in the Consolidated Complaint at paragraphs 12, 179, 211, and 227;

- **Exhibit 14** is an alleged corrective disclosure and is cited in the Consolidated Complaint at paragraphs 14, 140, 150, 160, 171, 186 and 214;

- **Exhibit 15** is an alleged corrective disclosure and is cited in the Consolidated Complaint at paragraphs 16, 152, and 198;

- **Exhibit 16** is an alleged misstatement and is cited in the Consolidated Complaint at paragraph 157;

- **Exhibit 17** is an alleged misstatement and is cited in the Consolidated Complaint at paragraph 158; and

- **Exhibit 20** is allegedly indicia of scienter and is cited in the Consolidated Complaint at paragraph 226.

While consideration of judicially noticeable documents is a matter of discretion for the Court, courts routinely grant similar requests under these circumstances. Accordingly, Defendants respectfully request that the Court judicially notice these exhibits pursuant to the authorities cited below:

- **Exhibits 2 & 15** (press releases) (*Wolfe v. Aspenbio Pharma, Inc.*, 587 F. App'x. 493, 499 n.4 (10th Cir. 2014) (taking judicial notice of press releases));

3

- **Exhibit 3** (Twitter post) (*Unsworth v. Musk*, No. 19-80224, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice of the publicly-available tweets));

- **Exhibits 4-14 & 20** (public filings) (*In re Oppenheimer Rochester Funds Group Sec. Litig.*, 838 F.Supp.2d 1148, 1156 (D. Colo. 2012) (taking judicial notice of SEC filings); and

- **Exhibits 16-17** (earnings call materials) (*In re Zagg Sec. Litig.*, No. 12-852, 2014 WL 505152, at *1 (D. Utah Feb. 7, 2014) (taking judicial notice of transcript of earnings calls).

For these reasons, Exhibits 2-11, 13-17, and 20, are all properly judicially noticeable, and nothing in Plaintiff's Opposition to Defendants' Request for Judicial Notice suggests otherwise.

### 2. Plaintiff's Miscellaneous Arguments Are Meritless

Plaintiff further contends that Defendants' submission of exhibits are offered for convenience and are a waste of judicial resources. (Opp. at 3.) But as noted, each exhibit was expressly cited in the Consolidated Complaint, and each reflects an alleged misstatement, corrective disclosure, and/or relates to Plaintiff's allegations of scienter. *See supra* at 2-3.

Each exhibit is included to provide a complete record, to provide the necessary context for the statements at issue, and to give the Court the opportunity to review the plain text of those statements central to Plaintiff's theory of liability. To the extent the Court does not find the materials helpful to its analysis, or to the extent the documents do not inform the Court's reasoning on the Motion to Dismiss, the Court in its discretion need not consider them. But it is beyond dispute that the materials at issue are properly judicially noticeable. *See supra* at 3-4. Thus, it is not Defendants' Request for Judicial Notice that is a waste of resources; it is Plaintiff's Opposition, which concedes that the exhibits are judicially noticeable (and/or are incorporated by reference) that is a waste of resources. The inconsistency in Plaintiff's argument is obvious. On one hand, Plaintiff argues that Defendants' "wasted" judicial resources by

4

seeking judicial notice of those exhibits at issue here. But two pages later, Plaintiff contends that, because Defendants did not submit "numerous other pertinent documents referenced in the Consolidated Complaint," the Court should reject all of the exhibits. (Opp. at 5 n.3.)

Next, Plaintiff argues (incorrectly) that Defendants offer Exhibits 2-3, 6-8, and 16-17 to advance "a meritless argument." (Opp. at 4.) First, Plaintiff's Opposition to Defendants' Request for Judicial Notice is not the place for Plaintiff to launch preemptive attacks in Opposition to Defendants' Motion to Dismiss. But more importantly, Plaintiff's baseless assertion that "Defendants' proposed use of Exhibit 14. . . is particularly misleading" because Defendants "ignored" the rest of the statement in their exhibit (Opp. at 3 n.2), is, itself, misleading. Defendants *included* the precise language Plaintiff cites in the Consolidated Complaint—as they did with every exhibit for which Defendants seek judicial notice. *Compare* Consolidated Complaint ¶ 160 ("was not a definitive award and was not included in backlog") *with* Exhibit 14 ("The voiding of this contract did not have an impact on the Company's backlog, as it was not a definitive award and was not included in the backlog."). Each of these exhibits is incorporated by reference and/or properly judicially noticeable and the Court may properly consider them.

