IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

**PLAINTIFF'S MOTION TO STRIKE, AND, IN THE ALTERNATIVE,
FOR LEAVE TO FILE A SUR-REPLY**

---

Plaintiff Oregon Laborers Employers Pension Trust Fund ("Plaintiff"), respectfully moves to strike certain arguments and documents submitted by defendants Maxar Technologies Inc., Howard L. Lance, and Anil Wirasekara ("Defendants") in support of their request for judicial notice.  *See* ECF No. 52 (the "RJN").[1]  These new arguments and documents were offered for the first time in Defendants' reply in support of the RJN (ECF No. 58, filed January 24, 2020).  Should the Court deny Plaintiff's motion to strike, Plaintiff respectfully requests leave to file a sur-reply.[2]

## I.      BACKGROUND

On December 5, 2019, the day before the deadline to file their motion to dismiss, Defendants contacted Plaintiff's counsel with a list of documents (but not the documents themselves) for which Defendants intended to seek judicial notice.  The same day, Plaintiff's counsel responded stating that Plaintiff was not taking a position on the list of documents.  Plaintiff's counsel noted that, given the lack of meaningful opportunity to review the actual submissions, Plaintiff may object on the basis of authentication.

On December 6, 2019, Defendants filed the Declaration of Kristin N. Murphy in Support of Defendants' Motion to Dismiss the Amended Complaint and their RJN (ECF Nos. 51-1, 52).  These documents provided a listing of 19 documents Defendants asked this Court to consider in support of

---

[1]   Pursuant to D.C.COLO.LCivR 7.1, between January 24 and January 27, 2020, counsel for Plaintiff and Defendants met and conferred regarding the relief sought herein.  On January 27, 2020 counsel for the parties discussed their positions on the requested relief and Plaintiff's counsel ended the call by noting that Plaintiff would consider Defendants' positions.  On January 29, 2020, after considering Defendants' positions, Plaintiff's counsel informed Defendants' counsel that Plaintiff would proceed to move this Court for appropriate relief.

[2]   If granted leave, Plaintiff will file a sur-reply not exceeding five pages in length within two days of the Court's order.

- 1 -

their Motion to Dismiss the Consolidated Complaint (ECF No. 51), and explained why the Court should consider them.

On December 27, 2019, Plaintiff filed its opposition to the RJN, objecting to the Court's consideration of Defendants' proposed Exhibits 2 through 17.  ECF No. 53.  In opposing the RJN, Plaintiff argued, *inter alia*, that the Court should not consider Exhibits 2-11, 13-15 and 20 because it need look no further than the Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 44) (the "Complaint") for identical information.  ECF No. 53 at 3-4.  Plaintiff further argued the Court should not consider Exhibit 12 because Defendants failed to authenticate the document and it did not appear to be what Defendants certified it to be.  *Id.* at 5-7.

On January 24, 2020, Defendants filed their reply brief in further support of their RJN.  ECF No. 58 (the "Reply").  Defendants conceded their original position was that this Court should consider Exhibits 2-11, 13-15 and 20 because it would somehow be convenient.  *Id.* at 4. Recognizing the mere "convenience" would likely not carry that day, the Reply raises new legal arguments to salvage their RJN.  These arguments could have and should have been raised in Defendants' opening brief.  Specifically, Defendants now invite the Court to peruse the offered documents for the purpose of "provid[ing] a complete record" and "provid[ing] the necessary context for the statements at issue."  *Id*.  Because these arguments were first raised in the Reply, Plaintiff is effectively foreclosed from responding to them.  *See* Court's Practice Standards III.K. (no sur-reply is allowed without leave of Court on a showing of good cause).  For example, Plaintiff has not been given the opportunity to address whether Defendants have even tried to explain to the Court how the record is incomplete or why any additional context is necessary to decide their motion to dismiss.

- 2 -

With respect to Exhibit 12, Defendants acknowledge that they submitted the wrong document to the Court on December 6, 2019.  ECF Nos. 58 at 4, 58-1, 58-2, 58-3, 60.  In an effort to correct that error, Defendants now offer new documents in their Reply.  *Id.*  By doing so, however, Defendants have foreclosed Plaintiff from responding to the new information.  *See* Court's Practice Standards III.K.  For example, Plaintiff has not been given the opportunity to address whether yet another Latham & Watkins LLP partner possesses sufficient knowledge of a non-party document to lay a factual predicate for authenticity and, even if he did, whether his sworn declaration provides the necessary factual predicate.

