**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

    Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE, AND, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY (Dkt. 61)**

---

Courts routinely consider documents explicitly referenced in a complaint and that are properly judicially noticeable. *See generally*, Reply (Dkt. 58). Prior to filing the Request for Judicial Notice ("RJN") (Dkt. 52), Defendants provided Plaintiff's counsel a list of each document for which Defendants sought judicial notice. Defense counsel did not provide Plaintiff's counsel with a copy of the documents themselves because Plaintiff was familiar with and could reference the documents Plaintiff cited and quoted *in its own pleading*. After taking no position during meet and confer discussions, Plaintiff then opposed Defendants' RJN ("Opp.") (Dkt. 53) requiring Defendants to respond in Reply. It is undisputed that the documents (or excerpts thereof) were cited and quoted in the Amended Complaint. (Opp. at 1.) (Dkt. 53.) But Plaintiff now contends that the Court should strike Defendants' "new arguments," which include, among other arguments, that the Court should consider the exhibits because they "provide a complete record" and "provide the necessary context for the statements at issue." (Mot. to Strike, at 3.) (Dkt. 61.) These are not "new arguments." (*See* RJN, at 2-6.) (Dkt. 52.) Completing the record and providing context for the Consolidated Complaint and Motion to Dismiss with the documents referenced in the RJN enhances efficiency, considering the Court must analyze a pleading containing 271 paragraphs spanning 96 pages. *See* Consolidated Compl. (Dkt. 44.)

Finally, Plaintiff argues that the Court should strike Exhibit 12. (Mot. to Strike, at 4.) (Dkt. 61.) Exhibit 12 represents Defendants' request that the Court take judicial notice of "excerpts from the Spruce Point Capital Management's Investment Research Report on Maxar, dated August 7, 2018, which Plaintiff cites in the Consolidated Complaint at paragraphs 11, 175, 179, 209, and 225." (RJN, at 4.) (Dkt. 52.) The excerpts are four slides from the Spruce Report offered in Exhibit 12 with Defendants' RJN, which are *identical* to the slides Defendants submitted with their

1

Reply.  (Reply, at 6.)  (Dkt. 58.)  In the RJN, Defendants also provided a website address that provides a full copy of the Spruce Report, but the report accessed by the link apparently has been updated, and is not the earlier version of the Report referenced in the Consolidated Complaint. (RJN, at 4.)  (Dkt. 52.)  That Plaintiff quibbles over Defendants' citation to a full copy of the updated report does not change the fact that the copies of the slides *for which judicial notice was requested* are identical in both in the RJN and Reply.

Plaintiff's Motion to Strike, and in the Alternative, for Leave to File a Sur-Reply is a waste of time and resources.  If the Court does not need or want to take judicial notice of the exhibits at issue it can decline to do so.  But Plaintiff put them at issue in its pleading, and Defendants provided them in a good faith effort to promote efficiency.

Dated:  February 3, 2020

Respectfully Submitted,

| SHERMAN & HOWARD L.L.C. | LATHAM & WATKINS LLP |
|---|---|
| */s/ Jerome H. Sturhahn*____<br>Jerome H. Sturhahn<br>Milton L. Smith<br>Peter G. Koclanes<br>633 Seventeenth Street, Suite 3000<br>Denver, Colorado 80202<br>Telephone: (302) 297-2900<br>Facsimile:  (303) 298-0940<br>Email: msmith@shermanhoward.com<br>pkoclanes@shermanhoward.com<br>jsturhahn@shermanhoward.com<br><br>*Attorneys for Defendants Maxar Technologies Inc., Howard L. Lance, and Anil Wirasekara* | */s/ Brian T. Glennon*_____<br>Brian T. Glennon<br>Eric C. Pettis<br>355 S. Grand Ave., Suite 1000<br>Los Angeles, CA 90071<br>Telephone: (213) 891-7593<br>Facsimile:  (213) 891-8763<br>Email: brian.glennon@lw.com<br>eric.pettis@lw.com<br><br>Kristin N. Murphy<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626<br>Telephone: (714) 755-8287<br>Facsimile:  (714) 755-8290<br>Email: Kristin.murphy@lw.com |

2

## CERTIFICATE OF SERVICE

The undersigned certifies on this 3rd day of February 2020, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE, AND, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY (Dkt. 61**) was filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following addresses:

ROBBINS GELLER RUDMAN & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN
TRIG R. SMITH
DEBASHISH BAKSHI
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
tsmith@rgrdlaw.com
dbakshi@rgrdlaw.com

Attorneys for **Plaintiffs**

*s/ Donna Fouts*
Donna Fouts, Legal Secretary