**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

      Defendants.

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED
COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS**

---

Defendants' Maxar Technologies Inc. ("Maxar" or the "Company"), Howard L. Lance, and Anil Wirasekara (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and respond to Plaintiff Oregon Laborers Employee Pension Trust Fund's ("Plaintiff") Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"). Unless otherwise stated, Defendants deny each and every allegation in the Amended Complaint. Defendants have included below headings and subheadings from the Amended Complaint for ease of reference only and do not construe them as requiring a separate response. To the extent that any heading or subheading is construed to contain allegations requiring a response, Defendants deny said heading or subheading.[1]

## PRELIMINARY STATEMENT

This case arises out of routine business challenges that Maxar faced in its efforts to acquire new business lines and integrate those business lines with existing operations. Far from supporting a claim for violations of the federal securities laws, Maxar's public filings contemporaneously disclosed these challenges to investors, including Plaintiff, in many of the same public filings that Plaintiff challenges in this case.

The Amended Complaint primarily focuses on Maxar's financial statements, which Plaintiff contends were false and misleading because the Company failed to take an impairment on certain business assets, *i.e.*, the "GeoComm business." But as a matter of public record, Maxar consistently disclosed the declining state of the GeoComm business. In fact, Defendants disclosed the very "indicators of impairment" on which Plaintiff relies in claiming that Maxar's financial statements were false or misleading during the Class Period. In any event, it is beyond dispute

---

[1] All responses in this Answer are made as of the date of its filing. Defendants reserve the right to amend and/or supplement any responses in this Answer to the extent Defendants receive or become aware of additional facts and/or evidence through discovery.

that the decision regarding whether – *and when* – to take an impairment of a business asset is complicated and it involves the exercise of accounting judgment. The financial statements at issue here were audited by a "Big Four" accounting firm, and to date, have never been restated. Moreover, when a well-known short seller issued a report suggesting that an impairment of the GeoComm business was imminent (one of the alleged "corrective disclosures" pled in this case), the Audit Committee – aided by the Company's independent auditor and outside subject matter experts – undertook a comprehensive review. At the conclusion of this review, the Company and its outside advisors determined, and Maxar publicly announced, that there were no material errors in the Company's financial statements and public disclosures. The fact that Maxar took an impairment months later does not amount to a violation of the federal securities laws. Plaintiff's allegations therefore amount to nothing more than "fraud by hindsight," which is impermissible as a matter of law.

In addition, Plaintiff claims that Maxar's public statements regarding a contract with Israeli satellite operator Spacecom to construct a satellite called AMOS-8 were false and misleading when made. Notably, the Company's March 26, 2018 statements concerning AMOS-8 were dismissed at the pleadings stage, leaving at issue only Defendants' May 9, 2018 statements about AMOS-8.[2] Contrary to Plaintiff's allegations, however, Defendants' statements regarding AMOS-8 were in fact *true* when made. Indeed, Maxar was selected to build AMOS-8, but due to subsequent geopolitical developments outside of Maxar's control (events which were disclosed to investors), the project was never completed. The fact that the contract ultimately fell through does not render

---

[2] The Court's September 11, 2020 Order (Dkt. No. 73) (the "MTD Order") also dismissed three alleged misstatements related to the Company's WorldView-4 satellite. (*Id*. at 39.) As a result, the Class Period now spans from May 9, 2018 to October 31, 2018.

2

Maxar's earlier statements about the Company's selection to build AMOS-8 (*e.g.*, the statements at issue here) false or misleading when made.

With the benefit of this context, Defendants hereby respond to each of the individual allegations set forth in the Amended Complaint, and advances their affirmative defenses as set forth below.

## INTRODUCTION AND OVERVIEW

1. Defendants admit that the Amended Complaint purports to be a putative securities class action brought on behalf of purchasers of Maxar securities against Defendants, and that Plaintiff seeks remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). To the extent any of the allegations in Paragraph 1 are pled in support of claims that were dismissed by the MTD Order, no response is required. Except as expressly admitted, Defendants deny the allegations in Paragraph 1.

2. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 2 and on that basis deny the allegations.

3. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and on that basis deny the allegations.

4. Defendants admit that Maxar is incorporated in Delaware, has its principal executive offices in Westminster, Colorado, and trades on the New York Stock Exchange and the Toronto Stock Exchange under the ticker symbol "MAXR." Defendants admit that Space Systems Loral ("SSL") manufactures geostationary communications satellites. Except as expressly admitted, Defendants deny the allegations in Paragraph 4.

5. Defendants deny the topic sentence and the allegations in Part (a) and (b) of Paragraph 5. The allegations in Part (c) of Paragraph 5 are pled in support of claims regarding WorldView-4. As noted, the Court dismissed these allegations in the MTD Order. Accordingly,

3

no response to the allegations in Part (c) of Paragraph 5 is required. Except as expressly admitted, Defendants deny the allegations in Paragraph 5.

6.      Defendants admit that the market for satellites has undergone changes over the years prior to and during the Class Period. Except as expressly admitted, Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that the Company issued a press release on March 26, 2018 and May 9, 2018, and posted a message on social media on March 26, 2018. These statements speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

8.      Defendants admit that on May 9, 2018, the Company filed its first quarter 2018 ("1Q18") financial results with the Securities and Exchange Commission ("SEC") and Canadian Securities Administrators. These filings speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 8.

9.      Defendants admit that on July 31, 2018, the Company filed its second quarter 2018 ("2Q18") financial results with the SEC and Canadian Securities Administrators. These filings speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants admit that Spruce Point Capital Management, LLC ("Spruce Point") published a report dated August 7, 2018. The report speaks for itself. Defendants admit that Maxar issued a press release on August 7, 2018. The press release speaks for itself. Defendants aver that the Company's stock price is a matter of public record. Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12.     Defendants admit that the Company issued a press release on August 24, 2018.  The press release speaks for itself.  Defendants aver that the Company's stock price is a matter of public record.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13.     Defendants admit that in September 2018, *The Jerusalem Post* published an article titled, "Israel to Subsidize New Home-Grown Communications Satellite."  The article speaks for itself.  Defendants admit that on September 25, 2019, *Space News* published an article titled, "Spacecom Cancels Amos-8 Contracts with SSL and SpaceX."  The article speaks for itself. Defendants aver that the Company's stock price is a matter of public record.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that the Company recognized a $383.6 million charge during the third quarter of 2018 ("3Q18").  Defendants admit that Maxar filed a Form 6-K with the SEC on October 31, 2018.  The filing speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15.     Defendants aver that the Company's stock price is a matter of public record.  The allegations in the last sentence of Paragraph 15 regarding WorldView-4 are pled in support of claims that were dismissed by the MTD Order, and no response is required.  Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 regarding WorldView-4 are pled in support of claims that were dismissed by the MTD Order, and no response is required.  Except as expressly admitted, Defendants deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

**JURISDICTION AND VENUE**

18.    Paragraph 18 alleges legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19.    Paragraph 19 alleges legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20.    Paragraph 20 alleges legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 20.

