## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1. This Stipulation and Protective Order ("Protective Order") governs the treatment of all documents, electronically stored information, testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party (each, a "Producing Party") in the above-captioned matter (collectively with any appeals, the "Action").

Cases\4818-5983-3297.v1-11/9/20

2.      Any Producing Party may designate as confidential any Discovery Material that it believes in good faith contains: (a) trade secret or other confidential research, development or commercial information; or (b) information the disclosure of which would, in the good faith judgment of the Producing Party, negatively impact the business operations of the parties (collectively, "Confidential Information"), in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.   Confidential Information shall be designated on a document-by-document basis. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

3.      Confidential Discovery Material shall be designated as such by the Producing Party in one or more of the following ways: (a) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response; (b) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (c) information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition, or sending written notice within 30 days of receiving the final version of the transcript of the deposition or testimony.  Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Producing Party.  For deposition testimony or other testimony, prior to the expiration of the 30 day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all testimony shall

2

be treated as Confidential Discovery Material.  In the case of electronically stored information produced in native format, the Producing Party shall include the word "CONFIDENTIAL" in the file or directory name, in a metadata field of a database load file or by affixing the legend "CONFIDENTIAL" to the media containing the Confidential Discovery Material *(e.g.*, CD-ROM, floppy disk, DVD).

4.    The party to which Confidential Discovery Material is produced (the "Receiving Party") shall treat such Confidential Discovery Material as strictly confidential. Confidential Discovery Material shall be used solely for the purpose of this Action, and not in any other litigation, and not for any business or other purpose whatsoever.  45 C.F.R. § 164.512(e)(1)(v)(A).  Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason.

5.    Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party **only** to the following persons for the purpose of this Action:

(a)    The parties to this Action, including Lead Plaintiff Oregon Laborers Employers Pension Trust Fund ("Lead Plaintiff") and any Class Representatives;

(b)    Counsel of record for the respective parties to this Action, including attorneys consulting with or advising any party to the above-captioned litigation, in-house attorneys, paraprofessionals, employees and agents of such law firms;

(c)    Experts or consultants retained to assist counsel for the parties, **provided that** any such experts or consultants execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior

Cases\4818-5983-3297.v1-11/9/20

to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(d)    Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of this Action;

(e)    Any witness or potential witness in preparation for any deposition, hearing or trial and at any deposition or hearing, if advised by counsel disclosing the Confidential Discovery Materials to such witnesses of the obligations herein;

(f)    The author or recipient of the document(s);

(g)    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h)    Outside vendors retained by or for the parties to assist in pretrial discovery, trial and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, if advised by counsel disclosing the Confidential Discovery Materials to such outside vendors of the obligations herein, and further provided that any report created by such outside vendor relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

4

(i)     The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and;

(j)     Any person or entity who counsel for the parties agree, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access, as long as such person or entity agrees to be bound by the terms of this Order by executing the Undertaking.

A party may designate Discovery Material "Highly Confidential" in the same manner as outlined in ¶3 if the producing party reasonably and in good faith believes disclosure could seriously harm the competitive position of the producing party or disclosure is otherwise limited by law, regulation or statute.  Any information derived from Highly Confidential information also constitutes Highly Confidential information to the extent the derived information embodies, contains or discloses any Highly Confidential information.

7.     Highly Confidential Discovery Material may be not disclosed or made available without written consent from the Producing Party *except* to the following persons:

(a)     The Receiving Party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

(b)     The Court and its personnel;

(c)     During their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Undertaking; and (2) they will not be permitted to keep

5

any Highly Confidential Discovery Material, unless otherwise agreed by the designator or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential Discovery Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. Nothing herein shall waive the right of any party or non-party to move for a protective order prohibiting the disclosure of specified Highly Confidential Discovery Material to a witness;

(d)    Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Undertaking; and

(e)    The author or recipient of a document containing the Highly Confidential Discovery Material, a custodian or other person who already possessed or knew the information.

8.    Counsel of record shall retain throughout this Action the Undertakings executed by any person or entity receiving Confidential and/or Highly Confidential Discovery Material. If any party has good cause to believe that another party has improperly disclosed Confidential and/or Highly Confidential Discovery Material, it may move for an order allowing it to inspect the Undertakings before the conclusion of this Action.

9.    Confidential and/or Highly Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including any appeals), and may be disclosed only under the circumstances and to the persons or entities specifically provided for herein or by order of the Court, or with the prior written consent of the

6

Producing Party with respect to specifically identified Confidential and/or Highly Confidential Discovery Material.

