**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

**PLAINTIFF'S MOTION FOR ISSUANCE OF LETTERS
ROGATORY TO THE SUPREME COURT OF BRITISH COLUMBIA**

---

4823-7636-8845.v2

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND..........................................................................................1

II.     EVIDENCE SOUGHT FROM KPMG CANADA ............................................................3

III.    LEGAL STANDARD....................................................................................................3

IV.     ARGUMENT.................................................................................................................4

        A.      The Evidence Sought from KPMG Canada Goes to the Heart of the
                Claims and Defenses in This Action.........................................................................4

        B.      The Issuance of Letters Rogatory Is Necessary Because KPMG Canada Is
                the Only Available Source of the Evidence Sought.................................................5

V.      CONCLUSION..............................................................................................................6

4823-7636-8845.v2

Lead Plaintiff Oregon Laborers Employers Pension Trust Fund ("Plaintiff") respectfully moves the Court to issue letters rogatory to the Supreme Court of British Columbia, requesting assistance in securing documentary evidence from the Vancouver offices of KPMG LLP (Canada) ("KPMG Canada").  Plaintiff's proposed Letters Rogatory Requesting Judicial Assistance from the Supreme Court of British Columbia ("Letters Rogatory"), including a description of the evidence sought from KPMG Canada, are attached hereto as Exhibit A to the Declaration of Debashish Bakshi in Support of Plaintiff's Motion for Issuance of Letters Rogatory to the Supreme Court of British Columbia ("Bakshi Decl.").[1]

## I.      FACTUAL BACKGROUND

This is a securities fraud class action in which Plaintiff alleges, *inter alia*, that Defendants[2] issued false and misleading financial statements for the first and second quarters of 2018 ("1Q18" and "2Q18," respectively) concerning the true value of Maxar's intangible assets, property, plant and equipment ("PP&E"), inventory and net earnings per share ("EPS").  These statements were false because, by the Company's own criteria, the assets associated with Maxar's geostationary communications satellite manufacturing ("GeoComm") business were in fact impaired in the first

---

[1]    In accordance with Your Honor's Practice Standards for Civil Cases, §E.1, and D.C. COLO. L. Civ. R. 7.1(a), Plaintiff sent a copy of this motion to Defendants by e-mail on November 23, 2020, and the parties then conferred by telephone on December 1, 2020.  Defendants have represented that they do not take a position on this motion.

[2]    "Defendants" refers to Maxar Technologies, Inc. ("Maxar" or the "Company"), Howard L. Lance and Anil Wirasekara.

- 1 -

half of 2018, yet Defendants failed to write-down those assets as required by applicable accounting standards (despite being aware of numerous indicators of impairment).[3]

On August 7, 2018, Spruce Point Capital Management LLC ("Spruce Point") reported its belief that SSL's GeoComm assets were impaired, and that a resulting charge to Maxar's earnings was likely. The same day, Defendants issued a press release asserting that Spruce Point's report contained "a number of inaccurate claims and misleading statements" and the report was a "direct attempt by a short-seller to profit . . . by manipulating Maxar's stock price." ¶177.[4] Unknown to investors, however, Spruce Point's allegations triggered an immediate audit committee review of the Company's financial statements and disclosures implicated by the Spruce Point report. Just eight days later, the Company announced it had terminated its longtime independent auditor – KPMG Canada – and that its new auditor would be the Denver offices of KPMG LLP (US) ("KPMG Denver"). According to Defendants' public statements, the audit committee's review of the Spruce Point report was assisted by several consultants and experts, including KPMG Denver.

On August 24, 2018, Defendants disclosed the existence of the audit committee review and acknowledged, as a result of that review, that an impairment charge might be necessary. On October 31, 2018, Maxar publicly disclosed a $345.9 million charge to account for the impairment of GeoComm long-lived assets. Maxar also took a $37.7 million charge to reserve for obsolete inventory due to the "impacts from the loss of AMOS 8 and inability to obtain the forecasted awards culminated during the third quarter of 2018." ¶188.

---

[3]  The GeoComm business was a cash-generating unit within the Company's Space Systems Loral subsidiary ("SSL").

[4]  All "¶_"references are to Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 44) ("Complaint").

- 2 -

4823-7636-8845.v2

## II.    EVIDENCE SOUGHT FROM KPMG CANADA

Plaintiff's request seeks KPMG Canada's audit documentation, engagement workpapers, and related communications from October 1, 2017 to March 1, 2019, concerning, among other items, the following subject matter: (1) the evaluation and testing of GeoComm assets and inventory for impairment and obsolescence during annual audits and quarterly reviews; (2) the Audit Committee Review of the Spruce Point report allegations; (3) the termination of KPMG Canada as Maxar's independent auditor; (4) Maxar's evaluation of downsizing, selling, or winding down the GeoComm business; (5) the geosynchronous satellite construction contract known as AMOS-8; and (6) Maxar's testing of debt covenants.  Letters Rogatory, Ex. 1.

## III.    LEGAL STANDARD

"A letter of request," or letter rogatory, "is simply a request by a 'domestic court to a foreign court to take evidence from a certain witness.'"  *Malcolm v. Reynolds Polymer Tech., Inc.*, No. 17-cv-02835-WJM-KLM, 2019 WL 3955883, at *2 (D. Colo. Aug. 22, 2019) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004)).  "'United States courts have inherent authority to issue letters of request to foreign tribunals.'"  *Malcolm*, 2019 WL 3955883, at *2; *accord* 28 U.S.C. §1781(b)(2).[5]

"'When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained.'"  *Malcolm*, 2019 WL 3955883, at *2.  "Finally, where a motion for letters of request is opposed, the opposing party 'must demonstrate good cause or good reason why a letter request should not issue.'"  *Malcolm v. Reynolds Polymer Tech., Inc.*, No. 17-cv-02835-WJM-KLM,

---

[5]    Citations are omitted unless otherwise noted.

