**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

      Defendants.

---

**DEFENDANTS' RESPONSE AND STATEMENT OF NON-OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

---

Pursuant to Federal Rule of Civil Procedure 23, Defendants Maxar Technologies Inc. ("Maxar" or the "Company"), Howard Lance, and Anil Wirasekara (the "Individual Defendants," and with Maxar, the "Defendants") submit this Response and Statement of Non-Opposition ("Response") to Plaintiff's Motion for Class Certification (ECF No. 90). Subject to the Court's findings, Defendants do not presently oppose (i) certifying the purported Class of persons and entities who purchased or acquired Maxar stock between May 9, 2018 through October 30, 2018 and were allegedly damaged thereby; (ii) appointing Lead Plaintiff as Class Representative; and (iii) appointing Robbins Geller Rudman & Dowd LLP as Class Counsel.

Defendants note that Plaintiff's motion is silent on the existence of a parallel suit in a Canadian Court, where another plaintiff seeks to pursue similar claims, arising out of the same facts, on behalf of the same class of investors. *See Charles O'Brien v. Maxar Technologies Inc.*, No. CV-19-00631107-00CP (Ontario, Superior Court of Justice) (the "Canadian Action"); Ex. 1 (Canadian Action Statement of Claim).[1] In that case, the court is currently considering whether plaintiff will be able to represent a global class of investors in pursuit of securities fraud claims. At this time, it is unclear how the existence of this parallel action—brought on behalf of an overlapping class of investors, based on the same underlying facts—will affect Plaintiff's continued ability to satisfy the requirements of Federal Rule of Civil Procedure 23(b)(3). Accordingly, Defendants reserve all of their rights, in accordance with Federal Rule of Civil Procedure 23, to (i) seek to alter or amend the size or composition of the Class or the length of the Class Period, or (ii) move to decertify the putative Class on the grounds that any and all of the prerequisites to a class action under Federal Rule of Civil Procedure 23 are no longer

---

[1] Maxar operated as a Canadian corporation at the time it made the allegedly false or misleading statements underpinning Plaintiff's claims; Maxar re-domesticated in the United States on January 2, 2019. *See* Amended Complaint ¶ 197 (ECF No. 44).

1

satisfied.  Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

Dated: June 4, 2021

Respectfully Submitted,

SHERMAN & HOWARD L.L.C.

*/s/ Jerome H. Sturhahn*
Jerome H. Sturhahn
Milton L. Smith
Peter G. Koclanes
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (302) 297-2900
Email: msmith@shermanhoward.com
pkoclanes@shermanhoward.com
jsturhahn@shermanhoward.com

LATHAM & WATKINS LLP

*/s/ Brian T. Glennon*
Brian T. Glennon
Meryn C. N. Grant
Eric C. Pettis
355 S. Grand Ave., Suite 1000
Los Angeles, CA 90071
Telephone: (213) 891-7593
Email: brian.glennon@lw.com
meryn.grant@lw.com
eric.pettis@lw.com

Kristin N. Murphy
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 755-8287
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com

*Attorneys for Defendants Maxar Technologies, Howard L. Lance, and Anil Wirasekara*