IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-0124-WJM-SKC
*Consolidated with Civil Action No. 19-cv-0758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

    Defendants.

**ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

This securities fraud action arises out of alleged false and misleading statements made by Maxar Technologies, Inc. ("Maxar"), and its former executives, Howard L. Lance, and Anil Wirasekara (collectively, "Defendants"), regarding the operational and financial results of Maxar and its subsidiaries. (ECF No. 44.)

Before the Court is Plaintiff Oregon Laborers Employers Pension Trust Fund's ("Lead Plaintiff") Motion for Class Certification, which seeks certification of the securities fraud action as a class action, appointment of Lead Plaintiff as Class Representative, and appointment of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Class Counsel. (ECF No. 90.) Defendants represent that they "do not presently oppose" the Motion. (ECF No. 102.)

The Court presumes familiarity with the factual background, which is explained

elsewhere. (*See, e.g.*, ECF No. 69.) For the reasons explained below, the Motion is granted.

## I. PROPOSED CLASS

In this action, Lead Plaintiff seeks certification of a class defined as follows:

> All persons and entities who purchased or otherwise acquired the common stock of Maxar Technologies, Inc. ("Maxar" or the "Company") during the period from May 9, 2018 through October 30, 2018, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are Defendants, present or former executive officers of Maxar and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).

(ECF No. 90 at 6.)

## II. ANALYSIS

**A.    Class Certification**

As the party seeking class certification, Lead Plaintiff must first demonstrate that all four prerequisites of Federal Rule of Civil Procedure 23(a) are clearly met. *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004). These threshold elements are:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

If a plaintiff proves it has met these threshold requirements, it must then demonstrate that the action falls within one of the three categories set forth in Rule

23(b).  *Shook*, 386 F.3d at 971.

"In determining the propriety of a class action, the question is not whether a plaintiff . . . [has] stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Id.* (quoting *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982)).  The Court should not pass judgment on the merits of the case, but it must conduct a "rigorous analysis" to ensure that the requirements of Rule 23 are met.  *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

The decision whether to grant or deny class certification "involves intensely practical considerations" and therefore "belongs within the discretion of the trial court." *Tabor v. Hilti, Inc.*, 703 F.3d. 1206, 1227 (10th Cir. 2013) (quotation marks omitted).

As stated above, Defendants do not contest class certification.  (ECF No. 102 at 1.)  Nonetheless, the Court will briefly analyze each of the requirements to ensure that class certification is proper.

*Numerosity.*  Lead Plaintiff asserts that during the Class Period, there were approximately 58.27 million shares of Maxar common stock outstanding, with an average weekly trading volume on the New York Stock Exchange of 2.2 million shares. (ECF No. 90 at 4.)  Given the millions of shares that changed hands during the Class Period, it is likely that there are hundreds, if not thousands, of class members.  This fact supports numerosity.  *See In re Molycorp, Inc. Sec. Lit.*, 2017 WL 4333997, at *5 (D. Colo. Feb. 15, 2017) (finding numerosity in securities class action where class is estimated to be thousands of shareholders); *Neiberger v. Hawkins*, 208 F.R.D. 301, 313 (D. Colo. 2002) ("the exact number of potential members need not be shown," and a

3

court "may make 'common sense assumptions' to support a finding that joinder would be impracticable"); *McEwan v. Digitran Sys.*, 160 F.R.D. 631, 636 (D. Utah 1994) (noting that numerosity is satisfied if the stock at issue traded on a national exchange).

    ***Commonality.*** "Securities cases often involve allegations of common courses of fraudulent conduct, which can be sufficient to satisfy the commonality requirement." *In re Thornburg Mortg., Inc.*, 912 F. Supp. 2d 1178, 1234 (D.N.M. 2012) (citation omitted). Here, the class members are alleged to have been defrauded by the same misleading statements made by Defendants, and therefore suffered similar losses as a result. There are common questions of law and fact at issue, including whether Defendants violated the Exchange Act, whether Defendants knowingly or recklessly made material misstatements or omissions, whether the price of Maxar's stock was artificially inflated as a result of those statements or omissions, and whether the disclosure of the truth regarding those statements or omissions caused class members to suffer economic loss and damages. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 374 (S.D.N.Y. 2000) ("Where the facts as alleged show that Defendants' course of conduct concealed material information from an entire putative class, the commonality requirement is met.").

    ***Typicality.*** "Typicality is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Molycorp*, 2017 WL 4333997, at *6 (quotation marks omitted). Although the class members may have purchased stock at different prices and on different days during the relevant period, Lead Plaintiff's claims are founded on the same allegations and legal theories as the other class members' claims, and it has

4

interests that are sufficiently aligned with the class members' interests. The Court finds that the typicality requirement is met with sufficient particularity to justify class certification.

***Adequacy.***  Courts analyze two questions for determining whether the representative parties will fairly and adequately protect the interests of the class: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Decoteau v. Raemisch*, 304 F.R.D. 683, 689 (D. Colo. 2014) (quoting *Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002)). Because Lead Plaintiff purchased Maxar common stock during the Class Period, its interest in establishing Defendants' liability and obtaining the maximum recovery is aligned with the interests of the other class members. Moreover, to date, Lead Plaintiff has vigorously prosected the action on behalf of the class. These facts support adequacy.

***Common Questions of Law and Fact Predominate.***  Rule 23(b)(3) permits certification where "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." As explained above, there are numerous questions of law and fact common to all class members. These questions predominate over any questions affecting individual members because Lead Plaintiff's failure to prove any of the elements underlying its securities fraud claim would end the case for all putative class members. Moreover, because there are likely thousands of class members who purchased Maxar stock

during the Class Period, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Accordingly, because Lead Plaintiff has satisfied each of the Rule 23(a) requirements and at least one of the Rule 23(b) requirements, the Court finds that class certification is proper.

**B.     Class Counsel**

Finally, the Court must evaluate the adequacy of class counsel. In this analysis, the Court "must consider":

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). Furthermore, this Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The Court is satisfied that Lead Plaintiff's counsel, Robbins Geller, is diligently identifying and investigating the potential claims in this action and will commit the required resources to represent the class. To date, Robbins Geller has conducted extensive investigation and discovery, defended Defendants' motion to dismiss, and is pursuing class certification. Moreover, Robbins Geller has successfully prosecuted numerous securities fraud class actions and has the requisite knowledge of the

6

applicable law to vigorously pursue the class's claims in this action.

Thus, the Court finds that Robbins Geller fulfills the requirements of Rule 23(g) to be appointed as Class Counsel.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Lead Plaintiff's Motion for Class Certification (ECF No. 90) is GRANTED;

2. The Court CERTIFIES the following class under Federal Rule of Civil Procedure 23(b)(2), defined as: "All persons and entities who purchased or otherwise acquired the common stock of Maxar Technologies, Inc. ('Maxar' or the 'Company') during the period from May 9, 2018 through October 30, 2018, inclusive (the 'Class Period'), and were damaged thereby. Excluded from the Class are Defendants, present or former executive officers of Maxar and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).";

3. Oregon Laborer Employers Pension Trust Fund is APPOINTED as class representative; and

4. Pursuant to Federal Rule of Civil Procedure 23(g), the law firm of Robbins Geller Rudman & Dowd LLP is appointed as class counsel.

Dated this 16th day of July, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge