IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

  Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

  Defendants.

## SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER

1. The parties filed a Stipulation and Protective Order for which Order was entered on

November 17, 2020 ECF No. 81 (the "Protective Order").

2. The parties have become aware of certain procedures under which access to documents

designated as Highly Confidential pursuant to the Protective Order ("Highly Confidential

Discovery Material") must be handled.  Those procedures are not specified in the Protective

Order.

3. The parties now supplement the Protective Order to specify those procedures;

  IT IS STIPULATED AND AGREED AS FOLLOWS:

4. The parties agree that the disclosure of all documents and information designated as

Highly Confidential Discovery Material in this action, including during all discovery matters,

such as depositions, document productions, interrogatory responses, expert reports and party

1

admissions, and all court and trial presentations shall comply with the applicable U.S. Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R § 120, *et seq.*, and the export control laws of the U.S. Government.  In particular, Highly Confidential Discovery Material shall not be disclosed to any person, including any party, witness, consultant, expert or corporate representative that is not a United States citizen or lawful permanent resident of the United States or a protected individual granted asylum or refugee status or to a foreign corporation that is not organized or incorporated to do business in the United States (collectively known as "Foreign Persons").  To the extent that the parties wish to provide Highly Confidential Discovery Material to any Foreign Persons, they shall not do so without the execution of a valid export license, as required by the Department of Commerce or the Department of State of the United States as applicable.

5.      Additionally, the terms of this Supplemental Stipulation and Protective Order shall apply to information that is not marked Highly Confidential but is easily recognizable as technical data as defined by ITAR § 120.10, e.g., information required for the design, development, production, manufacture, assembly, operation, repair, testing, maintenance or modification of defense articles.  This includes information in form of blueprints, drawings, photographs, plans, instructions or documentation of U.S. military equipment.

6.      Counsel for the receiving party shall promptly notify the producing party upon becoming aware of any loss, theft, or unauthorized copying or disclosure of Highly Confidential Discovery Material, and shall immediately take all reasonably appropriate and available actions to retrieve any Highly Confidential Discovery Material and prevent any further unauthorized access or dissemination.

7.      All Highly Confidential Discovery Material, and any information derived therefrom, shall be used, if at all, only for the purpose of preparing and conducting this litigation.  In compliance with all export control laws, Highly Confidential Discovery Material shall not be used for any other purpose by or on behalf of any party or non-party to whom it was disclosed hereunder and who does not have a right independent of this Supplemental Stipulation and Protective Order to use it or disclose it to others.

8.      The receiving party acknowledges that technical data as defined in ITAR § 120.10 may not be exported, disclosed, shared, transferred, re-exported, forwarded or otherwise transmitted as defined in ITAR § 120.17 to any Foreign Person, as defined in ITAR § 120.16 (whether in the United States or abroad) or in any manner (including, but not limited to, through release into the public record of any court or litigation proceeding).  The receiving party further acknowledges that technical data as defined in Export Administration Regulations ("EAR"), 15 C.F.R. Part 774, and as included on the Commerce Control List in 15 C.F.R. Part 772, may not be re-exported, transferred or transmitted to any Foreign Person, whether in the United States or abroad without appropriate authorizations from the cognizant U.S. Government agencies.

9.      The receiving party agrees to maintain adequate controls to prevent any Foreign Person (or any person acting on behalf of a Foreign Person) whether in the United States or abroad, from accessing Highly Confidential Discovery Material.  Unauthorized release will be considered a breach of this Supplemental Stipulation and Protective Order and may be a violation of the ITAR or the EAR.

10.     Before any Highly Confidential Discovery Material is summarized, discussed, or otherwise used at any deposition, hearing, or trial in this action in such a way that might violate

export control laws, all Foreign Persons shall be excluded from such portion of the deposition, hearing, or trial of this action, unless the Court orders otherwise.

11.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Supplemental Stipulation and Protective Order, the receiving party must immediately:

    (a)    Notify, in writing, the attorneys of record for the producing party of the unauthorized disclosures;

    (b)    Use its best efforts to retrieve all unauthorized copies (in whatever form – either documentary or electronic) of the Highly Confidential Discovery Material;

    (c)    Inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Supplemental Stipulation and Protective Order; and

    (d)    Request such person or persons not to use any of the Highly Confidential Discovery Material until the producing party has been consulted and an agreement to abide by this Supplemental Stipulation and Protective Order has been executed by the person or persons to whom the unauthorized disclosures were made.  In addition, such unauthorized disclosure may be reported as a violation of the relevant United States export laws to the cognizant U.S. government agency with responsibility for administering the export laws and regulations.

12.    Highly Confidential Discovery Material in motions, memoranda and other filings shall be sealed as appropriate to maintain compliance with all applicable export control laws.

13.    The provisions of this Supplemental Stipulation and Protective Order shall survive and remain in full force and effect after the termination of this action.

**IT IS SO STIPULATED.**

Dated: August 30, 2021.

THE HONORABLE S. KATO CREWS
UNITED STATES MAGISTRATE JUDGE

APPROVED:                                        ROBBINS GELLER RUDMAN & DOWD LLP


/s/ Spencer A. Burkholz

Spencer A. Burkholz
Henry Rosen
Trig R. Smith
Debashish Bakshi

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
trigs@rgrdlaw.com
dbakshi@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ANDRUS WAGSTAFF, PC
Vance R. Andrus
Aimee H. Wagstaff
7171 W. Alaska Drive
Lakewood, CO 80226
Telephone:  303/376-6360
303/376-6361 (fax)
vance.andrus@andruswagstaff.com
aimee.wagstaff@ andruswagstaff.com

 Local Counsel


 SHERMAN & HOWARD L.L.C.

/s/ Jerome H. Sturhahn
Jerome H. Sturhahn
Milton L. Smith
Peter G. Koclanes
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (302) 297-2900

6

Facsimile:  (303) 298-0940
Email: msmith@shermanhoward.com
pkoclanes@shermanhoward.com
jsturhahn@shermanhoward.com


LATHAM & WATKINS LLP

*/s/* Brian T. Glennon
Brian T. Glennon
Eric C. Pettis
355 S. Grand Ave., Suite 1000
Los Angeles, CA 90071
Telephone: (213) 891-7593
Facsimile:  (213) 891-8763
Email: brian.glennon@lw.com
eric.pettis@lw.com

Kristin N. Murphy
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 755-8287
Facsimile:  (714) 755-8290
Email: Kristin.murphy@lw.com

*Attorneys for Defendants Maxar Technologies*
*Inc., Howard L. Lance, and Anil Wirasekara*