1

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

OREGON LABORERS EMPLOYERS       .   Case No. 19-cv-00124-WJM-SKC
PENSION TRUST FUND and LOGAN    .
DURANT,                         .
                                .
            Plaintiffs,         .
                                .
vs.                             .
                                .   Byron Rogers US Courthouse
MAXAR TECHNOLOGIES, INC.,       .   1929 Stout Street
HOWARD L. LANCE, and ANIL       .   Denver, CO  80294
WIRASEKARA,                     .
                                .
                                .
            Defendants.         .
                                .   October 28, 2020
. . . . . . . . . . . . . . . . .   10:32 a.m.


**TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
S. KATO CREWS, UNITED STATES MAGISTRATE JUDGE**


APPEARANCES:

For the Plaintiffs:          Robbins Geller Rudman &
                               Dowd, LLP
                             By:  Trig R. Smith*
                             By:  Debashish Bakshi*
                             By:  Spencer A. Burkholz*
                             655 West Broadway
                             Suite 1900
                             San Diego, CA  92101
                             (619) 231-1058

For the Defendants:          Latham & Watkins, LLP
                             By:  Brian T. Glennon
                             10250 Constellation Boulevard
                             Suite 1100
                             Los Angeles, CA  90067
                             (213) 485-1234

Appearances continued:

For the Defendants:                Latham & Watkins, LLP
                                   By:  Kristin N. Murphy*
                                   650 Town Center Drive
                                   20th Floor
                                   Costa Mesa, CA   92626
                                   (714) 540-1235

                                   Sherman & Howard, LLC
                                   By:  Jerome H. Sturhahn*
                                   675 Fifteenth Street
                                   Suite 2300
                                   Denver, CO   80202
                                   (303) 299-8270

Court Recorder:                    Clerk's Office
                                   U.S. District Court
                                   1929 Stout Street
                                   Denver, CO   80294

Transcription Service:             AB Litigation Services
                                   216 16th Street, Suite 600
                                   Denver, CO   80202
                                   (303) 296-0017

*All appearances telephonic.

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

(Time noted:  10:32 a.m.)

THE COURT:  Good morning.  This is Judge Crews. We'll go on the record in 19-cv-124, which is consolidated with 19-cv-758, Oregon Laborers Employers Pension Trust Fund versus Maxar Technologies, Inc., and others.

I'll take appearances of counsel, please, starting with the Plaintiff.

MR. BAKSHI:  Yes, Your Honor.  This is Debashish Bakshi and my colleagues Spencer Burkholz and Trig Smith, with Robbins Geller Rudman & Dowd, LLP, on behalf of lead Plaintiff.

THE COURT:  Okay.

MR. STURHAHN:  Good morning, Your Honor.  This is Jay Sturhahn from Sherman & Howard on behalf of Defendant. And co-counsel is also present, and I'll allow them to introduce themselves.

THE COURT:  Okay.

MR. GLENNON:  Good morning, Your Honor.  Brian Glennon and Kristin Murphy of Latham & Watkins, on behalf of Defendant.

THE COURT:  Okay, great.  All right, counsel.  So we are here for a scheduling conference.  I have reviewed your proposed scheduling order.  You've indicated the parties have exchanged initial disclosures.  Does anyone have any issues with the other's disclosures at this point?

MR. BAKSHI:  No, Your Honor.

MR. STURHAHN:  No, Your Honor.

THE COURT:  Okay, great.  All right.  Let's look at section 8, your discovery limitations.  That starts on page 7.

With respect to the limitations on depositions, I note the Plaintiffs' statement here about believing that the case may require more than 10 depositions.  It wasn't clear to me, though, that at least at this time if the Plaintiff is requesting more than 10.  Is that right?

MR. BAKSHI:  Yes, Your Honor.  At this point, we are not requesting more than 10 because we've developed a record and can go further in fact discovery.  If we have a basis for more, then we'll first meet and confer with Defendants and then seek leave of Court, if necessary.

THE COURT:  Okay.  All right.  So I'll set the limit on the number of depositions at no more than 10 depositions per side.

In terms of interrogatories, each side will be limited to 25 interrogatories, including the 3 sub-parts.

Your depositions will be limited to no longer than one day of 7 hours each.

I'll accept the parties' proposal here, so each side will be limited to no more than 60 requests for production of documents.

And each side will be limited to no more than 35 requests for admissions.

You've indicated in sub-section B that the parties will negotiate and present a proposed stipulated protocol for production of ESI, and a protective order. I'll ask that you all confer and submit those documents within the next 14 days.

With respect to the proposed protective order, first of all, make sure you make those submissions by way of a joint or stipulated motion, and then attach your proposed protective order and proposed ESI protocol to the main pleading.

In terms of the protective order, I don't tend to -- for now, do not include a provision for attorneys' eyes only if you're leaning that direction. I tend to not approve those without a very particularized showing of giving the necessity of such a provision.

So unless some party, a party, feels there is a strong need for one, if you do, then contact my Chambers and speak to my clerks and we can arrange a status conference to talk that through. But at least in the first instance, I'll ask you to avoid putting one in unless somebody feels strongly, and then let's have a chat about it before I potentially approve that type of provision.

Moving on to section 9, your case plan and

schedule.  I'm only going to modify a few of these dates.

So your dates -- your proposed date from the Defendants filing their answer October 9, 2020, through the deadline to complete fact discovery, I'm fine with all of those dates.

