## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

## UNOPPOSED MOTION FOR ISSUANCE OF LETTERS ROGATORY TO THE
## SUPREME COURT OF BRITISH COLUMBIA

---

4856-5484-0843.v1

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ............................................................................................1

II.   EVIDENCE SOUGHT ...............................................................................................2

III.  LEGAL STANDARD...................................................................................................3

IV.   ARGUMENT ................................................................................................................3

  A.    The Testimony Sought from Dowad and Wilkinson Goes to the Heart of
        the Claims and Defenses in This Action...................................................................4

  B.    The Issuance of Letters Rogatory Is Necessary Because Dowad and
        Wilkinson Reside in Canada and Are the Only Testimonial Sources of the
        Evidence Sought ........................................................................................................5

V.    CONCLUSION..............................................................................................................6

4856-5484-0843.v1

Lead Plaintiff Oregon Laborers Employers Pension Trust Fund ("Plaintiff") respectfully moves the Court to issue letters rogatory to the Supreme Court of British Columbia, requesting assistance in securing testimonial evidence from Mr. Phil J. Dowad ("Dowad") and Mr. Paul Wilkinson ("Wilkinson") who both reside in Vancouver, Canada.  Plaintiff's proposed Letters Rogatory Requesting Judicial Assistance from the Supreme Court of British Columbia ("Letters Rogatory") are attached hereto as Exhibit A[1] to the Declaration of Patton L. Johnson in Support of the Unopposed Motion for Issuance of Letters Rogatory to the Supreme Court of British Columbia. Defendants do not oppose this motion.[2]

## I.    FACTUAL BACKGROUND

This is a securities fraud class action in which Plaintiff alleges, *inter alia*, that Defendants issued false and misleading financial statements for the first and second quarters of 2018 ("1Q18" and "2Q18," respectively) concerning the true value of Maxar's intangible assets, property, plant and equipment (PP&E), inventory and net earnings per share (EPS).  These statements were false because, by the Company's own criteria, the assets associated with Maxar's geostationary communications satellite manufacturing business ("GeoComm") were in fact impaired in the first half of 2018, yet Defendants failed to write-down those assets as required by applicable accounting standards (despite being aware of numerous indicators of impairment).[3]

---

[1]    Plaintiff's proposed Letters Rogatory includes limited redactions to protect personal information.

[2]    "Defendants" refers to Maxar Technologies, Inc. ("Maxar" or the "Company"), Howard L. Lance and Anil Wirasekara.

[3]    The GeoComm business was a cash-generating unit within the Company's Space Systems Loral subsidiary ("SSL").

On August 7, 2018, Spruce Point Capital Management LLC ("Spruce Point") reported its belief that SSL's GeoComm assets were impaired, and that a resulting charge to Maxar's earnings was likely.  The same day, Defendants issued a press release asserting that Spruce Point's report contained "a number of inaccurate claims and misleading statements" and the report was a "direct attempt by a short-seller to profit . . . by manipulating Maxar's stock price."  ¶177.[4]  Unknown to investors, however, Spruce Point's allegations triggered an immediate audit committee review of the Company's financial statements and disclosures implicated by the Spruce Point report.  According to Defendants' public statements, the audit committee's review of the Spruce Point report was assisted by several consultants and experts.

On August 24, 2018, Defendants disclosed the existence of the audit committee review and acknowledged, as a result of that review, that an impairment charge might be necessary.  On October 31, 2018, Maxar publicly disclosed a $383.6 million charge to account for the impairment of GeoComm's non-financial assets and obsolete inventory.  ¶187.

## II.    EVIDENCE SOUGHT

Plaintiff seeks to depose: (1) Dowad in connection with his role as KPMG Canada's lead engagement partner for Maxar's independent audits and related engagements; and (2) Wilkinson in connection with his role as a Maxar accountant employee and consultant.  The testimony sought concerns each individual's knowledge of the issues relevant to the claims and defenses in this case.

---

[4]    All "¶_"references are to Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 44).

4856-5484-0843.v1

### III.    LEGAL STANDARD

"A letter of request," or letter rogatory, "is simply a request by a 'domestic court to a foreign court to take evidence from a certain witness.'" *Malcolm v. Reynolds Polymer Tech., Inc.*, No. 17-cv-02835-WJM-KLM, 2019 WL 3955883, at *2 (D. Colo. Aug. 22, 2019) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004)).[5] "'United States courts have inherent authority to issue letters of request to foreign tribunals.'" *Id.* at *2; *accord* 28 U.S.C. §1781(b)(2).

"'When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained.'" *Malcolm*, 2019 WL 3955883, at *2. "Finally, where a motion for letters of request is opposed, the opposing party 'must demonstrate good cause or good reason why a letter request should not issue.'" *Malcolm v. Reynolds Polymer Tech., Inc.*, No. 17-cv-02835-WJM-KLM, 2019 WL 3996650, at *3 (D. Colo. Aug. 23, 2019) (citing *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978)).

### IV.    ARGUMENT

The Court should grant this motion because: (1) the testimony sought directly relates to the allegations in this case; and (2) both individuals reside in Canada, raising the possibility of being unavailable at trial, yet are the only testimonial source of the evidence sought.

---

[5]    Citations are omitted unless otherwise noted.

