IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No.* 1:19-cv-00758-WJM-SKC

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

Defendants.

**ORDER RE: JOINT DISCOVERY DISPUTE REPORT [DKT. 137]**

This matter is before the Court on the Parties' Joint Discovery Dispute Report [Dkt. 137.] The parties previously contacted my chambers in compliance with this Court's Civil Practice Standards for resolving discovery disputes, and were instructed to file a Joint Discovery Dispute Report. But the report the parties submitted did not comply with the applicable practice standards, and therefore, this Court ordered the parties to re-do and re-file their submission. [Dkt. 134.]

The Court has reviewed the parties' compliant Joint Discovery Dispute Report [Dkt. 137] and finds no hearing is necessary. Consistent with the presiding judge's referral [Dkt. 14] and this Court's authority under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) to hear and determine pretrial matters, the Court exercises its

1

discretion and issues this Order to resolve the pending discovery disputes raised by the Joint Report. *Ariza v. U.S. W. Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (a magistrate judge is afforded broad discretion to resolve non-dispositive discovery disputes).

This case is a purported securities class action alleging various violations of the Securities Exchange Act of 1934. This case relates to one pending in the Superior Court of California ("California Case") which involves similar allegations, parties, and players. The parties in this case, along with counsel for plaintiff in the California Case, have agreed to a Deposition Coordination Protocol to streamline and avoid redundancies in depositions that are relevant to both cases. The parties here and in the California Case have agreed on the majority of the terms in the Deposition Protocol but for two provisions: whether the Deposition Protocol should (1) address Plaintiff's request to take 26 depositions in lieu of the 10 provided by the Scheduling Order, and (2) prevent defense counsel from contacting a witness concerning the substance of their testimony when a deposition cannot be taken on consecutive days.

### A. Number of Depositions

This Court issued a Scheduling Order on October 28, 2020. [Dkt. 77.] The Scheduling Order limits each side to 10 depositions. When submitting the proposed scheduling order, Plaintiff did indicate it anticipated it would need more than 10 depositions, but is also indicated, if that were the case, it would confer and petition

the Court for additional depositions upon a showing of good cause. [*Id.* pp.7-8 (language shown in strikethrough by the Court).]

A "scheduling order is an important tool necessary for the orderly preparation of a case for trial." *Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000). It is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal quotations and citation omitted). In this regard, the Court does not find the proposed Deposition Protocol is the appropriate vehicle to modify the Scheduling Order. A protocol merely supplements a scheduling order and serves as a procedural tool defining how the parties will conduct some aspect of discovery allowed by a scheduling order. For these reasons, the Court agrees with Defendant that the Deposition Protocol should not address the limit on the number of depositions. Therefore, the Court adopts Defendants' proposed language—"Nothing in this protocol alters, changes, or impacts the provisions of Federal Rule of Civil Procedure 30(a)(2)(A)(i)." Plaintiff is free, however, to file a motion seeking to modify the deposition limits in the Scheduling Order. In the meantime, the Court encourages the parties to commence taking depositions based on the current limitations.

### B.     Communicating with Deponents Between Deposition Days

Some depositions in this case may require multiple days to complete. Defendants represent they have agreed to use good-faith efforts to make witnesses

3

represented by their counsel available on back-to-back calendar days, but many of the relevant witnesses no longer work for Maxar and have full-time jobs with other organizations, so their schedules are not within Maxar's control. In the event witnesses cannot be available for back-to-back calendar days, Defendants have agreed to propose two dates within a five-day period. But Plaintiff is concerned two-days in a five-day period will become Defendants' default to leverage an opportunity to speak with a deponent between deposition days. So, Plaintiff proposed the following language for the Deposition Protocol: "During the pendency of each deposition, there shall be no contact between counsel and the witness concerning the substance of the witness's first day of testimony." Without more, the Court declines to impose this restriction.

