# EXHIBIT A

**[PROPOSED] PROTOCOL GOVERNING COORDINATION OF DEPOSITIONS**

**I.   APPLICABILITY OF PROTOCOL**

1.   The deposition coordination protocol is intended to facilitate the deposition process, avoid duplicative depositions to the extent practicable (including multiple depositions of the same witness absent good cause), and resolve or narrow the issues required to be escalated to the Court.  The terms of this protocol shall apply to all Common Interest Depositions (as defined below) taken in the class actions filed in the United States District Court for the District of Colorado, *Oregon Laborers v. Maxar Techs., et al.* (Case No. 19-cv-124) ("Federal Action") and the Superior Court of Santa Clara County, *McCurdy v. Maxar Techs., et al.* (Case No. 19-cv-357070) ("State Action") (collectively, the "Related Actions").

2.   Nothing in this Order will preclude any Party from seeking to modify it later for good cause shown.  Prior to doing so, however, counsel will meet and confer in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions.

**II.   NUMBER AND LENGTH OF DEPOSITIONS**

3.   A percipient witness may be deposed only once in the Related Actions or either one of them after the date of entry of the deposition coordination protocol, except by stipulation of the parties or by Order of the proper Court on a showing of good cause.

4.   The Parties agree to meet and confer prior to any such deposition for the purposes of determining whether it can be completed in a single day.

5.   "Common Interest Depositions" shall include:

a.   All depositions noticed or subpoenaed in the Federal Action that the State Action Plaintiff elects to subpoena or cross-notice;

b.   All depositions noticed or subpoenaed in the State Action that the Federal Action plaintiff elects to subpoena or cross-notice;

c.   Subject to paragraph 8, below, all depositions of Defendants (including of corporate representatives) or their current and former employees; and

d.    Expert depositions where the expert has been designated by a Defendant[1] to offer opinions in both of the Related Actions.

6.    Absent a good cause showing, the Federal Action Plaintiff's failure to subpoena or cross-notice a deposition taking place in the State Action at least five calendar days before the deposition is scheduled means that no testimony resulting from the State Action subpoena or notice may be used in the Federal Action.  Absent a good cause showing, the State Action Plaintiff's failure to  subpoena or cross-notice a deposition taking place in the Federal Action at least five calendar days before the deposition is scheduled means that no testimony resulting from the Federal Action subpoena or notice may be used in the State Action.

7.    Absent a good cause showing, the Federal Action Plaintiff's failure to subpoena or cross-notice a deposition taking place in the State Action means the witness may not be re-deposed in the Federal Action.  Absent a good cause showing, the State Action Plaintiff's failure to subpoena or cross-notice a deposition taking place in the Federal Action means that the witness may not be re-deposed in the State Action.

8.    A Common Interest Deposition, no matter which Related Actions' plaintiff initially notices or subpoenas it, shall count as a deposition in both the State Action and the Federal Action for the purpose of assessing deposition limits or necessity (e.g., burden, cumulativeness, and proportionality), so long as the other Related Actions' plaintiff cross-notices it.

9.    Common Interest Depositions of experts under Section 5.d. shall not count as a deposition for the purpose of assessing deposition limits under this agreement.

10.    Nothing in this protocol alters, changes, or impacts the provisions of Federal Rule of Civil Procedure 30(a)(2)(A)(i).

11.    Nothing in this protocol is intended to place presumptive limits on the number of depositions available to the State Action Plaintiff.

_____

[1]    "Defendant" means any defendant in the State or Federal Actions.

- 2 -

12.     The Parties reserve their respective rights to ask the Superior Court presiding over the State Action to expand or limit the number of depositions available in the State Action based on any applicable grounds.  Defendants believe that the reasonableness and appropriateness of the total number of depositions taken in the State Action shall be assessed based in part on the total number of Common Interest Depositions subpoenaed, noticed, or cross-noticed by the State Action Plaintiff.

13.     The Parties agree to limit each Common Interest Deposition to no more than 14 hours total, with the Federal Action Plaintiff limited to no more than 7 hours of time absent leave from the Federal Court.  In addition, for party-related witnesses, the defending party will have an additional hour, on top of the 14-hour limit, to conduct its examination.  Any exceptions would require a specific showing of good cause.

14.     For the deposition of a corporation in the State Action, a 28-hour total applies to the entire corporate deposition.  Accordingly, if Plaintiffs spend 7 hours questioning one witness designated as a corporate representative, the State Action Plaintiff has 21 hours remaining for any additional corporate representatives.

15.     Any noticing party or cross-noticing party is entitled to minute-for-minute re-cross following any examination by the defending party.

16.     The Parties agree to limit each day of Common Interest Depositions to 7 hours total record time each day, unless all Parties and witnesses agree otherwise.

**III.     DEPOSITION PROCEDURE**

17.     Counsel in the State Action shall be served with all deposition notices or subpoenas issued in the Federal Action, and vice versa.  E-mail service shall suffice.

18.     The Parties will cooperate in good faith to schedule a Common Interest Deposition so that the need to coordinate the availability of counsel does not unreasonably delay the scheduling of depositions.

19.     For witnesses represented by O'Melveny & Myers whose depositions, subject to the limitations in this protocol, will go beyond one day, Defendants agree to use good-faith efforts to make witnesses available for two back-to-back calendar days; in the event that such a witness

- 3 -

MAXAR SECURITIES DEPOSITION COORDINATION PROTOCOL

is not reasonably available for two back-to-back calendar days in the requested timeframe, Defendants agree that, absent a showing of good cause, they will propose two dates within a five-day period during which the witness and defense counsel can be available.

20.     Counsel for Plaintiffs in the Related Actions shall meet and confer prior to any Common Interest Deposition and shall reach agreement regarding allocation of Plaintiffs' deposition questioning time.

21.     Objection of one counsel to a question will preserve that objection on behalf of all other counsel and therefore counsel shall avoid repeating objections.

22.     Any objection to relevance or admissibility of documents used as deposition exhibits are not waived, and are preserved pending a later ruling by the Court or by the trial judge.

23.     Any document produced in one of the Related Actions and introduced as an exhibit during a Common Interest Deposition will be deemed produced in all the Related Actions, subject to objections served in either the State or Federal Actions.

24.     Defense counsel shall not seek discovery of communications between counsel for the Federal Action and State Action plaintiffs regarding deposition coordination.

IT IS SO ORDERED.

ENTERED this _____ day of _____, 2022.

_____
HON. S. KATO CREWS
U.S. MAGISTRATE JUDGE

- 4 -

MAXAR SECURITIES DEPOSITION COORDINATION PROTOCOL