## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

## LEAD PLAINTIFF'S UNOPPOSED MOTION FOR ISSUANCE OF LETTERS ROGATORY TO THE SUPREME COURT OF BRITISH COLUMBIA

---

4894-0561-0514.v1

Lead Plaintiff Oregon Laborers Employers Pension Trust Fund ("Plaintiff") respectfully moves the Court to issue letters rogatory to the Supreme Court of British Columbia, requesting assistance in securing testimonial evidence from Darren Hoegler ("Hoegler"), Edward Chou ("Chou") and Angela Lau ("Lau") (Hoegler, Chou and Lau are each a "Witness" and collectively "Witnesses") who all reside in British Columbia, Canada. Plaintiff's proposed Letters Rogatory Requesting Judicial Assistance from the Supreme Court of British Columbia ("Letters Rogatory") are attached hereto as Exhibit A[1] to the Declaration of Patton L. Johnson in Support of the Unopposed Motion for Issuance of Letters Rogatory to the Supreme Court of British Columbia. Defendants do not oppose this motion.[2]

## I.    FACTUAL BACKGROUND

This is a securities fraud class action in which Plaintiff alleges, *inter alia*, that Defendants issued false and misleading financial statements for the first and second quarters of 2018 ("1Q18" and "2Q18," respectively) concerning the true value of Maxar's intangible assets, property, plant and equipment (PP&E), inventory and net earnings per share (EPS). These statements were false because, by the Company's own criteria, the assets associated with Maxar's geostationary communications satellite manufacturing business ("GeoComm") were in fact impaired in the first

---

[1]    Plaintiff's proposed Letters Rogatory includes limited redactions to protect personal information.

[2]    "Defendants" refers to Maxar Technologies, Inc. ("Maxar" or the "Company"), Howard L. Lance and Anil Wirasekara.

- 1 -

4894-0561-0514.v1

half of 2018, yet Defendants failed to write-down those assets as required by applicable accounting standards (despite being aware of numerous indicators of impairment).[3]

On August 7, 2018, Spruce Point Capital Management LLC ("Spruce Point") reported its belief that SSL's GeoComm assets were impaired, and that a resulting charge to Maxar's earnings was likely. The same day, Defendants issued a press release asserting that Spruce Point's report contained "a number of inaccurate claims and misleading statements" and the report was a "direct attempt by a short-seller to profit . . . by manipulating Maxar's stock price." ¶177.[4] Unknown to investors, however, Spruce Point's allegations triggered an immediate audit committee review of the Company's financial statements and disclosures implicated by the Spruce Point report. According to Defendants' public statements, the audit committee's review of the Spruce Point report was assisted by several consultants and experts.

On August 24, 2018, Defendants disclosed the existence of the audit committee review and acknowledged, as a result of that review, that an impairment charge might be necessary. On October 31, 2018, Maxar publicly disclosed a $383.6 million charge to account for the impairment of GeoComm's non-financial assets and obsolete inventory. ¶187.

## II.   EVIDENCE SOUGHT

Plaintiff seeks to depose: (1) Hoegler in connection with his role as Maxar's Corporate Controller; (2) Chou in connection with his role as Maxar's Senior Manager of Corporate Finance; and (3) Lau in connection with her role as Maxar's Senior Vice President of Finance and Corporate

---

[3]   The GeoComm business was a cash-generating unit within the Company's Space Systems Loral subsidiary ("SSL").

[4]   All "¶_"references are to Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 44).

4894-0561-0514.v1

Strategy. The testimony sought concerns each individual's knowledge of the issues relevant to the claims and defenses in this case.

## III.   LEGAL STANDARD

"A letter of request," or letter rogatory, "is simply a request by a 'domestic court to a foreign court to take evidence from a certain witness.'" *Malcolm v. Reynolds Polymer Tech., Inc.*, No. 17-cv-02835-WJM-KLM, 2019 WL 3955883, at *2 (D. Colo. Aug. 22, 2019) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004)).[5] "'United States courts have inherent authority to issue letters of request to foreign tribunals.'" *Id.* at *2; *accord* 28 U.S.C. §1781(b)(2).

"'When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained.'" *Malcolm*, 2019 WL 3955883, at *2. "Finally, where a motion for letters of request is opposed, the opposing party 'must demonstrate good cause or good reason why a letter request should not issue.'" *Malcolm v. Reynolds Polymer Tech., Inc.*, No. 17-cv-02835-WJM-KLM, 2019 WL 3996650, at *3 (D. Colo. Aug. 23, 2019) (citing *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978)).

## IV.   ARGUMENT

The Court should grant this motion because: (1) the testimony sought directly relates to the allegations in this case; and (2) each Witness resides in Canada, raising the possibility of each being unavailable at trial, yet are the only testimonial source of the evidence sought.

---

[5]   Citations are omitted unless otherwise noted.

4894-0561-0514.v1

A.    **The Testimony Sought from the Witnesses Goes to the Heart of the Claims and Defenses in This Action**

"The scope of discovery in federal court is broad." *Thomas v. United States*, No. 19-cv-00877-LTB-SKC, 2019 WL 2410414, at \*2 (D. Colo. June 7, 2019) (Crews, M.J.).[6] Here, Plaintiff alleges securities fraud concerning Defendants' accounting treatment and disclosures of GeoComm asset and inventory values during the first half of 2018. All of Plaintiff's accounting allegations were sustained by Judge Martinez. Plaintiff seeks testimony from three individuals who reside in British Columbia, Canada that each have distinct, personal knowledge concerning the claims and defenses in this case.

