# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

## LEAD PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF ORDER PERMITTING PLAINTIFF TO SERVE DEPOSITION AND DOCUMENT SUBPOENAS BY ALTERNATIVE METHODS ON NONPARTY RICHARD H. CURRIER

---

**[REDACTED]**

4879-6525-9035.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   RELEVANT FACTUAL BACKGROUND.........................................................................2

     A.    Plaintiff's Diligent Attempts to Personally Serve Mr. Currier ...............................2

     B.    Plaintiff's Conferral with Defendants Regarding its Attempts to Serve Mr.
        Currier and this Motion.............................................................................................5

III.  RULE 45 PERMITS SERVICE OF MR. CURRIER'S SUBPOENAS BY
     MEANS OTHER THAN HAND-TO-HAND SERVICE .....................................................7

IV.   CONCLUSION.............................................................................................................11

4879-6525-9035.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Amann v. Off. of the Utah Att'y Gen.*,
2021 WL 494032 (D. Utah Oct. 25, 2021) ...........................................................9, 10

*Chambers v. Whirlpool Corp.*,
2016 WL 9451361 (C.D. Cal. Aug. 12, 2016)...........................................................7

*Collins v. Trans Union, LLC*,
2015 WL 1932044 (D. Colo. Apr. 28, 2015)...................................................8, 10

*E.A. Renfroe & Co., Inc. v. Moran*,
2008 WL 1815535 (D. Colo. Apr. 18, 2008).................................................7, 8, 10

*Fed. Trade Comm'n v. Zurixx, LLC*,
2020 WL 9255400 (D. Utah Dec. 21, 2020)........................................................7, 8

*Fujikura v. Finisar Corp.*,
2015 WL 5782351 (N.D. Cal. Oct. 5, 2015)...............................................................9

*Green v. Baca*,
2005 WL 283361 (C.D. Cal. Jan. 31, 2005) ...........................................................10

*Hinds v. Bodie*,
1988 WL 33123 (E.D.N.Y. Mar. 22, 1988)............................................................10

*In re: Ex Parte Application of Pro-Sys Consultants & Neil Godfrey*,
2016 WL 6025155 (N.D. Cal. Oct. 14, 2016)...........................................................9

*King v. Crown Plastering Corp.*,
170 F.R.D. 355 (E.D.N.Y. 1997)...............................................................................7

*Kriegman v. Mirrow*,
2019 WL 13094172 (D. Colo. June 17, 2019)..........................................................9

*Ott v. City of Milwaukee*,
682 F.3d 552 (7th Cir. 2012) ..................................................................................10

*Rio Props. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ................................................................................10

*Ross v. Jenkins*,
2019 WL 3453705 (D. Kan. July 31, 2019) .............................................................7

4879-6525-9035.v1

**Page**

*Smash Pictures v. Does 1-265*,
2012 WL 761936 (E.D. Cal. Mar. 7, 2012),
*vacated on other grounds* by *Pictures v. Does 1-265*,
2012 WL 12884425 (E.D. Cal. June 14, 2012) ........................................................11

*Toni Brattin & Co. v. Mosaic Int'l, LLC*,
2015 WL 1844056 (N.D. Cal. Apr. 9, 2015) ...........................................................10

*Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*,
2019 WL 3208114 (D. Ariz. July 16, 2019)..............................................................8

*Windsor v. Martindale*,
175 F.R.D. 665 (D. Colo. 1997) ................................................................................7

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
Rule 45 ............................................................................................6, 7, 9, 10
Rule 45(b) ......................................................................................................10
Rule 45(b)(1)....................................................................................................6
Rule 4 ..............................................................................................................7

4879-6525-9035.v1

## I.    INTRODUCTION

Lead Plaintiff Oregon Laborers Employers Pension Trust Fund ("Plaintiff") moves this Court under Federal Rules of Civil Procedure 1 and 45 for entry of an order permitting Plaintiff to serve a deposition subpoena and a document subpoena (together, the "Subpoenas") by the means set forth below on nonparty Richard H. Currier ("Mr. Currier"), Maxar Technologies Inc.'s ("Maxar") Senior Vice President of Business Development for Space Systems Loral ("SSL") during the period from May 9, 2018 through October 30, 2018 (the "Class Period").

