IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

     Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

     Defendants.

---

**LEAD PLAINTIFF'S OPPOSED MOTION TO TAKE TWENTY DEPOSITIONS**

---

**[REDACTED]**

4877-9565-2883.v1

# TABLE OF CONTENTS

**Page**

I.      SUMMARY OF THE ACTION ............................................................................1

II.     LEGAL STANDARD...........................................................................................2

III.    ARGUMENT .......................................................................................................3

      A.      Securities Fraud Class Actions, Particularly Those Involving Allegations
          of Accounting Impropriety, Regularly Require Far More than 10
          Depositions ................................................................................................3

      B.      The Following Individuals Have Unique Knowledge of Facts Necessary
          for Plaintiff to Prove Its Claims ...............................................................5

          1.      Rich Currier .................................................................................6

          2.      Nick Cyprus .................................................................................7

          3.      Paul Estey....................................................................................7

          4.      Jason Gursky ................................................................................8

          5.      Darren Hoegler.............................................................................9

          6.      Howard Lance ..............................................................................9

          7.      Angela Lau...................................................................................9

          8.      William McCombe........................................................................10

          9.      Jose Torres ..................................................................................10

          10.     Paul Wilkinson............................................................................11

          11.     Jill Windrum ...............................................................................11

          12.     Anil Wirasekara ..........................................................................12

          13.     Dario Zamarian ...........................................................................12

          14.     KPMG Canada:  Phil Dowad.......................................................13

          15.     KPMG US:  Michael Kraehnke ...................................................13

          16.     Bain & Company:  Tina Radabaugh............................................14

          17.     Duff & Phelps:  Judd Schneider..................................................14

IV.     CONCLUSION....................................................................................................15

- i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bettis v. Envision Healthcare Corp., et al.*,
No. 3:17-CV-01112 (M.D. Tenn. July 14, 2021) ............................................................. *passim*

*Buettgen v. Harless*,
No. 3:09-cv-00791-K (N.D. Tex. Oct. 7, 2011) ......................................................................3

*In re Dell Inc.*,
2010 U.S. Dist. LEXIS 58281 (W.D. Tex. June 11, 2010) ......................................................3

*In Re: Lehman Bros. Sec. and ERISA Litig.*,
No. 09-md-02017 (S.D.N.Y. Jan. 23, 2013) ...............................................................................3

*In re Weatherford Int'l Sec. Litig.*,
2013 U.S. Dist. LEXIS 153011 (S.D.N.Y. Oct. 24, 2013) .......................................................3

*MedCorp, Inc. v. Pinpoint Techs., Inc.*,
2008 U.S. Dist. LEXIS 104421 (D. Colo. Dec. 12, 2008).......................................................2

*Royal Crest Dairy, Inc. v. Cont'l W. Ins. Co.*,
2021 U.S. Dist. LEXIS 64242 (D. Colo. Jan. 20, 2021)..........................................................2

*S.F. Health Plan v. McKesson Corp.*,
264 F.R.D. 20 (D. Mass. 2010)................................................................................................2

*SEC v. Goldfield Deep Mines Co.*,
758 F.2d 459 (9th Cir. 1985) ...............................................................................................6, 7

*SEC v. Zachariah*,
2009 U.S. Dist. LEXIS 144979 (S.D. Fla. May 21, 2009) .......................................................3

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
Rule 16......................................................................................................................................2
Rule 16(b)(4).............................................................................................................................2
Rule 26......................................................................................................................................2
Rule 26(b)(1).............................................................................................................................2
Rule 26(b)(2).............................................................................................................................2
Rule 30(a)(2).............................................................................................................................2

4877-9565-2883.v1

Pursuant to Rules 16, 26 and 30 of the Federal Rules of Civil Procedure, and Local Civil Rule 7.1, Lead Plaintiff and Class Representative Oregon Employers Pension Trust Fund ("Plaintiff") respectfully submits this Motion to Take Twenty Depositions ("Motion").[1]

## I.    SUMMARY OF THE ACTION

Plaintiff alleges Defendants failed to take a timely impairment charge for the SSL/GeoCom (hereinafter referred to as "GeoCom") satellite business because Defendants knew the business had been exhibiting several indicators of impairment prior to and throughout the Class Period. *See* ECF 44, ¶¶54-142; *see also* ECF 69, at 24-25.

