# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

**DEFENDANTS' AMENDED INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)**

---

Defendants Maxar Technologies Inc. ("Maxar" or the "Company"), Howard L. Lance, and Anil Wirasekara (collectively, "Defendants"), by and through their undersigned counsel, hereby submit these amended initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.  By making these disclosures, Defendants do not concede the relevance or admissibility of any of the information provided, nor waive the assertion of any applicable privilege or other proper bases upon which information may be withheld.  Defendants reserve the right to object to any subsequent discovery request by Plaintiff, even if directed to subject matters described herein.  These amended initial disclosures are based on information reasonably available to Defendants at this time.  Defendants reserve the right to supplement or amend these disclosures in light of further discovery and investigation, but do not assume any obligation to do so beyond that imposed by the Federal Rules of Civil Procedure.

Defendants construe the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure not to require the production of any information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure, or that constitute settlement communications regarding this matter. Defendants intend to and do assert a privilege with respect to all such information and documents, and inadvertent disclosure thereof shall not constitute a waiver of any such privilege.

Defendants do not waive their right to retain consultants and to designate testifying experts who may rely upon documents or information not identified below.

## I.    Individuals With Discoverable Information – Rule 26 (a)(1)(A)(i)

Based on information currently available to Defendants, each of the following current and former Maxar employees is likely to have discoverable information that Defendants may use in support of their defenses to the allegations in Plaintiff's Consolidated Complaint, including information related to Maxar's filings with the Securities and Exchange Commission ("SEC"), accounting related to GeoComm, and AMOS-8.  The inclusion of any name on this list is not an affirmation by Defendants that any individual in fact possesses such information.  Each of these

2

individuals should be contacted, if at all, through counsel for Defendants: O'Melveny & Myers

LLP, 400 South Hope Street, Los Angeles, California 90071, (213) 430-8349.

1. Anil Wirasekara (Former Interim Chief Financial Officer)

2. Ashley Smith (Senior Director, SOX & International Compliance)

3. Biggs Porter (Executive Vice President & Chief Financial Officer)

4. Howard Lance (Former President and Chief Executive Officer)

5. Jason Gursky (Vice President, Investor Relations and Treasurer)

6. Jill Windrum (Vice President & Chief Financial Officer, Earth Intelligence)

7. Lance Weber (Senior Director, Accounting)

8. Nancy Coleman (Senior Vice President & Chief Communications and Marketing Officer)

9. Paul Estey (Senior Vice President, SSL)

10. Panayiotis Theophanous (VP of Marketing & Sales)

Based on information currently available to Defendants, each of the following individuals

identified as third parties are likely to have discoverable information that Defendants may use in

support of their defenses to the allegations in Plaintiff's Consolidated Complaint, including

information related to Maxar's filings with the Securities and Exchange Commission ("SEC"),

accounting related to GeoComm, and AMOS-8.  The inclusion of any name on this list is not an

affirmation by Defendants that any individual in fact possesses such information.  Each of these

individuals should be contacted, if at all, through their respective counsel identified below.

1. Judd Schneider (Duff and Phelps)

Winston and Strawn LLP, Bailey Brandon,

35 W. Wacker Drive, Chicago, IL  60601,

(312) 558-7963

2. Michael Kraehnke (KPMG US)

Lewis and Roca LLP, Caitlin McHugh,

1601 19th St., Suite 1000, Denver, CO 80202,

(303) 628-9588

3.      Phil Dowad (KPMG CANADA)

Osler, Hoskin & Harcourt LLP, Robert Carson

100 King Street West, 1 First Canadian Place, Toronto ON  M5X 1B8

(416) 862-4235

Defendants incorporate by reference all individuals disclosed by Plaintiff in its respective Rule 26(a)(1) disclosures to the extent they may possess information that Defendants may use to support their defenses.  In addition, Defendants reserve the right to seek and rely on discoverable information from sources identified in Plaintiff's subsequent discovery responses, whether or not those individuals are now known to Defendants.  Defendants further reserve the right to seek discovery from, and relating to, all other persons that may subsequently become known as persons likely to have discoverable information relevant to this matter, whether or not those individuals are now known to Defendants, and to call such persons as witnesses at trial.

