**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-0124-WJM-SKC
*Consolidated with Civil Action No. 19-cv-0758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

     Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

     Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE
OCTOBER 1, 2021 SCHEDULING ORDER**

---

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................ 1

FACTUAL BACKGROUND ........................................................................................................... 2

ARGUMENT .................................................................................................................................... 7

      I.      Plaintiff Can Complete 10 Depositions Under the Current Schedule.................... 7

      II.     The Bulk of the Delays Resulted from Plaintiff's Own Excessive
            Litigiousness and Failure to Follow Court Orders and Clear Case Law. .............. 9

CONCLUSION ............................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Sw. Fuel Mgmt., Inc.*,
2017 WL 8941165 (C.D. Cal. Sept. 19, 2017) ................................................................................ 9

*Advanced Optics Elecs., Inc. v. Robins*,
769 F. Supp. 2d 1285 (D.N.M. 2010) ....................................................................................... 9

*Brandt v. City of Westminster, Colorado*,
2016 WL 11383927 (D. Colo. Jan. 6, 2016) ............................................................................. 7

*Chapter 1, Retired Enlisted Ass'n, Inc. v. Auto-Owners Ins. Co.*,
2015 WL 2208189 (D. Colo. 2015) ......................................................................................... 7

*Curtis v. Lever Up Inc.*,
2021 WL 4947274 (D. Colo. Sept. 20, 2021) ........................................................................... 7

*Delarosa v. Coyote Pumping Servs., Inc.*,
2013 WL 2285779 (D. Colo. 2013) ......................................................................................... 8

*Dunfee v. Truman Capital Advisors, LP*,
2013 WL 5603258 (S.D. Cal. Oct. 11, 2013) ........................................................................... 8

*Maxtak Cap. Advisors, LLC v. Parker Vision, Inc.*,
2013 WL 12161858 (M.D. Fla. 2013) ...................................................................................... 9

*Medcorp, Inc. v. Pinpoint Techs., Inc.*,
2009 WL 1049758 (D. Colo. Apr. 20, 2009) ........................................................................... 7

*Strope v. Collins*,
315 F. App'x 57 (10th Cir. 2009) ........................................................................................... 10

**Rules**

Fed. R. Civ. P. 16(b)(4) .......................................................................................................... 7

**INTRODUCTION**

Plaintiff's Motion to Modify the Scheduling Order (the "Motion") is premised on the faulty assumption that the Court will grant Plaintiff's concurrently filed Motion to Take Twenty Depositions (Dkt. 157). As explained in Defendants' response to that motion, however, Plaintiff's request should be rejected because Plaintiff has failed to make a particularized showing to justify doubling the number of depositions set by both the Federal Rules and two different court orders in this case. If the Court denies Plaintiff's other motion, it does not need to decide this one. The current schedule provides ample time to complete 10 depositions, and Plaintiff does not argue otherwise. *See* Mot. at 4–5 (chart showing that Plaintiff has taken, scheduled, or expects to take at least nine depositions by the fact discovery deadline).

If the Court permits Plaintiff to take additional depositions, a three-month extension of the fact discovery, expert discovery, and dispositive motion deadlines is still unnecessary and unwarranted. The Court has already extended the fact discovery deadline once by six months— continuing the deadline from December 16, 2021 to June 17, 2022. *See* October 1, 2021 Minute Order (Dkt. 116). Defendants have offered an additional 30-day extension to accommodate scheduling concerns for the first 10 deponents Plaintiff seeks.

Plaintiff's accusations of delay and obfuscation are baseless. Defendants have participated in discovery cooperatively and in good faith at every turn.[1] When Defendants' counsel joined the case, they immediately began to negotiate a deposition coordination protocol to promote efficiency and conserve resources across two related cases. Plaintiff, not Defendants, held those negotiations hostage for three months in an attempt to extract an agreement for additional depositions. Plaintiff further prolonged resolution of the dispute by filing a "joint report" that violated one of this Court's prior Orders (Dkt. 127) and Practice Standards and

---

[1] Plaintiff has raised certain questions related to documents from a few custodians. Defendants are investigating and expect to resolve those questions very soon. The 30-day extension that Defendants have offered is sufficient to address any of these delays.

1

required further briefing.  *See* February 17, 2022 Minute Order (Dkt. 134) ("The directive to counsel was to submit a joint report.  However, Plaintiff included a separate, 26-page, explanation of the reasons why agreement could not be reached.").  And even before a deposition coordination protocol was in place, Plaintiff dragged its feet in providing priority witness names, meaning that Defendants could not begin an orderly scheduling process until weeks later.

