**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-0124-WJM-SKC
*Consolidated with Civil Action No. 19-cv-0758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

**OMNIBUS DECLARATION OF BRITTANY ROGERS IN SUPPORT OF
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE
OCTOBER 1, 2021 SCHEDULING ORDER AND DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO TAKE TWENTY DEPOSITIONS**

---

I, Brittany Rogers, declare as follows:

1.      I am a partner at the law firm of O'Melveny & Myers LLP and represent Defendants Maxar Technologies Inc. ("Maxar" or the "Company"), Howard L. Lance, and Anil Wirasekara (collectively "Defendants") in the above-referenced litigation.  I am an attorney admitted to practice before the United States District Court for the District of Colorado.  I have personal knowledge of the facts set forth herein or know of such facts from my review of the file in this case, and if called upon to do so could competently testify as follows.

2.      Attached hereto as **Exhibit A** is a true and correct copy of an email chain from November 8, 2021 to December 28, 2021, between counsel for the parties in both the above captioned action and the related action pending in Santa Clara County Superior Court, *In re Maxar Technologies Inc. Shareholder Litigation*, Case No. 19-cv-357070 (the "State Matter").

3.      I sent the first email in this chain to Plaintiffs' counsel on November 8, 2021, attaching a draft deposition coordination protocol, with the stated aim "to encourage efficiency and avoid undue burden, while reasonably protecting the interests of all parties."

4.      I did not receive any response to my November 8, 2021 email.  As a result, I followed up with Plaintiffs' counsel on November 19, 2021 regarding Defendants' proposed deposition coordination protocol.

5.      Trig Smith, counsel for Plaintiff in this action, sent Plaintiffs' first complete counter-proposal on November 29, 2021, with a request for 444 hours of deposition time, or 37 depositions: "Our proposal is 444 hours.  That was reached by multiplying 37 potential witnesses by 12 hours each."

6.      The parties continued to meet and confer about the deposition coordination protocol and Plaintiff's request to take more than 10 depositions.

1

7.      On December 27, 2021, Mr. Smith informed counsel for Defendants that Plaintiff "has concluded that further discussion of [Defendants'] proposed deposition cooperation protocol will no longer be fruitful."

8.      Attached hereto as **Exhibit B** is a true and correct copy of a December 7, 2021, email from Mr. Smith to me and my colleagues, circulating "the State and Federal Action Plaintiffs' proposed deposition witness list."  The proposed list contained 35 individual witnesses, not including proposed third-party deponents.

9.      Attached hereto as **Exhibit C** is a true and correct copy of a December 28, 2021, email from Mr. Smith to me and my colleagues, attaching an updated list of 34 proposed deponents, "which remove[d] all unique selections by the State Action plaintiff and add[ed] [Plaintiff's] non-party selections."

10.      On February 17, 2022, the parties in the related State Matter had an Informal Discovery Conference with the Honorable Sunil R. Kulkarni to discuss the deposition coordination protocol in the related State Matter.  I was present at the conference, where Judge Kulkarni advised the parties that they should begin to schedule depositions starting in April to give both Courts sufficient time to rule on disputed language in the deposition coordination protocol.

11.      Attached hereto as **Exhibit D** is a true and correct copy of a February 17, 2022 email that I sent Plaintiffs' counsel after the February 17, 2022 Informal Discovery Conference in the related State Matter, "suggest[ing] the parties schedule a call to discuss scheduling and sequencing next week to align on priorities."

12.      Attached hereto as **Exhibit E** is a true and correct copy of a March 4, 2022 email that my colleague, Jonathan Waxman, sent to Plaintiffs' counsel copying me, requesting a call with counsel for Plaintiffs in both this action and the State Matter to discuss scheduling depositions: "We'd like to set a call next week to discuss deposition scheduling.  As we have

2

discussed with both sets of plaintiffs, it is important that the parties in both matters participate in our scheduling conversations to efficiently coordinate deposition dates."

13.    The Court entered an Order on March 8, 2022, in which the Court "agree[d] with Defendant that the Deposition Protocol should not address the limit on the number of depositions" and ordered the parties to "submit a joint motion for entry of the deposition protocol."  March 8, 2022 Order (Dkt. 138) at 3, 7.

