## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

## LEAD PLAINTIFF'S REPLY IN SUPPORT OF OPPOSED MOTION
## TO TAKE TWENTY DEPOSITIONS

---

4874-3704-2213.v1

## I.    INTRODUCTION

Defendants' Response to Plaintiff's Motion to Take Twenty Depositions (ECF 160) ("Opposition") is limited to tenuous positions that: (1) Plaintiff must first take ten depositions before moving for additional depositions (Opposition at 10-12); (2) additional depositions are not necessary based on Defendants' spin of facts elicited from Mr. Lance Weber's deposition (*id.* at 12-13); and (3) Plaintiff has not made a particularized showing that 20 depositions are necessary (*id.* at 10-15). Individually, or taken together, Defendants' Opposition arguments do not outweigh Plaintiff's highly-detailed showing of why 20 depositions are necessary.

Tellingly, moreover, Defendants do not dispute Plaintiff's proposed deponents are in possession of information relevant to the claims and defenses in this action. Nor do Defendants persuasively argue that 20 depositions – in an accounting fraud case – are not proportional to the needs of this case. At the end of the day, Defendants have failed to establish that any proposed deposition is unduly burdensome or unreasonably cumulative. Accordingly, the Court should grant Lead Plaintiff's Opposed Motion to Take Twenty Depositions (ECF 157) ("Motion") in its entirety.[1]

## II.    ARGUMENT

### A.    The Court Should Reject Defendants' Contention that Plaintiff's Motion Is Premature Because Plaintiff Has Not yet Completed Ten Depositions

Defendants first argue that because Plaintiff has not yet conducted ten depositions, its motion is premature. Opposition at 10-12. This argument should be rejected in light of this Court's March 8, 2022 ruling and Defendants' failure to identify any persuasive case law.

---

[1]    All citations and internal quotations are omitted unless otherwise noted.

4874-3704-2213.v1

On March 8, 2022, this Court ruled that Plaintiff could file a motion for additional depositions at any time and suggested the parties commence depositions as soon as possible. *See* ECF 138 at 3. That is precisely what happened. The parties commenced depositions in April 2022, and on May 10, 2022, Plaintiff filed its motion for additional depositions. This Court never instructed Plaintiff to wait until it had completed ten depositions before filing its motion.

Defendants also fail to cite a single case within the Tenth Circuit that adopts the "exhaustion" rule they seek to thrust on Plaintiff. And, Defendants ignore the decisions within the Tenth Circuit rejecting it. *See, e.g.*, *Norwood v. United Parcel Serv., Inc.*, 2020 WL 2615763, at *4 (D. Kan. May 22, 2020) (refusing to categorically adopt an exhaustion rule); *Lawson v. Spirit AeroSystems, Inc.*, 2020 WL 1285359, at *3 (D. Kan. Mar. 18, 2020) (same).[2]

**B.  Defendants' Characterization of Mr. Weber's Testimony Does Not Satisfy Their Burden to Demonstrate that Any Requested Deposition Is Either Unduly Burdensome or Unreasonably Cumulative**

Defendants next take shots at how Plaintiff is litigating its case, accusing Plaintiff of wasting deposition time. *See* Opposition at 9. But, this argument does nothing to establish undue burden. It does nothing to establish that any deposition is unreasonably cumulative. Indeed, the argument is unnecessary and amounts to little more than a distraction. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009) ("a party should not be limited by its opponent's theory of the case in determining what is discoverable"). That said, Plaintiff will provide some context to Mr. Weber's testimony that will demonstrate why this Court should reject Defendants' argument.

---

[2]  *See also Gamino v. KPC Healthcare Holdings, Inc.*, 2022 WL 601047, at *5 (C.D. Cal. Feb. 28, 2022) (exhaustion rule "not required" and finding instead "in a complex case 'it makes sense to involve the court at an early stage if the parties cannot reach agreement'" because "'it would be prejudicial to require [p]laintiffs to choose [the] ten depositions to take before they know whether they will be granted more'") (alterations in original).

