**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

**LEAD PLAINTIFF'S REPLY IN SUPPORT OF OPPOSED MOTION TO MODIFY THE
OCTOBER 1, 2021 SCHEDULING ORDER**

---

4862-3132-0613.v1

**TABLE OF CONTENTS**

**Page**

I.    ARGUMENT ................................................................................................................1

    A.    Plaintiff Has Shown Good Cause for Extending the Deadlines ...............................1

    B.    Defendants Have Conceded Good Cause Exists to Extend the Deadlines ..............6

    C.    Defendants' Production of Thousands of Relevant Documents on June 6,
        2022 Further Supports Granting an Extension............................................................6

    D.    Defendants' Other Arguments Do Not Negate Plaintiff's Showing of
        Good Cause ...............................................................................................................8

II.    CONCLUSION...........................................................................................................10

4862-3132-0613.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Acosta v. Sw. Fuel Mgmt., Inc.*,
2017 U.S. Dist. LEXIS 221727
(C.D. Cal. Sept. 19, 2017)...............................................................................................5

*Brandt v. City of Westminster*,
2016 U.S. Dist. LEXIS 46495
(D. Colo. Jan. 6, 2016).....................................................................................................5

*Coffeyville Res. Ref. & Mktg. v. Liberty Surplus Ins. Corp.*,
2009 U.S. Dist. LEXIS 24803
(D. Kan. Mar. 24, 2009)...................................................................................................4

*Delarosa v. Coyote Pumping Servs., Inc.*,
2013 U.S. Dist. LEXIS 73908
(D. Colo. May 23, 2013)...................................................................................................5

*Entrata, Inc. v. Yardi Sys.*,
2017 U.S. Dist. LEXIS 190927
(D. Utah Nov. 17, 2017) ..................................................................................................7

*Gouin v. Nolan Assocs., LLC*,
325 F.R.D. 521 (D. Mass. 2017)......................................................................................3

*Lips v. Bd. of Cnty. Comm'rs*,
2013 U.S. Dist. LEXIS 64929
(D. Colo. May 7, 2013).................................................................................................4, 8

*Medcorp, Inc. v. Pinpoint Techs., Inc.*,
2009 U.S. Dist. LEXIS 38022
(D. Colo. Apr. 20, 2009)...................................................................................................5

*P.J. v. Utah*,
247 F.R.D. 664 (D. Utah 2007) ........................................................................................8

*Phillips v. Boilermaker-Blacksmith Nat'l Pension Tr.*,
2020 U.S. Dist. LEXIS 150010
(D. Kan. Aug. 19, 2020) ...................................................................................................3

*Pia v. Supernova Media, Inc.*,
2012 U.S. Dist. LEXIS 48742
(D. Utah Apr. 5, 2012)......................................................................................................7

4862-3132-0613.v1

**Page**

*Strope v. Collins*,
   315 F. App'x 57 (10th Cir. 2009) ...........................................................................................1, 5

*Valencia v. Colo. Cas. Ins. Co.*,
   2007 U.S. Dist. LEXIS 97723
   (D.N.M. Dec. 8, 2007) .........................................................................................................4

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
   Rule 16 ..............................................................................................................................1
   Rule 16(b)(4)......................................................................................................................5
   Rule 26(a)...........................................................................................................................8

4862-3132-0613.v1

Lead Plaintiff and Class Representative Oregon Employers Pension Trust Fund ("Plaintiff" or "Federal Plaintiff") respectfully submits this reply in support of its Opposed Motion to Modify the October 1, 2021 Scheduling Order (ECF 156 ) (the "Motion").

## I.    ARGUMENT

### A.    Plaintiff Has Shown Good Cause for Extending the Deadlines

It is unfortunate that defendants would not simply stipulate to a modest 90-day extension of the discovery deadline to complete fact depositions in coordination with the plaintiffs in *McCurdy v. Maxar Techs., et al.*, No. 19-CV-357070 (the "State Action" and the "State Plaintiffs"). Plaintiff and defendants' prior counsel were able to jointly stipulate to a discovery extension before, and doing so here would have saved the parties and the Court a great deal of time. Indeed, on June 3, 2022, the defendants and State Plaintiffs jointly stipulated to extend the deadlines in the State Action, including extending the fact discovery cutoff to September 19, 2022. Ex. 1.

