# EXHIBIT 8



O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

File Number:
0553140-00003

June 6, 2022

**Jonathan Waxman**
D: +1 213 430 8159
jwaxman@omm.com

**VIA EMAIL**

Christopher Stewart
Robbins Geller Rudman & Dowd LLP
655 W. Broadway #1900
San Diego, CA 92101
cstewart@rgrdlaw.com

Re:      ***Oregon Laborers Employers Pension Trust Fund v. Maxar Technologies Inc., et al.,*** **No. 19-cv-00124-WJM-SKC**

Dear Counsel:

        We write in response to your May 12, 2022 letter regarding Bruce Stephenson and certain of his custodial documents.  We will address each point in turn below.

**Hard Copy Documents**

        In response to your letter, Maxar re-confirmed that it does not possess responsive, hard copy documents from Mr. Stephenson.  This is not surprising.  Mr. Stephenson did not testify that he had "relevant" hard copy documents before leaving the company, as your May 12 letter suggests.  Instead, Mr. Stephenson testified that he "took some notes in meetings at times." Stephenson Depo. at 556:17–18.  Mr. Stephenson clarified that he did not maintain bankers boxes of hard copy documents: "I think that was—you misheard me.  Not bankers boxes. Bankers books.  So I was referring to presentations that bankers provide on potential M&A targets and industry analysis."  *Id*. at 556:22–25.  Mr. Stephenson's testimony does not suggest that he had "relevant" hard copy documents, and no such documents were located in the files of the executive suite that he formerly occupied.

**Knowledge of Litigation**

        Contrary to your representation that Mr. Stephenson testified that he "had no knowledge of ongoing litigation against Maxar at the time he left Maxar in March 2019," Mr. Stephenson simply testified that he did not ***recall*** any litigation at the time he left.  *See id*. at 47:1–8.  Mr. Stephenson left Maxar over three years ago.  The fact that Mr. Stephenson does not recall litigation involving Maxar at the time he departed does not suggest that there were any issues with Maxar's document preservation efforts.  Indeed, as you acknowledge in your May 12 letter, Mr. Stephenson received litigation hold notices from Maxar before he left the Company.

Austin • Century City • Dallas • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo



---

**ESI Documents (Mr. Stephenson and other ESI documents)**

In the course of evaluating your inquiry about Mr. Stephenson's ESI documents, our third-party discovery vendor determined that it had inadvertently excluded Mr. Stephenson as a custodian when applying the parties' agreed-upon keyword searches in this action.  As a result of the vendor's error, we will be producing approximately 3,370 additional documents for Mr. Stephenson,[1] and an overlay file that identifies Mr. Stephenson as a duplicate custodian for approximately 1,650 documents that we previously produced.

After identifying this error, the vendor, at our direction, undertook a detailed and thorough audit of its search and production efforts for this matter.  This audit revealed that: (1) the vendor inadvertently excluded Darren Hoegler as a custodian when applying the parties' agreed-upon keyword searches in this matter (this appears to be part of the same issue that led to the exclusion of Stephenson); (2) four keyword filter queries were run with syntax errors (e.g., with quotation marks that were not part of the original, agreed-upon queries); and (3) a small number of documents (less than 100) have additional duplicate custodian information that was not included in the load files with Defendants' prior productions.  These errors have now been resolved, and we will be producing the following documents and metadata to correct them.  Specifically, we will produce: (1) approximately 1,360 additional documents for Mr. Hoegler;[2] (2) approximately 2,320 additional responsive documents attributable to the syntax errors noted above;[3] and (3) an overlay file with additional duplicate custodian metadata for approximately 60 documents previously produced.[4]  We have worked as quickly as possible to complete these tasks, and we intend to produce these documents and the overlay file today.[5]

We have undertaken extensive efforts to audit the document production efforts in this litigation.  We have identified no errors beyond those identified above.

---

[1] The majority of these documents—approximately 3,180 out of 3,370—were produced in the in the related action pending in Santa Clara County Superior Court, *In re Maxar Technologies Inc. Shareholder Litigation*, Case No. 19-cv-357070 (the "State Matter"), and to the extent they were used during Mr. Stephenson's deposition by the state plaintiff, they have been deemed produced in this action.  *See* Coordination Protocol ¶ 23 ("Any document produced in one of the Related Actions and introduced as an exhibit during a Common Interest Deposition will be deemed produced in all the Related Actions, subject to objections served in either the State or Federal Actions.").

[2] Similar to Mr. Stephenson's documents, the majority of the additional documents for Mr. Hoegler—approximately 1,270 out of 1,360—were produced in the State Matter.

[3] Approximately 1,740 of these 2,320 documents were already produced in the State Matter.

[4] We will produce a single overlay file for convenience that contains this data and the overlay data for Mr. Stephenson described above.  There is some overlap so the total documents in the overlay file is approximately 1,710.

[5] Unrelated to these errors, we are also producing approximately 30 impairment-related documents found in additional Finance shared drives.  We will also complete this production today.

O'Melveny

We are available to meet and confer should Plaintiff have any questions.

Defendants reserve all rights.

Sincerely,

*/s/ Jonathan Waxman*
Jonathan Waxman
for O'MELVENY & MYERS LLP

cc:     Counsel of Record