# EXHIBIT 9

**Robbins Geller
Rudman & Dowd** LLP

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Christopher D. Stewart
cstewart@rgrdlaw.com

May 12, 2022

VIA EMAIL

Jonathan B. Waxman
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, CA  90071

> Re:    *Oregon Laborers Employers Pension Trust Fund v. Maxar Technologies Inc., et al.*,
> No. 19-cv-00124-WJM-SKC

Dear Jonathan:

On May 9, 2022, Bruce Stephenson testified he left various hard copy documents – including "paperwork in files, bankers books, present takes, some handwritten notes" – behind in his office at Maxar when he left in March 2019.  Rough Deposition Transcript of Bruce Stephenson, dated May 9, 2022 ("Stephenson Rough Tr.") at 44:2-4.

Mr. Stephenson also testified he had no knowledge of ongoing litigation against Maxar at the time he left Maxar in March 2019.  Mr. Stephenson left two months after the filing of this action in January 2019.

Maxar's prior counsel represented that Mr. Stephenson received two document preservation notices prior to his departure from Maxar in March 2019 – the first notice on August 13, 2018, and the second notice on January 23, 2019.  Thus, at the time he left Maxar, Mr. Stephenson's documents were apparently subject to *two* separate document preservation notices.

During his May 9 deposition, on the advice of his counsel, Mr. Stephenson refused to answer the question of whether he received any instruction to preserve documents while at Maxar.

Maxar produced a total of 14 electronically stored information ("ESI") documents from Mr. Stephenson's custodial files.

Maxar produced 0 hard copy documents from Mr. Stephenson.

Accordingly:

1. Please confirm whether any of Mr. Stephenson's relevant hard copy documents, including handwritten notes, were preserved by Defendants, and if yes, please confirm Defendants will produce them without further delay.

**Robbins Geller
Rudman & Dowd** LLP

Jonathan B. Waxman
May 12, 2022
Page 2

2. Please advise how many custodial ESI documents were collected from Mr. Stephenson's ESI files for discovery in this action, and why only 14 ESI documents were produced in discovery from Mr. Stephenson.

3. Mr. Stephenson testified he maintained an electronic calendar in Outlook while at Maxar, and even asked the examining attorney to show him that calendar during his questioning. That calendar was not produced to Plaintiff by Maxar.[1] Please advise whether the Outlook calendar Mr. Stephenson testified he kept while at Maxar still exists, and if it does, please confirm Maxar will produce it.

Plaintiff reserves all rights, including to recall Mr. Stephenson for deposition regarding any documents that have been withheld and are subsequently produced by Maxar.

Sincerely,

CHRISTOPHER D. STEWART

CDS:amc

---

[1] Stephenson Rough Tr. at 127:1-11 ("Q. . . . Do you – did you maintain a calendar at Maxar during 2017? A. Yes. Q. And was it a hard copy or electronic calendar? A. Electronic. It was on my computer SSL MDA computer in the form of Outlook calendar.").

4855-2222-8511.v1