# EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

      Defendants.

---

**DEFENDANTS' FIRST AMENDED OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO MAXAR TECHNOLOGIES INC., HOWARD L. LANCE,
AND ANIL WIRASEKARA**

---

PROPOUNDING PARTY:    Plaintiff Oregon Laborers Employers Pension Trust Fund

RESPONDING PARTIES:    Maxar Technologies Inc., Howard L. Lance, and Anil Wirasekara

SET NO:    One (Interrogatories Nos. 1-12)

Pursuant to Federal Rules of Civil Procedure 26 and 33 of the Federal Rules of Civil Procedure, Defendants Maxar Technologies Inc. ("Maxar," or the "Company"), Howard L. Lance, and Anil Wirasekara (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their first amended responses and objections to Lead Plaintiff Oregon Laborers Employers Pension Trust Fund's ("Plaintiff") First Set of Interrogatories dated November 17, 2020 (the "Interrogatories").

## PRELIMINARY STATEMENT

The following responses are based upon the facts, documents, and information presently known and available to Defendants. Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and/or changes to these responses. Furthermore, these responses were prepared on Defendants' good faith interpretation and understanding of the definitions in the Interrogatories, and are subject to correction for inadvertent errors or omissions, if any. Defendants reserve the right, but do not assume any obligation beyond the requirements of the Federal Rules, to amend or supplement the responses set forth herein if presently existing, different, or additional information is subsequently discovered. A full or partial response to an Interrogatory is not a waiver by Defendants of their right to object to any other part of the Interrogatory.

In objecting and responding to the Interrogatories, Defendants do not concede that any of the information provided is relevant, material, or admissible in evidence. No incidental or implied admissions are intended by the responses. Defendants reserve the right to challenge on evidentiary grounds any information provided in response to the Interrogatories.

2

### GENERAL OBJECTIONS

The following General Objections are hereby incorporated by reference with the same force and effect as if fully set forth in the specific responses and objections to each Interrogatory:

1.    Defendants object to the Interrogatories, including the accompanying "Definitions" and "Instructions," to the extent that the Interrogatories seek to impose any discovery obligations in addition to or beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the District of Colorado, or other applicable law.

2.    Defendants object to the Interrogatories to the extent they purport to request information that is not relevant to any party's claim or defense and not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1).

3.    Defendants object to the Interrogatories to the extent they call for disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any applicable privilege, immunity, or limitation on discovery.  Any inadvertent disclosure of information covered by any such privilege, immunity, or discovery limitation does not waive any of Defendants' rights to assert any such privilege, immunity, or discovery limitation.

4.     Defendants object to the Interrogatories to the extent they call for responses that are incapable of determination at this early stage of discovery, and are therefore premature.

### OBJECTIONS TO DEFINITIONS

Defendants object to Definitions Nos. 12, 16, 18, and 19 on the following bases:

### DEFINITION NO. 12

"Employee" refers to any person who at any time acted or purported to act on your behalf or under your supervision, direction or control, including, without limitation, past and current

directors, officers, principals, partners, executives, independent contractors, assigns, businesses or similar persons or entities.

**OBJECTIONS TO DEFINITION NO. 12**

Defendants object to Definition No. 12 ("Employee") on the basis that Plaintiff's definition is overly broad, implicates burdens and expenses that outweigh their likely benefit, is disproportionate to the needs of the case, and because the Definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action. Defendants further object to this Definition on the basis that the phrase "acted on your behalf" is vague and not particularized.

**DEFINITION NO. 16**

"Identify," with respect to persons, means to give, to the extent known, the person's full name, present or last known address, present or last known e-mail address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**OBJECTION TO DEFINITION NO. 16**

Defendants object to Definition No. 16 ("Identify") on the basis that Plaintiff's definition implicates burdens that outweigh their likely benefit, and is premature at this stage of the action. Should Plaintiff have a need to ascertain the contact information for any of the individuals listed in Defendants' Responses they may request it at that time.

