## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated September 12, 2022 (the "Stipulation"), is made and entered into by and between the following Settling Parties: (i) Lead Plaintiff Oregon Laborers Employers Pension Trust Fund, on behalf of itself and each Class Member,[1] on the one hand, and (ii) Defendants Maxar Technologies, Inc. ("Maxar" or the "Company"), Howard L. Lance and Anil Wirasekara (collectively, "Defendants"), on the other, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the District of Colorado. The Stipulation is intended to fully, finally, and forever resolve, discharge, release, settle, and dismiss with prejudice the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.      THE LITIGATION

On January 14, 2019, a Class Action Complaint for Violation of the Federal Securities Laws was filed in the above-captioned action against Defendants (the "Litigation").  ECF 1.

On August 7, 2019, the Court appointed Oregon Laborers Employers Pension Trust Fund as Lead Plaintiff and approved Robbins Geller Rudman & Dowd LLP as Lead Counsel.  ECF 41.

On October 7, 2019, Lead Plaintiff filed the Consolidated Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").  ECF 44.  The Amended Complaint alleged violation of §10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 against all Defendants and §20(a) of the Securities Exchange Act of 1934 against the Individual Defendants.

Among other things, Lead Plaintiff alleged in the Amended Complaint that Defendants made materially false and misleading statements and omissions in Maxar's public filings and on public

---

[1]      All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

Case 1:19-cv-00124-WJM-SKC   Document 178   Filed 09/20/22   USDC Colorado   Page 3 of 50

conference calls with financial analysts concerning (i) the Company's reported balance sheet assets concerning its geostationary communications satellite business ("GEO"); and (ii) a GEO satellite contract known as AMOS-8.  The Amended Complaint further alleged that as a result of Defendants' misrepresentations and omissions, the price of Maxar common stock was artificially inflated during the Class Period, and that when Maxar disclosed that it would take a $383.6 million impairment charge, and that the AMOS-8 would be built in Israel and funded by the Israeli government, the price of Maxar stock declined, thereby damaging the Class Members.  Defendants have denied, and continue to deny, these allegations and that there was any violation of the Securities Exchange Act.

On December 6, 2019, Defendants filed a motion to dismiss the Amended Complaint.  ECF 51.  Lead Plaintiff filed its opposition on January 21, 2020, ECF 57, and Defendants filed a reply in support of their motion to dismiss on February 20, 2020, ECF 65.  On September 11, 2020, the Court issued an Order that granted in part and denied in part Defendants' motion to dismiss.  ECF 69.

Defendants answered the Amended Complaint on October 9, 2020, denying all material surviving allegations of the Amended Complaint and asserting multiple defenses.  ECF 74.  Discovery commenced shortly thereafter.

On February 12, 2021, Lead Plaintiff moved to certify the class.  ECF 90.  Defendants took discovery in connection with that motion, including propounding written discovery and deposing Lead Plaintiff and its expert.  On June 4, 2021, Defendants filed a statement of non-opposition to Lead Plaintiff's motion for class certification, reserving their rights to (i) seek to alter the size or composition of the class or the length of the class period, and (ii) move to decertify the putative class.  ECF 102.  On July 16, 2021, the Court granted Lead Plaintiff's motion and certified a class defined as: "All persons and entities who purchased or otherwise acquired the common stock of

Maxar Technologies, Inc. ('Maxar' or the 'Company') during the period from May 9, 2018 through October 30, 2018, inclusive (the 'Class Period'), and were damaged thereby.  Excluded from the Class are Defendants, present or former executive officers of Maxar and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii))."  ECF 109.  Notice was not previously provided to the certified class.

The Settling Parties conducted extensive fact discovery in the Litigation, including depositions, and the production and review of documents.  In response to Lead Plaintiff's discovery requests, Defendants have produced and Lead Plaintiff's Counsel have reviewed over 100,000 documents.  The Settling Parties have engaged in numerous meet-and-confer conferences regarding discovery.  Lead Plaintiff has also convened the depositions of nine fact witnesses.

