**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 19-cv-0124-WJM-SKC
*Consolidated with Civil Action No. 19-cv-0758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

**ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

Lead Plaintiff Oregon Laborers Employers Pension Trust Fund's ("Lead Plaintiff")

sued Defendants Maxar Technologies Inc., Howard L. Lance, and Anil Wirasekara

(collectively, "Defendants") for alleged violations of Sections 10(b) and 20(a) of the

Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t(a), and Rule 10b-5

promulgated thereunder, 17 C.F.R. § 240.10b-5.  (ECF No. 44.)

On July 16, 2021, the Court certified a class under Federal Rule of Civil

Procedure 23(b)(2), defined as: "All persons and entities who purchased or otherwise

acquired the common stock of Maxar Technologies, Inc. ('Maxar' or the 'Company')

during the period from May 9, 2018 through October 30, 2018, inclusive (the 'Class

Period'), and were damaged thereby.  Excluded from the Class are Defendants, present

or former executive officers of Maxar and their immediate family members (as defined in

17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii))."  (ECF No. 109 at 7.)  In the same Order, the Court appointed Lead Plaintiff as class representative and the law firm Robbins Geller Rudman & Dowd LLP as class counsel.  (*Id.*)

Currently before the Court is Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion") (ECF No. 177) and the parties' Joint Request for Status Conference ("Joint Request") (ECF No. 189). Having reviewed the Stipulation of Settlement (the "Settlement Agreement") dated September 12, 2022 (ECF No. 178), and the other exhibits submitted with the Settlement Agreement (ECF Nos. 178-1–178-5), and being fully advised by the parties of all pertinent facts and law, IT IS HEREBY ORDERED THAT:[1]

1.  Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 177) is GRANTED;

2.  The Stipulation of Settlement (ECF No. 178) is PRELIMINARILY APPROVED as fair and reasonable;

3.  The parties' Joint Request for Status Conference (ECF No. 189) is GRANTED.  A hearing (the "Settlement Fairness Hearing") shall be held before this Court on **November 9, 2023 at 10:00 a.m., in person, in Courtroom A801 at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3289**, to: (a) determine whether the proposed Settlement on the terms and conditions provided for in the

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as they have in the Settlement Agreement.

Settlement Agreement is fair, reasonable, and adequate to the Class Members, and should be finally approved by the Court; (b) determine whether a Judgment, attached as Exhibit B to the Settlement Agreement (ECF No. 178-5), should be entered dismissing the Action with prejudice against the Defendants; (c) determine whether the proposed Plan of Allocation for the Settlement Fund is fair and reasonable and should be approved; (d) determine whether the motion by Lead Plaintiff for an award of attorneys' fees and reimbursement of litigation expenses should be approved; (e) hear and determine any objections to the Settlement Agreement; and (f) rule on such other matters as the Court may deem appropriate;

4.      The Court approves, as to form and content, the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses form (the "Notice") (ECF No. 178-2); the Proof of Claim and Release Form ("Claim Form") (ECF No. 178-3); and the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses form (the "Summary Notice") (ECF No. 178-4), and finds that the mailing and posting of the Notice and Summary Notice, substantially in the manner and form set forth in the Settlement Agreement, meets the requirements of Federal Rule of Civil Procedure 23 and due process, are the best notice

3

practicable under the circumstances, and shall constitute due and sufficient notice to the Settlement Class Members;

5.       Because the Court has "return[ed] to its pre COVID-19 operational posture" as of May 8, 2023 (District of Colorado General Order 2023-5), the parties will remove reference to COVID-19 as a "fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference" (ECF No. 178-1 at 17) and any other similar statements from the Notice, Claim Form, and Summary Notice;

6.       By **June 20, 2023**, Maxar shall provide or cause to be provided to the Claims Administrator records reasonably available to Maxar or its transfer agent concerning the identity and last known address of all Class Members;

7.       By **July 7, 2023**, the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached as Exhibits A-1 and A-2 (ECF Nos. 178-2, 178-3), respectively, and as amended as provided by Paragraph 5 above, to be mailed by first-class mail to potential Class Members at the addresses set forth in the records which Maxar caused to be provided, or who otherwise may be identified through further reasonable effort;

