# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| | ) | |
| IN RE SANDRIDGE ENERGY, INC. | ) | Case No. CIV-12-1341-G |
| SECURITIES LITIGATION | ) | |
| | ) | |

## **ORDER**

Now before the Court is Lead Counsel's Application for an Award of Attorneys' Fees and Expenses and Award to Plaintiffs (Doc. No. 571, the "Fee Application"). Having considered the parties' submissions and argument presented at the hearing on final approval of the Settlement and related motions held on October 6, 2022, the Court GRANTS the Fee Application, and ORDERS as follows:[1]

1.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

2.      Notice of Lead Counsel's Fee Application was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Application met the requirements of Federal Rule of Civil Procedure 23 and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law,

---

[1] Unless otherwise indicated, capitalized terms that are not otherwise defined herein have the same meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 12, 2021 ("Stipulation"). *See* Doc. No. 564-1.

- 1 -

constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

3.      The Court hereby awards attorneys' fees of one-third of the Settlement Amount ($7,269,166), plus expenses in the amount of $2,399,866.02, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

4.      The fees and expenses shall be allocated among other Plaintiffs' Counsel in a manner which, in Lead Counsel's good faith judgment, reflects such counsel's contribution to the institution, prosecution, and resolution of the Litigation.

5.      The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Order Granting Final Approval of Settlement, Judgment, and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, Section 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)      the Settlement has created a fund of $21,807,500 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

- 2 -

(b)     over 112,800 copies of the Notice were disseminated to potential Class Members and nominees indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed one-third of the Settlement Amount and for expenses in an amount not to exceed $2.7 million, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c)     Lead Counsel pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)     Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e)     Lead Counsel pursued the Litigation entirely on a contingent basis;

(f)     the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Settling Defendants;

(h)     public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(i)     the attorneys' fees and expenses awarded hereby are fair and reasonable and consistent with awards in similar cases within the Tenth Circuit.

7.     Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $3,709.00 to Plaintiff Construction Laborers Pension Trust of Greater St. Louis, $5,902.35 to Plaintiff Laborers

Pension Trust Fund of Northern Nevada, $3,360.00 to Plaintiff Angelica Galkin, and $5,162.50 to Plaintiff Vladimir Galkin for the time they spent directly related to their representation of the Class.

8.      Any appeal or any challenge affecting this Court's approval regarding the Fee Application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.      In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED this 30th day of December, 2022.

_____
CHARLES B. GOODWIN
United States District Judge