## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

      Defendants.

---

## DECLARATION OF RYAN STEPHENS IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES, AND LEAD PLAINTIFF'S APPLICATION FOR REIMBURSEMENT OF LITIGATION EXPENSES

---

4889-5746-0858.v1

I, Ryan Stephens, declare as follows:

1.      I am the Administrator for the Oregon Laborers Employers Pension Trust Fund (the "Fund"), the Court-appointed Lead Plaintiff and class representative in the above-captioned securities class action (the "Action").[1]  My duties include the joint responsibility, pursuant to the direction of the Board of Trustees, of control, management, operation and administration of the Fund.  I regularly attend the Fund's Board of Trustees meetings as part of the administrative team.

2.      The Fund is a multi-employer defined benefit plan based in Portland, Oregon that provides retirement benefits to members of the Laborers' International Union of North America ("LIUNA") and its beneficiaries.  The Fund has more than 5,000 participants and oversees $300 million in assets.   The Fund, which has been in existence since 1959, is governed by a jointly-managed Board of Trustees.  The Board of Trustees is responsible for the administration of the Fund.

3.      I submit this Declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, Class Counsel's Motion for Attorneys' Fees and Litigation Expenses, and Lead Plaintiff's request for reimbursement for the time and expenses incurred by the Fund in representing the Class in this Action.  I have personal knowledge of the matters related to the Fund's application, and of the other matters set forth in this Declaration, as I, or others working under my direction, have been directly involved in monitoring and overseeing the prosecution of the Action on the Fund and the Class's behalf, and I could and would testify competently thereto.

## I.      Work Performed by the Fund on Behalf of the Class

4.      The Fund understands that the Private Securities Litigation Reform Act of 1995 ("PSLRA") was intended to encourage institutional investors to manage and direct securities class

---

[1]      Unless otherwise indicated herein, capitalized terms have those meanings contained in the Stipulation of Settlement, dated September 20, 2022, ECF 178.

- 1 -

4889-5746-0858.v1

actions. The Fund is an institutional investor which committed itself to prosecuting this litigation, through trial and appeal if necessary. In seeking appointment as a Lead Plaintiff and class representative in this Action, the Fund understood its fiduciary duties to serve in the interests of the class by participating in the management and prosecution of the Action.

5. During the course of four years since it was first appointed as Lead Plaintiff, the Fund has, among other things: (a) conferred with Lead Counsel (Robbins Geller Rudman & Dowd LLP) and Fund Counsel (Weinberg, Roger & Rosenfeld) on the overall strategy for prosecuting the Action; (b) reviewed significant pleadings and motion papers filed in the Action; (c) met with Lead Counsel and reviewed periodic reports from Lead Counsel concerning the progress of the Action; (d) collected and produced documents for discovery; (e) provided responses to interrogatories; (f) prepared for and attended a deposition; and (g) communicated with Lead Counsel and Fund Counsel regarding settlement negotiations and documentation.

6. As the Administrator, I monitored the litigation, communicated with counsel on major developments in the case, including Lead Counsel's negotiation and approval of the Settlement, and met with counsel and participated in telephonic conferences with attorneys from Robbins Geller Rudman & Dowd LLP during the course of the Litigation.

## II. The Fund Endorses the Court's Approval of the Settlement

7. After seriously considering the grounds for the settlement, as well as the risks and uncertainties associated with continued litigation, including the trial and appeal (if Lead Plaintiff prevailed), the Fund's Board of Trustees authorized Lead Counsel to settle this Action for $27 million. Based on its involvement during the prosecution and resolution of the Action, the Fund believes that the Settlement represents a recovery that would not have been possible without the diligent efforts of Lead Counsel. In agreeing to the Settlement, the Fund considered the real possibility that its remaining claims may not ultimately succeed, or that a jury could significantly limit the Class's damages. The Fund also understood that even if Lead Plaintiff prevailed at trial, the

4889-5746-0858.v1

Defendants would likely appeal that decision and that the appeal process would, at a minimum, substantially delay any recovery by the Class. Weighing these substantial risks against the immediacy and noteworthy amount of the recovery, the Fund believes that the $27 million Settlement is an excellent result for the Class, and that its approval is in the best interest of each Class Member.

**III.    The Fund Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and Its Request for an Award for Reimbursement of Its Expenses Pursuant to 15 U.S.C. 78u(4)(A)(3)**

8.      Recognizing that any determination of fees and expenses is ultimately left to the Court, the Fund endorses Lead Counsel's request for a 30% attorneys' fee award plus up to $1 million in expenses incurred by Lead Counsel in litigating this case. The Fund believes that Lead Counsel's request is fair and reasonable in light of the extensive, high-quality work they performed on behalf of Lead Plaintiff and the Class.

9.      The Fund has evaluated Lead Counsel's fee request by considering, among other things: the amount and quality of work performed; the recovery obtained for the Class, which would not have been possible without the tremendous efforts of Lead Counsel; the complexities, challenges, and novel legal arguments that counsel faced and overcame; and the customary fees in similar cases. The Fund further believes that the litigation expenses requested by Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of this complex securities action. Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, the Fund supports Lead Counsel's motion for attorneys' fees and litigation expenses.

10.      In addition, pursuant to 15 U.S.C. 78u(4)(a)(3), the Fund requests that the Court award it reasonable costs and expenses incurred while serving as a representative on behalf of the Class. I, as the Fund's Administrator, spent 20 hours discussing litigation strategy, case developments, and settlement negotiations with Lead Counsel and Fund Counsel; collecting and

- 3 -

4889-5746-0858.v1

reviewing materials for discovery; and preparing for a deposition and providing deposition testimony. Based on my overall level of compensation, I believe an hourly rate of $195 for this time is reasonable and appropriate and therefore request a total of $3,900. Accordingly, the Fund respectfully requests reimbursement in the amount of $3,900 for expenses incurred in its service as a Class Representative.

## IV.     CONCLUSION

11.     The Fund was closely involved in the prosecution and settlement of the claims in this Action, and based on its experience representing the Class, respectfully requests that the Court grant final approval of the Settlement, Lead Counsel's attorneys' fee and expense application, and its application for an award of $3,900, in consideration of the time and expenses the Fund incurred in representing the Class in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have the authority to execute this Declaration on behalf of the Fund. Executed this 13 day of September , 2023 at Portland, Oregon.

RYAN STEPHENS
FUND ADMINISTRATOR

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on October 2, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Spencer A. Burkholz*
SPENCER A. BURKHOLZ

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com

**Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mmena-hadyka@omm.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Kate Mie Ikehara**
  kikehara@omm.com,kate-ikehara-0705@ecf.pacerpro.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com

- **Christopher Dennis Stewart**
  cstewart@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Ellen Gusikoff Anne Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan Bryce Waxman**
  jwaxman@omm.com,jonathan-waxman-8134@ecf.pacerpro.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Phillup G  Newhope
,

Logan Durant
,

Michael W Slaunwhite
,