### B. The Court Should Consider Exhibit 12 as Incorporated by Reference

Finally, Plaintiff argues that the metadata associated with Exhibit 12, The Spruce Point Capital Management, LLC's August 7, 2018 report (the "Spruce Report") prevents the Court from considering it. This argument elevates form over substance. As a preliminary matter, it is beyond dispute that the Spruce Report is central to Plaintiff's claims in the Consolidated Complaint. *In re Gold Resource Corp. Sec. Litig.*, 957 F.Supp.2d 1284, 1293 (D. Colo. 2013)

5

(citing *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.")). According to Plaintiff, the Spruce Report is an alleged corrective disclosure, (*see* Consolidated Complaint ¶¶ 11, 175, 209), and Plaintiff cites it five times in the Consolidated Complaint to, among other things, "question Maxar's financial health and the Company's accounting practices." (*See* Consolidated Complaint ¶¶ 11, 175, 209, 211, 225.)

Plaintiff attempts to raise concerns about the metadata found at that URL provided in the RJN, *while ignoring the Exhibit itself.* To be clear, it is true that the link provided in the RJN directs the user to an updated version of the Spruce Report; however, the four slides excerpted from the Spruce Report in Exhibit 12 (slides 1, 2, 3, 60) are identical to the four slides in the Spruce Report published on August 7, 2018, cited in the Complaint.[1] Plaintiff further contends that Defendants offer the Spruce Report for an "improper purpose," *i.e.,* to "raise a factual inference that Spruce Point's reporting concerning Maxar was bias[ed]" because Defendants included the disclaimer slide which states: "You should assume that . . . Spruce Point Capital Management LLC . . . has a short position in all stocks [] covered herein, including without limitation Maxar Technologies Ltd." (Murphy Decl., Ex. 12 at 2; Opp. at 6.) In making this argument, however, Plaintiff ignores that statements regarding that bias in the Spruce Report are

---

[1] Defendants have filed herewith the Declaration of Mark Bekheit in Support of Defendants' Request for Judicial Notice ("Bekheit Decl."), along with a copy of the metadata of the August 7, 2018 slides (Bekheit Decl., Ex. 1), the August 7, 2018 Spruce Report with August 7, 2018 metadata (Bekheit Decl., Ex. 2), and the four slides submitted to the Court with the RJN—which are identical to the August 7, 2018 metadata slides (Bekheit Decl., Ex. 3).

contained on the face of Consolidated Complaint.  (*See* Consolidated Complaint ¶ 177 ("[T]he Company issued a press release on *BusinessWire* titled 'Maxar Technologies Responds to Misleading Short Sell Report'"); Consolidated Complaint ¶ 179 ("[T]he Company issued a press release on PR Newswire titled 'Maxar Technologies Provides Comprehensive Response to Shareholders Following Misleading Short-Seller Campaign by Hedge Fund.'").)  In any event, the Spruce Report is central to Plaintiff's theory of liability, and is therefore incorporated into the Consolidated Complaint.  *In re Gold Resource Corp. Sec. Litig.*, 957 F. Supp. 2d at 1293.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' Request for Judicial Notice (Dkt. 52).

Dated:  January 24, 2020

Respectfully Submitted,

SHERMAN & HOWARD L.L.C.

*/s/ Jerome H. Sturhahn*
Jerome H. Sturhahn
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (302) 297-2900
Facsimile:  (303) 298-0940
Email: jsturhahn@shermanhoward.com

LATHAM & WATKINS LLP

*/s/ Brian T. Glennon*
Brian T. Glennon
Eric C. Pettis
355 S. Grand Ave., Suite 1000
Los Angeles, CA 90071
Telephone: (213) 891-7593
Facsimile:  (213) 891-8763
Email: brian.glennon@lw.com
eric.pettis@lw.com

Kristin N. Murphy
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 755-8287
Facsimile:  (714) 755-8290
Email: Kristin.murphy@lw.com

*Attorneys for Defendants Maxar Technologies Inc., Howard L. Lance, and Anil Wirasekara*

**CERTIFICATE OF SERVICE**

The undersigned certifies on this 24th day of January 2020, a true and correct copy of the foregoing **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** was filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following addresses:

> ROBBINS GELLER RUDMAN & DOWD LLP
> SPENCER A. BURKHOLZ
> HENRY ROSEN
> TRIG R. SMITH
> DEBASHISH BAKSHI
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
> Telephone: 619/231-1058
> 619/231-7423 (fax)
> spenceb@rgrdlaw.com
> henryr@rgrdlaw.com
> tsmith@rgrdlaw.com
> dbakshi@rgrdlaw.com
>
> Attorneys for **Plaintiffs**

*s/ Judith J. Bulanowski*
Judith J. Bulanowski, Legal Secretary