## II.     ARGUMENT

When a moving party makes new arguments or submits new evidence for the first time on reply, the Court must either disregard those arguments and evidence or provide the nonmoving party with an opportunity to respond.  *Stransky v. HealthONE of Denver, Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *3 (D. Colo. Dec. 14, 2012) (Martinez, J.) (citing *EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007)) (granting motion to strike); *accord Beaird v. Seagate Tech.*, 145 F.3d 1159, 1192 (10th Cir. 1998).  Here, the Court should strike or decline to consider Defendants' new arguments and documents offered for the first time on reply.

### A.     The Court Should Strike Defendants' New Arguments Regarding Exhibits 2-11, 13-15 and 20

Defendants' Reply brief argues that the Court should consider Exhibits 2-11, 13-15 and 20 because they purportedly "provide a complete record" and "provide the necessary context for the statements at issue."  ECF No. 58 at 4.  Defendants could have and should have included those arguments in their opening RJN brief.  They did not.  Furthermore, Defendants could have and should have explained in the opening brief how any one or all of the documents at issue would

- 3 -

provide a complete record and the necessary context for the Court to decide the motion to dismiss. They did not.  By raising these arguments for the first time in reply, Defendants have precluded Plaintiff from a fair and full opportunity to respond.  As such, the Court should strike them.  *Seagate*, 145 F.3d at 1192.

### B.     The Court Should Strike Defendants' New Evidence Offered to Replace Exhibit 12

Defendants have acknowledged that their original Exhibit 12 (filed on December 6, 2019) is not what they claimed it to be.  ECF Nos. 58 at 4, 58-1, 58-2, 58-3, 60.  To correct that error, Defendants offer new documents for the first time in reply.  *Id.*  These documents are the:  (a) Declaration of Mark Bekheit in Support of Defendants' Request for Judicial Notice (ECF No. 58-1) (the "Bekheit Declaration"); (b) Exhibit 1 of the Behkeit Declaration (ECF No. 58-2) (described by Mark Behkeit ("Behkeit") as "a screen shot of the metadata associated with the Spruce Report"); (c) Exhibit 2 of the Bekheit Declaration, ECF No. 58-3 (described by Behkeit as "a true and correct copy of the Spruce Report that I received in August 2018"); (d) ECF No. 60 (described by Defendants as a "New/Corrected Exhibit 2"); and (e) another copy of the Spruce Point Capital Management LLC report submitted to the Court on a thumb drive (a copy of which Plaintiff has not yet received).

Defendants could have and should have submitted this material with their opening brief.  But they did not.  Had Defendants done so, it would have afforded Plaintiff, *inter alia*, the opportunity to address whether another Latham & Watkins LLP partner (*i.e.*, Mr. Bekheit) has sufficient knowledge of facts to authenticate the new document, and even if he did, whether the new document is, in fact, indisputably authentic.  Plaintiff has had no such opportunity.  As such, the Court should strike ECF Nos. 58-1, 58-2, 58-3, 60.  *Seagate*, 145 F.3d at 1192.

- 4 -

## III.    CONCLUSION

For the reasons above, the Court should grant Plaintiff's motion to strike.  In the alterative,

Plaintiff respectfully requests leave to file a sur-reply at address Defendants' new arguments and

documents.

DATED:  January 30, 2020

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN
TRIG R. SMITH
DEBASHISH BAKSHI


s/ TRIG R. SMITH
TRIG R. SMITH

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
trigs@rgrdlaw.com
dbakshi@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ANDRUS WAGSTAFF, PC
VANCE R. ANDRUS
AIMEE H. WAGSTAFF
7171 W. Alaska Drive
Lakewood, CO 80226
Telephone:  303/376-6360
303/376-6361 (fax)
vance.andrus@andruswagstaff.com
aimee.wagstaff@ andruswagstaff.com

Local Counsel

- 5 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 30, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ TRIG R. SMITH
TRIG R. SMITH

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  trigs@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Debashish Bakshi**
  DBakshi@rgrdlaw.com,DBakshi@ecf.courtdrive.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **Brian Thomas Glennon**
  brian.glennon@lw.com,brian-glennon-0505@ecf.pacerpro.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,sf_filings@hbsslaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Eric C. Pettis**
  eric.pettis@lw.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

CM/ECF - U.S. District Court:cod-

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`