**PARTIES**

21.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21 and on that basis deny the allegations.

22.    Defendants admit that Maxar is a Delaware corporation headquartered in Westminster, Colorado.  Defendants admit during the Class Period, Maxar consisted of four business units: MacDonald, Dettwiler & Associates Ltd. ("MDA"), SSL, DigitalGlobe, and Radiant Solutions.  Defendants admit that MDA was founded in 1969.  Defendants admit that MDA acquired SSL in 2012.  Defendants admit that MDA acquired DigitalGlobe in October 2017.  Defendants admit that MDA was renamed Maxar Technologies Ltd.  Defendants admit that effective December 31, 2017, the Company changed its presentation currency from the Canadian dollar to the United States dollar, and relocated its headquarters to DigitalGlobe's offices in Colorado.  Defendants admit that Maxar incorporated under the laws of the State of Delaware in January 2019.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 22 and on that basis deny the allegations.

23.    Defendants admit that Mr. Lance served as the Company's President and Chief Executive Officer between May 2016 and January 2019.  Defendants admit that Mr. Lance entered

6

into an agreement pursuant to which he agreed to provide consulting services to the Company until January 2020. Defendants admit that Mr. Lance participated on certain Company earning calls. Defendants admit that Mr. Lance certified certain statements filed with the SEC. These certifications speak for themselves. The last sentence of Paragraph 23 consists of legal conclusions for which no response is required. Except as expressly admitted, Defendants deny the allegations in Paragraph 23.

24.    Defendants admit that Mr. Wirasekara served as the Company's Interim Chief Financial Officer ("CFO") between February 26, 2018 and August 15, 2018, and as CFO of MDA from 1994 to October 2017. Defendants admit that Mr. Wirasekara participated on certain Company earnings calls. Defendants admit that Mr. Wirasekara certified certain statements filed with the SEC. Defendants admit that Mr. Wirasekara's professional affiliations include the Chartered Institute of Management Accountants (United Kingdom), The Society of Management Accountants of British Columbia, and the Institute of Chartered Accountants (Sri Lanka) and that Mr. Wirasekara is a graduate of the Chartered Institute of Marketing and Management (United Kingdom). The last sentence of Paragraph 24 consists of legal conclusions for which no response is required. Except as expressly admitted, Defendants deny the allegations in Paragraph 24.

## IFRS PROVISIONS REGARDING ASSET IMPAIRMENT

25.    Defendants admit that during the Class Period, Maxar prepared, reported, and certified its consolidated financial statements in accordance with International Financial Reporting Standards ("IFRS"). Defendants admit that pronouncements issued by IASB's predecessor are designated "International Accounting Standards" ("IAS"), which were adopted by IASB and are applicable under IFRS. Except as expressly admitted, Defendants deny the allegations in Paragraph 25.

7

**IFRS: Purpose and Scope (IAS 1)**

26.    Defendants admit that IAS set forth standards for preparation of general purposes financial statements.  Defendants admit that Plaintiff purports to quote IAS 1.1, 1.2, 1.7 and 1.9. IAS 1.1, 1.2, 1.7 and 1.9 speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 26.

27.    Defendants admit that Plaintiff purports to quote IAS 1.15.  IAS 1.15 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 27.

28.    Defendants admit that Plaintiff purports to quote IAS 1.16.  IAS 1.16 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 28.

**IFRS: Impairments of Intangible Assets
and Property, Plant, and Equipment (IAS 36)**

29.    Defendants admit that the intangible assets attributed to the Company's GeoComm business consisted of, among other things, technologies, software, trade names, and customer relationships.  Defendants admit that the Company acquired SSL in 2012.  Defendants admit that Maxar filed a Form 6-K on August 24, 2018.  The Form 6-K speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that the Property, Plant, & Equipment ("PP&E") of the GeoComm business consisted of, among other things, land and land improvements, buildings, leasehold improvements, testing equipment, vehicles, computer hardware, and furniture and fixtures.  The Company's balance sheet speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 30.

31.    Defendants admit that during the Class Period, Maxar's accounting treatment and evaluation of the GeoComm intangible assets and PP&E were generally governed by IAS 36, *Impairment of Assets.*

8

32.     Defendants admit that Plaintiff purports to quote IAS 36.1.  IAS 36.1 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 32.

33.     Defendants admit that Plaintiff purports to quote IAS 36.8 and 36.9.  IAS 36.8 and 36.9 speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 33.

34.     Defendants admit that Plaintiff purports to quote IAS 36.12.  IAS 36.12 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 34.

35.     Defendants admit that Plaintiff purports to quote IAS 36.13.  IAS 36.13 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 35.

36.     Defendants admit that Plaintiff purports to quote IAS 36.14.  IAS 36.14 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 36.

37.     Defendants admit that Plaintiff purports to summarize IAS 36.  IAS 36 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 37.

38.     Defendants admit that Plaintiff purports to quote IAS 36.6 and 36.55.  IAS 36.6 and 36.55 speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that Plaintiff purports to quote IAS 36.22 and 36.6.  IAS 36.6 and 36.22 speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

**IFRS: Impairment of Inventories (IAS 2)**

41.     Defendants admit that Plaintiff alleges that during the Class Period IFRS standard IAS 2, *Inventories*, governed the Company's accounting treatment and testing of its inventories.

IAS 2 speaks for itself.  Defendants admit that the inventories of the GeoComm business consisted of, among other things, materials, components, and supplies used in satellite construction.  Except as expressly admitted, Defendants deny the allegations in Paragraph 41.

42.  Defendants admit that Plaintiff purports to quote IAS 2.9.  IAS 2.9 speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 42.