10.    In the event any Receiving Party having possession, custody or control of any Confidential and/or Highly Confidential Discovery Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Confidential and/or Highly Confidential Discovery Material (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority promptly, and, in any event, within five business days of receipt of the Third-Party Request, give written notice to counsel for the Producing Party.  The Producing Party shall have the burden of objecting to the Third-Party Request.  The Receiving Party receiving the Third-Party Request shall be entitled to comply with it except to the extent that the Producing Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party receiving the Third-Party Request shall await the later of 10 business days after notice of the request to the Producing Party or the disposition of any motion to quash or motion for a protective order filed by the Producing Party within such 10 business day period before producing any Confidential and/or Highly Confidential Discovery Material in response to the Third-Party Request, to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like.  Nothing in this Order shall require any Receiving Party to disregard or violate any order or direction of any governmental or regulatory authority.

11.    The inadvertent failure to mark a document or testimony, or a portion thereof, with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation in no way

7

alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the confidential material was not properly designated.    Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential and/or Highly Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation thereupon.  Such Confidential and/or Highly Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated.  Treatment of inadvertently produced Confidential and/or Highly Confidential Discovery Material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.  If, prior to receiving such notice, the Receiving Party has disclosed the Confidential and/or Highly Confidential Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential and/or Highly Confidential Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Discovery Material.

11.    Pursuant to Federal Rule of Evidence 502(b) & (d), the disclosure of any Discovery Material in this Action shall be without prejudice to any claim by a Producing Party that such material is subject to the attorney-client privilege, the work product doctrine and any other applicable privilege for withholding production.  Such disclosure shall not constitute or be deemed a waiver of any claim of attorney-client privilege, the work product doctrine, or any other privilege, immunity, or protection that the Producing

8

Party would otherwise be entitled to assert with respect to the Discovery Material and its subject matter.  Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege.  The non-waiver of such privileges or protections shall apply to the Action, as well as any other federal or state proceeding.

(a)    If a Producing Party informs the Receiving Party in writing that the Producing Party has disclosed privileged Discovery Material, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.  The Receiving Party shall not use such Discovery Material for any purpose until further order of the Court. The Receiving Party shall have 30 days to: (1) return the Discovery Material and all copies thereof to the Producing Party or certify in writing to the Producing Party that it has destroyed all records and copies of such Discovery Material; or (2) notify the Producing Party in writing of an objection to the claim of privilege or protection, along with the grounds for the objection, and/or an assertion that any privilege or protection has been waived.  The parties shall meet and confer concerning the Receiving Party's objection within a reasonable time after the Producing Party receives written notice of such objection;

(b)    After it reasonably appears that good faith efforts to resolve the dispute through the meet and confer process have failed, either party may move for an order on the status of the Discovery Material.  Parties must provide notice to the opposing party and move for an order no later than 30 days after providing such notice.  Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning the privilege or protection asserted, or any waiver thereof.  During the pendency of such a motion, each Receiving Party may retain the Discovery Material and

9

all copies thereof, but shall make no further use of it other than is necessary in connection with the proceedings on the motion.  Any copy of such Discovery Material submitted to the Court in connection with the motion shall be filed as restricted, redacted, or submitted for *in camera review* in accordance with the terms of this Protective Order;

(c)    If the Receiving Party takes no action within 30 days of the notification of disclosed privileged or otherwise protected Discovery Material, the Receiving Party shall be deemed to have waived any objection to the claim of privilege or other protection; and

(d)    Upon a determination by the Court that the Discovery Material is privileged, protected work product or otherwise protected from disclosure, the Receiving Party shall promptly return the original and all copies of such Discovery Material to the Producing Party, or certify in writing to the Producing Party that it has destroyed all records, copies and derivative works of such Discovery Material.

12.    Absent agreement of the parties, any log prepared by a Producing Party of those documents that it has withheld or redacted on grounds of attorney-client privilege, the work product doctrine or some other applicable privilege, immunity or protection shall be done so in accordance with the Stipulated Order Regarding Discovery of Electronically Stored Information.  Without waiving any rights otherwise available to them, the parties agree with respect to any such logs, the Producing Party shall have no obligation to log documents or information generated after the time the Consolidated Complaint was filed.