2019 WL 3996650, at *3 (D. Colo. Aug. 23, 2019) (citing *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978)).

## IV.    ARGUMENT

The Court should grant Plaintiffs' motion because: (1) the documents requested of KPMG Canada directly relate to the allegations in this case; and (2) KPMG Canada is the only available source of this evidence.

### A.    The Evidence Sought from KPMG Canada Goes to the Heart of the Claims and Defenses in This Action

"The scope of discovery in federal court is broad." *Thomas v. United States*, No. 19-cv-00877-LTB-SKC, 2019 WL 2410414, at *2 (D. Colo. June 7, 2019) (Crews, M.J.).[6] Here, Plaintiff alleges securities fraud concerning Defendants' accounting treatment and disclosures of GeoComm asset and inventory values during the first half of 2018. KPMG Canada was Maxar's independent auditor during that time period, and indeed held that role since 2001. Furthermore, Plaintiff alleges that the Company's abrupt termination of KPMG Canada, only eight days after the Spruce Point report, constitutes additional evidence of scienter. All of Plaintiff's accounting allegations were sustained by Judge Martinez. KPMG Canada's audit documentation and engagement workpapers are thus vital to the prosecution of this action.

For example, KPMG Canada's documents regarding the 1Q18 and 2Q18 reviews of Maxar's impairment evaluation and testing of GeoComm assets are probative of the reasonableness (or recklessness) of the Company's efforts. And KPMG Canada's audit of Maxar's 2017 year-end

---

[6]    District courts evaluate letters of request to foreign tribunals under the Federal Rules of Civil Procedure. *See In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 365 (D. Kan. 2010) ("[Courts] apply the standards for "'liberal discovery permitted under the Federal Rules of Civil Procedure,'" making no distinction between discovery sought in the United States and discovery sought abroad.").

- 4 -

financial statements would shed light on whether Defendants were aware, immediately prior to the Class Period, that GeoComm assets were at risk of becoming impaired in 2018.

KPMG Canada's workpapers are not only relevant to Plaintiff's claims, but also to Maxar's likely defenses. Fed. R. Civ. P. 26(b)(1). In their motion to dismiss, Defendants argued that their class period statements are not actionable because KPMG Canada "considered" the numerous "so-called" indicators of GeoComm impairment while Maxar's financial statements were being prepared. *See* ECF No. 51 at 17; *see also* ECF No. 74 at 2 (arguing, in their answer to the Complaint, that the "financial statements at issue here," *i.e.*, the 1Q18 and 2Q18 regulatory filings, "were audited by a 'Big Four' accounting firm"). Defendants themselves have put KPMG Canada's papers at issue.

In sum, Plaintiff's requested evidence is relevant to both the claims and defenses in this action.

### B. The Issuance of Letters Rogatory Is Necessary Because KPMG Canada Is the Only Available Source of the Evidence Sought

Although not a prerequisite to seeking international judicial assistance, Plaintiff has nonetheless exhausted other avenues of obtaining the evidence sought in the Letters Rogatory. Specifically, Plaintiff has: (1) requested that KPMG Canada voluntarily produce the documents at issue; and (2) served a subpoena on KPMG Denver seeking, *inter alia*, the same documents.

First, Plaintiff's counsel sent an email on October 7, 2020 requesting that KPMG Canada produce the materials voluntarily. *See* Letters Rogatory, Ex. 2. Through counsel, KPMG Canada responded by letter on October 19, 2020, stating that "KPMG Canada will not be voluntarily producing documents to plaintiffs in the above-referenced proceeding."

4823-7636-8845.v2

Second, Plaintiff has served a subpoena on KPMG Denver requesting, among other things,

KPMG Canada's workpapers regarding Maxar.[7]  After inquiring with their client, counsel for

KPMG Denver has represented and confirmed to counsel for Plaintiff that KPMG Denver is not in

possession, custody, or control of the materials sought.  Letters Rogatory, Ex. 3.

As a result, the evidence requested of KPMG Canada by Plaintiff can only be obtained by

this Court's issue of Letters Rogatory.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to

issue the attached Letters Rogatory to the Supreme Court of British Columbia.

DATED:  December 14, 2020                ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SPENCER A. BURKHOLZ
                                         HENRY ROSEN
                                         TRIG R. SMITH
                                         DEBASHISH BAKSHI


                                                s/ DEBASHISH BAKSHI
                                         DEBASHISH BAKSHI

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)
                                         spenceb@rgrdlaw.com
                                         henryr@rgrdlaw.com
                                         trigs@rgrdlaw.com
                                         dbakshi@rgrdlaw.com

---

[7]    The relevant request to KPMG Denver reads: "All documents and communications authored by or received from KPMG LLP (Canada), the Company's predecessor auditor, concerning Maxar, including, but not limited to, all predecessor workpapers concerning Maxar in your possession, custody, and/or control."  Bakshi Decl., Ex. B at 14.

- 6 -

4823-7636-8845.v2

Lead Counsel for Lead Plaintiff

4823-7636-8845.v2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 14, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DEBASHISH BAKSHI
DEBASHISH BAKSHI

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dbakshi@rgrdlaw.com

4823-7636-8845.v2

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Debashish Bakshi**
  DBakshi@rgrdlaw.com,DBakshi@ecf.courtdrive.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **Brian Thomas Glennon**
  brian.glennon@lw.com,brian-glennon-0505@ecf.pacerpro.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Eric C. Pettis**
  eric.pettis@lw.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)