Although, with respect to the discovery deadline of December 16, 2021, I'm going to strike this reference to filing all discovery motions by that deadline.

With respect to discovery motions, you'll need to review and be familiar with my practice standards in terms of how we will resolve any discovery disputes.

No party is authorized to file discovery motions at this time.  But instead, of there is a dispute -- a discovery dispute, you all need to confer about that dispute in order to reach agreement or narrow it as much as possible, and then contact my Chambers.

My clerks somewhat triage those calls, at least in terms of determining whether it's something that they can simply set a status conference on, or something that might be a little more involved in nuance that might require briefing.

And so they will kind of triage it, and with your assistance, get some direction or clarity on the best way for me to address that dispute most efficiently.

So then in your chart, we'll pick up with this deadline for service of Rule 26(a)(2) expert witness reports.

I'll modify that deadline to January 24, 2022.

Below that, the deadline for service of rebuttal expert reports, I'll modify that to March 1, 2022.

And then below that, the close of expert discovery, I'm modifying that to April 4, 2022.

And then finally your dispositive motion deadline I am modifying to May 4, 2022.

And then all other sections of your chart that appear at the top of page 10, I'm striking those.

Moving on to section 10.  If I limit the parties to no more than one expert witness per area of expertise, not to exceed three expert witnesses total, is that sufficient for your purposes?

MR. BAKSHI:  Your Honor, this is counsel for Plaintiffs.  I think for a case of this nature, if we could have a limit of five expert witnesses per side, would that be possible?

MR. GLENNON:  Your Honor, counsel for Defendants, if I could be heard?  This is Brian Glennon.

I think the limit of three is fine.  Perhaps the way to proceed is similar to what we have done with some of the other discovery requests, and that is if either party, after the development of the fact record, sees a need for additional experts in any of the subject matters that might be in the case here, we will meet and confer and propose in

good faith an adjustment to that preemptive limit that Your Honor has just identified.

THE COURT:  Okay.  I appreciate the input from both sides.  I'll meet you in the middle, and we'll set the limit at four.

Mr. Bakshi, if you need more than that, then as has been discussed, you all can confer, and if you have good cause, you can make that request to modify that limitation.

MR. BAKSHI:  Understood, Your Honor.

THE COURT:  Let's see.  Moving on to section 10, dates for further conferences.  I will not set a status conference at this time, but I will require the parties to submit a joint status report.  That will be due January 11, 2021.

In that joint status report, please cover three areas:

Number 1:  Generally describe your respective activities in discovery through that date;

Number 2:  Alert me to any pending and unresolved discovery disputes, if any; and

Number 3:  Update me on the prospect and possibility for settlement.

If from that joint status report it looks like things are moving along okay, then I'll simply set a date at that time for a follow-up report.

On the other hand, if the report suggests there are issues I can help to resolve, then we'll convene a status conference at that time.

Judge Martinez is your presiding judge, and, therefore, I will be do your final pre-trial conference, and my courtroom deputy will provide us with a date option.

THE COURT CLERK:  We can do that on July 6, 2022, at 10:00 o'clock.

(Pause)

THE COURT:  Mr. Bakshi, how does that look for you?

MR. BAKSHI:  That works for us, Your Honor.

THE COURT:  Okay.  Mr. Sturhahn?

MR. GLENNON:  Your Honor, this is Mr. Glennon.  If Mr. Sturhahn has anything to add, I would welcome his view.

I think in the abstract it looks okay.  I just wondered if we can reserve our rights on that date, depending on what Judge Martinez does in terms of the trial date.  I think as a default matter, just put deadlines in the calendar, I think is fine.

THE COURT:  Okay.  And you will not get your trial date from Judge Martinez until after the final pre-trial conference.  And so what happens is we'll set -- well, first of all, it sounds like that works, then, for everyone.

So that will be a final pre-trial conference set

for July 6, 2022, at 10:00 a.m.  We'll do that telephonically.

And typically, as you know, you'll need to submit your proposed final pre-trial order seven days prior to that date.  I'll review that proposed order in advance.

If you have all used the correct form order available on the District Court's website, completed all of those sections correctly, and correctly listed and identified your witnesses and exhibits, then I will simply issue the final pre-trial order, vacate the final pre-trial conference, and provide you instructions for getting your trial date from Judge Martinez.

On the other hand, if there are issues with it, either we'll convene the conference and I'll let you know what needs to be changed, and I'll give you a date to resubmit the materials, or I'll vacate the conference and give you an order that explains what changes you'll need to make.

But you will not get your trial date until after the final pre-trial order issues.

Since Judge Martinez is your presiding judge, please be sure to review and be familiar with his practice standards, because they will govern your conduct in this case.

Please also review mine, primarily concerning how

we will address discovery disputes, should you all have any.

That's all I needed to cover with you all today.

Mr. Bakshi, is there anything else from you that we need to address or take up today, or any questions that you have?

MR. BAKSHI:  No, Your Honor.

THE COURT:  Okay.  Mr. Glennon, anything else from you that we need to take up today, or any questions that you have?

MR. GLENNON:  No, Your Honor.  Thank you very much for your time.

THE COURT:  Okay.  All right, counsel, thank you for your time, as well. I appreciate it.  Everybody be safe out there.

We'll adjourn.

MR. STURHAHN:  Thank you.

MR. BAKSHI:  Thank you.

                (Time noted:  10:45 a.m.)

                      * * * * *

CERTIFICATE

I, RANDEL RAISON, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my ability.

_____                    January 4, 2022

Randel Raison