4856-5484-0843.v1

### A.     The Testimony Sought from Dowad and Wilkinson Goes to the Heart of the Claims and Defenses in This Action

"The scope of discovery in federal court is broad." *Thomas v. United States*, No. 19-cv-00877-LTB-SKC, 2019 WL 2410414, at *2 (D. Colo. June 7, 2019) (Crews, M.J.).[6] Here, Plaintiff alleges securities fraud concerning Defendants' accounting treatment and disclosures of GeoComm asset and inventory values during the first half of 2018. All of Plaintiff's accounting allegations were sustained by Judge Martinez.

Dowad's testimony is central to Plaintiff's securities fraud claims because he was the lead engagement partner for Maxar's independent auditor, KPMG Canada, responsible for the audits of Maxar's financial statements. Plaintiff seeks Dowad's testimony related to the impairment testing of GeoComm contained in KPMG Canada's audit workpapers. In addition, Plaintiff seeks testimony concerning communications with Maxar executives, Maxar employees and other third-parties concerning KPMG Canada's relevant work as Maxar's independent auditor. Dowad was also involved in the investigation of Spruce Point's allegations of accounting fraud in August 2018, as well as the October 2018 disclosure of the $383 million GeoComm impairment charge. *See* ECF No. 129 at 166-167 (Plaintiff's good cause for Dowad's deposition).

Defendants' position is that none of the alleged false statements are actionable because KPMG Canada considered all the alleged red flags of impairment in 1Q18 and 2Q18. As such, Dowad has information relevant to the determination of whether Defendants did, in fact, do any

---

[6]     District courts evaluate letters of request to foreign tribunals under the Federal Rules of Civil Procedure. *See In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 365 (D. Kan. 2010) ("[Courts] apply the standards for 'liberal discovery permitted under the Federal Rules of Civil Procedure,' making no distinction between discovery sought in the United States and discovery sought abroad.").

- 4 -

4856-5484-0843.v1

impairment testing, what information was provided to KPMG Canada and what reasonable basis

Defendants had to conclude that there were no indicators of impairment.

Likewise, Wilkinson's testimony is central to Plaintiff's securities fraud claims concerning

what Defendants knew when they made their alleged misrepresentations and omissions. Wilkinson

is a former SSL employee and consultant who has personal knowledge of most accounting and

factual issues in the case, including segment reporting issues concerning the GeoComm business and

Maxar's own analyses concerning impairment testing. Wilkinson communicated with Defendants,

in particular defendant Anil Wirasekara, Maxar's Chief Financial Officer, and other executives and

third-parties regarding these key accounting issues. Wilkinson was also involved in responding to

analyst questions regarding accounting changes and has personal insight into relevant investor

communications. *See* ECF No. 129 at 162-163 (Plaintiff's good cause for Wilkinson's deposition).

As noted above, Defendants' position is that they relied on their advisors, and Wilkinson

oversaw or was involved in many of the relevant engagements. For example, the analyses that

consultants Duff & Phelps and PricewaterhouseCoopers produced, that Wilkinson analyzed and

directed, are particularly important as they pertain to the determination of whether the non-financial

assets were impaired.

In sum, Plaintiff's requested testimonial evidence goes to the heart of this case and is relevant

to both the claims and defenses in this action.

B.       **The Issuance of Letters Rogatory Is Necessary Because Dowad and
          Wilkinson Reside in Canada and Are the Only Testimonial Sources of
          the Evidence Sought**

The Federal Rules of Civil Procedure contemplate the use of deposition testimony when a

witness "is outside the United States" and the use of letter rogatories to take depositions in foreign

4856-5484-0843.v1

countries.  Fed. R. Civ. P. 32(a)(4)(B); Fed. R. Civ. P. 28(b)(1)(B).[7]  Both Dowad and Wilkinson reside in British Columbia, Canada and their depositions are necessary because of the high likelihood that they could be unavailable at trial.

In addition, the individuals are also the only available source of the evidence sought.  Dowad, as KPMG Canada's lead engagement partner, has unique insight into how his team received, analyzed and discussed relevant issues, as well as the nuances of his discussions with Maxar.  As discussed above, Wilkinson interacted with Maxar's advisors, Defendants, analysts and investors, and therefore, in combination with his personal knowledge of most all accounting and factual issues in the case, Wilkinson has inimitable knowledge that is integral to the allegations and defenses in this case.   Further, both Dowad and Wilkinson authored highly relevant communications, presentations and memoranda and are the source for their own intentions and meanings being conveyed.

Accordingly, the testimonial evidence requested by Plaintiff is necessary and can only be obtained by this Court's issue of Plaintiff's proposed Letters Rogatory.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to issue the attached Letters Rogatory to the Supreme Court of British Columbia.

---

[7]    *See* Fed. R. Civ. P. 28(b)(2) ("A letter of request . . . may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient.").

- 6 -

4856-5484-0843.v1

DATED:  February 4, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN (017965)
TRIG R. SMITH
NICOLE Q. GILLILAND
PATTON L. JOHNSON

s/ Patton L. Johnson
PATTON L. JOHNSON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
trigs@rgrdlaw.com
ngilliland@rgrdlaw.com
pjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 7 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 4, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Patton L. Johnson
PATTON L. JOHNSON

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  pjohnson@rgrdlaw.com

4856-5484-0843.v1

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Phillup G  Newhope
,

Logan Durant
,

Michael W Slaunwhite
,