The *Perry* case Plaintiff relies on in support of its proposed language is distinguishable. *Perry v. Leeke*, 488 U.S. 272 (1989). *Perry* is a criminal case involving the defendant's rights under the Sixth Amendment, and a 15-minute recess taken between the end of defendant's direct examination and the start of his cross-examination at trial. *Perry*, 488 U.S. at 273. *Perry* involved neither discovery proceedings nor a civil action.

Instead, this Court is persuaded by the analysis in *United States v. Philip Morris Inc.*, 212 F.R.D. 418 (D.D.C. 2002). There, because depositions were likely to exceed the presumptive one-day of seven hours, in some instances by days, a special master recommended a deposition guideline which prohibited counsel from

4

consulting with their clients during breaks in their depositions "regarding the subject matter of the deposition[.]" *Id.* at 419. But the Court rejected this language. It noted clear "constitutional overtones and concerns about any interference with or limitation on the ability of counsel to confer with her witnesses (whether client or not), to strategize about the case (if the witness is the client), and to provide day-to-day commercial advice (if, for example, the witness is a commercial client)." *Id.* at 420 (parentheticals in original). It also found the term "subject matter of the deposition" to be problematic—"The term may be construed broadly or narrowly, and may induce lawyers to err on the side of caution and non-consultation to the possible detriment of their clients' interests." *Id.* Thus, the court declined to prohibit these communications with counsel during non-consecutive deposition days. *Id.* ("For these reasons, the Court cannot agree that a total prohibition on consultations with the witness during any and all interruptions in the deposition—no matter how long— regarding its subject matter is warranted."); *see also State ex rel. Means v. King*, 520 S.E.2d 875, 882 (W. Va. 1999) (stating "[w]ith regard to discovery depositions taken in the course of litigation . . . [a]n attorney should be able to ensure that his or her client did not misunderstand or misinterpret a question or a document. In fact, an attorney has an ethical duty to prepare a witness for a deposition. In the case at bar, Petitioner's deposition has not yet taken place and Respondents have made no showing that Petitioner and her counsel have abused the deposition process[;]" and, "Accordingly, we hold that an attorney may confer with his or her client witness

5

during a recess or break in a discovery deposition, so long as the attorney did not request a break in the questions or request a conference between a question and an answer for an improper purpose.").

This Court shares the views expressed in *Philip Morris Inc.* This is particularly so when considering depositions have yet to be taken or scheduled, and there is no showing defense counsel has attempted to abuse the deposition process. Other than when a question posed to a deponent remains pending, the Court will not limit counsel's discussions with a deponent during non-consecutive deposition days. As officers of the Court, the Court trusts and expects that all counsel will conduct themselves appropriately and ethically during non-consecutive deposition days.

Nor will the Court order depositions occur on back-to-back days.[1] While the Court expects counsel to schedule depositions in good faith and use their best efforts to schedule depositions on back-to-back days, *ordering* the same when scheduling depositions involves coordinating numerous attorney and witness schedules across multiple states, would not be practical.

\*   \*   \*

---

[1] Plaintiff's reliance on Fed. R. Civ. P. 30(c) is misplaced, in part because Plaintiff gives credence to only a portion of that Rule. Considering all pertinent language, Rule 30(c)(1) provides, "[t]he examination and cross-examination of a deponent proceed as they would at trial *under the Federal Rules of Evidence*, except Rules 103 and 615." (Emphasis added.) Nothing in this language or the Federal Rules of Evidence requires back-to-back discovery deposition days.

6

Based on the above, the Court accepts Defendants' proposed language for paragraph 10 of the Deposition Protocol and declines to order back-to-back deposition days or limit communications with a deponent during any non-consecutive deposition days (other than discussions with a deponent while a question is pending). The parties are ORDERED to submit a joint motion for entry of the deposition protocol, attaching a protocol consistent with this Order, within seven days from the date of this Order.[2]

DATED: March 8, 2022

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[2] Within 14 days after service of a copy of this Order, any party may serve and file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to file written objections may result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

Case 1:19-cv-00124-WJM-SKC   Document 138   Filed 03/08/22   USDC Colorado   Page 7 of 7