***Darren Hoegler*** was Maxar's corporate controller and has knowledge of Maxar's impairment analysis conducted at year-end 2017. Maxar engaged the consultant Duff & Phelps to help with this analysis, and in February 2018, ***prior to the Class Period***, Hoegler personally received a Duff & Phelps' assessment indicating that Maxar's assets were impaired. In addition, Hoegler worked closely with Maxar's external auditor, KPMG Canada, and signed representation letters to the auditor representing that the Company conducted impairment testing, assessing whether assets were impaired or whether there was any indication that assets were impaired. After leaving Maxar, Hoegler continued to consult with the Company on issues at the center of this case. For example, Hoegler participated in Maxar management and Audit Committee meetings concerning the Spruce Point allegations (that ultimately revealed the alleged concealment of $383.6 million GeoComm impairment), which included Hoegler providing input on the actual accounting analysis. Plaintiff

---

[6]    District courts evaluate letters of request to foreign tribunals under the Federal Rules of Civil Procedure. *See In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 365 (D. Kan. 2010) ("[Courts] apply the standards for 'liberal discovery permitted under the Federal Rules of Civil Procedure,' making no distinction between discovery sought in the Uunited States and discovery sought abroad.").

4894-0561-0514.v1

seeks Hoegler's testimony concerning these issues.  In addition, if Defendants raise a defense of good faith reliance on Maxar's auditors and consultants, Hoegler's testimony will be key as to what information was, or was not, provided to them.

*Edward Chou* was Maxar's Senior Manager of Corporate Finance and was involved in or made numerous statements in documents that are relevant to Plaintiff's case.  His role is unique given his significant responsibilities in SSL's budgeting and forecasting.  For example, Chou was involved in Maxar realigning its reporting segments, which Plaintiff alleges was an obvious effort to obfuscate GeoComm's dismal financial condition.  Chou presented analysis directly to the Defendant CEO and CFO and collected data for them on future cash flows and revenue, which are major inputs into Maxar's valuation models for determining whether its GeoComm assets were impaired.  Chou is also referenced in KPMG Canada's workpapers as an individual they had discussions with during the course of the 2017 audit regarding Maxar's strategic growth plan in order to corroborate forecasts utilized by Maxar's valuation consultant.  Accordingly, Plaintiff seeks Chou's testimony concerning when Defendants were aware of the deterioration of SSL's businesses and the reasonableness of inputs that were given to Maxar's auditors and consultants for purposes of Maxar's impairment testing.  This information goes directly to both Plaintiff's claims and Defendants' defenses.

*Angela Lau* was Maxar's Senior Vice President of Finance and Corporate Strategy.  Lau headed a key analysis, with the engagement of Duff & Phelps (separate from the one Hoegler received above), that is directly relevant to Plaintiff's allegations.  This analysis, with a valuation date of March 31, 2018, shows a massive decrease in the fair market value of SSL being used in the analysis as compared to what was being utilized in SSL's impairment testing and public reporting.

- 5 -

4894-0561-0514.v1

The reason for this discrepancy, *inter alia*, is the use of a higher discount rate (11%) compared to what was being used in public reporting (7.5%).  Lau has key information concerning Maxar's estimates and engagement with Duff & Phelps concerning this analysis.  Plaintiff seeks testimony concerning these issues, and believes that Lau has the personal and unique knowledge concerning these technical points.  Because an impairment must be taken when an asset is demonstrably impaired, the model used and reasons for certain assumptions is critical to this case.

In sum, Plaintiff's requested testimonial evidence goes to the heart of this case and is relevant to both the claims and defenses in this action.

**B.      The Issuance of Letters Rogatory Is Necessary Because the Witnesses Reside in Canada and Are the Only Testimonial Sources of the Evidence Sought**

The Federal Rules of Civil Procedure contemplate the use of deposition testimony when a witness "is outside the United States" and the use of letter rogatories to take depositions in foreign countries.  Fed. R. Civ. P. 32(a)(4)(B); Fed. R. Civ. P. 28(b)(1)(B).[7]  Each Witness resides in British Columbia, Canada and their depositions are necessary because of the high likelihood that they could be unavailable at trial.

In addition, the individuals are also the only available source of the evidence sought.  As discussed above, Hoegler, as Maxar's Corporate Controller, has unique insight into representations made to KPMG Canada, and the Defendant CEO and CFO's knowledge of these representations, and similarly consulted Defendants concerning the Spruce Point allegations that led to revealment of the alleged fraud.  Chou's unique role as Senior Manager of Corporate Finance involved providing

---

[7]      *See* Fed. R. Civ. P. 28(b)(2) ("A letter of request . . . may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient.").

4894-0561-0514.v1

analysis and data directly to Defendants for budgeting and forecasting.  And Lau has insight into a key Maxar valuation model, its impairment implications for GeoComm and Defendants' knowledge thereof.  Further, each Witness authored highly relevant communications, presentations and memoranda and are the only source for their own intentions and meanings being conveyed.

Accordingly, the testimonial evidence requested by Plaintiff is necessary and can only be obtained by this Court's issue of Plaintiff's proposed Letters Rogatory.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to issue the attached Letters Rogatory to the Supreme Court of British Columbia.

DATED:  March 15, 2022                                 Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN (017965)
TRIG R. SMITH
CHRISTOPHER D. STEWART
NICOLE Q. GILLILAND
PATTON L. JOHNSON


                              s/ Patton L. Johnson
                            PATTON L. JOHNSON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
trigs@rgrdlaw.com
cstewart@rgrdlaw.com
ngilliland@rgrdlaw.com
pjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 7 -

4894-0561-0514.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Patton L. Johnson
PATTON L. JOHNSON

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  pjohnson@rgrdlaw.com

4894-0561-0514.v1

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Christopher Dennis Stewart**
  cstewart@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Phillup G  Newhope
,

Logan Durant
,

Michael W Slaunwhite
,