Since March of 2022, Plaintiff has expended significant time and resources attempting to personally serve Mr. Currier with the Subpoenas.  To date, process servers have attempted to personally serve Mr. Currier approximately 20 times – attempting service at five different addresses in three different states.  Despite these diligent efforts, Mr. Currier has not been personally served, and appears to be deliberately evading service.

In light of the circumstances detailed below, Plaintiff moves for an order that the Subpoenas may be served upon Mr. Currier by completing the following:

(a)    Mailing the Subpoenas by certified mail return service requested to Mr. Currier's residential address at 1986 New Hampshire Ave., Toms River, New Jersey, 08755 ("New Hampshire Ave. Residence"), and hand-delivering copies of the Subpoenas to the front door of the same address;

(b)    Mailing the Subpoenas by certified mail return service requested to Mr. Currier's employer, LinQuest Corporation, at 43 West Front Street, Suite 21, Red Bank, NJ 07701, and hand-delivering copies of the Subpoenas to the same address; and

4879-6525-9035.v1

(c)     Emailing the Subpoenas to Mr. Currier's personal email address –

███████████████████ – three times per week for one week, not more than once every other

day (unless a written response is received from Mr. Currier acknowledging receipt of the email(s)).[1]

## II.    RELEVANT FACTUAL BACKGROUND

### A.    Plaintiff's Diligent Attempts to Personally Serve Mr. Currier

On January 10, 2022, and again on February 28, 2022, Plaintiff filed with the Court a list of

26 persons whom Plaintiff sought to depose in this action, and included a good cause justification for

each deponent (the "Deponent List").  ECF Nos. 129 at 7-19, 145-73; 137 at 16-25, 106-35.  The

Deponent List included 19 current and former employees of Maxar, including Mr. Currier.

On March 7, 2022, Plaintiff sent defendants a list of proposed deposition dates for the

persons on the Deponent List, including a proposed deposition date of April 12, 2022 for Mr.

Currier's deposition.  On March 14, 2022, Plaintiff sent defendants a list of the first eight depositions

Plaintiff sought to prioritize for depositions, which included Mr. Currier's deposition.  Plaintiff

thereafter issued a notice of Mr. Currier's deposition, and promptly commenced attempts to

personally serve Mr. Currier.

Plaintiff's internal research using publicly available information indicates the New

Hampshire Ave. Residence is Mr. Currier's residential address.  Moreover, documents produced by

Maxar in discovery also identify Mr. Currier's address as the New Hampshire Ave. Residence.  *See*

---

[1]    Copies of the Subpoenas can be found at Exhibit 10 to the Declaration of Christopher D. Stewart in Support of Lead Plaintiff's Unopposed Motion for Entry of Order Permitting Plaintiff to Serve Deposition and Document Subpoenas by Alternative Methods on Nonparty Richard H. Currier ("Stewart Decl.") filed concurrently herewith.  Subpoenas served pursuant to the requested relief would be amended to provide Mr. Currier with adequate time to respond, including an amended deposition date and an amended document production date.

- 2 -

4879-6525-9035.v1

Stewart Decl., Exs. 15 and 16 (internal Maxar emails attaching letters to Mr. Currier); Stewart Decl., Ex. 17 (internal Maxar "Executive Summary" of Mr. Currier, identifying Mr. Currier's address). Accordingly, process servers have attempted to serve Mr. Currier at the New Hampshire Ave. Residence many times, including on March 18, 21, 22, 29, and April 1, 9, 10, 11, 12, 13, 16, and 20.