Plaintiff also alleges that Defendants misled investors regarding the contingent nature of the early 2018 AMOS-8 satellite award. ECF 44, ¶¶157-159. As Maxar senior management foresaw in late 2017, Maxar would most likely never build AMOS-8 because that contract would likely be awarded to an Israeli satellite manufacturer. *See* Ex. A at 1. To the surprise of investors months later, that is precisely what happened. ECF 44, ¶¶101-184.

This is a complex securities class action involving technical accounting violations regarding the operational status and market value of GeoCom. There are numerous percipient witnesses who observed and reported scores of facts indicating that GeoCom had been impaired since 2017.

On April 11, 2022, depositions in this action finally commenced. As the Court is aware, Plaintiff originally argued for a total of 26 depositions. ECF 137. In a good faith effort to narrow

---

[1]    Pursuant to D.C. COLO. LCivR 7.1, between December 1, 2021 and February 25, 2022, the parties have spent significant time meeting and conferring regarding the relief Plaintiff seeks here. ECF 137, at 2-3. On March 8, 2022, the Court granted Plaintiff permission to file this Motion. ECF 138, at 3.

- 1 -

4877-9565-2883.v1

the scope of its original request, however, Plaintiff seeks only 20 depositions – just seven more than Defendants concede should be taken.

The stakes in this case are significant:  Should this case go to trial, Defendants face a potential jury verdict awarding damages in excess of $200 million.  Defendants are sophisticated, and represented by capable defense counsel.  Maxar currently has a market capitalization of approximately $2.5 billion.  As such, the relief Plaintiff seeks here is proportional to the needs of the case.[2]  The Court should grant Plaintiff's motion.

## II.    LEGAL STANDARD

When a party seeks leave of court to take more than 10 depositions, a court may "grant leave to the extent consistent with Rule 26(b)(1) and (2)."  Fed. R. Civ. P. 30(a)(2).  And "[u]ltimately, the scope of discovery under Rule 26 is broad."  *Royal Crest Dairy, Inc. v. Cont'l W. Ins. Co.*, 2021 U.S. Dist. LEXIS 64242, at *30-*31 (D. Colo. Jan. 20, 2021).  Under Rule 26, parties may obtain discovery of any non-privileged information that is both relevant and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

Further, under Rule 16, a party may modify the deposition limits set in a scheduling order upon a showing of good cause.  *See* Fed. R. Civ. P. 16(b)(4); *MedCorp, Inc. v. Pinpoint Techs., Inc.*, 2008 U.S. Dist. LEXIS 104421, at *3 (D. Colo. Dec. 12, 2008); *see also S.F. Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 20-21 (D. Mass. 2010) (noting "opposing counsel is not always the best judge of the other party's needs in litigation").

---

[2]    On April 28, 2022, the State Action plaintiffs submitted a list of 23 potential additional deponents to Defendants' counsel.  Included in this list were 17 unique potential deponents that are not included in Plaintiff's list of the proposed deponents in Exhibit A where the Federal Action and State Action would coordinate.  As such, Plaintiff's request of 20 witnesses is roughly only half of the 37 depositions that the State Action plaintiffs expect to take.

- 2 -

4877-9565-2883.v1

III.    **ARGUMENT**

As demonstrated below, Plaintiff has sufficient good cause for 20 depositions.

A.    **Securities Fraud Class Actions, Particularly Those Involving Allegations of Accounting Impropriety, Regularly Require Far More than 10 Depositions**