In making these disclosures, Defendants do not waive their right to object, pursuant to the Federal Rules of Civil Procedure and Local Rules for the District of Colorado, to the deposition or testimony of any individual or entity, including those identified above.

## II.      Description of Discoverable Documents – Rule 26(a)(1)(A)(ii)

The following are descriptions, by category, of all documents, data compilations, and tangible things that Defendants may use to support their defenses in this lawsuit.  To the extent these amended initial disclosures entail the production of confidential Discovery Material as defined by a mutually agreeable Protective Order governing the protection and exchange of confidential information, such confidential Discovery Material will be produced subject to the Protective Order.

1.      Documents filed by Maxar with the SEC and other applicable regulatory authorities.

2.      Documents attached to or referenced in pleadings filed in this action.

3.      Maxar press releases and publications.

4

4.      Transcripts of Maxar conference calls with investors and analysts.

5.      Analyst reports, news articles, media reports, and other publications regarding the space technology industry, Maxar, Maxar's contracts, and the Spruce Point report.

6.      Documents reflecting the trading prices of Maxar and other space technology and related-industry stocks.

7.      Internal Maxar communications, notes, reports, memoranda, and presentations regarding Maxar's GeoComm business, to the extent relevant to the claims and defenses in this case.

8.      Communications between Maxar and Spacecom, internal Maxar communications, notes, reports, memoranda, and presentations regarding Spacecom and the AMOS-8 satellite to the extent relevant to the claims and defenses in this case.

Defendants incorporate by reference all documents, electronically stored information, an tangible things disclosed by Plaintiff in its respective Rule 26(a)(1) disclosures to the extent they contain information that Defendants may use to support their defenses. Defendants reserve the right to object to the relevance or admissibility of any documents if offered by Plaintiff for any purpose.

Defendants' evaluation of documents relevant to this matter and information that they may use to support their defenses is ongoing, and Defendants expressly reserve the right to supplement this identification of documents in accordance with the Federal and Local Rules. In addition to documents that Defendants produce, Defendants may rely on publicly available documents and on documents produced by Plaintiff, other putative class members, or third parties to support their defenses. Defendants make this disclosure without waiver of any privileges or work product protection. Moreover, production of these documents does not constitute a waiver to any objection or an admission that they are necessarily relevant or otherwise admissible in evidence.

**III.    Damages Computation – Rule 26(a)(1)(A)(iii)**

Defendants do not claim damages in this action.

**IV.      Insurance Agreements – Rule 26(a)(1)(A)(iv)**

Defendants have produced applicable insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

DATED:  January 31, 2022

*/s/ Matthew W. Close*
Matthew W. Close
Brittany Rogers
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
brogers@omm.com
mclose@omm.com

Jerome H. Sturhahn
Milton L. Smith
Peter G. Koclanes
Sherman & Howard LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
jsturhahn@shermanhoward.com
msmith@shermanhoward.com
pkoclanes@shermanhoward.com

*Attorneys for Defendants Maxar Technologies Inc., Howard L. Lance, and Anil Wirasekera.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2022, I caused to be served a true and

correct copy of the foregoing DEFENDANTS' AMENDED INITIAL DISCLOSURES

PURSUANT TO FED. R. CIV. P. 26(a)(1) via Email, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and

D.C.COLO.LCivR 5.3(c), on the following counsel for Plaintiff:

Nicole Gilliland
Spencer A. Burkholz
Henry Rosen
Trig R. Smith
Patton L. Johnson
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
ngilliland@rgrdlaw.com
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
trigs@rgrdlaw.com
pjohnson@rgrdlaw.com

*Attorneys for Lead Plaintiff*

*/s/ Joshua M. LeVasseur*

7