Plaintiff's tactical decisions during discovery do not demonstrate good cause for an extension of the case schedule beyond the 30 days already offered by Defendants.  For these reasons and others, the Court should deny Plaintiff's request for a three-month extension of the deadlines set by the Court's Scheduling Order.

## FACTUAL BACKGROUND

In response to Plaintiff's baseless accusations that Defendants sought to "nullify" the previous schedule extension and enforce a "unilateral stay of depositions" (Mot. at 3), a brief overview of the parties' discovery efforts is needed:

- **October 28, 2020**: The Court issued a Scheduling Order setting December 16, 2021 as the fact discovery deadline and limiting each side to 10 depositions.  *See* Scheduling Order (Dkt. 77) at 7.

- **October 2020–September 2021**: The parties "served and responded to numerous requests for production and interrogatories," engaged in "extensive" negotiations over search terms and custodians, and Defendants produced approximately 45,000 documents to Plaintiff.  Joint Motion for Modification of Scheduling Order (Dkt. 114) at 2.

- **September 22, 2021**: The parties jointly requested a six-month extension of the fact discovery, expert discovery, and dispositive motion briefing deadlines for the parties to

2

"complete and review the document productions, serve additional written discovery, and schedule fact depositions of both party and non-party witnesses." *Id.*[2]

- **October 1, 2021**: The Court granted the parties' Joint Motion for a six-month extension of deadlines in the October 28, 2020 Scheduling Order, extending the fact discovery deadline from December 16, 2021 to June 17, 2022.  October 1, 2021 Minute Order (Dkt. 116).

- **October 18, 2021**: O'Melveny filed Entries of Appearance on behalf of Defendants (Dkt. 117–118) and filed a Notice of Related Cases (Dkt. 119) to make the Court aware of related litigation, including the action pending in Santa Clara County Superior Court, *In re Maxar Technologies Inc. Shareholder Litigation*, Case No. 19-cv-357070 (the "State Matter").

- **November 8, 2021**: Counsel for Defendants circulated a draft deposition coordination protocol to Plaintiff's counsel and counsel for plaintiff in the related State Matter to facilitate depositions, "encourage efficiency and avoid undue burden."  *See* Exhibit ("Ex.") A,[3] November 8, 2021 to December 28, 2021 Email Chain Between Plaintiff's Counsel and Defendants' Counsel, at 13.

- **November 19, 2021**: Defendants' counsel followed up with Plaintiff's counsel regarding the proposed deposition coordination protocol given that Plaintiff's counsel had not responded to the November 8 email.  *See id*. at 12.

---

[2] Plaintiff's contention that the "primary reason behind the Parties' September 22 request" related to purported data deletion is wrong.  Mot. at 2–3.  The September 22 Joint Motion speaks for itself, and it does not include any such representation.  *See* September 22 Joint Motion (Dkt. 114) at 2.

[3] Unless otherwise stated, all exhibits referenced herein are attached to the May 31, 2022 Omnibus Declaration of Brittany Rogers in Support of Defendants' Response to Plaintiff's Motion to Modify the October 1, 2021 Scheduling Order and Defendants' Response to Plaintiff's Motion to Take Twenty Depositions.

- **November 29, 2021**: Plaintiff's counsel sent its first complete counter-proposal. *See id*. at 9. Plaintiff's counter-proposal reflected Plaintiff's effort to extract unrelated concessions by including Plaintiff's request for 444 hours of deposition time, or 37 total depositions. Plaintiff's grossly over-reaching tactic, which was doomed to fail, was the cause of most of the inefficiencies and wasted effort over the following month. *Id*. Plaintiff should not be rewarded for that now.

- **November 29, 2021–December 27, 2021**: The parties met and conferred about the proposed deposition coordination protocol. Throughout this time, Plaintiff tried to leverage the deposition coordination process to expand its deposition limits beyond those provided by the Federal Rules and this Court's October 28, 2020 Scheduling Order (Dkt. 77).

- **December 27, 2021**: Plaintiff's counsel terminated negotiations over the coordination protocol. *See* Ex. A, at 2 ("Please be advised that plaintiff in the federal class action has concluded that further discussion of your clients' proposed deposition cooperation protocol will no longer be fruitful.").

- **December 29, 2021**: The parties called Magistrate Judge Crews' chambers to discuss the parties' disputes regarding the proposed deposition coordination protocol and Plaintiff's insistence that the protocol address the number of depositions available to Plaintiff. Plaintiff stated that it believed it needed 32 depositions. *See* December 29, 2021 Order Setting Discovery Briefing (Dkt. 127).