14.    Less than 20 minutes after the Court docketed its March 8, 2022 Order, Plaintiff's counsel sent an email to me and my colleagues, stating that Plaintiff intended to "immediately" file a motion for more depositions.  In response, on March 9, 2022, I informed Mr. Smith that "Defendants would oppose a motion by Plaintiff to expand its deposition limit" and offered to meet and confer regarding a briefing schedule if "Plaintiff insist[ed] on filing an immediate motion."  Following the parties' conferral on March 10, 2022,  I emailed Mr. Smith to propose that "Defendants would agree to increase Plaintiff's deposition limit from 10 to 13, so long as Plaintiff waits until it has taken 7 depositions before filing any motion for permission to take more than 13 depositions."  Plaintiff agreed to this proposal in writing on March 11, 2022: "Acceptable to Plaintiff."

15.    Attached hereto as **Exhibit F** is a true and correct copy of a March 8–11, 2022 email chain between myself and Mr. Smith regarding Plaintiff's intention to file a motion to increase its deposition limits.

16.    Attached hereto as **Exhibit G** is a true and correct copy of a March 14–21, 2022 email chain between myself and Mr. Smith.  On March 14, 2021, Plaintiff's counsel circulated a list of the "first 8 depositions the State and Federal Action Plaintiffs would like to prioritize for depositions beginning ~ April 11."  On March 21, 2022, I responded with certain witnesses' availability starting on April 11, as Plaintiff's counsel requested.

3

17.     Attached hereto as **Exhibit H** is a true and correct copy of an April 26, 2022 email that I sent Plaintiffs' counsel after Plaintiff's stated intention to request an alteration to the October 1, 2021 Minute Order Granting the Joint Motion for Modification of the Scheduling Order (Dkt. 116).  I explained that Defendants "would be happy to discuss something like a 30-day extension of future case deadlines."  I also explained that, for purposes of the parties' March 10–11, 2022 agreement regarding deposition limits, Defendants would be willing to "count" as complete certain depositions that were not in fact complete.  One deposition had been postponed due to a witness's illness, and the other was awaiting a second day of deposition in the State Matter based on a scheduling request from the State Matter plaintiff: "Defendants are willing to 'count' as complete the depositions of Weber, since Plaintiff has finished its questioning, and Stephenson, whose deposition has been postponed due to illness."

18.     On April 28, 2022, Mr. Smith, called me and stated that Plaintiff planned to violate the parties' March 10–11, 2022 agreement regarding deposition limits.  I do not recall telling Mr. Smith that I would refuse to share information about the State Matter with him, or stating anything to that effect.  I recall, however, reminding Mr. Smith that the discovery cutoff in this case is currently June 17, 2022, and that his client is limited to 10 depositions under this Court's Scheduling Order in the absence of the parties' agreement that Mr. Smith told me Plaintiff planned to breach.

19.     Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the transcript of the April 21, 2022 deposition of Theresa Harrah, as received from Veritext Legal Solutions on April 27, 2022.

20.     Attached hereto as **Exhibit J** is a true and correct copy of excerpts from the transcript of the April 11, 2022 deposition of Lance Weber, as received from Veritext Legal Solutions on April 15, 2022.

21.    Attached hereto as **Exhibit K** is a true and correct copy of excerpts from the transcript of the May 19, 2022 deposition of Paul Estey, as received from Veritext Legal Solutions on May 24, 2022.

22.    Attached hereto as **Exhibit L** is a true and correct copy of excerpts from the transcript of the May 9, 2022 deposition of Bruce Stephenson, as received from Veritext Legal Solutions on May 12, 2022.

23.    Attached hereto as **Exhibit M** is a true and correct copy of excerpts from the transcript of the May 13, 2022 deposition of William McCombe, as received from Veritext Legal Solutions on May 17, 2022.

24.    Attached hereto as **Exhibit N** is a true and correct copy of excerpts from the transcript of the May 17, 2022 deposition of William McCombe, as received from Veritext Legal Solutions on May 19, 2022.

25.    Attached hereto as **Exhibit O** is a true and correct copy of excerpts from the rough transcript of the May 26, 2022 deposition of Tina Radabaugh, as received from Veritext Legal Solutions on May 26, 2022.

26.    Attached hereto as **Exhibit P** is a true and correct copy of a memorandum titled "Annual goodwill impairment as of Dec 31 2017," which states that it was prepared by "MDA Corporate Accounting," that Defendants produced in this action, bearing Bates stamp MAXAR_0001855.

27.    Attached hereto as **Exhibit Q** is a true and correct copy of a document titled "Quarterly Accounting Checklist," that Defendants produced in this action, bearing Bates stamp MAXAR_0320923.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.  Executed this 31st day of May 2022 at Los Angeles, California.

*/s/ Brittany Rogers*
Brittany Rogers