4874-3704-2213.v1

Plaintiff alleges that indicators of the SSL/GeoCom (hereinafter referred to as "GeoCom") business unit's impairment were in existence long before 3Q18.[3] ECF 44, ¶¶54-140, 165, 170. In August 2018, Defendants asked Mr. Weber (a PricewaterhouseCoopers accountant), to help GeoCom with several GeoCom accounting challenges, ███████████████████████████

███████████████████████████████████████████████████████████████

███████████████ Ex. A.[4] ███████████████████████████████████████

███████████████████ Ex. B at 174:12-21. Torres, in turn, ███████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████  Ex. C ("Torres Tr.") at 59:17-60:12.

Notably, this memorandum ███████████████████████████ Defendants claimed to have arisen suddenly in 3Q18. *See* Ex. A at MAXAR_0001804. By way of example, ██████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ *Id.* This is also what Defendants told investors on October 31, 2018 in explaining why Maxar had suffered a 3Q18 impairment. ECF 44, ¶188. And, as Maxar's top technical accountant declared at the time, ██████

████████████████████████████████████████████████████████████████

██████  *See* Ex. D.

---

[3]    Specific quarters in a fiscal year are designated by the quarter number followed by the letter Q. Thus, 3Q18 indicates Maxar's third quarter in fiscal year 2018.

[4]    All exhibits referenced herein are attached hereto unless otherwise noted.

4874-3704-2213.v1

In light of that factual assertion in Mr. Weber's memo (as well as others), Plaintiff showed Mr. Weber numerous documents (many of them authored by defendant Mr. Howard L. Lance) indicating that Maxar had been assessing strategic alternatives for GeoCom ███████████████████████ ██████████████  Of course, Mr. Weber did not appear on any of these documents.  Plaintiff showed those documents to Mr. Weber to see if he was aware of the facts reflected in Defendants' written statements regarding the collapse in the GeoCom business ████████████████████████ █████████████████████████████████████  in October 2018.  Plaintiff showed Mr. Weber those documents because he was not a Maxar employee during the Class Period, and the documents establish that Maxar had █████████████████████████████████████████████████  *See*, *e.g.*, *Brokop as trustee of Brokop Living Tr. v. Farmland Partners Inc.*, 2022 WL 1619939, at *8 (D. Colo. Apr. 5, 2022) (requiring at summary judgement for securities fraud case "evidence to rebut Defendants' good-faith reliance on the separate accounting opinions[, including] . . . testimony suggesting that [accountants] were deprived of relevant information").  Specifically, Plaintiff established that Mr. Weber had no knowledge of ██████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████  The fact that Defendants did not disclose that information to Mr. Weber is evidence that Defendants deliberately misled him and investors about what happened at GeoCom, and critically for this case, when it happened.

Even if Defendants feign ignorance about how Mr. Weber's testimony is relevant to Defendants' state of mind or how that evidence impacts their reliance on the professional advice of KPMG █████████████████████████████████████████████████████

- 4 -

4874-3704-2213.v1

███████  Defendants still have no basis to criticize Plaintiff's litigation tactics.[5]  And, that criticism is irrelevant to the question of whether any deposition Plaintiff has proposed is unduly burdensome or unreasonable cumulative.

### C. Defendants Are Simply Wrong: Plaintiff Has Made a Highly-Detailed Showing for 20 Depositions and, Thus, Has Good Cause to Take Them

With no explanation of what a "particularized showing" entails, and completely ignoring the particular showing that Plaintiff has in fact provided the Court for each witness (*see* Motion at 5-15; ECF 157-1), Defendants claim Plaintiff has not met this purported burden.[6]  However, "[t]he plain language of the Rules and the Advisory Committee Notes do not require a particularized showing. Rule 30(a) only requires that the court 'must grant leave to the extent consistent with Rule 26(b)(2).'"  *Laryngeal Mask Co. Ltd. v. Ambu A/S*, 2009 WL 10672436, at *4 (S.D. Cal. July 17, 2009).  Accordingly, "'[w]hen the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh

---

[5]  Defendants make a similar improper and incorrect criticism that if Plaintiff examined the case documents it could have avoided deposing Theresa Harrah.  Opposition at 14.  In fact, an examination of the case documents, which Plaintiff did prior to Ms. Harrah's deposition, showed Ms. Harrah ████████████████████████████████████████████

████████████████████████████████████  *See* Ex. E, Ex. F at 4-5 (*i.e.*, ¶22 and signature page); Ex. G.