As set forth in the Motion and below, Plaintiff has exercised diligence in requesting, scheduling, and taking depositions in coordination with the State Plaintiffs and pursuant to the existing discovery schedule. Plaintiff's diligence is consistent with the showing of good cause required under Rule 16. *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (good cause may be demonstrated through evidence "'show[ing] that [the moving party] has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'").

Defendants in large part oppose Plaintiff's request based on the premise Plaintiff purportedly "failed to schedule depositions with sufficient diligence." Defendants' Response to Plaintiff's Motion to Modify the October 1, 2021 Scheduling Order, at 10 (the "Opp" or "Opposition") (ECF 159); *see also id.* at 2 ("Plaintiff dragged its feet in providing priority witnesse[s]"). The record

- 1 -

4862-3132-0613.v1

reflects otherwise: Plaintiff worked diligently and in good faith to coordinate multiple-day depositions with defendants, the State Plaintiffs, and various third-party witnesses.

For instance, as early as February 14-15, 2022, Plaintiff requested deposition dates from defendants and noticed depositions to begin on March 15, 2022.[1]  However, it was defendants who took the position on February 17, 2022, that depositions could not begin until April 2022.  Ex. 3. The Opposition misleadingly suggests plaintiff did not seek deposition dates prior to April 11, 2022. Opp. at 10-11 ("After asking for deposition dates beginning on April 11, Plaintiff cannot now complain about the deposition schedule").  Clearly that was not the case.

*In response to defendants' position* that depositions could not begin until April 2022, the Federal and State Action plaintiffs jointly proposed on March 7, 2022 a significantly compressed deposition schedule that took into account defendants' position.  Specifically, the parties' March 7, 2022 proposal contemplated completing: (a) 6 depositions in April; (b) 9 depositions in May; and (c) 10 depositions in June.[2]  Plaintiff's proposal to complete *25 multiple-day depositions* in the span of three months is illustrative of plaintiff's diligence and consistent with a showing of good cause.

Due to the various delays described in the Motion, the need to coordinate depositions with the State Plaintiffs' schedule, and other circumstances (including the fact multiple witnesses reside in Canada, outside the reach of federal deposition subpoenas), the parties have completed only *eight*

---

[1]    Ex. 2 at 1 (asking defendants to "please propose by Thursday, February 17 some dates on which the witnesses you represent are available for deposition"); Ex. 3 ("As requested on February 14, please propose by Thursday, February 17 some dates on which these witnesses are available for deposition.").

[2]    Ex. 4.  The State Plaintiffs seek to depose various witnesses whom the Federal Plaintiff does not seek to depose (Motion at 7 n.8), and the March 7 schedule included witnesses Federal Plaintiff did not and does not seek to depose.

4862-3132-0613.v1

*depositions*.[3]  Moreover, several witnesses remain unavailable for deposition until after the June 17

deadline, a fact which militates in favor of the requested extension.  *See, e.g.*, *Gouin v. Nolan*

*Assocs., LLC*, 325 F.R.D. 521, 524 (D. Mass. 2017) (granting opposed motion for three-month

extension of the discovery deadline where multiple witnesses were not "available to be deposed

until" after the existing deadline, and the "plaintiff appears to have acted diligently with respect to

seeking depositions of potential witnesses").[4]

These witnesses include:

- ***Jason Gursky***: Plaintiff first noticed Mr. Gursky's deposition on March 15, 2022. As explained *infra* at §II.B., defendants cancelled Mr. Gursky's May 23-24 deposition on a Saturday, less than ***48 hours*** before it was to occur.  Mr. Gursky's earliest availability to sit for his deposition is now July 11-12, 2022.  Ex. 5.

- ***Michael Kraehnke***: Plaintiff has been in contact with counsel for Mr. Kraehnke (Lead Audit Partner for KPMG U.S.) regarding Mr. Kraehnke's deposition since April 2022.  According to his counsel, Mr. Kraehnke is unavailable for deposition until at least July 20, 2022.