**DEFINITION NO. 18**

"Individual Defendants" means Howard L. Lance and Anil Wirasekara, and includes, without limitation, their agents, employees or other persons occupying similar positions or performing similar functions.

**OBJECTIONS TO DEFINITION NO. 18**

Defendants object to Definition No. 18 ("Individual Defendants") on the basis that Plaintiff's Definition is overly broad, implicates burdens and expenses that outweigh their likely benefit, is disproportionate to the needs of the case, and because the Definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action. Defendants respond to the Interrogatories on behalf of themselves and not on behalf of others. Defendants will interpret "Individual Defendants" to mean Defendants Howard L. Lance and Anil Wirasekara as individuals. Defendants further object to this Definition on the basis that the following phrases are vague and not particularized: (1) "similar positions," and (2) "similar functions."

**DEFINITION NO. 19**

"Maxar" or the "Company" refers to Maxar Technologies, any of its direct or indirect subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors, present and former officers, directors, employees, agents, directors and all other persons acting or purporting to act on its behalf.

**OBJECTIONS TO DEFINITION NO. 19**

Defendants object to Definition No. 19 ("Maxar" or the "Company") on the basis that Plaintiff's Definition is overly broad, implicates burdens and expenses that outweigh their likely benefit, is disproportionate to the needs of the case, and because the Definition include individuals

5

and entities that have no involvement with and no bearing upon the allegations in this action. Defendants respond to the Interrogatories on behalf of themselves and not on behalf of others. Defendants further object to this Definition on the basis that the phrase "all other persons acting or purporting to act on its behalf" is vague and not particularized.

**OBJECTIONS TO INSTRUCTIONS**

Defendants object to Instruction No. 4 on the following basis:

**INSTRUCTION NO. 4**

If you withhold any information requested herein on grounds of privilege, work product or otherwise, identify the relevant interrogatory, the specific grounds upon which your objection is based, the nature of the information withheld and specify the identity of the person on whose behalf the privilege is asserted.

**OBJECTIONS TO INSTRUCTION NO. 4**

Defendants object to this Instruction on the basis that it seeks to require disproportionate privilege logging beyond any applicable legal obligation.  *See, e.g.*, Fed. R. Civ. P. 26.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1**

Identify all phone numbers (including those associated with mobile devices), e-mail addresses, social media handles or aliases and accounts on any electronic messaging services used for business purposes by the Individual Defendants, their administrative assistants and all Maxar personnel identified in the parties' Federal Rule of Civil Procedure 26(a)(1) disclosures.

**RESPONSE TO INTERROGATORY NO. 1**

Defendants object to this Interrogatory on the basis that it seeks "all" phone numbers, email addresses, social media handles or aliases and messaging accounts of certain individuals,

6

regardless of whether the information pertains to any party's claims or defenses. Defendants further note that the Individual Defendants should be contacted only through their counsel, and that any information identified in response to this Interrogatory should not be used to contact the Individual Defendants.

Subject to and without waiving any objections, Mr. Lance responds that he used the following for business purposes:

- Phone: (605) 852-5210; (321) 759-7547
- Email: howard.lance@maxar.com; howard.lance@sslmda.com; hlance88@gmail.com
- Social media: https://www.linkedin.com/in/howardlance/

Subject to and without waiving any objections, Mr. Wirasekara responds that he used the following for business purposes:

- Phone: (604) 231-2045; (604) 506-3446
- Email: anil@mdalimited.ca; anil@mdacorporation.com

**INTERROGATORY NO. 2**

Identify all persons involved in negotiations or discussions with GEO satellite customers in 2017 and 2018.

**RESPONSE TO INTERROGATORY NO. 2**

Defendants object to this Interrogatory on the basis that identifying "all persons involved in negotiations or discussions with GEO satellite customers" during a two year time period starting before the Class Period is overly broad, unduly burdensome and not proportional to the needs of the case, including to the extent that the phrase "involved in" is vague. Defendants further object to this Interrogatory on the basis that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature. Defendants further object to this Interrogatory to the extent it requests information that is more

practically obtainable through other discovery mechanisms, including document requests.