On March 31, 2021, the Settling Parties participated in a voluntary confidential mediation with Gregory P. Lindstrom, Esq. (the "Mediator").  Prior to the mediation, the Settling Parties prepared, exchanged, and provided to the Mediator detailed mediation statements setting forth their respective positions on the merits and damages.  Although the Settling Parties negotiated in good faith, no settlement was reached and litigation continued.  In May 2021, the Settling Parties participated in another voluntary confidential mediation with the Mediator.  Although the Settling Parties negotiated in good faith, no settlement was reached at that mediation session and litigation continued.  In April 2022, the Settling Parties renewed their efforts to resolve the case.  On May 16, 2022, the Settling Parties attended a voluntary mediation with the Mediator.  The Settling Parties exchanged and provided to the Mediator updated mediation materials prior to that mediation.  Although no agreement was reached at that mediation session, negotiations continued through the Mediator.  After further settlement discussions, the Settling Parties attended a voluntary half-day

mediation with the Mediator on June 21, 2022.  The Settling Parties reached an agreement-in-principle to resolve the Litigation on June 21, 2022, with no admission of liability.  On June 28, 2022, the Settling Parties executed a Settlement Term Sheet.  The agreement-in-principle contemplated full releases of liability in return for a cash payment of $27 million for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

## II.      LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Litigation have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risks in connection with Defendants' anticipated motion for summary judgment and persuading a jury at trial, especially in complex actions such as this Litigation, as well as the risks posed by post-trial motions, and potential appeals from the determination of those motions, or a jury verdict.  Lead Plaintiff and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances presented here.  Based on their own investigation and evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class, and is fair, reasonable, and adequate.

## III.    DEFENDANTS' DENIALS OF LIABILITY

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability and/or violation of law, including under the U.S. securities laws or any laws.  Defendants have denied, and continue to deny, all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Litigation.  Among other things, Defendants expressly have denied, and continue to deny, that: they made any false or misleading statements or omissions; any allegedly false or misleading statement during the Class Period was made with scienter; the price of Maxar common stock was artificially inflated; any Class Member, including Lead Plaintiff, has suffered any damages; or any Class Member, including Lead Plaintiff, was harmed by any conduct alleged or that could have been alleged, in the Litigation.  Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Each Defendant reserves all defenses to any claims that may be filed by any Person who opts out of the Settlement set forth in this Stipulation.

Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, burden, and uncertainty of this Litigation, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Litigation and Released Claims.

Neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could

have, asserted in the Litigation. Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Litigation, or any facts related thereto.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Litigation whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their respective counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement, that the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, upon and subject to the following terms and conditions:

### 1.    Definitions

The following terms, when capitalized, have the meanings specified below when used in this Stipulation:

1.1    "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.2    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit A-2, or an electronic claim that is submitted to the Claims Administrator.

1.3    "Claimant" means any person who submits a Claim to the Claims Administrator.

1.4    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.5    "Class" means all persons and entities who purchased or otherwise acquired Maxar common stock during the period from May 9, 2018 through October 30, 2018, inclusive, and were damaged thereby.  Excluded from the Class are: Defendants, present or former executive officers of Maxar and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

1.6    "Class Member" or "Member of the Class" means a Person who falls within the definition of Class as set forth in ¶1.5 above.

1.7    "Class Period" means the period between May 9, 2018 and October 30, 2018, inclusive.

1.8    "Defendants" means Maxar, Howard L. Lance and Anil Wirasekara.

1.9    "Defendants' Counsel" means all counsel who have appeared in the Litigation on behalf of Defendants.

1.10    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.11    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and its successor(s).

1.12    "Fee and Expense Application" is defined in ¶6.1 below.

1.13    "Fee and Expense Award" means the Court's award of attorneys' fees and expenses and interest thereon to Lead Counsel to be paid from the Settlement Fund.

1.14    "Final" with respect to the Judgment or any alternative judgment means: (i) if no appeal is filed, the expiration date of the time provided for filing or petitioning for any appeal, or (ii) if there is an appeal from the Judgment or any alternative Judgment, the date of (a) final dismissal of all such appeals, or the final dismissal of any proceeding on *certiorari* or otherwise to review the Judgment, or (b) the date the Judgment or any alternative judgment is finally affirmed on appeal, and (l) the expiration of the time to file a petition for writ of *certiorari* or other form of review, (2) the denial of a writ of *certiorari* or other form of review, or (3) if *certiorari* or other form of review is granted, the date of final affirmance of the Judgment or any alternative judgment following review pursuant to that grant.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration, petition for rehearing or rehearing *en banc*, or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review solely of an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.15    "Individual Defendants" means Howard L. Lance and Anil Wirasekara.