8.       By **July 7, 2023**, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on

www.MaxarSecuritiesClassLitigation.com, from which copies of the Notice and Claim Form can be downloaded;

9.     By **July 24, 2023**, the Claims Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit A-3 (ECF No. 178-4), and as amended by Paragraph 5 above, to be published once in the national edition of *The Wall Street Journal* and to be transmitted once over a national newswire service;

10.    By **July 31, 2023,** Lead Counsel shall file with the Court proof, by appropriate declaration, of such mailing and posting described in Paragraphs 7–9;

11.    Notice and Claim Form mailings that are returned by the United States Postal Service ("USPS") as undeliverable will be reviewed for updated addresses and, where available, new addresses will be entered into the Claims Administrator's database and the Notice and Claim Form will be mailed to the updated addresses.  The Claims Administrator shall immediately re-mail any returned undelivered mail for which the USPS has provided a forwarding address.  The Claims Administrator shall attempt to locate anyone whose Notice and Claim Form have been returned by USPS as undeliverable (and an updated address was not provided) by conducting a National Change of Address ("NCOA") search, given that the NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  Addresses

5

found through NCOA searches will also be certified via the Coding
Accuracy Support System ("CASS") to ensure the quality of the zip code
and verified through Delivery Point Validation ("DPV") to verify the
accuracy of the addresses.  Where an updated address was not available
through a NCOA search, the Claims Administrator shall conduct internet
searches or engage a third-party search firm or lookup service, such as
LexisNexis® Public Records, to conduct more rigorous searches for
persons whose Notice and Claim Form are returned as undeliverable.
The search efforts set forth in this Paragraph 11 shall be undertaken as
soon as practicable, and all such efforts must by concluded by no later
than **August 18, 2023**;

12. Class Members who wish to participate in the Settlement and to be
potentially eligible to receive a distribution from the Net Settlement Fund
must complete and submit a Claim Form in accordance with the
instructions contained therein.  All Claim Forms must be postmarked by
**October 20, 2023**;

13. Any Class Member who wishes to exclude himself, herself, or itself from
the Settlement must request exclusion in writing within the time and in the
manner set forth in the Notice.  A request for exclusion must be mailed or
delivered such that it is received as set forth in the Notice by **September
25, 2023**;

14.     The parties' motion for final approval of the Settlement Agreement and Lead Counsel's motion for attorneys' fees and costs shall be filed with the Court and served on any timely objectors by **October 2, 2023**.  Any response, in opposition or otherwise, to either of these motions must be filed with the Court no later than **October 19, 2023.**  Any reply in support of either of these motions shall be filed with the Court by **October 27, 2023**;

15.     Any Class Member may appear and show cause, if he, she, or it has any reason why the Settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Lead Counsel, or why a service award should not be awarded to Lead Plaintiff; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the settlement unless that Class Member has, by **September 25, 2023**, filed a detailed objection in writing (described further below) with the Clerk of Court:

Clerk of Court
ATTN: Oregon Laborers Employers Pension Trust Fund v. Maxar Technologies Inc., Civil Action No. 19-cv-0124
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

An objection shall also be served on the following counsel postmarked no later than **September 25, 2023**:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Robbins Geller Rudman & Dowd LLP | O'Melveny & Meyers LLP |
| Ellen Gusikoff Stewart | Matthew W. Close |
| 655 W. Broadway, Suite 1900 | 400 South Hope Street, 18th Floor |
| San Diego, CA 92101 | Los Angeles, CA 90071 |

Such objections must contain the following information: (a) the Class Member's name, legal address, and telephone number; (b) proof of being a Class Member as of the Class Period; for example, proof of the date(s) the Class Member purchased the Maxar securities; (c) a statement of the Class Member's position with respect to the matters to be heard at the Settlement Fairness Hearing; and (d) the grounds for the objection or the reasons for the Class Member desiring to appear and to be heard;

16.   Any Class Member who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or to otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and shall be bound by the Settlement, the judgment, and the releases given; and

17.   To the extent the parties believe there to be other deadlines necessary to implement the terms of the Settlement Agreement, the parties may agree on such deadlines among themselves, **provided none of these additional deadlines are inconsistent with any provision of this Order.**

Dated this 5th day of June, 2023.

BY THE COURT:

William J. Martinez
Senior United States District Judge