43.  Defendants admit that Plaintiff purports to quote IAS 2, 2.28 and 36.  IAS 2, 2.28 and 36 speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 43.

44.  Defendants admit that Plaintiff purports to summarize IAS 2 and 2.30.  IAS 2 and 2.30 speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 44.

45.  Defendants admit that Plaintiff purports to summarize IAS 2.34.  IAS 2.34 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 45.

**IFRS: Events After the Reporting Period (IAS 10)**

46.  Defendants admit that Maxar was required each quarter during the Class Period to consider events after the reporting period that could impact the accuracy of its financial statements and disclosures.  Except as expressly admitted, Defendants deny the allegations in Paragraph 46.

47.  Defendants admit that during the Class Period, the Company's accounting and disclosures for events that occurred after the reporting period were governed by IAS 10, *Events after the Reporting Period*.  IAS 10 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 47.

48.  Defendants admit that Plaintiff purports to quote IAS 10.3.  IAS 10.3 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants admit that Plaintiff purports to quote IAS 10.9.  IAS 10.9 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants admit that Plaintiff purports to quote IAS 10.19.  IAS 10.19 speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

## EVIDENCE OF IMPAIRED GEOCOMM ASSETS

**Space Systems Loral and the Global GeoComm Market**

54.     Defendants admit that SSL designs and manufactures satellites.  Except as expressly admitted, Defendants deny the allegations in Paragraph 54.

55.     Defendants admit that allegations in Paragraph 55 are generally true.  Except as expressly admitted, Defendants deny the allegations in Paragraph 55.

56.     Defendants admit that SSL builds geostationary communications satellites for commercial services including, among other services, direct-to-home television, video content distribution, broadband internet, and mobile communications.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the last sentence of Paragraph 56 and on that basis deny the allegations. Except as expressly admitted, Defendants deny the allegations in Paragraph 56.

57.     Defendants admit that certain of SSL's GEO contracts are valued above a hundred million dollars and that the business of building and operating imaging satellites is capital intensive.  Except as expressly admitted, Defendants deny the allegations in Paragraph 57.

11

58.    Defendants admit that SSL was not awarded GEO Satellite, LEO Satellite, or Other Spacecraft contracts in 2002.  Defendants admit that SSL filed for bankruptcy in 2003 and emerged from bankruptcy in 2005.  Defendants admit that on July 21, 2013, *Via Satellite* published an article titled "Loral Looks Beyond Bankruptcy."  The article speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 58.

59.    Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 59 and on that basis deny the allegations.  Defendants admit that MDA acquired SSL in 2012.  The details of that acquisition are a matter of public record and the disclosures surrounding that transaction speak for themselves.  Defendants admit that SSL was awarded nine GEO Satellite awards in 2014.  Except as expressly admitted, Defendants deny the allegations in Paragraph 59.

60.    Defendants admit that the GEO market declined in 2015 and 2016.  Defendants admit that SSL was awarded five GEO awards in 2015 and four GEO awards in 2016.  Except as expressly admitted, Defendants deny the allegations in Paragraph 60.

61.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 61 and on that basis deny the allegations.

62.    Defendants admit that Mr. Lance made remarks during  a November 2016 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 62.

63.    Defendants admit that Mr. Lance responded to questions from analysts during a November 2016 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 63.

64.     Defendants admit that Mr. Wirasekara made remarks during a November 2016 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 64.

65.     Defendants admit that Mr. Lance responded to questions from analysts during a May 2017 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 65.

66.     Defendants admit that MDA issued a press release in February 2017.  The press release speaks for itself.  Defendants admit that Mr. Lance made remarks about the DigitalGlobe acquisition at a later point in time, as addressed below.  The transcripts reflecting those subsequent remarks speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 66.

67.     Defendants admit that MDA completed the acquisition of DigitalGlobe in October 2017, at which time the Company rebranded itself as Maxar Technologies, Ltd. and adopted the stock ticker "MAXR" on the NYSE and TSX.  Defendants admit that the Company announced plans to reorganize its corporate and operating structure to ensure that the parent of DigitalGlobe was incorporated in the U.S. by the end of 2019.  Except as expressly admitted, Defendants deny the allegations in Paragraph 67.

68.     Defendants admit that the DigitalGlobe acquisition increased Maxar's intangible assets and the PP&E reported on its balance sheet.  Defendants admit that the Company filed its consolidated financial statements for the year ended December 31, 2016 on February 23, 2017.  The filing speaks for itself.  Defendants admit that the Company filed its consolidated financial statements for the year ended December 31, 2017 on February 22, 2018.  The filing speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 68.

13

69.      Defendants admit that the Company publicly disclosed the financial impact of the DigitalGlobe acquisition on or about February 22, 2018.  The public disclosure speaks for itself.  Defendants admit that the Company held an Investor Day conference on March 8, 2018.  The transcript of the Investor Day conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 69.

**Early Indicators of Impairment:**
**GeoComm Restructuring Project**

70.      Defendants admit that the Company filed a Form 6-K with the SEC on February 22, 2018.  The Form 6-K speaks for itself.  Defendants admit that the Company retained management consulting firm Bain & Co. in 2017.  Except as expressly admitted, Defendants deny the allegations in Paragraph 70.

71.      Defendants admit that SSL laid off 161 employees in February 2017.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 71 and on that basis deny the allegations.

72.      Defendants admit that SSL laid off 173 employees in June 2017.  Defendants admit that on June 22, 2017, *Space News* published an article titled, "Lack of satellite orders triggers layoffs at Space Systems Loral."  The article speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 72.

73.      Defendants admit that SSL laid off 334 employees in 2017, 122 employees in 2016, and 90 employees in 2015.  Defendants lack knowledge or information sufficient to admit or deny the allegations regarding layoffs in 2014.   Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74.      Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 74 and on that basis deny the allegations.

75.     Defendants admit that *Space News* published an article in June 2017.  The article speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants admit that Mr. Lance responded to questions from analysts during the July 28, 2017 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 77.

78.     Defendants admit that on August 8, 2017, Mr. Lance presented at the Jeffries Global Industrials Conference in New York City.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 78.

79.     Defendants admit that certain Maxar representatives attended the World Satellite Business Week conference in Paris, France in September 2017, including SSL President Dario Zamarian.  Except as expressly admitted, Defendants deny the allegations in Paragraph 79.