13.    In the event that any Confidential and/or Highly Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential and/or Highly Confidential Discovery Material through such use.  Absent agreement of the parties,

10

Confidential and/or Highly Confidential Discovery Material submitted to the Court shall be filed as a restricted document pursuant to D.C.COLO.LCivR 7.2(e), at the "Level 1" level of restriction limiting access to the parties and the Court.  D.C.COLO.LCivR 7.2(b).  Any party shall then have up to 14 days to file a motion to restrict public access to that document.  D.C.COLO.LCivR  7.2(e).    Any  motion  to  restrict  shall  comply  with D.C.COLO.LCivR 7.2(c).  The Confidential and/or Highly Confidential Discovery Material shall remain restricted until the Court rules upon the motion, or until 14 days have passed without any motion to restrict filed.  D.C.COLO.LCivR 7.2(e).  Nothing in this Protective Order shall affect the right of any party to oppose motions to restrict, or to seek greater protection than that provided for herein for any information.

14.    This Protective Order shall not apply at trial.  To the extent a protective order is necessary at trial, the parties will separately negotiate such protective order and submit it to the Court for approval.

15.    This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated  as  confidential  under  the  terms  of  this  Protective  Order  is  properly discoverable, relevant or admissible in this Action or in any other litigation.  Discovery Material produced in this Action can only be used in conjunction with this Action, including any appeals.  Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity or protection.

16.    If  a  party  objects  to  another  party's  designation  of  information  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," it shall advise the Producing Party in

11

writing of the reasons for the objection, and the parties shall meet and confer within 14 days in a good-faith effort to resolve the objection. All items objected to shall continue to be treated as Confidential and/or Highly Confidential pending resolution of the parties' dispute. If the parties are unable to reach an agreement as to the disputed designation with 21 days, the objecting party may invoke the Court's rules and procedures for raising discovery disputes. The Producing Party bears the burden of persuading the Court that the information is in fact Confidential and/or Highly Confidential within the definitions set forth above. For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this paragraph.

17. Each document, testimony, material, or other thing, or portion thereof designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Producing Party agrees to the contrary or the Court renders a decision that a particular document, testimony, material, or other thing, or portion thereof is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined under this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

18. The recipient of any Confidential and/or Highly Confidential Discovery Material shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own confidential material. Confidential and/or Highly Confidential Discovery Material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summaries, extraction or abstraction is reasonably

12

necessary for the conduct of the Action.  All such copies, reproductions, summaries, extractions and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.

19.    Within 30 days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of Confidential and/or Highly Confidential Discovery Materials shall use commercially reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential and/or Highly Confidential Material and certify that fact. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Confidential and/or Highly Confidential Discovery Material that: (a) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (b) is located in the email archive system or archived electronic files of departed employees; or (c) is subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential and/or Highly Confidential Discovery Material but such retained information shall continue to be treated in accordance with this Protective Order.  Counsel of record shall also be permitted to keep a copy of Confidential and/or Highly Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions or other attorney work product.  In that case, counsel of record shall continue to treat the Confidential and/or Highly Confidential Discovery Material in accordance with this Protective Order. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

13

20.    Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

21.    Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential and/or Highly Confidential Discovery Material produced in this Action.  Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

22.    This Protective Order shall be binding on any future party to this Action.

23.    Any non-party may agree to be subject to and governed by the terms of this Protective Order.

24.    This Protective Order shall continue in force after the completion of this Action.

25.    In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this Action of Confidential and/or Highly Confidential Discovery Material, including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

26.    This Court shall retain jurisdiction over all persons and entities subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27.    This Protective Order may be changed only by agreement of the parties or by an order of this Court, and is entered into without prejudice to the right of any party or

14

15

non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by motion to the Court on notice to the other parties hereto.

28.     This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.


IT IS SO ORDERED.

Dated: November 17, 2020.

THE HONORABLE S. KATO CREWS
UNITED STATES MAGISTRATE JUDGE

15

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*


OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

      Defendants.

## UNDERTAKING

The undersigned hereby certifies that they have received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, read the Protective Order, understands its terms, agrees to be bound by all of the provisions thereof, and agrees to submit to the jurisdiction of the United States District Court for the District of Colorado, for the enforcement thereof, even if such enforcement proceedings occur after the termination of the above-captioned case.  The undersigned understands that violation of the Protective Order is punishable by contempt of court.


Dated:_____          Name: _____

                                   Title: _____

                                  Signed: _____

16

Cases\4818-5983-3297.v1-11/9/20