These attempts have proved unsuccessful. On March 22, 2022, during one attempt to serve Mr. Currier at the New Hampshire Ave. Residence, the process server identified lights on inside the home and a package addressed to Mr. Currier outside of the home. Stewart Decl., Ex. 7. During another service attempt at that address on April 9, 2022, the process server witnessed a women enter the New Hampshire Ave. Residence – the process server called out for the woman's attention, however the woman ignored the process server's calls and fled inside the residence. Stewart Decl., Ex. 9. The process server knocked on the door, however no one would answer the door. *Id*. On April 10, 2022, the process server returned to the residence and heard voices inside the residence, however no one would answer the process server's knocks at the door. *Id.*

On April 16, 2022, during another attempt at the New Hampshire Ave. Residence address, the process server spotted a man and a woman working in the yard outside of the New Hampshire Ave. Residence. *Id.* The man spotted the process server and – according to the process server – ***the man and the woman "literally ran" into the house***. *Id.* The process server then knocked on the door and called out to the occupants of the home, but ***they refused to respond*** to the process server. *Id.*[2] Despite these diligent efforts, Plaintiff has been unable thus far to serve Mr. Currier personally at his residence.

---

[2]    All citations are omitted and emphasis is added unless otherwise noted.

- 3 -

Plaintiff has also unsuccessfully attempted to serve Mr. Currier at his place of employment. According to Mr. Currier's public LinkedIn profile, Mr. Currier presently works for LinQuest Corporation, a defense and space manufacturing company.  Stewart Decl., Ex. 1.  Mr. Currier identifies on his LinkedIn profile "New Jersey" as his place of employment with LinQuest.  *Id.* According to LinQuest's webpage listing its "Main Offices," LinQuest maintains one office in New Jersey, located at 43 West Front Street, Suite 21, Red Bank, New Jersey, 07701.  Stewart Decl., Ex. 4.[3]

Accordingly, a process server attempted service of Mr. Currier at this address on Tuesday, April 12, 2022, in the middle of a work day at 12:08 p.m.  Stewart Decl., Ex. 8.  According to the process server, a person at LinQuest with whom the process server spoke looked Mr. Currier up using the company's employee directory, identified Mr. Currier on the directory, and the employee directory identified "Toms River, NJ" as Mr. Currier's address.  *Id.*

Plaintiff has also made service attempts at other locations, without success.  On March 31, April 1 and 2, 2022, a process server attempted service at a small cottage in Gill, Massachusetts, believed to be owned by Mr. Currier.  Stewart Decl., Ex. 5.  During one of the server's attempts at this location, the server spoke with a neighbor who informed the server that Mr. Currier owns the cottage but has not been seen for about a year.  *Id.*  On March 31, April 1 and 2, 2022, a process server attempted service at a residential building address in Durham, North Carolina (which Plaintiff's preliminary investigation indicated was potentially associated with Mr. Currier), but was informed on April 2 by the property manager that Mr. Currier does not reside in the building.

---

[3]  LinQuest's Red Bank office is approximately 23 miles from the New Hampshire Ave. Residence.

4879-6525-9035.v1

Stewart Decl., Ex. 6.  A service attempt was also made on March 29, 2022 at 50 Oak Ridge

Parkway, Toms River, NJ, 08755, however the current occupant of that residence – who stated he

has lived there for seven years – did not know Mr. Currier.  Stewart Decl., Ex. 7.

In an effort to avoid further wasted resources, on April 14, 2022, counsel for Plaintiff e-

mailed the Subpoenas to Mr. Currier's personal email address – ██████████████████ –

explaining that Plaintiff had been attempting to serve Mr. Currier for some time, and asking Mr.