"Securities actions are generally large and complex cases involving difficult financial and accounting issues" that are "'notoriously difficult and unpredictable'" to prove.  *In re Dell Inc.*, 2010 U.S. Dist. LEXIS 58281, at *23, *51 (W.D. Tex. June 11, 2010).  District courts regularly order, and indeed parties typically agree to, increasing the number of fact depositions at the outset in these cases.  *See, e.g.*, *In re Weatherford Int'l Sec. Litig.*, 2013 U.S. Dist. LEXIS 153011, at *8-*9 (S.D.N.Y. Oct. 24, 2013) (26 depositions); *SEC v. Zachariah*, 2009 U.S. Dist. LEXIS 144979, at *6 (S.D. Fla. May 21, 2009) ("it is illogical to think that ten depositions would suffice"); Joint Report Regarding Contents of Scheduling Order at 4, *Buettgen v. Harless*, No. 3:09-cv-00791-K (N.D. Tex. Oct. 7, 2011) (ECF 137) (parties' 30 deposition agreement); Pretrial Order, *In Re: Lehman Bros. Sec. and ERISA Litig.*, No. 09-md-02017 (S.D.N.Y. Jan. 23, 2013) (ECF 1130) (80 deposition days); Order, *Bettis v. Envision Healthcare Corp., et al.*, No. 3:17-CV-01112 (M.D. Tenn. July 14, 2021) (ECF 318) (50 depositions).

Here, Plaintiff must establish Defendants' false and misleading statements and their intent to deceive investors in the context of a misapplication of International Financial Reporting Standards ("IFRS").  *See* ECF 44, ¶¶25-53, 157-171.  Defendants Howard L. Lance and Anil Wirasekara relied on Maxar technical accountants, the Company's outside auditors and other financial professionals for the purpose of complying with those accounting standards and ensuring the Company's financial statements were accurate and complete.  *See* Ex. B at 3-4.  Defendants also communicated with

- 3 -

numerous GeoCom sales, strategic and operational executives, as well as outside consultants, regarding the financial, operational, and competitive challenges facing GeoCom throughout 2017 and 2018. *See generally* Ex. A.

Plaintiff originally asked the Court for a total of 26 depositions. ECF 137, at 17-25. Based on the depositions of SSL's acting Controller during the Class Period (Ms. Harrah), and the Company's PwC-based consultant (Mr. Weber), it is apparent that all impairment testing and decision making regarding whether any indicator of impairment existed for GeoCom ███████ ███████████████████████████████████████████████.[3] As such, Plaintiff has concluded that further testimony from lower-level GeoCom accounting and financial planning personnel is not necessary.

The table below reflects the 20 individuals Plaintiff has identified as necessary witnesses to prove its claims at trial.

| Proposed Deponent | Organization Association | Deposition Date[4] |
|---|---|---|
| **Maxar/GeoCom Employees/Officers** | | |
| Rich Currier | GeoCom | June 16, 2022* |
| Nick Cyprus | Maxar | |

---

[3] For instance, Ms. Harrah testified Maxar's ███████████ was responsible for impairment testing of SSL's assets. *See* Ex. C (Harrah Tr.) at 118:10-13 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[4] Dates entered into the "Deposition Date" column reflect the parties' prior agreement that these depositions may proceed without a Court order. A bolded date in the "Deposition Date" column reflects a deposition that has been completed by the Federal Action Plaintiff. A date with a bolded asterisk indicates a tentative deposition date.

- 4 -

4877-9565-2883.v1

| Paul Estey | GeoCom | May 19, 2022 |
|---|---|---|
| Jason Gursky | Maxar | May 23, 2022 |
| Theresa Harrah | GeoCom | **April 21, 2022** |
| Darren Hoegler | Maxar | |
| Howard Lance | Maxar | |
| Angela Lau | Maxar | |
| William McCombe | Maxar | May 13, 2022 |
| Bruce Stephenson | Maxar | **May 9, 2022** |
| Jose Torres | Maxar | June 2, 2022 |
| Lance Weber | PwC and GeoCom | **April 11, 2022** |
| Paul Wilkinson | GeoCom | |
| Jill Windrum | Maxar | |
| Anil Wirasekara | Maxar | |
| Dario Zamarian | GeoCom | June 9, 2022 |
| **Third Parties** | | |
| Phil Dowad | KPMG Canada | June 15, 2022* |
| Michael Kraehnke | KPMG US | July 19, 2022* |
| Tina Radabaugh | Bain & Company | May 26, 2022 |
| Judd Schneider | Duff & Phelps | June 23, 2022 |