- **January 10, 2022**: Plaintiff filed the parties' Joint Discovery Dispute Report (Dkt. 129). In filing the parties' Joint Report, Plaintiff ignored the Court's December 29, 2021 Order (Dkt. 127) and included its own separate 26-page submission. *See* January 10, 2022 Joint Discovery Dispute Report (Dkt. 129).

4

- **February 17, 2022**: The parties in the related State Matter had an Informal Discovery Conference with the Honorable Sunil R. Kulkarni to discuss the deposition coordination protocol in the State Matter.  Judge Kulkarni advised the parties that they should begin to schedule depositions starting in April.  Defendants' counsel emailed Plaintiff's counsel suggesting "the parties schedule a call to discuss scheduling and sequencing next week to align on priorities."  *See* Ex. D, February 17, 2022 Email from Defendants' Counsel, at 1.

- **February 17, 2022**: The Court rejected the parties' Joint Discovery Dispute Report due to Plaintiff's failure to follow the Court's instructions.  *See* February 17, 2022 Minute Order (Dkt. 134).

- **February 28, 2022**: Consistent with the Court's February 17, 2022 Minute Order (Dkt. 134), the parties filed an amended Joint Discovery Dispute Report.

- **March 4, 2022**: Defendants' counsel again requested a call to discuss scheduling depositions.  *See* Ex. D, March 4, 2022 Email from Defendants' Counsel, at 1.

- **March 8, 2022**: The Court issued its Order regarding the proposed Deposition Coordination Protocol ('the Protocol") and Plaintiff's request to take additional depositions.  The Court "accept[ed] Defendants' proposed language" for the Protocol and "agree[d] with Defendant that the Deposition Protocol should not address the limit on the number of depositions."  March 8, 2022 Order (Dkt. 138) at 3, 7.

- **March 8, 2022**: Plaintiff informed Defendants' counsel that it intended to "immediately" file a motion for more depositions less than 20 minutes after the Court's most recent Order on the issue.  *See* Ex. F, March 8–11, 2022 Email Chain Between Plaintiff's Counsel and Defendants' Counsel, at 5.

- **March 10, 2022**: The parties held a telephonic meet and confer to have preliminary discussions about deposition scheduling.

5

- **March 10–11, 2022**: In an effort to avoid burdening the Court with Plaintiff's contemplated motion when it was obviously premature, and to get Plaintiff focused on taking depositions instead of litigating deposition limits, Defendants proposed an agreement to increase Plaintiff's deposition limit from 10 to 13, so long as Plaintiff waited until it had taken seven depositions before filing any motion for permission to take more. *See id*. at 2. Defendants were willing to agree to an increase above the 10 deposition limit in order to get Plaintiff to start the deposition process and to stop burdening the Court and the parties with unnecessary and premature discovery issues. Plaintiff agreed in writing on March 11, 2022. *See id*. at 1.

- **March 14, 2022**: Plaintiff's counsel circulated a list of the "first 8 depositions the State and Federal Action Plaintiffs would like to prioritize for depositions beginning ~ April 11." *See* Ex. G, March 14–21 Email Chain Between Plaintiff's Counsel and Defendants' Counsel, at 2.

- **March 21, 2022**: Consistent with Plaintiff's request, Defendants' counsel began providing witness availability starting on April 11. *See id*. at 1.

- **April 25–26, 2022**: Plaintiff's counsel informed Defendants' counsel that Plaintiff planned to request an alteration of the Scheduling Order. In response, Defendants communicated that they would be "happy to discuss something like a 30-day extension of future case deadlines." *See* Ex. H, April 26, 2022 Email from Defendants' Counsel, at 1. And Defendants further offered to "count" as complete certain depositions that had not yet occurred for purposes of the parties' March 10–11, 2022 agreement regarding deposition limits. Plaintiff refused these good-faith efforts to reach a compromise. *See id*.

- **April 28, 2022**: Counsel for Plaintiff (Trig Smith) called counsel for Defendants (Brittany Rogers) and stated that Plaintiff planned to violate the parties' March 10–11,

2022 agreement regarding depositions by moving for additional depositions before taking seven depositions.  Ms. Rogers and Mr. Smith jointly called Judge Crews' chambers, and the clerk informed Plaintiff that it would need to file a motion if it wanted any relief.

- **May 10, 2022**: Plaintiff filed the instant motions.