[6]  Defendants incorrectly claim that Plaintiff has not demonstrated a particularized need to take each of the proposed 20 depositions.  Opposition at 10.  Plaintiff included in its Motion the good cause for every deposition, including the depositions already taken.  *See* Motion at 5 n.5; ECF 157-1 at 2-23.

the ordinary presumption in favor of broad disclosure.'" *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004) (citing cases).

Here, Plaintiff has shown that each deposition is highly relevant, and in order to amend the scheduling order has also shown good cause. *See* Motion at 5-15; ECF 157-1. Thus, the law is settled that it is Defendants, not Plaintiff, who "must make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Yomi v. Becerra*, 2022 WL 579264, at *1 (D. Kan. Feb. 25, 2022) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)); *Howards v. Reichle*, 2009 WL 10676995, at *6 (D. Colo. Mar. 2, 2009) (ordering deposition because the court had "improperly placed the burden on the party seeking discovery, rather than on the party resisting discovery").

Again, Defendants do not dispute whether any proposed deponent is in the possession of relevant facts. But instead, Defendants divert to discussions about party negotiations, making unsupported claims about what the Court and Plaintiff intended. Opposition at 10-12.[7] Defendants raise no undue burden argument and Defendants assert only general and conclusory arguments based on their own factual interpretations of what is "'necessary.'" *Id.* at 12-15; *Simpson*, 220 F.R.D. at 359 ("the party resisting the discovery has the burden to establish the lack of relevance").

---

[7]     Defendants' summary of the lengthy meet-and-confer process leading up to this instant dispute does not support their Opposition. Indeed, it only shows that Plaintiff has been reasonable. As Defendants are fully aware, the original proposal for 37 depositions included separate Maxar employees the State Action plaintiffs wished to depose to prove their case. Plaintiff informed Defendants that the next proposal – that is 26 potential depositions – included only the deponents the Federal Action plaintiff believed were necessary for its case (that is, the 26 excluded the State Action deposition picks). After obtaining some information in early depositions, Plaintiff concluded only 20 depositions would be necessary in this action.

4874-3704-2213.v1

Because Defendants do not dispute relevance, simply asserting proposed depositions are "'cumulative'" (Opposition at 13) is an implicit admission that all the proposed testimony is relevant. But here, Defendants have the burden of showing that the challenged depositions are either unduly burdensome or unreasonably cumulative. Defendants make little effort to explain any concerns they have with respect to the inconvenience, burden, or expense of the proposed depositions. As such, they have failed to meet their burden. *Rich ex rel. heirs of Rich v. Grover*, 2008 WL 2783188, at *4 (D. Utah July 17, 2008).

In a strained effort to suggest that Plaintiff has been and will be taking "'cumulative'" depositions, Defendants have characterized testimony Plaintiff has obtained from several witnesses who worked with Bain & Company ("Bain"). *See* Opposition at 13. But Defendants' argument is a red herring. This case is about GeoCom indicators of impairment, and who knew what and when is the heart of the case. Defendants are fully aware that Bain ███████████████████████ ████████████████████████████████ Indeed, the Company brought in Bain to investigate the decline GeoCom was in at the time ████████████████████, and Bain interacted with numerous members of senior management, various strategic personnel, various operational personnel, and other GeoCom sales personnel ████████████████████ ██████.[8] It was during those numerous Bain engagements – ████████████████████ ████████████ – that scores of Maxar personnel openly shared ████████████████████ ██████.

---

[8]   Even Maxar's Chief Strategy Officer testified about the significant number of individuals and consultants brought in to address ███████████████. *See* Ex. H at 252:5-15.

- 7 -

4874-3704-2213.v1

Likewise, Defendants' grievances with the order of depositions is meritless. Opposition at 14. "[R]are is the case where a Defendant is permitted to dictate the sequence in which a Plaintiff conducts discovery." *Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 256 (D. Minn. 2021); *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 2009 WL 1562851, at \*4 (D. Neb. June 1, 2009) ("[Parties] are not free to dictate the sequence of another party's discovery."). But more importantly, Defendants' argument that important depositions are yet to be taken is an admission that the remaining depositions are warranted.