- ***Judd Schneider***: Plaintiff has been in contact with counsel for Mr. Schneider (Managing Director, Duff & Phelps) regarding Mr. Schneider's deposition since April 2022.  According to his counsel, Mr. Schneider is unavailable for deposition until after the June 17, 2022 cutoff.

- ***Richard Currier***: Plaintiff first noticed Mr. Currier's (SVP of Business Development for Maxar during the Class Period) deposition on March 15, 2022, seeking a deposition date of April 12, 2022.[5]  Plaintiff thereafter expended significant time and

---

[3]  *See* Motion at 5 n.5.

[4]  *See also Phillips v. Boilermaker-Blacksmith Nat'l Pension Tr.*, 2020 U.S. Dist. LEXIS 150010, at *5 (D. Kan. Aug. 19, 2020) (extending the discovery deadline by over two months to take depositions, notwithstanding the argument that an extension was "unwarranted because defendants' own lack of diligence in conducting discovery drives defendants' present extension request").

[5]  Ex. 6.

- 3 -

resources attempting to secure Mr. Currier's deposition.[6]  After filing the Motion for Service on April 29, 2022, a process server successfully served Mr. Currier with a deposition subpoena.  Plaintiff has attempted to contact Mr. Currier by phone and email several times to confirm he will appear at his upcoming June 16-17, 2022 Zoom deposition.  Mr. Currier has not responded.  In light of Mr. Currier's previous attempts to evade service (*see* ECF 149 at 2-5), and failure to confirm he will attend his deposition on June 16-17, Plaintiff has not withdrawn its Motion for Service based on plaintiff's legitimate concern Mr. Currier will not sit for deposition absent a Court order to appear.

The requested 90-day extension, which is supported by good cause, should provide adequate time for the Federal and State Plaintiffs to complete the depositions Plaintiff seeks to take.  *See Coffeyville Res. Ref. & Mktg. v. Liberty Surplus Ins. Corp.*, 2009 U.S. Dist. LEXIS 24803, at *17 (D. Kan. Mar. 24, 2009) (granting defendant's opposed motion to extend the discovery cutoff by approximately three months, concurrent with granting defendant leave to take eight additional depositions); *Valencia v. Colo. Cas. Ins. Co.*, 2007 U.S. Dist. LEXIS 97723, at *20 (D.N.M. Dec. 8, 2007) (granting motion to compel four additional depositions and "extend[ing] the discovery deadline for the depositions that are subject to the motion to compel"); *Lips v. Bd. of Cnty. Comm'rs*, 2013 U.S. Dist. LEXIS 64929, at *6 (D. Colo. May 7, 2013) (granting opposed motion to extend the discovery deadline to conduct additional depositions, despite finding "that plaintiffs could have acted with greater diligence" and "should have sought to depose the named defendants as quickly as possible").

Plaintiff's diligent actions in this case sharply contrast with the actions of the parties in defendants' cited authorities.  For instance, the moving party in *Advanced Optics Elecs., Inc. v.*

---

[6]    Plaintiff's efforts to serve Mr. Currier are set forth in plaintiff's Unopposed Motion for Entry of Order Permitting Plaintiff to Serve Deposition and Document Subpoenas by Alternative Methods on Nonparty Richard H. Currier, which is currently pending before the Court.  ECF No. 149 ("Motion for Service").

- 4 -

*Robins*, failed to "conduct[] *any discovery*" or make *any "efforts* – diligent or otherwise – to develop evidence." *Advanced Optics Elecs.*, 769 F. Supp. 2d 1285, 1314 n.8 (D.N.M. 2010) (*see* Opp. at 9). The moving party in *Curtis v. Lever Up Inc.*, failed to explain "what efforts she ha[d] made throughout the discovery period," and "failed to follow th[e] court's express directive" in its prior order regarding specific requirements for "seeking any additional extensions of time." *Curtis*, 2021 U.S. Dist. LEXIS 206517, at *11-*12 (D. Colo. Sept. 20, 2021) (*see* Opp. at 8). Meanwhile, in *Chapter 1, Retired Enlisted Ass'n, Inc. v. Auto-Owners Ins. Co.*, the party seeking an extension "first contacted Defendant *four days before the Discovery Cut-Off* regarding dates for depositions," and, in moving for an extension, failed to "reference any applicable rule, case, or statute" supporting the requested extension. *Chapter 1*, 2015 U.S. Dist. LEXIS 60620, at *4-*5 (D. Colo. 2015) (*see* Opp. at 7).[7] Plaintiff's efforts to seek an extension of the deadlines in advance of those deadlines is also consistent with a showing of good cause.[8]