Defendants further object to this Interrogatory to the extent that it seeks information protected

from discovery by the attorney-client privilege, the work product doctrine, or any other

applicable privilege or immunity.  For purposes of responding to this Interrogatory,

Defendants will identify individuals who are likely to have relevant, non-privileged

information regarding negotiations with GEO satellite customers for the period April 1, 2018

to November 30, 2018, Defendants' defined "Relevant Time Period."  Subject to and without

waiving any objections, Defendants respond as follows:

Lisa Lopshire, Dario Zamarian, and Paul Estey.

**INTERROGATORY NO. 3**

Identify all persons involved in the Impairment Testing process of SSL and GeoComm.

**RESPONSE TO INTERROGATORY NO. 3**

Defendants object to this Interrogatory on the basis that identifying "all persons involved

in the Impairment Testing process" is overly broad, unduly burdensome, and not proportional to

the needs of the case, including to the extent that the phrase "involved in" is vague.  Defendants

further object to this Interrogatory on the basis that a response is incapable of determination at

this early stage of discovery, and therefore the Interrogatory is premature.  Defendants further

object to this Interrogatory to the extent it requests information that is more practically

obtainable through other discovery mechanisms, including document requests.    Indeed,

Interrogatory No. 3 is cumulative and duplicative of Document Request No. 14, which seeks

"[a]ll documents supporting the Company's conclusion that no indicators of GeoComm

impairment were present during the three month period ending March 31, 2018 and the six

month period ending June 30, 2018."   For purposes of responding to this Interrogatory,

8

Defendants identify individuals who are likely to have relevant, non-privileged information regarding the Impairment Testing process of SSL and GeoComm for the period April 1, 2018 to November 30, Defendants' defined "Relevant Time Period." Subject to and without waiving any objections, Defendants respond as follows:

Biggs Porter, Jill Windrum, Jose Torres, and Lance Weber.[1]

**INTERROGATORY NO. 4**

Identify all persons involved in inventory reserve evaluations for SSL and GeoComm.

**RESPONSE TO INTERROGATORY NO. 4**

Defendants object to this Interrogatory on the basis that identifying "all persons involved in inventory reserve evaluations" is overly broad, unduly burdensome, and not proportional to the needs of the case, including to the extent that the phrase "involved in" is vague. Defendants further object to this Interrogatory on the basis that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature. Defendants further object to this Interrogatory to the extent it requests information that is more practically obtainable through other discovery mechanisms, including document requests. Indeed, Interrogatory No. 4 is cumulative and duplicative of Document Request No. 13, which seeks "[a]ll documents evidencing Maxar's accounting each quarter for SSL or GeoComm . . . inventory . . . as recorded on the Company's consolidated financial statements." For purposes of responding to this Interrogatory, Defendants identify individuals who are likely to have relevant, non-privileged information regarding inventory reserve evaluations for SSL and GeoComm. Subject to and without waiving any objections, Defendants respond as follows:

---

[1] Mr. Weber is currently the Senior Director of Accounting at Maxar, but during Defendants' defined Relevant Time Period, worked for Maxar's outside accounting firm, PWC.

Biggs Porter, Jill Windrum, Jose Torres, Lance Weber, and Theresa Harrah.

**INTERROGATORY NO. 5**

Identify all persons involved in drafting, editing, reviewing and approving the remarks delivered, including the presentation slides used by defendants Howard L. Lance and Anil Wirasekara, at the March 2018 Investor Days in Toronto and New York.