1.16    "Judgment" means the Final Judgment Approving Class Action Settlement to be rendered by the Court, substantially in the form attached hereto as Exhibit B, or such other substantially similar form entered by the Court, consistent with the terms of this Stipulation.

1.17    "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.18    "Lead Plaintiff" means Oregon Laborers Employers Pension Trust Fund.

1.19    "Lead Plaintiff's Counsel" means all counsel who have appeared in the Litigation on behalf of Lead Plaintiff.

1.20    "Litigation" means the action captioned *Oregon Laborers Employers Pension Trust Fund v. Maxar Technologies, Inc., et al.*, Civil Action No. 1:19-cv-00124-WJM-SKC, pending in the United States District Court for the District of Colorado.

1.21    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, litigation expenses, and interest thereon; (ii) Notice and Administration Expenses (defined in ¶2.9 below); (iii) Taxes and Tax Expenses (defined in ¶2.11(c) below); and (iv) any other fees or expenses approved by the Court.

1.22    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.23    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation, and the Released Defendant Parties shall not have any responsibility or liability with respect to the Plan of Allocation.

1.24    "Proof of Claim and Release" means the Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit A-2, that a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.25    "Released Claims" means any and all claims and causes of action of every nature and description, including Unknown Claims (as defined in ¶1.35), that were or could have been alleged in the Litigation or could in the future be asserted in any forum, domestic or foreign, whether arising under federal, state, common, or foreign law, arising out of, based upon, or in any way related to the purchase or acquisition of Maxar common stock by Class Members during the Class Period and any allegations, acts, transactions, facts, events, matters, occurrences, representations, statements or omissions that were or could have been set forth, alleged, referred to, or asserted in the Litigation by Lead Plaintiff or Members of the Class.   Notwithstanding the aforementioned, Released Claims expressly exclude claims:  (i) related to the enforcement of the Settlement; (ii) between Defendants and their respective insurers or other third parties who are not defined as "Released Defendant Parties" below; (iii) asserted in *In re Maxar Technologies, Inc. Securities Litigation*, Case No. 19CV357070 (Santa Clara County Sup. Ct.) (the "State Action"), derivatively in *Dorling v. Lance, et al.*, 19-cv-02134 (D. Del.), *Golub v. Lance, et al.*, 20-cv-01251 (D. Del.), or *Egan v. Lance, et al.*, 2021-0796-PAF (Del. Ch.) (the "Derivative Actions") or in *O'Brien v. Maxar Technologies Inc., et al.*, No. cv-19-00631109-00CP (Ontario Superior Court of Justice) if and only if the following two conditions are met:  (a) the claims and causes of action being asserted arise exclusively under the laws of Canada, and (b) the claims and causes of action being asserted by any Person are beyond the jurisdiction of the United States District Court for the District of Colorado in this Litigation under the principles established in *Morrison v. Nat'l Australia Bank Ltd., et al.*, 561 U.S. 247 (2010) and

its progeny; or (iv) of any Class Member who properly and timely excludes himself, herself or itself from the Class.

1.26   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including Unknown Claims, against Lead Plaintiff, Lead Plaintiff's Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.27   "Released Defendant Party" or "Released Defendant Parties" means (i) Defendants, and (ii) each of their past, present and future predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, heirs, legatees, devisees, executors, administrators, estates, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and all persons acting by, through, under or in concert with them or any of them.

1.28   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Class Member, Lead Plaintiff, Lead Counsel, Lead Plaintiff's Counsel, and each of their past, present and future predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, heirs, legatees, devisees, executors, administrators, estates, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and all persons acting by, through, under or in concert with them or any of them.  Releasing Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but for having validly and timely excluded himself, herself, or itself therefrom.

1.29    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.30    "Settlement Amount" means Twenty-Seven Million U.S. Dollars (U.S. $27,000,000.00) to be paid by check or wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.31    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.32    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.33    "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of itself and the Class.