80.     Defendants admit that Mr. Lance made remarks during a November 2, 2017 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 80.

81.     Defendants admit that Mr. Lance responded to questions from analysts during the November 2, 2017 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 81.

82.     Defendants admit that Mr. Lance responded to questions from analysts during the November 2, 2017 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 82.

83.     Defendants admit that William McCombe made remarks during a November 2, 2017 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 83.

84.     Defendants admit that on February 28, 2018, *Space Intel Report* published an article titled, "Maxar Struggles to Adjust to a Satellite Market Whose Tables Have Turned."  The article speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 84.

85.     Defendants admit that the chart in Paragraph 85 reflects SSL's annual GEO awards from 2000 to 2017.

86.     Defendants admit that on February 28, 2018, *Space Intel Report* published an article.  The article speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

**Indicators of Impairment:**
**First Quarter of 2018 (1Q18)**

88.     Defendants admit that the "Galaxy-30" satellite was awarded to Orbital ATK, Inc. Except as expressly admitted, Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants admit that Mr. Lance made remarks during a February 22, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 90.

91.     Defendants admit that Mr. Lance responded to questions from analysts during the February 22, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 91.

92.     Defendants admit that Mr. McCombe made remarks during a February 22, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 92.

93.     Defendants admit that Mr. McCombe made remarks during a February 22, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that Mr. McCombe was named Executive Vice President, Chief Financial Officer of MDA in October 2017.  Defendants admit that Mr. McCombe previously served as Senior Vice President and CFO of SSL MDA Holdings, Inc. between 2016 and 2017.  Except as expressly admitted, Defendants deny the allegations in Paragraph 94.

95.     Defendants admit that Mr. McCombe resigned in February 2018.  Except as expressly admitted, Defendants deny the allegations in Paragraph 95.

96.     Defendants admit that Mr. Wirasekara became Interim CFO after Mr. McCombe's departure.  Defendants admit that Mr. McCombe did not certify certain regulatory filings that were prepared shortly before he resigned.  Defendants admit that Mr. Wirasekara certified financial statements on March 29, 2018.  Except as expressly admitted, Defendants deny the allegations in Paragraph 96.

97.     Defendants admit that the Company held the New York Investor Day conference on March 8, 2018.  Defendants admit that Mr. Lance made remarks during the March 8, 2018 Investor Day conference.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 97.

17

98.     Defendants admit that Mr. Lance made remarks and displayed slides at the March 8, 2018 Investor Day conference.  The transcript of the conference and the slides speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 98.

99.     Defendants admit that Mr. Lance made remarks and displayed slides at the March 8, 2018 Investor Day conference.  The transcript of the conference and the slides speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 99.

100.    Defendants admit that Mr. Lance made remarks and displayed slides at the March 8, 2018 Investor Day conference.  The transcript of the conference and the slides speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 100.

101.    Defendants admit that Mr. Lance made comments and displayed slides at the March 8, 2018 Investor Day conference.  The transcript of the conference and the slides speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 101.

102.    Defendants admit that Mr. Wirasekara made statements at the March 8, 2018 Investor Day conference.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 102.

103.    Defendants admit that Mr. Lance made remarks at the March 8, 2018 Investor Day conference.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 103.

104.    Defendants admit that Mr. Lance made comments at the March 8, 2018 Investor Day conference.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 104.

18

105.    Defendants admit that attendees posed questions to Mr. Lance at the March 8, 2018 Investor Day conference.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 105.

106.    Defendants admit that Mr. Lance responded to questions from attendees at the March 8, 2018 Investor Day conference.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 106.

107.    Defendants admit that Mr. Zamarian made remarks during the March 8, 2018 Investor Day conference.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 107.

108.    Defendants admit that Mr. Lance made remarks at the J.P. Morgan Aviation, Transportation & Industrials conference in New York on March 13, 2018.  The remarks speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 108.

109.    Defendants admit that the contract to build a broadband satellite for the European Organisation of Telecommunications by Satellite S.A. designated "Konnect VHTS" was not awarded to SSL.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 109 and on that basis deny the allegations.

110.    Defendants admit that the Company held an earnings call on or around May 9, 2018.  Defendants admit that Mr. Lance responded to questions from analysts during the earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 110.

111.    Defendants admit that Mr. Wirasekara made remarks during the earnings call on or around May 9, 2018.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 111.

19

**Indicators of Impairment:**
**Second Quarter of 2018 (2Q18)**

112.     Defendants deny the allegations in Paragraph 112.

113.     Defendants admit that on March 26, 2018 the Company announced two new GEO orders in a press release and on social media.  These two GEO orders related to a project for the Broadcasting Satellite System Corporation of Japan ("B-SAT") and Israel's Spacecom.  The press release and the social media posts speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 113.

114.     Defendants admit that the Company issued a press release on March 26, 2018.  The press release speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 114.

115.     Defendants admit that the Company posted information concerning the B-SAT and AMOS-8 projects on social media accounts on March 26, 2018.  The social media posts speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 115.

116.     Certain allegations in Paragraph 116 consist of legal conclusions for which no response is required.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 116 and on that basis deny the allegations.

117.     Defendants admit that on May 22, 2018, *DefenseNews* published an article titled "Israel's new $200 million satellite sparks controversy—and questions."  The article speaks for itself.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 117 and on that basis deny the allegations.

118.     Defendants admit that on April 9, 2018, *Globes* published an article regarding AMOS-8.  The article speaks for itself.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 118 and on that basis deny the allegations.

20

119. Defendants admit that on April 9, 2018, *Globes* published an article regarding AMOS-8. The article speaks for itself. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 119 and on that basis deny the allegations. Except as expressly admitted, Defendants deny the allegations in Paragraph 119.

120. Defendants admit that on April 30, 2018, technology journal *Calcalist* published an article titled "Israeli Government Intervention Likely to Void Deal with U.S. Satellite Contractor Loral." The article speaks for itself. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 120 and on that basis deny the allegations.

121. Defendants admit that the Company held an earnings call on May 9, 2018. Defendants admit that Mr. Lance made remarks during the May 9, 2018 earnings call. The transcript of the earnings call speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 121.