Currier to accept service of the Subpoenas via email.  Stewart Decl., Ex. 10.  Documents produced

by Maxar show that Mr. Currier regularly used the ████████████████ email address as his

personal email address during the Class Period.  Stewart Decl., Exs. 11-14.  Counsel for Plaintiff

explained in its email to Mr. Currier that counsel was "willing to work around your schedule for the

actual date of the deposition, and we would agree to conduct your deposition via Zoom," and that it

was "also willing to work with you on a date for any document production."  Stewart Decl., Ex. 10.

Mr. Currier has not responded to Plaintiff's April 14 email.

**B.    Plaintiff's Conferral with Defendants Regarding its Attempts to Serve Mr. Currier and this Motion**

On April 8, 2022, following many unsuccessful attempts to personally serve Mr. Currier, and

in an effort to avoid further waste of time and resources, Plaintiff asked O'Melveny and Myers

("O'Melveny") (counsel for defendants Maxar, Howard Lance, and Anil Wirasekara) to provide

Plaintiff with Mr. Currier's last known address and contact information.  Stewart Decl., Ex. 2.

Plaintiff understands O'Melveny has successfully contacted, and obtained as clients, all but two of

the current and former Maxar employees on the Deponent List, and therefore Plaintiff believed

- 5 -

O'Melveny would be willing to share Mr. Currier's contact information.[4]    O'Melvany did not respond to Plaintiff's April 8, 2022 email.

On April 13, 2022, Plaintiff again sought O'Melveny's cooperation by requesting it share with Plaintiff Mr. Currier's last known address and telephone and email contact information.  *Id.*  On April 13, 2022, O'Melveny responded it "do[es] not currently represent [Mr. Currier] and are not authorized to disclose any of his personally identifiable information."  Stewart Decl., Ex. 3.

On April 18, 2022, Plaintiff informed defendants of its intent to file this motion, and asked defendants whether they intended to oppose the request for alternative service of Mr. Currier.  *Id.* The parties met and conferred on April 25, 2022, during which Plaintiff explained the bases for its anticipated motion for alternative service, its prior attempts to serve Mr. Currier at his home and employment addresses, and Plaintiff's proposed methods for alternative service of the Subpoenas (including mailing copies of the Subpoenas to the New Hampshire Ave. Residence, and emailing copies to Mr. Currier's personal email address described above).

Defendants stated on the April 25 call that they do not intend to oppose Plaintiff's motion. *Id.*  However, defendants reserved the right to oppose the motion if the mailing address Plaintiff includes in the Motion is the incorrect address.  *Id.*  Accordingly, as it had done on April 8 and 13, Plaintiff again asked defendants on April 25 whether they would disclose Mr. Currier's address and contact information to Plaintiff, but defendants would not disclose it.  *Id.*

In total, process servers have attempted to serve Mr. Currier on approximately 20 separate occasions.  The total cost to Plaintiff exceeds $2,100.

---

[4]    O'Melveny represented on March 10, 2022, and again on April 13 and 25, 2022, it does not represent Mr. Currier.  *Id.*  To Plaintiff's knowledge, Mr. Currier is unrepresented in connection with this action.

4879-6525-9035.v1

III.   **RULE 45 PERMITS SERVICE OF MR. CURRIER'S SUBPOENAS BY MEANS OTHER THAN HAND-TO-HAND SERVICE**

A subpoena must be served on a third party in compliance with Federal Rules of Civil Procedure 45(b)(1).  Rule 45(b)(1) provides that serving a subpoena requires "delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  "Several district courts in [the Tenth] circuit have interpreted this rule as allowing service by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure."  *See Fed. Trade Comm'n v. Zurixx, LLC*, 2020 WL 9255400, at *1 (D. Utah Dec. 21, 2020).