### B.   The Following Individuals Have Unique Knowledge of Facts Necessary for Plaintiff to Prove Its Claims

Plaintiff contends it is necessary to depose the 17 individuals identified below.[5]  Several

proposed non-party deponents, such as Phil Dowad (KPMG Canada), Michael Kraehnke (KPMG

US), and Judd Schneider (Duff & Phelps) were the Company's auditors or consultants on which

---

[5]   Because Ms. Harrah, Mr. Stephenson and Mr. Weber's depositions have been completed in the Federal Action, Plaintiff will not make a good cause showing for them in this Motion.  To the extent the Court would like to review Plaintiff's justification for those depositions, see Ex. A at 7-8 (Harrah), 13-14 (Stephenson), and 16-17 (Weber).

4877-9565-2883.v1

Defendants have stated they will rely upon in support of their good faith defense.[6] *See* Ex. B at 3-4. The other non-party, Tina Radabaugh, was part of the Bain & Company consulting team Maxar retained during 2017 and 2018 to address GeoCom's operational challenges. With regard to the remaining 14 witnesses, all current or former Maxar employees, Plaintiff believes it is necessary to depose them about their own emails and documents reflecting their personal thoughts and written statements regarding GeoCom challenges that are relevant to the question of whether GeoCom was, in fact, impaired prior to third quarter of 2018 ("3Q18"). Each individual's deposition is also necessary to test whether their own personal thoughts and observations were provided to Defendants' auditors and consultants in connection with the work they did for Maxar in 2017 and 2018. *See SEC v. Goldfield Deep Mines Co.*, 758 F.2d 459, 467 (9th Cir. 1985) (noting that in asserting good faith reliance upon professionals (whether an accountant or lawyer), it is the defendant's burden to establish that "a complete disclosure" was made to the professional).

### 1.    Rich Currier

Mr. Currier was the SVP of GeoCom Business Development prior to and during the Class Period. *See* Ex. A at 1. Mr. Currier directly interacted with defendant Lance and Maxar's Board regarding potential GEO satellite sales, financial outlook, and industry trends. On August 10, 2017, for example, Mr. Currier noted in an email that █████████████████████████

---

[6]    Plaintiff believes Defendants will also rely on Mr. Weber, a PwC accountant, in support of their good faith defense. Defendants' January 31, 2022 Supplemental Initial Disclosures list Mr. Weber as Maxar's Senior Director of Accounting. However, Mr. Weber did not ██████████
███████████████████████████████████████████
███████████████████████████████████████████
███████. Ex. D (Weber Tr.) at 18:12-19, 39:2-40:1.

██████████████████████████████████████████████████████████████ Ex.
A at 1. This issue is critical to Plaintiff's case. By 2017, Maxar had acknowledged that it was way behind its competition in developing a ██████████████████████████████, which is an enumerated indicator of impairment. *See* IAS 36, ¶12(b) (relevant excerpt attached hereto as Ex. E). Mr. Currier also interacted directly with Bain & Company ("Bain") regarding Bain's 2017 consulting work to address GeoCom challenges (including the ██████████).

### 2.    Nick Cyprus

Mr. Cyprus was a member of Maxar's Board of Directors ("BOD") and the Chair of the Audit Committee. Ex. A at 2. After Spruce Point issued its report accusing Maxar of engaging in accounting fraud, the Audit Committee, under Mr. Cyprus's supervision, conducted an investigation. ECF 44, ¶179. Mr. Cyrus's testimony is necessary. For instance, this is an accounting fraud case and Mr. Cyprus led the Company's investigation of Spruce Point's August 7, 2018 allegations of accounting fraud. Secondly, the Audit Committee interacted with the Company's auditors – both KPMG Canada and KPMG US – regarding the appropriate accounting treatment for the GeoCom impairment in 3Q18. Among other things, Plaintiff needs to depose Mr. Cyprus about the Company's October 31, 2018 disclosure stating Maxar took an impairment charge in 3Q18 in large part because the Company only began "assessing" a potential sale of GeoCom in August 2018. Yet, Maxar's BOD, including Mr. Cyprus, gave defendant Lance ██████████████████████ ██. *Id.* at 10.