## ARGUMENT

As this Court recognized in its March 8, 2022 Order Re Joint Discovery Dispute Report (Dkt. 138), "[a] scheduling order is an important tool necessary for the orderly preparation of a case for trial.  It is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  (internal citations omitted).  *Id.* at 3.  To be relieved from this Court's deadlines, Plaintiff must demonstrate good cause.  *See Medcorp, Inc. v. Pinpoint Techs., Inc.*, 2009 WL 1049758, at *5 (D. Colo. Apr. 20, 2009) ("A party may seek amendment of a Scheduling Order by making a showing of good cause for the amendment."); Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent.").  "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Brandt v. City of Westminster, Colorado*, 2016 WL 11383927, at *2 (D. Colo. Jan. 6, 2016) (internal citations omitted).  Here, Plaintiff cannot demonstrate good cause for its requested 90-day extension of the fact discovery cut-off and related deadlines because: (1) Plaintiff can complete its allotted discovery within the discovery cut-off; and (2) any delays resulted from Plaintiff's own errors and unwarranted aggressiveness.

### I.    Plaintiff Can Complete 10 Depositions Under the Current Schedule.

The Court should deny Plaintiff's Motion because Plaintiff does not need an extension to take 10 depositions or otherwise complete fact discovery.  *See, e.g.*, *Chapter 1, Retired Enlisted Ass'n, Inc. v. Auto-Owners Ins. Co.*, 2015 WL 2208189, at *2 (D. Colo. 2015) (denying plaintiff's motion to extend discovery cut-off because "Plaintiff has not attempted to and cannot

7

demonstrate that it could not have completed the discovery sought by the deadline in the Scheduling Order through reasonable diligence"). Plaintiff's own motion demonstrates as much. *See* Mot. at 4–5. As of the date of this filing, Plaintiff has taken six of its 10 allotted depositions. *See id*. Two more depositions are scheduled for June 2 and 9. *See id*. And based on Plaintiff's discussions with counsel for third-parties, Plaintiff expects to schedule at least one additional deposition in June. *See id*. Defendants also intend to reschedule Mr. Gursky's deposition. Accordingly, Plaintiff does not need *any* extension in the case schedule to take 10 depositions, let alone a 90-day extension. *See Curtis v. Lever Up Inc.*, 2021 WL 4947274, at \*4 (D. Colo. Sept. 20, 2021) (denying plaintiff's request for an extension of time because plaintiff does not "explain why her noticed depositions could not have been taken prior to the discovery deadline").

Plaintiff attempts to avoid this result by arguing that it needs more time for the Court to rule on its contemporaneously filed Motion to Take Twenty Depositions. *See* Mot. at 6–7. That is not good cause. "Allowing parties to disregard the instructions of a scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier. Rule 16 was drafted to prevent this situation." *See Dunfee v. Truman Capital Advisors,* 2013 WL 5603258, at \*3 (S.D. Cal. Oct. 11, 2013). Indeed, Plaintiff does not cite a single case in which a court modified a scheduling order simply because a party filed a concurrent discovery motion near the end of the discovery period. Thus, even if the Court grants Plaintiff's request for 10 additional depositions, that is not good cause for a 90-day extension of the discovery deadlines.

II.    **The Bulk of the Delays Resulted from Plaintiff's Own Excessive Litigiousness
and Failure to Follow Court Orders and Clear Case Law.**

Plaintiff argues that Defendants somehow imposed a "unilateral stay of depositions until
April 2022" through negotiations of the Protocol. Mot. at 3–4.[4]  Plaintiff is wrong. Defendants
did everything possible to resolve the Protocol quickly, although Defendants refused to let
Plaintiff extract excessive and over-the-top concessions in the form of 444 hours of deposition
time, or 27 *additional* witnesses, before Plaintiff had taken a single deposition. *See* Ex. A at 9
("Our proposal is 444 hours. That was reached by multiplying 37 potential witnesses by 12
hours each."); *see also Acosta v. Sw. Fuel Mgmt., Inc.*, 2017 WL 8941165, at *7 (C.D. Cal. Sept.
19, 2017) ("Most courts hold that in order to make a 'particularized showing,' moving parties
must, at a minimum, 'ordinarily exhaust their allowed number of depositions before making a
request for additional' depositions."). It was Plaintiff, not Defendants, who tried to leverage the
coordination process to extract unwarranted and inappropriate concessions that resulted in
protracted negotiations and multiple rounds of briefing and court orders over nearly four months.
And as explained above, Plaintiff's failure to follow the Court's instructions in submitting the
Joint Discovery Dispute Report with the draft protocol resulted in the need to file an amended
Joint Dispute Report much later.