To adequately and appropriately litigate its case, Plaintiff should be entitled to depose a reasonable number of witnesses about what they knew and when they knew of indicators of impairment. Plaintiff should also be allowed to depose the Company's auditors and consultants about those indicators, and whether they had been disclosed timely to the auditors by either Defendants or Bain. Plaintiff should be allowed to depose the individual defendants – Messrs. Lance and Anil Wirasekara – about those indicators of impairment, and how they learned of them. Plaintiff should be allowed to depose Maxar's in-house accountants about those indicators, particularly those identified by Bain and Maxar senior management. Just because the same indicators were identified and analyzed by multiple potential deponents, does not mean that Plaintiff's proposed depositions are unreasonably duplicative. And, as Defendants are fully aware, many of those potential deponents had formed differing viewpoints about the level of enterprise risk GeoCom faced. Plaintiff, to be fully diligent in discovery, ought to and should be able to fully explore those varying observations.

As just one example, when Plaintiff asked Mr. Torres, Maxar's Chief Accounting Officer, about who he received information from to form the basis of Maxar's October 31, 2018 disclosure in

- 8 -

4874-3704-2213.v1

its financial statements of the reasons why the GeoCom impairment charge was taken in 3Q2018 and not earlier, Mr. Torres ███████████████████████████████████ ████████████████████████████████ Torres Tr. at 165:9-166:6.  But when Plaintiff asked Mr. Zamarian about the disclosure, ███████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████ Ex. I at 221:10-223:20.  If a witness had personal knowledge of a GeoCom impairment indicator and wrote a statement or analysis of it, Plaintiff should be entitled to take a deposition of the witness to fully explore the circumstances that led to the observation.  In this case, numerous officers and executives did so.  *See* ECF 157-1 at 2-23.

The fact that Maxar and third-party consultants observed and wrote about GeoCom indicators of impairment does not militate in favor of an argument that fewer depositions are necessary.  To the contrary, Plaintiff should be allowed to get that evidence in the record.  Plaintiff is entitled to a reasonable number of depositions of witnesses with that knowledge of GeoCom indicators of impairment and test them about their written communications documenting the facts.  The fact that so many Maxar personnel had that knowledge and recorded their observations regarding the serious challenges GeoCom faced at the time does not suggest fewer depositions should be taken in an accounting fraud case.

Accordingly, Defendants have failed to meet their burden and have not overcome the deference that should be afforded to Plaintiff after a showing of why the depositions are necessary.  *See S.F. Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010) ("the Court does not believe that it is appropriate for a court to second-guess the need for additional depositions if counsel

has a good-faith basis for seeking them and has made a *prima facie* showing that they are necessary . . . and counsel's judgment about what it needed is entitled to a good deal of deference").

## III.    CONCLUSION

For the reasons stated in Plaintiff's Motion, and the reasons contained in this reply brief, the Court should grant Plaintiff's Motion in its entirety.

DATED:  June 14, 2022                    Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
SPENCER A. BURKHOLZ
TRIG R. SMITH
JEFFREY J. STEIN
CHRISTOPHER D. STEWART
NICOLE Q. GILLILAND
PATTON L. JOHNSON


                                   s/ Trig R. Smith
                                  TRIG R. SMITH

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
trigs@rgrdlaw.com
cstewart@rgrdlaw.com
ngilliland@rgrdlaw.com
pjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 10 -

4874-3704-2213.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 14, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Trig R. Smith
TRIG R. SMITH

ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
Email: trigs@rgrdlaw.com

4874-3704-2213.v1

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mmena-hadyka@omm.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Kate Mie Ikehara**
  kikehara@omm.com,kate-ikehara-0705@ecf.pacerpro.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Jeffrey James Stein**
  jstein@rgrdlaw.com

- **Christopher Dennis Stewart**
  cstewart@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

- **Jonathan Bryce Waxman**
  jwaxman@omm.com,jonathan-waxman-8134@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Phillup G  Newhope
,

Logan Durant
,

Michael W Slaunwhite
,