---

[7]    Defendants also rely on *Medcorp, Inc. v. Pinpoint Techs., Inc.*, 2009 U.S. Dist. LEXIS 38022 (D. Colo. Apr. 20, 2009) (*see* Opp. at 7), which, in granting additional depositions in a breach of contract case, the court denied *as moot* a motion to extend the discovery deadline where a separate order had been entered extending the deadline. Meanwhile, the court in *Acosta v. Sw. Fuel Mgmt., Inc.*, 2017 U.S. Dist. LEXIS 221727 (C.D. Cal. Sept. 19, 2017) (Opp. at 9) held the moving party failed to show good cause to depose *785 witnesses* after taking only seven depositions and cancelling eighteen others. *Id.* at *4-*5.

[8]    *See* Opp. at 7, *citing Brandt v. City of Westminster*, 2016 U.S. Dist. LEXIS 46495 (D. Colo. Jan. 6, 2016) (moving party failed to show good cause where he "insist[ed] he did not need to comply with Rule 16(b)(4) or state good cause" to amend his complaint *seven months* after the deadline); Opp. at 8, citing *Strope*, 315 F. App'x 57, 61-62 (moving party failed to show good cause where he filed an amended complaint *two months after the deadline* to amend *without "even 'address[ing] the untimeliness* of the motion [to amend]'"); Opp. at 9 n.4, *citing Delarosa v. Coyote Pumping Servs., Inc.*, 2013 U.S. Dist. LEXIS 73908, at *5-*6 (D. Colo. May 23, 2013) (no good cause found where the plaintiffs moved "*more than six months after the deadline* to amend the pleadings expired, *nearly three months after the deadline* for Plaintiff's expert witnesses disclosures, and the *same day as the discovery cut-off*," and where Plaintiff's "sole purpose" for "extend[ing] the discovery cut-off" was to conduct discovery on a dismissed claim).

4862-3132-0613.v1

### B.    Defendants Have Conceded Good Cause Exists to Extend the Deadlines

Defendants' recent proposal to schedule deposition dates *after* the June 17 cutoff entirely undermines their assertion that "Plaintiff does not need *any* extension in the case schedule." Opp. at 8 (emphasis in original); *see also* Opp. at 7 ("Plaintiff does not need an extension"). As mentioned *supra* at §II.A., defendants cancelled Mr. Gursky's deposition on May 21, 2022, less than *48 hours* before it was scheduled to take place on May 23-24, 2022.[9] By June 4, 2022, defendants had yet to propose new dates for Mr. Gursky's deposition. On June 9, 2022, defendants finally proposed to reschedule Mr. Gursky's deposition to July 11-12, 2022, nearly a month after the existing deadline.[10]

Defendants' last-minute cancellation of another long-planned deposition, and Mr. Gursky's unavailability to sit for deposition until nearly a month after the fact discovery cutoff, illustrate precisely the types of challenges the parties have faced in scheduling and taking depositions.[11] In light of the fact that even *defendants* propose to conduct depositions after the June 17 cutoff, they cannot legitimately dispute good cause exists to modify the deadlines.

### C.    Defendants' Production of Thousands of Relevant Documents on June 6, 2022 Further Supports Granting an Extension

The fact that defendants produced *thousands* of new, relevant documents on June 6, 2022 – less than two weeks before the June 17 discovery cutoff – further weighs in favor of the requested 90-day extension. As of June 5, 2022, defendants had produced approximately 94,000 documents.

---

[9]    Ex. 7.

[10]    Ex. 5.

[11]    *See* Motion at 4 (explaining defendants postponed another witness's deposition "two days before it was to occur").