**RESPONSE TO INTERROGATORY NO. 5**

Defendants object to this Interrogatory on the basis that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature. Defendants further object to this Interrogatory to the extent it requests information that is more practically obtainable through other discovery mechanisms, including document requests. Indeed, Interrogatory No. 5 is cumulative and duplicative of Document Request No. 21, which seeks "[a]ny external or internal reports, studies, data compilations or analyses of the historical, present, and forecasted status of the GEO satellite market, including the market studies referred to by Lance during the March 2018 New York Investor Day."  Defendants further object to this Interrogatory on the basis that it seeks information related to the disclosure of drafts, which undoubtedly include information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  For purposes of responding to this Interrogatory, Defendants identify individuals who are likely to have relevant, non-privileged information regarding the drafting, editing, reviewing and approving of the remarks delivered by Mr. Lance and Mr. Wirasekara at the March 2018 Investor Days in Toronto and New York.  Subject to and without waiving any objections, Defendants respond as follows:

Howard Lance, Anil Wirasekara, Jason Gursky, and Neetha Iyer.

10

**INTERROGATORY NO. 6**

Identify all Maxar officers, employees and Maxar agents or representatives involved in the negotiation of the AMOS-8 satellite award by Spacecom.

**RESPONSE TO INTERROGATORY NO. 6**

Defendants object to this Interrogatory on the basis that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature. Defendants further object to this Interrogatory to the extent it requests information that is more practically obtainable through other discovery mechanisms, including document requests. Indeed, Interrogatory No. 6 is cumulative and duplicative of Document Request No. 5, which seeks "[a]ll  documents in the Individual Defendants' personnel files concerning SSL, GeoComm and AMOS-8," Document Request No. 24, which seeks "[a]ll documents evidencing the terms, conditions and status of the AMOS-8 deal," and Document Request No. 33, which seeks "[a]ll documents evidencing GEO contracts that were executed or negotiated between January 1, 2015 and present.  Defendants further object to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  For purposes of responding to this Interrogatory, Defendants identify individuals who are likely to have relevant, non-privileged information regarding the negotiation of the AMOS-8 satellite award by Spacecom.  Subject to and without waiving any objections, Defendants respond as follows:

Dario Zamarian, Lisa Lopshire, and Paul Estey.

**INTERROGATORY NO. 7**

Identify all persons who attended the June 2018 meeting at Maxar's Colorado headquarters participated by BMO Capital Markets analyst Thanos Moschopoulous.

11

**RESPONSE TO INTERROGATORY NO. 7**

Defendants object to this Interrogatory on the basis that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature. For purposes of responding to this Interrogatory, Defendants identify individuals who are likely to have relevant, non-privileged information regarding the June 2018 meeting. Subject to and without waiving any objections, Defendants respond as follows:

Jason Gursky, Howard Lance, Dan Jablonsky, Tim Hascall, and Walter Scott.

**INTERROGATORY NO. 8**

Identify all persons involved in drafting, editing, reviewing and approving the Company's press release on August 7, 2018 titled "Maxar Technologies Responds to Misleading Short Sell Report."

**RESPONSE TO INTERROGATORY NO. 8**

Defendants object to this Interrogatory on the basis that it seeks information related to the disclosure of drafts, which undoubtedly include information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Defendants further object to this Interrogatory on the basis that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature. Defendants further object to this Interrogatory to the extent it requests information that is more practically obtainable through other discovery mechanisms, including document requests. Indeed, Interrogatory No. 8 is cumulative and duplicative of Document Request No. 47, which seeks "[a]ll documents created or generated as a result of the publication of the August 7, 2018 Spruce Point Report." For purposes of responding to this Interrogatory, Defendants identify individuals who are likely to have relevant, non-privileged information regarding the

12

drafting, editing, reviewing and approving the Company's press release on August 7, 2018. Subject to and without waiving any objections, Defendants respond as follows:

Howard Lance, Stephanie Georges, Joele Frank, Wilkinson Brimmer Katcher, and Edelman.

**INTERROGATORY NO. 9**

Identify all persons and entities involved in the Audit Committee Review, including all external advisors and independent third-party subject matter experts. To the extent any person worked for or was associated with an entity you have identified as being involved in the Audit Committee Review, identify the entity that person worked for (or with whom that person was associated).