1.34    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.35    "Unknown Claims" means (a) any and all Released Claims or Released Defendants' Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or

suspect to exist in his, her, or its favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Releasing Plaintiff Parties.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Defendants shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Defendants shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Defendants acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived,

compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Defendants shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Releasing Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

**2.      The Settlement**

2.1      The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

**a.      The Settlement Consideration**

2.2      In consideration of the full and final settlement of the claims asserted or that could have been asserted by the Lead Plaintiff or any of the Class Members against Defendants or any of the Released Defendant Parties, Maxar shall cause the Settlement Amount to be deposited in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent within thirty (30) business days after the Court enters an order granting preliminary approval of the Settlement ("Payment Date").  Lead Plaintiff shall have the right, but not the obligation, to terminate the Settlement in the event that the Settlement Amount has not been deposited in the Escrow Account by the deadline set forth in this ¶2.2, if Lead Plaintiff provides written notice that the deposit is past due and Defendants do not cure the failure within two (2) business days.

2.3      The payment described in ¶2.2 is the only payment to be made by or on behalf of Defendants in connection with this Settlement.  Lead Plaintiff and Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder.  Other than the obligation to cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility, liability or obligation whatsoever to anyone with respect to: (i) the Settlement Fund, the Net Settlement Fund or the Escrow Account; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their

respective designees, in connection with the administration of the Settlement or otherwise; (iii) the management, investment, allocation, use, disbursement, administration or distribution of the Settlement Fund; (iv) the Plan of Allocation; (v) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     Other than the obligation to cause the payment of the Settlement Amount into the Settlement Fund in accordance with the terms of ¶2.2, Defendants shall have no further or other liability or obligation to the Releasing Plaintiff Parties with respect to the Released Claims, except as expressly stated herein.

### b.     The Escrow Agent

2.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility, liability or obligation whatsoever with respect to the investment decisions or actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are either distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Prior to the Effective Date, Lead Counsel, without further approval from Defendants or order of the Court, may pay from the Settlement Fund up to $500,000, for the actual costs of notice and related administration expenses, including reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow taxes, fees and costs, if any ("Notice and Administration Expenses").  Prior to the Effective Date, Notice and Administration Expenses in excess of $500,000 shall be paid from the Settlement Fund only following Court approval.  After the Effective Date, Notice and Administration Expenses shall be paid from the Settlement Fund, without further approval of Defendants or the Court.

2.10     It shall be Lead Counsel's responsibility to disseminate the Notice (as defined in ¶3.1 below), Proof of Claim and Release, and Summary Notice (as defined in ¶3.1 below) to potential Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility, liability, or obligation whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility, liability, or obligation whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any acts, omissions, or determinations made in the notice process and any Notice and Administration Expenses.

### c.     Taxes

2.11     The Settling Parties agree as follows:

(a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1, and the regulations promulgated thereunder, and agree not to take any position for Tax purposes inconsistent therewith.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treasury Regulation §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, reasonable expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no responsibility, liability, or obligation whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax

Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval of the Released Defendant Parties. The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)). Neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability or obligation whatsoever for any Taxes or Tax Expenses. The Settling Parties agree to reasonably cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12    This is not a claims-made settlement. As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason other than if the Settlement is terminated pursuant to the terms identified in ¶7.4 herein, and shall not have any liability should claims made exceed the amount available in the Settlement Fund for payment of such claims. The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.

### d.    Termination of Settlement

2.13    In the event that the Settlement: (i) is not approved; (ii) is terminated or canceled; (iii) fails to become effective for any reason, including, without limitation, in the event the Judgment is

reversed, vacated, or altered following any appeal taken therefrom; or (iv) is successfully collaterally attacked, or otherwise does not become Final, the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

**3.    Preliminary Approval Order and Settlement Hearing**

3.1    Promptly after execution of this Stipulation, Lead Counsel shall file this Stipulation together with its exhibits (the "Exhibits") with the Court and shall move for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  Defendants will not oppose the motion.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶6.1 below), and the date of the Settlement Hearing (which will be set by the Court in the Preliminary Approval Order).

3.2    It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3    Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. §1715,

and the identity of those who will receive the CAFA Notice.  Pursuant to CAFA, no later than ten

(10) calendar days after the Stipulation is filed with the Court, Defendants shall serve proper notice

of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA

Notice.  In the motion for preliminary approval of the Settlement, Lead Counsel shall request that,

after the Notice and Summary Notice to the Class is given and not earlier than ninety (90) calendar

days after the later of the dates on which the appropriate Federal and State officials are provided with

notice pursuant to the CAFA, the Court hold the Settlement Hearing and approve the Settlement of

the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request

that the Court approve the proposed Plan of Allocation and the Fee and Expense Application

(defined in ¶6.1 below).