122. Defendants admit that on May 22, 2018, *DefenseNews* published an article concerning, among other things, statements purportedly made by the Israeli Ministry of Science, Technology and Space. The article speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 122.

123. Defendants admit that on May 27, 2018, *Calcalist* published an article titled, "Spacecom Postpones Deal With California-Based Satellite Manufacturer Loral." The article speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants admit that on June 18, 2018, *Haaretz* published an article. The article speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 125.

21

126.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 126 and on that basis deny the allegations.

127.     Defendants admit that the Company did not issue press releases on June 10, 2018 and June 29, 2018.  Except as expressly admitted, Defendants deny the allegations in Paragraph 127.

128.     Defendants admit that a meeting took place in June 2018 at Maxar's Colorado headquarters.   Defendants admit that BMO Capital Markets analyst Thanos Moschopoulous participated in the meeting.  Except as expressly admitted, Defendants deny the allegations in Paragraph 128.

129.     Defendants admit that on July 24, 2018, *Space News* published an article titled, "Maxar considering exiting GEO satellite manufacturing business."  The article speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 129.

130.     Defendants admit that *Space News* published a subsequent report.  That report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 130.

131.     Defendants admit that in June 2018, the Company underwent a restructuring, pursuant to which 109 SSL employees were laid off.  Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations in Paragraph 131 and on that basis deny the allegations.

132.     Defendants admit that in June 2018, the Company underwent a restructuring, under which certain employees were laid off.  Defendants admit that in 2018, Airbus SE was selected by Eutelsat to build two "HOTBIRD" satellites.  Defendants lack knowledge or information sufficient to admit or deny the other allegations in Paragraph 132 and on that basis deny the allegations.

133.    Defendants admit that the Company held an earnings call on July 31, 2018. Defendants admit that Mr. Lance made remarks during the earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 133.

134.    Defendants admit that Mr. Lance responded to questions from analysts during the July 31, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 134.

135.    Defendants admit that Mr. Lance responded to questions from analysts during the July 31, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 135.

136.    Defendants admit that Mr. Lance responded to questions from analysts during the July 31, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 136.

137.    Defendants admit that Mr. Wirasekara made remarks during the July 31, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 137.

138.    Defendants admit that Mr. Wirasekara made remarks during the July 31, 2018 earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 138.

139.    Defendants admit that on July 31, 2018, the Company made certain statements in Form 6-K which it filed with the SEC.  The filing speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 139.

140.    Defendants admit that on October 31, 2018, the Company made certain statements in Form 6-K which it filed with the SEC.  The filing speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 140.

**Summary of Impairment Indicators**

141.    Defendants deny the allegations in Paragraph 141.  To the extent Paragraph 141 purports to summarize allegations set forth in other paragraphs of the Amended Complaint, Defendants incorporate by reference the responses to those allegations as if fully set forth in the response to Paragraph 141.

142.    Defendants admit that on October 31, 2018, the Company filed a Form 6-K with the SEC.  The filing speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 142.

## THE FAILURE OF WORLDVIEW-4

143.    The allegations in Paragraph 143 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 143 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 143.

144.    The allegations in Paragraph 144 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 144.  To the extent a response is required, Defendants deny the allegations in Paragraph 144.

145.    The allegations in Paragraph 145 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no

24

response to the allegations in Paragraph 145 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 146 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 147 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 148 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 149 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 150 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 150.

151. The allegations in Paragraph 151 are pled in support of claims regarding WorldView-4. The Court dismissed these allegations in the MTD Order. Accordingly, no response to the allegations in Paragraph 151 is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152. The allegations in Paragraph 152 are pled in support of claims regarding WorldView-4. The Court dismissed these allegations in the MTD Order. Accordingly, no response to the allegations in Paragraph 152 is required. To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153. The allegations in Paragraph 153 are pled in support of claims regarding WorldView-4. The Court dismissed these allegations in the MTD Order. Accordingly, no response to the allegations in Paragraph 153 is required. To the extent a response is required, Defendants deny the allegations in Paragraph 153.

154. The allegations in Paragraph 154 are pled in support of claims regarding WorldView-4. The Court dismissed these allegations in the MTD Order. Accordingly, no response to the allegations in Paragraph 154 is required. To the extent a response is required, Defendants deny the allegations in Paragraph 154.

**DEFENDANTS' FALSE AND MISLEADING STATEMENTS AND OMISSIONS**

155. Defendants admit that on March 26, 2018, the Company issued a press release titled "Spacecom Selects Maxar Technologies' SSL to Build AMOS-8 Communications Satellite with Advanced Capabilities." The press release speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 155.

156. Defendants admit that the Company posted information to SSL's Twitter account "@sslmda" on March 26, 2018. The post speaks for itself. Defendants lack knowledge or

26

information sufficient to admit or deny the remainder of the allegations in the first sentence of Paragraph 156 and on that basis deny the allegations.  Defendants admit that the Company issued a press release on March 26, 2018 titled, "Spacecom Selects Maxar Technologies' SSL to Build AMOS-8 Communications Satellite with Advanced Capabilities."  The press release speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 156.

157.    Defendants admit that the Company held its 1Q18 earnings call on May 9, 2018. Defendants admit that Mr. Lance made remarks during the earnings call.  The transcript of the earnings call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 157.

158.    Defendants admit the Company issued a press release containing a section titled, "Notable bookings in the Space Systems segment announced in the first quarter of 2018" on May 9, 2018.  Defendants admit that the Company prepared a slide deck summarizing its 1Q18 earnings, which included, among others, the headings "Q1: Key accomplishments and order activity" and "Space Systems – Q1 results."  The press release and slide deck speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 alleges legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants admit that on May 9, 2018, the Company released its quarterly financial statements for 1Q18.  Defendants admit that the Company filed these financial statements on the electronic reporting systems of both the SEC and the Canadian Securities Administrators.  The second and third sentences of Paragraph 161 consist of legal conclusions for which no response is required.  Except as expressly admitted, Defendants deny the allegations in Paragraph 161.

162.     Defendants admit that Mr. Lance and Mr. Wirasekara signed Form 52-109F2 (Certification of Interim Filings – Full Certificate) with Canadian regulators, which included attestations regarding the Company's 1Q18 filings.   These filings, and the corresponding certifications, speak for themselves.   Except as expressly admitted, Defendants deny the allegations in Paragraph 162.