As one court in the District of Colorado explained, "[t]he language of Rule 45 does not explicitly demand personal service of a subpoena, but instead requires only that a copy be 'deliver[ed]' to the person whose attendance is sought. Such language neither strictly requires in-hand service nor prohibits alternative means of service."  *See E.A. Renfroe & Co., Inc. v. Moran*, 2008 WL 1815535, at *3 (D. Colo. Apr. 18, 2008); *see also Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997) ("Service by certified mail by the United States Marshals Service provides a fair and economical means of serving process. There has been no denial of due process of law by such service."); *see also Ross v. Jenkins*, 2019 WL 3453705, at *1 (D. Kan. July 31, 2019) ("'delivering a copy [of the subpoena] to the named person' . . . can include methods of service other than direct, hand-over-hand personal service").[5]

Service of the Subpoenas by the methods described above is appropriate under Rule 45.  This is particularly so given that Plaintiff's hired process servers have made extensive and repeated –

---

[5]   *See also King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("the court sees no reason for requiring in hand delivery . . . so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness"); *Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016) (finding alternative service proper under Rule 45).

4879-6525-9035.v1

albeit unsuccessful – efforts to personally serve Mr. Currier. Service of the Subpoenas by alternative means is proper because it will provide him with timely and fair notice to object and will ensure the Federal Rules of Civil Procedure are not used as a shield for a witness who may be attempting to evade service. *See Moran*, 2008 WL 1815535, at *1 (denying motion to quash subpoena that was served by leaving it at the front door of the non-party's address); *Collins v. Trans Union, LLC*, 2015 WL 1932044, at *3 (D. Colo. Apr. 28, 2015) (denying motion to quash document subpoena sent via certified mail); *Zurixx*, 2020 WL 9255400, at *2 (finding the "multiple means of service proposed by Plaintiffs – email, certified mail to [the non-party's] residential address, and leaving a copy of the subpoena at the same address – are reasonably calculated to ensure actual receipt of the subpoena").[6]

Further, Mr. Currier's testimony is highly relevant to Plaintiff's case. Mr. Currier was Maxar's Senior Vice President of SSL Business Development during the relevant time period. In that role, Mr. Currier interacted regularly with Maxar's highest-level executives including defendant Howard Lance, on matters including the declining GeoComm satellite market and Maxar's disappointing internal forecasts of its GeoComm satellite business.[7] For instance, following Mr. Lance's "███████████" during a May 4, 2018 business review meeting, Mr. Currier candidly explained to SSL's President (Dario Zamarian) that "███████████████████████████████ ███████████████████████████." MAXAR_0257974. Mr. Currier also worked closely

---

[6]    *See also Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, 2019 WL 3208114, at *3-*4 (D. Ariz. July 16, 2019) (permitting the following forms of service: (1) overnight FedEx to a personal address; (2) overnight FedEx to an office address; (3) e-mail to a personal e-mail address; and (4) e-mail to the individual's counsel).

[7]    For instance, on August 10, 2017, Mr. Currier observed: "██████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████" MAXAR_0089842

- 8 -

4879-6525-9035.v1

with Bain & Co. ("Bain") in 2017 and 2018, as Bain consulted Maxar regarding its dismal financial outlook and technological disadvantages in the GeoComm market. As part of his interactions at Maxar, Mr. Currier discussed with Mr. Zamarian defendant Lance's observation that Maxar's GeoComm satellite " ████████████████████ ," as well as another executive's admission " █████████████████████ ." MAXAR_0094645. Mr. Currier also has relevant information regarding other matters at issue in this case, including Maxar's massive layoffs in 2017 and 2018, as well as the AMOS-8 satellite.[8]

In light of Plaintiff's demonstrably diligent efforts to serve Mr. Currier, whom appears to be evading service, Plaintiff respectfully requests that the Court permit service of Mr. Currier's Subpoenas via the methods proposed above. *See Kriegman v. Mirrow*, 2019 WL 13094172, at *2 (D. Colo. June 17, 2019) (granting motion to serve subpoenas via certified mail and delivery to the recipients' address, noting "the cost and delay that would result from requiring further attempts at personal service would be unduly burdensome"); *Amann v. Off. of the Utah Att'y Gen.*, 2021 WL 494032, at *2 (D. Utah Oct. 25, 2021) (service of subpoena by email satisfied Rule 45 where the non-party could not be served in person despite "diligent attempts"); *Fujikura v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (holding that courts are "more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service").[9]

---

[8]  For instance, on November 19, 2017, Mr. Currier observed that ████████████ ████████████████████████████████████████████████████████ ." MAXAR_0089472.