### 3.    Paul Estey

Mr. Estey was the COO of GeoCom. *Id.* at 3. Mr. Estey has direct knowledge of GeoCom operations, and the status of GeoCom's sales backlog. Mr. Estey was involved in strategic and

- 7 -

steering committee meetings, and worked directly with defendant Lance.  Ex. A at 4-6.  Defendants

have also identified Mr. Estey as having information relevant to Defendants' defenses.  *Id.* at 4.  Mr.

Estey has direct knowledge of the massive GeoCom layoffs in 2017, ██████████████████

██████████████████████████.  *Id.* at 4-5.  Mr. Estey has direct knowledge of how

the Company viewed the March 2018 AMOS-8 award.  For example, on March 16, 2018, Mr. Estey

remarked: ███████████████████████████████████████████  *Id.* at 5.

Further, in April 2018, Mr. Estey informed Bain that ███████████████████████

██████████████████████.  *Id.*

### 4.    Jason Gursky

Mr. Gurksy was Maxar's VP of Investor Relations throughout the Class Period.  *Id.* at 5.

Defendants have identified Mr. Gursky as a witness they may use to support their defenses at trial.

Ex. B at 3.  Mr. Gursky frequently interacted with defendant Lance regarding investor concerns

relating to the GeoCom business.  Ex. A at 5-7.  Mr. Gursky, therefore, will have knowledge of how

investors viewed the GeoCom business and what the market believed to be material.  On January 18,

2018, for example, Mr. Gursky sent an email to defendant Lance ██████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████  *Id.*  By way of further example, on July

31, 2018, Mr. Gursky remarked, ████████████████████████████████

█████████████████████████████████████████  *Id.* at 6.

4877-9565-2883.v1

### 5.    Darren Hoegler

Mr. Hoegler was Maxar's assistant controller until March 2018. Ex. A at 8. Mr. Hoegler has direct knowledge regarding the work Duff & Phelps did regarding Maxar's goodwill impairment testing as of December 31, 2017. *Id.* Notably, Duff & Phelps also conducted several valuations that included GeoCom as part of the goodwill impairment testing. *Id.* at 9. Plaintiff needs to depose Mr. Hoegler regarding Maxar management's assumptions for these valuations, including the fact that Maxar had agreed ███████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████. On February 18, 2018, Mr. Hoegler sent an email to Duff & Phelps stating that Maxar's communications segment ████████████████████████████ ██████████████████████████████████ *Id.*

### 6.    Howard Lance

Mr. Lance is a named defendant in the case and he is identified as a person Defendants may use at trial to support their defenses. *Id.* at 9. For an example of the types of documents that defendant Lance authored which demonstrate GeoCom's assets had impairment indicators prior to and during the Class Period, see Ex. A at 9-10.

### 7.    Angela Lau

Ms. Lau is a critical witness to Plaintiff's case because in March 2018, she was involved with yet another Duff & Phelps valuation exercise for GeoCom, ██████████████████████ ████████████████████████. *Id.* at 10-11. Notably, as part of the valuation, Duff & Phelps utilized a discount rate of ████████████████████████████████████████

- 9 -

████████████████████████. Ex. A at 11. It is necessary for Plaintiff to obtain Ms. Lau's testimony on this critical GeoCom valuation.

### 8.     William McCombe

Mr. McCombe was Maxar's CFO until his sudden "resignation" in February 2018. ECF 44, ¶¶220-223. According to Maxar's February 26, 2018 press release, defendant Lance reported that Mr. McCombe "left us in good position following completion of our year-end audit and regulatory filings." Ex. F. However, at the same time, defendant Lance informed ███████████████ ████████████████████████████████. *See* Ex. A at 13. Mr. McCombe has direct knowledge of how Maxar conducted its testing of GeoCom impairment during the close of the Company's 2017 books. *Id.* at 11-13. Mr. McCombe has personal knowledge of efforts at Maxar █ ████████████████████████████████████ ████████████████████████████ *Id.* at 12. Mr. McCombe also has direct knowledge of Maxar contemplating, in late 2017 and early 2018, █ ████████████████████████████████████ ████████████. *Id.*