The key, fundamental delay in the case since the last six-month extension resulted from
Plaintiff's unwarranted aggressiveness, excessive litigiousness, and tactical choices. Plaintiff
insisted for months on an increase of its deposition limit, despite this Court's Order setting the
limit at 10 and clear caselaw holding that Plaintiff's request was premature. *See* Defendants'

---

[4] Plaintiff's related assertion that some scheduling delays require an extension has no merit. *See*
Mot. at 3. Despite any scheduling "delays," Plaintiff can complete 10 depositions by the fact
discovery cut-off, particularly when coupled with the 30-day extension offered by Defendants.
*See supra* at 6. Accordingly, Plaintiff cannot demonstrate that any scheduling delays necessitate
an extension of the fact discovery cut-off. *See Delarosa v. Coyote Pumping Servs., Inc.*, 2013
WL 2285779, at *2 (D. Colo. 2013) (denying request to extend deadlines despite the need to
reschedule deposition of "crucial witness" due to illness because plaintiff did not demonstrate
diligent efforts).

Concurrently Filed Response to Plaintiff's Motion to Take Twenty Depositions at 1, 6, 8.

Plaintiff obstructed the deposition process for months even though "[i]t would be difficult, if not

impossible, for a party to make the appropriate showing [for more depositions] prior to

exhausting the number of depositions . . . provided for in the Rules." *Maxtak Cap. Advisors,*

*LLC v. Parker Vision, Inc.*, 2013 WL 12161858, at \*2 (M.D. Fla. 2013). And then Plaintiff

made the decision not to focus on key witnesses until its deposition limit would be exhausted.

Delays of this sort, whether strategic or accidental, do not warrant an extension of the discovery

cut-off. *See Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010)

("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief" under Rule 16(b)'s "good cause" standard). Plaintiff's unsuccessful discovery tactics and

unwillingness to work efficiently on the Protocol ignored that "[a] scheduling order is an

important tool necessary for the orderly preparation of a case for trial. It is not a frivolous piece

of paper, idly entered, which can be cavalierly disregarded by counsel without peril." March 8,

2022 Order Re Joint Discovery Dispute Report (Dkt. 138) (internal citations omitted). There is

no good cause for extending the deadlines on this record.

Plaintiff also failed to schedule depositions with sufficient diligence. "Demonstrating

good cause under the rule requires the moving party to show that it has been diligent in

attempting to meet the deadlines, which means it must provide an adequate explanation for any

delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009). As highlighted above, it was

Defendants—not Plaintiff—who continuously advanced negotiations of the Protocol and

deposition scheduling. For example, after having been counsel of record for merely three weeks,

Defendants' counsel circulated a proposed deposition coordination protocol. And Defendants

initiated deposition scheduling conversations throughout March so that depositions could begin

in earnest once the Court entered the Protocol. After asking for deposition dates beginning on

April 11, Plaintiff cannot now complain about the deposition schedule.[5]  There is no good cause

for an extension when Plaintiff should have acted with more diligence if it wanted an opportunity

to depose more than 10 witnesses.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Modify the

October 1, 2021 Scheduling Order.


DATED:  May 31, 2022                      Respectfully submitted,


                                          */s/ Matthew W. Close*
                                          Matthew W. Close
                                          Brittany Rogers
                                          O'Melveny & Myers LLP
                                          400 South Hope Street, 18th Floor
                                          Los Angeles, CA 90071-2899
                                          Telephone: (213) 430-6000
                                          Facsimile: (213) 430-6407
                                          brogers@omm.com
                                          mclose@omm.com

                                          Jerome H. Sturhahn
                                          Milton L. Smith
                                          Peter G. Koclanes
                                          Sherman & Howard LLC
                                          633 Seventeenth Street, Suite 3000

---

[5] Plaintiff's effort to point to some purported change in circumstances (Mot. at 6–7) related to the parties' March 10–11, 2022 agreement regarding deposition limits is unavailing.  If anything, Plaintiff's agreement to refrain from moving for more depositions before taking seven depositions should have motivated Plaintiff to act more quickly.  Defendants had repeatedly put forth case law holding that a party needed to exhaust permissible depositions before it can show good cause for more.  Notwithstanding the fact that Plaintiff voluntarily entered into the agreement (and subsequently broke it), there is only one relevant change in circumstances— Defendants offered on April 26 to "count" as complete several depositions that were not in fact complete in an attempt to avoid burdening the Court with Plaintiff's discovery disputes.  *See supra* at 6.  Plaintiff rejected this offer and instead chose to break the parties' March 10–11 agreement.  Moreover, Defendants *never* refused to share information about state plaintiff depositions (Mot. at 7).  Not surprisingly, Plaintiff cites nothing to support that assertion.

Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
jsturhahn@shermanhoward.com
msmith@shermanhoward.com
pkoclanes@shermanhoward.com

*Attorneys for Defendants Maxar Technologies*
*Inc., Howard L. Lance, and Anil Wirasekara*

12