- 6 -

4862-3132-0613.v1

On June 6, 2022 – a week *after* filing the Opposition – defendants produced over ***7,000 additional documents*** which they claimed had been withheld due to "vendor's error."  Defendants also revealed on June 6, 2022 that proposed deponent Darren Hoegler had been "excluded . . . as a custodian when applying the parties' agreed-upon keyword searches in this matter," that certain search terms had been "run with syntax errors" (causing documents to be excluded from the production), and that certain "impairment-related documents" had just been identified.[12]

The Opposition did not mention that over 7,000 additional documents would need to be produced to Plaintiff and reviewed in this case.  The fact of this extremely belated production weighs in favor of an extension, which would provide Plaintiff with the necessary time to review these new documents.  *See, e.g.*, *Entrata, Inc. v. Yardi Sys.*, 2017 U.S. Dist. LEXIS 190927, at *4-*5 (D. Utah Nov. 17, 2017) (granting opposed motion for six-month extension of the fact discovery cutoff where "discovery is not fully complete" and the non-moving party "continu[es] to produce documents"); *Pia v. Supernova Media, Inc.*, 2012 U.S. Dist. LEXIS 48742, at *10 (D. Utah Apr. 5, 2012) (granting extension to take additional depositions, explaining "full discovery often facilitates resolution of cases when the parties are more fully informed about all the relevant facts").

Furthermore, in light of the fact defendants had produced only ***14 documents*** from Bruce Stephenson's (Maxar's former Chief Operating Officer) custodial files by the time of his May 9, 2022 deposition, and the June 6 production included ***3,375*** documents from Mr. Stephenson's custodial files, an extension would allow the parties time to confer over potential additional questioning of Mr. Stephenson regarding his newly-produced documents.  Ex. 9 at 2 ("Plaintiff

---

[12]    The June 6 production included over 1,360 documents from Mr. Hoegler's custodial files.  Ex. 8.

- 7 -

4862-3132-0613.v1

reserves all rights, including to recall Mr. Stephenson for deposition regarding any documents that have been withheld and are subsequently produced by Maxar").

**D.    Defendants' Other Arguments Do Not Negate Plaintiff's Showing of Good Cause**

The other arguments in the Opposition fail to negate Plaintiff's diligence and showing of good cause to extend the discovery deadline.

For instance, defendants' subjective criticism that Plaintiff did not "focus on key witnesses until its deposition limit would be exhausted" does not rebut the central fact Plaintiff exercised diligence in scheduling witnesses' depositions.[13] *See Lips*, 2013 U.S. Dist. LEXIS 64929, at \*5 (D. Colo. May 7, 2013) (finding good cause to extend the discovery deadline in order to conduct additional depositions, notwithstanding defendants' objections that "plaintiffs were not diligent in deposing the named defendants," and failed to deposed certain witnesses earlier in the case); *P.J. v. Utah*, 247 F.R.D. 664, 677 (D. Utah 2007) (granting motion to extend the fact discovery deadline to conduct additional depositions, notwithstanding the moving party had already "conduct[ed] an extraordinary amount of discovery"). Moreover, defendants ignore the fact: (a) their own Federal Rules of Civil Procedure 26(a) initial disclosures specifically list or "incorporate by reference" *five* of the witnesses Plaintiff has deposed; (b) they specifically identified *five* of the eight deposed witnesses (including Lance Weber and Theresa Harrah) in responding to interrogatories seeking the identifies of persons involved in key aspects of this case, including inventory reserve evaluations for SSL and GeoCom, impairment testing of GeoCom assets, and the Company's October 31, 2018 disclosure language (Ex. 10); and (c) Maxar issued document preservation holds to *six* of the seven

---

13    Defendants concede that the remaining witnesses plaintiff seeks to depose in this case are "key witnesses." Opp. at 10.

- 8 -

current or former Maxar employees plaintiff has deposed, some within ***days*** of the August 7, 2018 Spruce Point Capital Management, LLC report that questioned Maxar's financial health and accounting practices.  ECF 44 at ¶11.