**RESPONSE TO INTERROGATORY NO. 9**

Defendants object to this Interrogatory on the basis that identifying "all" persons and entities involved in the Audit Committee Review, with no limit on subject matter and without regard to whether it is relevant to any party's claims or defenses, is unduly burdensome and not proportional to the needs of the case, including to the extent that the phrase "involved in" is vague. Defendants further object to this Interrogatory on the basis that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Defendants further object that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature. Defendants further object to this Interrogatory to the extent it requests information that is more practically obtainable through other discovery mechanisms, including document requests. Indeed, Interrogatory No. 9 is cumulative and duplicative of Document Request No. 38, which seeks "[a]ll minutes of meetings of the Board of Directors, the Audit Committee and the

13

Compensation Committee," and Document Request No. 46, which seeks "[a]ll documents created or generated as a result of the Audit Committee Review, including any documents made available to persons and entities who assisted with the Audit Committee Review."  For purposes of responding to this Interrogatory, Defendants identify individuals who are likely to have relevant, non-privileged information regarding the Audit Committee Review.  Subject to and without waiving any objections, Defendants respond as follows:

The members of Maxar's Audit Committee, including Nick Cyprus, Dennis Chookaszian, Brian Kenning, Roger Mason, and Robert Phillips; Scott Taub, John White, Jose Torres, and KPMG, LLP.

### INTERROGATORY NO. 10

For each person and entity identified in response to Interrogatory No. 9, describe their roles and responsibilities in connection with the Audit Committee Review.

### RESPONSE TO INTERROGATORY NO. 10

This Interrogatory seeks the roles and responsibilities of "each" persons and entity involved in the Audit Committee Review, with no limit on subject matter and without regard to whether it is relevant to any party's claims or defenses.  Defendants therefore object to this Interrogatory on the basis that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeks documents that are irrelevant to this case.  Defendants further object on the basis that the Interrogatory is unduly burdensome because it is redundant of one or more other Interrogatories.  Defendants further object to this Interrogatory to the extent that it seeks private, and/or competitively sensitive information, including confidential information of non-parties.  Subject to and without waiving any objections, Defendants respond as follows:

- Nick Cyprus:  Chair, Audit Committee;
- Dennis Chookaszian:  Member, Audit Committee;

14

- Brian Kenning:  Member, Audit Committee;
- Roger Mason:  Member, Audit Committee;
- Robert Phillips:  Member, Audit Committee;
- Scott Taub:  Consultant, subject matter expert;
- John White:  Cravath, Swaine & Moore LLP;
- Jose Torres:  Chief Accounting Officer; and
- KPMG, LLP:  Independent Auditor.

## INTERROGATORY NO. 11

Identify all persons involved in drafting, editing, reviewing and approving the Company's press release on August 24, 2018 titled "Maxar Technologies Provides Comprehensive Response to Shareholders Following Misleading Short-Seller Campaign by Hedge Fund."

## RESPONSE TO INTERROGATORY NO. 11

Defendants object to this Interrogatory on the basis that it seeks information related to the disclosure of drafts, which undoubtedly include information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Defendants further object to this Interrogatory on the basis that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature.  For purposes of responding to this Interrogatory, Defendants identify individuals who are likely to have relevant, non-privileged information regarding the drafting, editing, reviewing and approving of the Company's press release on August 24, 2018.  Subject to and without waiving any objections, Defendants respond as follows:

Biggs Porter, Howard Lance, Anil Wirasekara, Nick Cyprus, Jose Torres, Stephanie Georges, KPMG, LLP, Joele Frank, Wilkinson Brimmer Katcher, and Edelman.

15

**INTERROGATORY NO. 12**

Identify all persons involved in drafting, editing, reviewing and approving the disclosure language in the "Impairment of Non-Financial Assets" and "Inventory Obsolescence" on the Company's October 31, 2018 SEC Form 6-K (i.e., EX-99.2 at 21-22).