### 4.    Releases

4.1     Upon the Effective Date, Lead Plaintiff shall, and each and every Releasing Plaintiff

Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one

of the Released Claims (including Unknown Claims) against each and every one of the Released

Defendant Parties, regardless of whether such Class Member executes and delivers the Proof of

Claim and Release.  Upon the Effective Date, Lead Plaintiff shall, and each and every Releasing

Plaintiff Party will be permanently and forever barred, estopped, and enjoined from asserting,

commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or

equity, arbitration tribunal, or administrative forum any and all of the Released Claims against any

and all of the Released Defendant Parties, regardless of whether such Class Member executes and

delivers the Proof of Claim and Release.  Claims to enforce the terms of this Stipulation are not released.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of §1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

4.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Releasing Plaintiff Parties.  Claims to enforce the terms of this Stipulation are not released.

4.4     By entering into this Stipulation, Lead Plaintiff represents and warrants that it has not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Claims to any other person or entity, and the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Defendants' Claims to any other person or entity.

4.5     The Settlement will not be conditioned upon the obtaining of or any judicial approval of any releases between or among the Released Defendant Parties and/or any third parties.

5.     **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate

the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Released Defendant Parties and Defendants' Counsel shall have no responsibility, liability or obligation whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiff, any other Class Members, or Lead Plaintiff's Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.  The Released Defendant Parties and Defendants' Counsel shall have no involvement in reviewing or challenging Claims.

5.2     In accordance with the schedule set forth in the Notice, Lead Counsel will cause the Claims Administrator to mail to Class Members who can be identified with reasonable effort the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement

Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal*, and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

     5.3    The Settlement Fund shall be applied as follows:

     (a)    to pay all Notice and Administration Expenses;

     (b)    to pay the Taxes and Tax Expenses;

     (c)    to pay attorneys' fees and expenses of Lead Plaintiff's Counsel and to pay any award to Lead Plaintiff for its reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

     (d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

     5.4    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions of this Stipulation.

     5.5    Within ninety (90) calendar days after (a) the mailing of the Notice, or (b) such other time as may be set by the Court, each Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto and as approved

by the Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.6     Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

5.7     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.8     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in

writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.9 below.

5.9     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.8 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

5.10     Each Class Member who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Claims, including, but not limited to, all releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to

the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.11     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of the distribution of the Net Settlement Fund, the Claims Administrator, at Lead Counsel's direction, shall, if economically feasible, redistribute in an equitable and economic fashion such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.   Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel.

5.12     The Released Defendant Parties shall have no responsibility, liability or obligation whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing.  No Person shall have any

claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.14 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.13    No Person shall have any claim against the Released Defendant Parties, Lead Plaintiff, Lead Plaintiff's Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.  This does not include any claim by any party for breach of this Stipulation.

5.14    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

### 6.    Lead Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of all Lead Plaintiff's Counsel for distribution from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the

Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. The Fee and Expense Application may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses in connection with its representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4). Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2     The Fee and Expense Award awarded by the Court is within the sole discretion of the Court. Defendants shall take no position with respect to the Fee and Expense Application. The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an Order awarding the Fee and Expense Award, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel may thereafter allocate the attorneys' fees among Lead Plaintiff's Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its respective partners and/or shareholders, and such other Lead Plaintiff's Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiff who have received any portion of the Fee and Expense Award shall, within five (5) business

days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be returned to the Settlement Fund in accordance with ¶7.5 hereof.  Any refunds pursuant to this paragraph shall be the several obligation of Lead Plaintiff's Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiff that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Plaintiff's Counsel or Lead Plaintiff receiving an award of fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and/or costs paid to them from the Settlement Fund together with the interest paid thereon.  Without limitation, Lead Plaintiff's Counsel, Lead Plaintiff and its partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Plaintiff's Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4     This Settlement is not contingent on the allowance or disallowance by the Court of the Fee and Expense Award, the award to Lead Plaintiff, Lead Counsel, or Lead Plaintiff's Counsel, nor any appeals from such awards.  Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application, which must be paid out of the Settlement Fund under the

terms of this Stipulation, shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  Any order or proceeding relating solely to the Fee and Expense Application, or any appeal from any order relating solely thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate or cancel this Stipulation or the Settlement, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Plaintiff's Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.6     The Released Defendant Parties shall have no responsibility for, and no liability or obligation whatsoever with respect to, the allocation among Lead Plaintiff's Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Defendant Parties shall have no responsibility for, and no liability or obligation whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