163.     Defendants admit the allegations in Paragraph 163.

164.     Defendants admit the allegations in Paragraph 164.

165.     Defendants deny the allegations in Paragraph 165.

166.     Defendants admit that on July 31, 2018, the Company released its quarterly financial statements for 2Q18.  Defendants admit that the Company filed these financial statements on the electronic reporting system of both the SEC and the Canadian Securities Administrators. The second and third sentences of Paragraph 166 consist of legal conclusions for which no response is required.  Except as expressly admitted, Defendants deny the allegations in Paragraph 166.

167.     Defendants admit that Mr. Lance and Mr. Wirasekara signed Form 52-109F2 (Certification of Interim Filings – Full Certificate) with Canadian regulators, which included attestations regarding the Company's 2Q18 filings.   These filings, and the corresponding certifications, speak for themselves.   Except as expressly admitted, Defendants deny the allegations in Paragraph 167.

168.     Defendants admit the allegations in Paragraph 168.

169.     Defendants admit the allegations in Paragraph 169.

170.     Defendants deny the allegations in Paragraph 170.

28

171.    Defendants admit that the Company filed its 3Q18 financial statements with the SEC and Canadian securities regulators on October 31, 2018.  The filings speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 172 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 173 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 174 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 174.

## THE TRUTH EMERGES

175.    Defendants admit that Spruce Point issued a report on August 7, 2018.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 175.

176.    Defendants aver that the Company's stock price and trading volume are a matter of public record and speak for themselves.  Defendants deny the remaining allegations in Paragraph 176.

177.    Defendants admit that Maxar issued a press release titled, "Maxar Technologies Responds to Misleading Short Sell Report" on August 7, 2018. The press release speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 177.

178.    Defendants aver that the Company's stock price and trading volume are a matter of public record and speak for themselves. Defendants deny the remaining allegations in Paragraph 178.

179.    Defendants admit that Maxar issued a press release on August 24, 2018 at 6:00 a.m. titled, "Maxar Technologies Provides Comprehensive Response to Shareholders Following Misleading Short-Seller Campaign by Hedge Fund." The press release speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 179.

180.    Defendants aver that the Company's stock price and trading volume are a matter of public record and speak for themselves. Defendants deny the remaining allegations in Paragraph 180.

181.    Defendants admit that on September 3, 2018, *The Jerusalem Post* published an article. The article speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 181.

182.    Defendants aver that the Company's stock price and trading volume are a matter of public record and speak for themselves. Defendants deny the remaining allegations in Paragraph 182.

183.    Defendants admit that Spacecom sent a notification to the Israel Securities Authority and Tel Aviv Stock Exchange Ltd. on September 25, 2018. The notification speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 183.

30

184. Defendants aver that the Company's stock price and trading volume are a matter of public record and speak for themselves. Defendants deny the remaining allegations in Paragraph 184.

185. Defendants admit that Maxar issued a press release on October 9, 2018 titled, "Maxar Technologies Advances Planned U.S. Domestication." The press release speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 185.

186. Defendants admit the allegations in Paragraph 186.

187. Defendants admit that the Company issued its 3Q18 press release on October 31, 2018. The press release speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 187.

188. Defendants admit that the Company's Form 6-K contained a section titled Management Discussion & Analysis ("MD&A"). The MD&A speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 188.

189. Defendants admit that the Company held its 3Q18 earnings call on October 31, 2018. Defendants admit that Mr. Lance made remarks on the earnings call. The transcript of the earnings call speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 189.

190. Defendants admit that Mr. Porter made remarks during the 3Q18 earnings call. The transcript of the earnings call speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 190.

191. Defendants admit that Mr. Lance responded to questions from analysts during the 3Q18 earnings call on October 31, 2018. The transcript of the earnings call speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 191.

192.    Defendants admit that Mr. Lance responded to questions from analysts during the 3Q18 earnings call on October 31, 2018.  The transcript of the earnings call speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 192.

193.    Defendants admit that Mr. Porter responded to questions from analysts during the 3Q18 earnings call on October 31, 2018.  The transcript of the earnings call speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 193.

194.    Defendants aver that the Company's stock price and trading volume are a matter of public record and speak for themselves.  Defendants deny the remaining allegations in Paragraph 194.

195.    Defendants admit that the Company announced that it would sell certain real estate assets in Palo Alto in a December 6, 2018 press release.  The press release speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 195.

196.    Defendants admit that the Company issued a press release on December 21, 2018 titled, "Maxar Technologies Provides Business Updates."  The press release speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 196.

197.    Defendants admit the allegations in Paragraph 197.

198.    The allegations in Paragraph 198 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 198 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 198.

199.    The allegations in Paragraph 199 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no

response to the allegations in Paragraph 199 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200.    The allegations in Paragraph 200 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 200 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201.    Defendants admit that Mr. Lance resigned as CEO, President, and member of the Board of Directors in January 2019.  Defendants admit that Dan Jablonsky, President of DigitalGlobe, replaced Mr. Lance as CEO, President, and member of the Board of Directors. Defendants admit that Mr. Estes made remarks in a Schedule 14A, filed with the SEC on March 28, 2019.  The Schedule 14A speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 201.

202.    Defendants admit that the Company issued a press release titled, "Maxar Technologies Reports 2018 Year End Results" on February 28, 2019.  The press release speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 202.

203.    Defendants admit that the Company filed a proxy statement with the SEC in March 2019.  Defendants admit that the proxy statement included an Audit Committee Report.  The Audit Committee Report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 203.

204.    Defendants admit that Jose A. Torres, Jr., the Company's Chief Accounting Officer during the Class Period, resigned from Maxar in March 2019.  Defendants admit that Carolyn Pittman assumed the role of Senior Vice President and Chief Accounting Officer effective July 29, 2019.  Except as expressly admitted, Defendants deny the allegations in Paragraph 204.

33

205.    Defendants admit that the Company was unable to secure a buyer of the GeoComm business.  Defendants admit that the Company was awarded BSAT-4b in 2018.  Defendants admit that Dario Zamarian separated from the Company in April 2019.  Defendants admit that the Company renamed its SSL satellite manufacturing business to Maxar Space Solutions.  Except as expressly admitted, Defendants deny the allegations in Paragraph 205.

206.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 206 and on that basis deny the allegations.