[9]  *See also In re: Ex Parte Application of Pro-Sys Consultants & Neil Godfrey*, 2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016) (finding that diligent effort had been made to effectuate personal

The alternative methods Plaintiff propose are "reasonably calculated under the circumstances to provide" Mr. Currier with "notice and an opportunity to present objections." *Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 WL 1844056, at \*4 (N.D. Cal. Apr. 9, 2015); *see also Moran*, 2008 WL 1815535, at \*5 ("The obvious purpose of Rule 45(b) is to mandate effective notice to the subpoenaed party, rather than 'slavishly adhere to one particular type of service.' . . . Thus, it is clear from the protections provided in Rule 45 that when a non-party receives actual notice, as Dagenhart did in this case, that party can protect itself from being compelled to give deposition testimony simply by filing objections as Mr. Dagenhart has done in this case.).

Indeed, courts routinely find by these means service comports with due process. *See, e.g.*, *Collins*, 2015 WL 1932044, at \*4 (mailing subpoena to recipient via certified mail "constituted sufficient notice under the Rule"); *Green v. Baca*, 2005 WL 283361, at \*1 n.1 (C.D. Cal. Jan. 31, 2005) (same (collecting cases)); *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) ("We see no reason to inflate the costs of litigation by ruling out [certified mail as a] sensible option for serving a subpoena . . . at least in the absence of any language in the Rule that compels such a result.").

Finally, service of the Subpoenas via Mr. Currier's personal e-mail address is valid, as it is the most likely method of service to reach Mr. Currier as "such communication has been zealously embraced within the business community." *See, e.g.*, *Amann*, 2021 WL 494032, at \*2 ("under the circumstances, service by email is a means reasonably calculated to ensure actual receipt of the subpoena"); *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) ("we conclude not

---

service as the process server attempted service at a residence on eight separate occasions); *Hinds v. Bodie*, 1988 WL 33123, at \*1 (E.D.N.Y. Mar. 22, 1988) (ordering service by alternative means after "five unsuccessful attempts to personally serve . . . a deposition subpoena").

- 10 -

only that service of process by email was proper – that is, reasonably calculated to apprise RII of the

pendency of the action and afford it an opportunity to respond – but in this case, it was the method of

service most likely to reach RII"); *Smash Pictures v. Does 1-265*, 2012 WL 761936, at *3 (E.D. Cal.

Mar. 7, 2012) (permitting service "using any reasonable means" including "e-mail notice"), *vacated

on other grounds* by *Pictures v. Does 1-265*, 2012 WL 12884425 (E.D. Cal. June 14, 2012).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court grant Plaintiff's

motion.

DATED:  April 27, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN (017965)
TRIG R. SMITH
CHRISTOPHER D. STEWART
NICOLE Q. GILLILAND
PATTON L. JOHNSON


                                s/ Christopher D. Stewart
                            CHRISTOPHER D. STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
trigs@rgrdlaw.com
cstewart@rgrdlaw.com
ngilliland@rgrdlaw.com
pjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 11 -

4879-6525-9035.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 27, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  cstewart@rgrdlaw.com

4879-6525-9035.v1

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Kate Mie Ikehara**
  kikehara@omm.com,kate-ikehara-0705@ecf.pacerpro.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Christopher Dennis Stewart**
  cstewart@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

- **Jonathan Bryce Waxman**
  jwaxman@omm.com,jonathan-waxman-8134@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Phillup G  Newhope
,

Logan Durant
,

Michael W Slaunwhite
,