### 9.     Jose Torres

Mr. Torres was Maxar's Chief Accounting Officer during the Class Period. *Id.* at 14. Mr. Torres has direct knowledge of the accounting issues relevant in this case, including Maxar's impairment testing at year-end 2017 and each quarter during 2018. *Id.* at 14-16. Mr. Torres was involved in preparing the Company's 1Q18 through 3Q18 financial statements that are at the heart of Plaintiff's falsity case. *Id.* Mr. Torres apparently informed then CFO William McCombe in late 2017 that ████████████████████████████████████

4877-9565-2883.v1

██████████████████████████████████████████████████. Ex. A at 20. Mr. Torres has direct knowledge regarding the Company's decision to retain PwC in May 2018 ████████████████████ ██████████████████████████████████████████. *Id.* at 15.

### 10. Paul Wilkinson

Mr. Wilkinson served as a GeoCom employee and consultant prior to and during the Class Period. *Id.* at 17. Mr. Wilkinson has direct knowledge of GeoCom's deteriorating financial performance in 2018 and the impairment implications of that poor financial performance. *Id.* at 17-18. Mr. Wilkinson also responded to securities analyst questions regarding GeoCom and accounting changes and, thus, has insight into what investors believed to be material regarding the GeoCom business during the Class Period. For instance, on October 31, 2018, Mr. Wilkinson remarked that it was ████████████████████████████████████████████████████ ████████████████████████████████████████████. *Id.* at 18. Importantly, Wilkinson will have a unique perspective from other Maxar accountants because he is a former KPMG Canada partner who used to audit Maxar's predecessor, MacDonald Dettwiler & Associates.

### 11. Jill Windrum

Ms. Windrum was Maxar's Senior Director of Technical Accounting during the Class Period. *Id.* at 18. Ms. Windrum was involved in all accounting aspects of this case. Ms. Windrum was responsible for the testing for GeoCom impairment indicators in first and second quarter 2018 ("1Q18" and "2Q18"). *Id.* at 18-20. Ms. Windrum was directly involved in determining what the ***appropriate*** accounting treatment for the GeoCom 3Q18 impairment should have been (*i.e.*, a restatement or current period charge). Specifically, on October 12, 2018, Ms. Windrum remarked: █



Ex. A at 19.  Kristal

Schwarz, who was working with Ms. Windrum on the GeoCom debacle at the time, also noted: ███

*Id.*

####     12.     **Anil Wirasekara**

Mr. Wirasekara is a named defendant in the case and he is identified as a person Defendants may use at trial to support their defenses.  *Id.* at 20.   For an example of the types of documents that defendant Wirasekara authored which demonstrate GeoCom's assets had impairment indicators prior to and during the Class Period, *see id.* at 20-21.

####     13.     **Dario Zamarian**

Mr. Zamarian was the President of GeoCom prior to and throughout the Class Period. *Id.* at 21.  Mr. Zamarian has direct knowledge of Maxar's efforts to find a potential buyer of GeoCom, as well as numerous indicators of impairment for the GeoCom business.  In November 2017, Mr. Zamarian warned another GeoCom executive that ████████████████████ ████████████████████ *Id.*  In December 2017, Mr. Zamarian noted that Maxar's plan to develop ████████████ *Id.*  On March 18, 2018, Mr. Zamarian noted ████████████████████ ████████████████████ ████████████████████?"  *Id.*  Four days later, Mr. Zamarian confirmed Maxar's ████████████████████ ████████████████████

4877-9565-2883.v1

████████████████████████████████████████████████ Ex. A at 22. It

will be necessary for Plaintiff to depose Mr. Zamarian about his Class Period personal observations

and statements regarding the status of GeoCom, as well to ask him whether he shared any of that

information with Maxar's accountants or consultants.

### 14. KPMG Canada: Phil Dowad

Defendants have identified KPMG Canada in its initial disclosures and has confirmed that

they will rely on KPMG Canada's professional advice to counter Plaintiff's allegations of scienter

and falsity. Ex. B at 4. Mr. Dowad was the engagement partner for the audit of Maxar's 2017

financial results and during the review of Maxar's 1Q18 financial results. Ex. A at 22. During the

audit of Maxar's 2017 financial statements, KPMG Canada conducted a ███████████████

████████████████████████████████████████████████

███████████████████████. *Id.* at 23. Further, Maxar's impairment testing procedures were

apparently a ████████████████████████████████████████. *Id.* at 22. Plaintiff needs

to show Mr. Dowad reams of evidence during his deposition indicating that GeoCom was already

impaired as of December 31, 2017 and inquire of him whether Maxar ever disclosed that information

to KPMG Canada during that audit or during the 1Q18 review.