Defendants' assertion that Plaintiff was "unwilling[] to work efficiently on the Protocol" is also unsupported and fails to rebut Plaintiff's showing of good cause.  Opp. at 10.  Notwithstanding defendants included no mention of a "coordination protocol" in the parties' September 22, 2021 joint request for an extension (ECF 114),[14] and waited until over a month ***after*** the Court granted the Parties' September 22, 2021 joint request to propose a draft deposition protocol (*see* Opp. at 3), Plaintiff nevertheless coordinated with the State Plaintiffs in negotiating what Plaintiff believed were reasonable terms for a coordination protocol.[15]  In fact, save for two provisions, the parties were able to reach agreement on the terms of the coordination protocol.  ECF 138 at 2.  Plaintiff also endeavored to notice and schedule depositions over a month before the coordination protocol was entered.  *See supra* §II.A.  That the parties disagreed over certain terms in the protocol does not negate Plaintiff's diligence in this case.

Finally, defendants' Opposition hopelessly conflates the ***Federal*** Plaintiff's deposition requests with the ***State*** Plaintiffs' demands. For instance, defendants contend "***Plaintiff's*** [November 29, 2021] request for 444 hours of deposition time, or 37 total depositions . . . was the cause of most

---

[14]    *See* ECF 114 ("The Parties agree that a six-month extension . . . will provide reasonable time for the Parties to . . . schedule fact depositions of both party and non-party witnesses," and including no reference to the State Court Action filed on October 21, 2019).

[15]    Defendants' argument the parties' refiling of the Joint Discovery Dispute Report on February 28, 2022, caused the "bulk of the delays," is also unsupported.  Opp. at 9.  The parties resubmitted their Joint Discovery Dispute Report within eleven days of the Court's February 17, 2022 minute order.  ECF 137.

4862-3132-0613.v1

of the inefficiencies and wasted effort." Opp. at 4. However, "444 hours of deposition time, or 37 total depositions" were between the State and Federal Actions *combined*. In other words, these figures included the ***State Plaintiffs' depositions***, not just the Federal Plaintiff's. ECF162-1 at 11 (explaining plaintiff was providing the "***Related Action plaintiffs***' counter-proposal"). Clearly, the Federal Plaintiff exercises absolutely no control over the number of depositions or deposition hours the State Plaintiffs seek in the State Action. Furthermore, the State Plaintiffs seek to depose a variety of witnesses the Federal Plaintiff ***does not***.[16] *See supra* note 4. Defendants' attempt to mischaracterize the Related Action Plaintiffs' ***combined proposal*** of "444 hours of deposition time, or 37 total depositions" as the ***Federal*** "***Plaintiff's***" proposal undermines their Opposition.

## II.    CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court extend the deadlines in the October 1, 2021 Order by ninety days to allow for additional time to coordinate with the State Action and complete fact depositions.

DATED: June 14, 2022                          ROBBINS GELLER RUDMAN
                                                      & DOWD LLP


                                                      s/ CHRISTOPHER D. STEWART
                                                      CHRISTOPHER D. STEWART

---

[16]   The State Action plaintiff is also entitled to a 28-hour deposition of the corporate defendant in the State Action, which the Federal Plaintiff does not plan to join. Motion at 7 n.8.

- 10 -

4862-3132-0613.v1

SPENCER A. BURKHOLZ
TRIG R. SMITH
JEFFREY J. STEIN
CHRISTOPHER D. STEWART
NICOLE Q. GILLILAND
PATTON L. JOHNSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
trigs@rgrdlaw.com
cstewart@rgrdlaw.com
ngilliland@rgrdlaw.com
pjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 11 -

4862-3132-0613.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 14, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ CHRISTOPHER D. STEWART
CHRISTOPHER D. STEWART

ROBBINS GELLER RUDMAN
&  DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  sctewart@rgrdlaw.com

4862-3132-0613.v1

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mmena-hadyka@omm.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Kate Mie Ikehara**
  kikehara@omm.com,kate-ikehara-0705@ecf.pacerpro.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Jeffrey James Stein**
  jstein@rgrdlaw.com

- **Christopher Dennis Stewart**
  cstewart@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

- **Jonathan Bryce Waxman**
  jwaxman@omm.com,jonathan-waxman-8134@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Phillup G  Newhope
,

Logan Durant
,

Michael W Slaunwhite
,