**RESPONSE TO INTERROGATORY NO. 12**

Defendants object to this Interrogatory on the basis that it seeks information related to the disclosure of drafts, which undoubtedly include information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Defendants further object to this Interrogatory on the basis that a response is incapable of determination at this early stage of discovery, and therefore the Interrogatory is premature. For purposes of responding to this Interrogatory, Defendants identify individuals who are likely to have relevant, non-privileged information regarding the drafting, editing, reviewing and approving of the disclosure language in the Company's October 31, 2018 SEC Form 6-K. Subject to and without waiving any objections, Defendants respond as follows:

Howard Lance, Jose Torres, Nick Cyprus, Jill Windrum, Mladen Brkic, Biggs Porter, and Lance Weber.

16

Dated:  June 15, 2021

Respectfully Submitted,

LATHAM & WATKINS LLP

*/s/ Brian T. Glennon*
Brian T. Glennon
Eric C. Pettis
355 S. Grand Ave., Suite 1000
Los Angeles, CA 90071
Telephone: (213) 891-7593
Facsimile: (213) 891-8763
Email: brian.glennon@lw.com
eric.pettis@lw.com
Kristin N. Murphy
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 755-8287
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com

SHERMAN & HOWARD L.L.C.

Jerome H. Sturhahn
Milton L. Smith
Peter G. Koclanes
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (302) 297-2900
Facsimile: (303) 298-0940
Email: msmith@shermanhoward.com
pkoclanes@shermanhoward.com
jsturhahn@shermanhoward.com

*Attorneys for Defendants Maxar Technologies
Inc., Howard L. Lance, and Anil Wirasekara*

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

     Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

     Defendants.

---

**VERIFICATION FOR DEFENDANTS' FIRST AMENDED RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

---

I, Jill M. Windrum, declare that I am authorized to act as the agent of Maxar Technologies, Inc. to

verify Defendants' First Amended Responses to Plaintiff's First Set of Interrogatories based upon

the institutional knowledge available; that I have read the Responses and know the contents

thereof; that certain of the information stated therein was assembled from business records and/or

by employees and counselors; that I am informed that the facts stated in the Responses are true

and correct to the best of the Company's knowledge; and, based on the foregoing and upon

information and belief, I verify under penalty of perjury that Defendants' First Amended

Responses to Plaintiff's First Set of Interrogatories are true and correct.

Executed this 2 day of June 2021

Jill M. Windrum

Civil Action No. 1:19-cv-00124-WJM-SKC

*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

       Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

       Defendants.

---

## VERIFICATION FOR DEFENDANTS' FIRST AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

I, Howard L. Lance, have read Defendants' First Amended Responses to Plaintiff's First Set of Interrogatories and have knowledge of the contents therein. I declare under penalty of perjury that the responses are true and correct of my own knowledge, and if I do not have personal knowledge, believe them to be true.

Executed this 10th day of June 2021

                                                   Howard L. Lance

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA

      Defendants.

---

### VERIFICATION FOR DEFENDANTS' FIRST AMENDED RESPONSES TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

I, Anil Wirasekara, have read Defendants' First Amended Responses to Plaintiff's First Set of Interrogatories and have knowledge of the contents therein. I declare under penalty of perjury that the responses are true and correct of my own knowledge, and if I do not have personal knowledge, believe them to be true.

Executed this ___3___ day of ___June___ 2021

                                         Anil Wirasekara

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, a true and correct copy of the foregoing document was served via Email pursuant to Fed. R. Civ. P. 5(b)(2)(E) and D.C. Colo. LCiv. R. 5.3(c) on the following counsel for Plaintiff:

ROBBINS GELLER RUDMAN & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN
TRIG R. SMITH
DEBASHISH BAKSHI
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  (619) 231-1058
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
trigs@rgrdlaw.com
dbakshi@rgrdlaw.com

*Attorneys for* **Plaintiff**

Eileen M. Longo

18