7. **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation;

(b)     the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below, directing notice to the Class, as required by ¶3.1 hereof;

(c)     the Settlement Amount has been deposited into the Escrow Account in accordance with ¶2.2;

(d)     no Settling Party has exercised its option to terminate the Stipulation pursuant to ¶7.4 hereof;

(e)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, consistent with the terms of this Stipulation, or as may be subsequently agreed to by the Settling Parties per ¶7.3 below, that, *inter alia*, dismisses with prejudice the Litigation, as to the Settling Parties, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.14 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants and any other Persons who contributed to the Settlement Fund in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, any Fee and Expense Award, Notice and Administration Expenses, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall

be canceled and terminated subject to ¶¶7.5-7.7 hereof, unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Award or expenses to Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3     In the event that the Court indicates that the Settling Parties must modify the Stipulation, Notice, Summary Notice, Proof of Claim and Release, or Judgment as a condition to entering the Preliminary Approval Order or Judgment, then the Settling Parties agree to work together in good faith to determine whether they can agree to such modifications. Nothing in this paragraph shall limit the right of the Settling Parties to terminate the Settlement and this Stipulation under ¶7.4.

7.4     Each of Lead Plaintiff and Defendants, through their respective counsel, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within fourteen (14) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order and/or permitting Notice of the Settlement to Class Members, whether or not the Court's refusal is in an appealable order; (b) the Court's refusal to approve the Settlement or any material part of it (except as to any decision by the Court concerning any Fee and Expense Award); (c) the Court's refusal to enter the Judgment (except as to any decision by the Court concerning any Fee and Expense Award) or the date on which any court of appeal affirms, or does not reverse, any appealable refusal by the Court to enter the Judgment; (d) the date upon which the Judgment is reversed or vacated or modified following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final;

or (e) the failure of the Effective Date to occur for any reason. Defendants shall have the right to terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Class who purchased or otherwise acquired more than a certain number of shares of Maxar common stock subject to this Settlement exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiff and Defendants, by and through their counsel. The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms, or unless and until a dispute between the Settling Parties arises concerning its interpretation or application. If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between the Settling Parties, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* and/or filed under seal, but such disclosures shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

7.5     Unless otherwise ordered by the Court, in the event that the Court does not grant final approval of the Settlement or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, within seven (7) calendar days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and up to

$500,000 for actual Notice and Administration Expenses that have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Defendants' Counsel.

7.6     In the event that the Court does not grant final approval of the Settlement, or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of June 28, 2022.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.35, 2.7-2.9, 2.11-2.13, 6.3, 7.5-7.7, 8.1, and 9.7 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7     In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.5 hereof.

**8.      No Admission of Wrongdoing**

8.1      Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation.  The Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall not constitute or be construed as an admission by Defendants as to the merits of any allegation made in the Litigation;

(b)      shall not be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of Defendants or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court and becomes effective pursuant to its terms.  Defendants may refer to it to effectuate the liability protection granted them hereunder, and nothing in this Settlement shall restrict

- 37 -

the ability of any party hereto to advocate in favor or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

(c)     shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against Lead Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(d)     shall not be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; and

(e)     shall not be construed against Defendants, Lead Plaintiff, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.     Miscellaneous Provisions

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation expeditiously.

9.2     Upon and subject to the terms and conditions hereof, the Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Defendants with respect to the Litigation.  The Settlement compromises claims which are contested and shall not be deemed to constitute a presumption, concession, or admission by any Settling Party of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.  The Settling Parties and their counsel mutually agree that, throughout the course of this Litigation, all parties and their counsel complied with the provisions of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Litigation, and the Judgment shall contain a finding that the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 with respect to the institution, prosecution, defense, and resolution of the Litigation.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or a jury.  The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Lead Plaintiff or defended by Defendants in bad faith, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses and resolution of the Litigation, and shall not otherwise suggest

that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Released Defendant Parties may file this Stipulation and/or the Judgment from this Litigation in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall control.