### LOSS CAUSATION/ECONOMIC LOSS

207.    Defendants deny the allegations in Paragraph 207.

208.    Defendants deny the allegations in Paragraph 208.

209.    Defendants deny the allegations in the first sentence of Paragraph 209.  Defendants aver that the Company's stock price is a matter of public record.

210.    Defendants deny the allegations in the first sentence of Paragraph 210.  Defendants aver that the Company's stock price is a matter of public record.

211.    Defendants deny the allegations in the first sentence of Paragraph 211.  Defendants aver that the Company's stock price is a matter of public record.

212.    Defendants deny the allegations in the first sentence of Paragraph 212.  Defendants aver that the Company's stock price is a matter of public record.

213.    Defendants deny the allegations in the first sentence of Paragraph 213.  Defendants aver that the Company's stock price is a matter of public record.

214.    Defendants deny the allegations in the first sentence of Paragraph 214.  Defendants aver that the Company's stock price is a matter of public record.

215.    The allegations in Paragraph 215 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 215 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 215.

216.    The allegations in Paragraph 216 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 216 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 216.

217.    The allegations in Paragraph 217 are pled in support of claims regarding WorldView-4.  The Court dismissed these allegations in the MTD Order.  Accordingly, no response to the allegations in Paragraph 217 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 217.

218.    Defendants deny the allegations in Paragraph 218.

219.    Defendants deny the allegations in Paragraph 219.

## ADDITIONAL ALLEGATIONS OF SCIENTER

**CFO Turnover, Auditor Turnover and Audit
Committee Investigation of the Spruce Point Report**

220.    Defendants admit that Mr. McCombe was named Executive Vice President, Chief Financial Officer of MDA in October 2017.  Defendants admit that Mr. McCombe previously served as Senior Vice President and CFO of SSL MDA Holdings, Inc. between 2016 and 2017.  Except as expressly admitted, Defendants deny the allegations in Paragraph 220.

221.    Defendants admit that Mr. McCombe participated in Maxar's third quarter 2017 ("3Q17") conference call in November 2017.  The transcript of the conference call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 221.

222.    Defendants admit that Mr. Porter made remarks on a conference call to discuss, among other things, FY17 results.  The transcript of the conference call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 222.

223.    Defendants admit that Mr. McCombe resigned as CFO of Maxar on or about February 25, 2018.  Defendants admit that Mr. McCombe did not sign or certify certain financial statements upon the time of his departure.  Defendants admit that Mr. Wirasekara later certified certain financial statements.  Except as expressly admitted, Defendants deny the allegations in Paragraph 223.

224.    Defendants admit that the Company announced that Biggs Porter had been named as the Company's new CFO, effective August 15, 2018.  Except as expressly admitted, Defendants deny the allegations in Paragraph 224.

225.    Defendants admit that Spruce Point published a report dated August 7, 2018.  The report speaks for itself.  Defendants admit that the Company issued a press release in response to the Spruce Point report on August 7, 2018.  Defendants admit that it commenced an internal review into the allegations in the Spruce Point report assisted by the Company's auditor and third-party advisors.  Except as expressly admitted, Defendants deny the allegations in Paragraph 225.

226.    Defendants admit that the Company filed a Notice of Change of Auditor with the SEC and Canadian regulators on August 15, 2018.  The Notice of Change of Auditor speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 226.

227.    Defendants admit that the Company issued a press release titled, "Maxar Technologies Provides Comprehensive Response to Shareholders Following Misleading Short-Seller Campaign by Hedge Fund" on August 24, 2018.  The press release speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 227.

228.    Defendants admit that Mr. Porter made remarks during the Company's 3Q18 conference call on October 31, 2018.  The transcript of the conference call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 228.

229.    Defendants admit that the Company disclosed $1,096 million in asset impairments on February 28, 2019.  Except as expressly admitted, Defendants deny the allegations in Paragraph 229.

230.    Defendants admit that the Company filed a Form 10-K filed on March 1, 2019.  The filing speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 230.

**$3.2 Billion DigitalGlobe Acquisition Credit
Facility and Associated Debt Covenants**

231.    Defendants admit that the Company entered into a Restated Credit Agreement on October 5, 2017 (which was subsequently amended and/or supplemented).  The terms of the agreement speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 231.

232.    Defendants admit that the Company entered into a Restated Credit Agreement on October 5, 2017 (which was subsequently amended and/or supplemented).  The terms of the agreement speak for themselves.  The remainder of Paragraph 232 alleges legal conclusions for which no response is required.

233.    Defendants admit that the Company disclosed on December 21, 2018 that it had entered into a Second Amending Agreement.  The terms of the Second Amending Agreement speak for themselves.  The remainder of Paragraph 233 alleges legal conclusions for which no response is required.  Except as expressly admitted, Defendants deny the allegations in Paragraph 233.

234.    Defendants admit that the Company issued Forms 6-K for 4Q17, 1Q18, 2Q18 which contain net earnings and losses.  The filings speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 234.

235.    Defendants admit that Mr. Lance responded to questions from analysts during the Company's presentation at the Credit Suisse 6th Annual Industrials Conference on November 28, 2018.  The transcript of the conference speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 235.

236.    Defendants deny the allegations in Paragraph 236.

**Lance's and Wirasekara's Motivation to Maintain
Their Lucrative Position and Pay Package**

237.    Defendants admit that the Company issued a Management Proxy Circular dated March 29, 2018.  The Management Proxy Circular speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 237.

238.    Defendants admit that the Company issued a Management Proxy Circular dated March 28, 2019.  The Management Proxy Circular speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 238.

239.    Defendants admit that the Company issued a Management Proxy Circular dated March 29, 2018.  The Management Proxy Circular speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 239.

240.    Defendants admit that the Company issued a Management Proxy Circular dated March 28, 2019.  The Management Proxy Circular speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 240.

241. Defendants admit that the Company issued a Management Proxy Circular dated March 29, 2018. The Management Proxy Circular speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 241.

**Defendant Wirasekara's Experience with
IFRS Standards and Maxar Accounting**

242. Defendants admit that Mr. Wirasekara understood the applicable accounting rules and standards. Except as expressly admitted, Defendants deny the allegations in Paragraph 242.

243. Defendants admit that Mr. Wirasekara participated in calls and/or presentations where Mr. Lance discussed the GeoComm market and the Company's business prospects. Except as expressly admitted, Defendants deny the allegations in Paragraph 243.