### 15. KPMG US: Michael Kraehnke

Defendants have identified KPMG US in its initial disclosures and has confirmed that they

will rely on KPMG US's professional advice to counter Plaintiff's allegations of scienter and falsity.

Ex. B at 3-4. Mr. Kraehnke was the engagement partner for the review of Maxar's 2Q18 and 3Q18

4877-9565-2883.v1

financial statements.[7] Ex. A at 23. During KPMG US's work in 2018, Mr. Kraehnke observed ███

████████████████████████████████████████████████. *Id.* at 24. Similarly, Plaintiff

needs to show Mr. Kraehnke substantial evidence indicating that GeoCom was already impaired as

of December 31, 2017, and test whether Maxar disclosed any of that information to KPMG US

during its 2Q18 or 3Q18 reviews.

### 16.    Bain & Company:  Tina Radabaugh

Throughout 2017 and for most of 2018, Bain consulted with Maxar regarding the financial

and technological challenges facing GeoCom. *Id.* at 25-26. Ms. Radabaugh is a Bain partner and

functionally led Bain in its work for Maxar. With respect to the ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. A at 25. An

October 2017 Bain presentation further observed: ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ *Id.* Plaintiff would also like to depose Ms.

Radabaugh about her May 14, 2018 email to defendant Lance instructing Maxar to either ████████

████████████████████████████████ *Id.* at 25-26.

### 17.    Duff & Phelps:  Judd Schneider

The deposition of Duff & Phelps is necessary for an obvious reason: Duff & Phelps is the

entity that performed valuations of GeoCom for the Company between late 2017 and April 2018.

Ex. A at 26-27. Further, Defendants will point to this work and claim innocence in the case as they

---

[7]    The fact Maxar switched auditors in the middle of the Class Period is another reason that Plaintiff's request for 20 depositions is reasonable as both audit partners from KPMG Canada and KPMG US need to be deposed.

have identified Duff & Phelps as an entity they will rely on to counter Plaintiff's allegations of

falsity and scienter.  Ex. B at 3.  It will be necessary for Plaintiff to ask Mr. Schneider about his

February 18, 2018 email in which he observed that ███████████████████████████

███████████████████████████████.  Ex. A at 26.  It will also be necessary to

ask Mr. Schneider about an April 24, 2018 email ███████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

*Id.* at 26-27.

## IV.    CONCLUSION

For the reasons stated herein, the Court should grant Plaintiff's motion for 20 depositions.

DATED:  May 10, 2022                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP

                                                  s/ Trig R. Smith
                                        _____
                                              TRIG R. SMITH
                                        SPENCER A. BURKHOLZ
                                        HENRY ROSEN (017965)
                                        TRIG R. SMITH
                                        NICOLE Q. GILLILAND
                                        PATTON L. JOHNSON
                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101
                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)
                                        spenceb@rgrdlaw.com
                                        henryr@rgrdlaw.com
                                        trigs@rgrdlaw.com
                                        ngilliland@rgrdlaw.com
                                        pjohnson@rgrdlaw.com

                                        *Lead Counsel for Lead Plaintiff*

- 15 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 10, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Trig R. Smith
TRIG R. SMITH

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  trigs@rgrdlaw.com

4877-9565-2883.v1

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Kate Mie Ikehara**
  kikehara@omm.com,kate-ikehara-0705@ecf.pacerpro.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Jeffrey James Stein**
  jstein@rgrdlaw.com

- **Christopher Dennis Stewart**
  cstewart@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

- **Jonathan Bryce Waxman**
  jwaxman@omm.com,jonathan-waxman-8134@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Phillup G  Newhope**
,

**Logan Durant**
,

**Michael W Slaunwhite**
,