9.7     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto concerning the Settlement of the Litigation and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

9.9     Except as otherwise provided herein, or otherwise agreed to in writing by the Settling Parties, each party shall bear his, her, or its own fees and costs.

9.10    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.11    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.13    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

> If to Lead Plaintiff or to Lead Counsel:
>
> ROBBINS GELLER RUDMAN & DOWD LLP
> ELLEN GUSIKOFF STEWART
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> If to Defendants or to Defendants' Counsel:
>
> O'MELVENY & MYERS LLP
> MATTHEW W. CLOSE
> 400 South Hope Street, 18th Floor
> Los Angeles, CA  90071

9.14    This Stipulation shall be binding upon, and inure to the benefit of, the respective agents, executors, heirs, devisees, successors, and assigns of the Settling Parties.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.  Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

9.16    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.17    Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.18    This Stipulation, its Exhibits, and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Colorado, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Colorado without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22     Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

9.23     Lead Plaintiff agrees that it will not intentionally assist or cooperate with any non-governmental Person or entity in the pursuit of legal action related to the subject matter of this Litigation against the Released Defendant Parties.  Lead Plaintiff and Lead Counsel agree that they will not intentionally assist or cooperate with any non-governmental Person or entity seeking to publicly disparage the Released Defendant Parties with respect to any matter relating to the subject matter of this Litigation, and that they will not discuss any confidential matters related to this Litigation or the Settlement with any non-governmental person or entity one other than the parties hereto, their counsel, the Court, and their agents, in their capacities as such.  Nothing in this paragraph is intended to preclude a Person's ability to comply with lawful process or cooperate with any government inquiry.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated September 12, 2022.

Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
SPENCER A. BURKHOLZ
ELLEN GUSIKOFF STEWART
TRIG R. SMITH
JEFFREY J. STEIN
CHRISTOPHER D. STEWART
NICOLE Q. GILLILAND
PATTON L. JOHNSON

_____
            SPENCER A. BURKHOLZ

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
elleng@rgrdlaw.com
trigs@rgrdlaw.com
jstein@rgrdlaw.com
cstewart@rgrdlaw.com
ngilliland@rgrdlaw.com
pjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

O'MELVENY & MYERS LLP
MATTHEW W. CLOSE
BRITTANY ROGERS

_____
            MATTHEW W. CLOSE

Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
SPENCER A. BURKHOLZ
ELLEN GUSIKOFF STEWART
TRIG R. SMITH
JEFFREY J. STEIN
CHRISTOPHER D. STEWART
NICOLE Q. GILLILAND
PATTON L. JOHNSON

_____
                SPENCER A. BURKHOLZ

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
elleng@rgrdlaw.com
trigs@rgrdlaw.com
jstein@rgrdlaw.com
cstewart@rgrdlaw.com
ngilliland@rgrdlaw.com
pjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

O'MELVENY & MYERS LLP
MATTHEW W. CLOSE
BRITTANY ROGERS

DocuSigned by:

*Matthew W. Close*
4F3C651C6A75414...
_____
               MATTHEW W. CLOSE

- 45 -

400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
brogers@omm.com
mclose@omm.com

SHERMAN & HOWARD LLC
JEROME H. STURHAHN
MILTON L. SMITH
PETER G. KOCLANES
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
jsturhahn@shermanhoward.com
msmith@shermanhoward.com
pkoclanes@shermanhoward.com

*Attorneys for Defendants Maxar Technologies, Inc., Howard L. Lance, and Anil Wirasekara*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on September 20, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Spencer A. Burkholz*

SPENCER A. BURKHOLZ

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
sburkholz@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mmena-hadyka@omm.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Kate Mie Ikehara**
  kikehara@omm.com,kate-ikehara-0705@ecf.pacerpro.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Jeffrey James Stein**
  jstein@rgrdlaw.com

- **Christopher Dennis Stewart**
  cstewart@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jerome H. Sturhahn**
  jsturhahn@shermanhoward.com,efiling@shermanhoward.com,jbulanow@shermanhoward.com

- **Jonathan Bryce Waxman**
  jwaxman@omm.com,jonathan-waxman-8134@ecf.pacerpro.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Phillup G  Newhope
,

Logan Durant
,

Michael W Slaunwhite
,