244. Defendants admit that Mr. Wirasekara participated in a presentation at Investor Day on March 8, 2018. The presentation and the slide speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 244.

245. Defendants admit that Mr. Lance and Mr. Wirasekara were employed at Maxar at an overlapping period of time, and that both held management positions during certain periods. Defendants admit that the Company issued a press release on or around October 5, 2017. The press release speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 245.

246. Defendants admit that Mr. Porter made remarks during the October 31, 2018 conference call. The transcript of the conference call speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 246.

247. Defendants deny the allegations in Paragraph 247.

**THE PRESUMPTION OF RELIANCE**

248. Defendants deny the allegations in Paragraph 248.

39

249.    Defendants deny the allegations in Paragraph 249.

## CLASS ACTION ALLEGATIONS

250.    Paragraph 250 consists of legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny the allegations in Paragraph 250.

251.    Defendants deny the allegations in Paragraph 251.

252.    Defendants deny the allegations in Paragraph 252.

253.    Defendants deny the allegations in Paragraph 253.

254.    Defendants deny the allegations in Paragraph 254.

255.    Defendants deny the allegations in Paragraph 255.

256.    Defendants deny the allegations in Paragraph 256.

## COUNT I

### Violations of §10(b) of the Exchange Act & Rule 10b-5
### Against All Defendants

257.    Defendants incorporate their answers to Paragraphs 1-256.

258.    Defendants deny the allegations in Paragraph 258.

259.    Defendants deny the allegations in Paragraph 259.

260.    Defendants deny the allegations in Paragraph 260.

261.    Defendants deny the allegations in Paragraph 261.

262.    Defendants deny the allegations in Paragraph 262

263.    Defendants deny the allegations in Paragraph 263.

264.    Defendants deny the allegations in Paragraph 264.

265.    Defendants deny the allegations in Paragraph 265.

266.    Defendants deny the allegations in Paragraph 266.

## COUNT II

### Violations of §20(a) of the Exchange Act
### Against Defendants Lance and Wirasekara

267.    Defendants incorporate their answers to Paragraphs 1-266.

268.    Defendants deny the allegations in Paragraph 268.

269.    Defendants deny the allegations in Paragraph 269.

270.    Defendants deny the allegations in Paragraph 270.

271.    Defendants deny the allegations in Paragraph 271.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested.

### JURY DEMAND

Defendants acknowledge that Plaintiff requests a jury trial on issues so triable.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest on Plaintiff or the class,

Defendants plead the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Standing)

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff lacks

standing to assert its claims against Defendants.

### SECOND AFFIRMATIVE DEFENSE

("Puffery" and/or Safe Harbor)

Plaintiff's claims are not actionable to the extent the alleged untrue statements of material

fact, omissions of material fact, misleading statements, and/or other challenged statements

41

constitute inactionable "puffery" and/or fall within one or both of the Safe Harbor provisions of the Reform Act, as codified at 15 U.S.C. § 77z-2(c).

## THIRD AFFIRMATIVE DEFENSE

### (Prior Knowledge)

At the time of their acquisition of Maxar stock, Plaintiff and members of the class had actual or constructive knowledge of the allegedly untrue statements of all or some of the alleged omissions and misstatements or other wrongful conduct upon which Defendants' purported liability rests.

## FOURTH AFFIRMATIVE DEFENSE

### (Materiality)

Certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Plaintiff, members of the class, and/or the securities markets.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff and members of the putative class knew or should have known of Maxar's financial condition and the risks associated with Maxar's business at the time of their acquisition of Maxar stock and assumed the risk that the value of the Maxar stock could decline.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Defendants at all times acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action. *See, e.g.*, 15 U.S.C. §78t.

## SEVENTH AFFIRMATIVE DEFENSE

(Contribution and Indemnity)

Under principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, that Plaintiff and class members have sustained.

## EIGHTH AFFIRMATIVE DEFENSE

(Improper Class Action)

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## NINTH AFFIRMATIVE DEFENSE

(Proportionate Liability)

Any recovery for damages allegedly incurred by Plaintiff and members of the class, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## TENTH AFFIRMATIVE DEFENSE

(Reduction in Damages)

Plaintiff's alleged damages are reduced by the amount it has recovered from other Defendants or third parties in connection with the claims alleged in the Amended Complaint and by the amount it received in connection with the sale of its Maxar securities.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff's claims against Defendants are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

(Lack of Impact on Market Price)

Plaintiff's claims against Defendants are barred, in whole or in part, because the purported misstatements or omission alleged in the Amended Complaint did not affect the market price of Maxar securities.

Defendants lack sufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them. Defendants reserve the right to plead additional affirmative and other defenses that may become available or apparent during pretrial proceedings in this action and/or required by any amendments to the Amended Complaint.

Dated: October 9, 2020

Respectfully Submitted,
SHERMAN & HOWARD L.L.C.

*/s/ Jerome H. Sturhahn*
Jerome H. Sturhahn
Milton L. Smith
Peter G. Koclanes
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (302) 297-2900
Facsimile: (303) 298-0940
Email: msmith@shermanhoward.com
pkoclanes@shermanhoward.com
jsturhahn@shermanhoward.com

LATHAM & WATKINS LLP

*/s/ Brian T. Glennon*
Brian T. Glennon
Eric C. Pettis
355 S. Grand Ave., Suite 1000
Los Angeles, CA 90071
Telephone: (213) 891-7593
Facsimile: (213) 891-8763
Email: brian.glennon@lw.com
eric.pettis@lw.com

Kristin N. Murphy
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 755-8287
Facsimile: (714) 755-8290
Email: Kristin.murphy@lw.com

*Attorneys for Defendants Maxar Technologies*
*Inc., Howard L. Lance, and Anil Wirasekara*

## CERTIFICATE OF SERVICE

The undersigned certifies on this 9th day of October 2020, a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** was filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following addresses:

ROBBINS GELLER RUDMAN & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN
TRIG R. SMITH
DEBASHISH BAKSHI
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
tsmith@rgrdlaw.com
dbakshi@rgrdlaw.com

Attorneys for **Plaintiffs**

*s/ Judith J. Bulanowski*
Judith J. Bulanowski, Legal Secretary

46