## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00124-WJM-SKC
*Consolidated with Civil Action No. 1:19-cv-00758-WJM-SKC*

OREGON LABORERS EMPLOYERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

v.

MAXAR TECHNOLOGIES INC.,
HOWARD L. LANCE, and
ANIL WIRASEKARA,

     Defendants.

---

**DECLARATION OF SPENCER A. BURKHOLZ FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

---

4869-4982-6433.v2

I, SPENCER A. BURKHOLZ, declare as follows:

1.    I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.    This Firm is Lead Counsel of record for Lead Plaintiff Oregon Laborers Employers Pension Trust Fund, and the Class herein.

3.    The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.    After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 13,906.00.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $8,662,461.25.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent

- 1 -

4869-4982-6433.v2

cases set by the Firm for each individual. These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. Different timekeepers within the same employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this Firm or other firms. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.  The Firm seeks an award of $825,853.33 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached Exhibit B.

6.  The following is additional information regarding certain of these expenses:

(a)  Filing, Witness and Other Fees: $10,874.95. These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who either: (i) served process of the complaint or subpoenas; (ii) obtained copies of court documents for Lead Plaintiff; or (iii) advanced witness fees. The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)  Transportation, Hotels & Meals: $7,187.97. In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, meet with

4869-4982-6433.v2

Fund counsel and to interview witnesses and a potential confidential witness.  The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

(c)    Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $70,173.34.  The vendors who were paid for these services are listed in the attached Exhibit E.

(d)    Experts/Consultants/Investigators: $518,868.87.

(i)    Stanford Consulting Group, Inc. ("Stanford"): $194,944.00. Stanford provides economic research and analysis concerning company valuation and other complex business matters.  Lead Plaintiff engaged Zachary Nye, Ph.D., an experienced financial economist and Vice President at Stanford, to provide an opinion about whether Maxar common stock traded in an efficient market and whether damages could be calculated on a class-wide basis. Dr. Nye is an expert in market efficiency of financial and derivative securities, volatility forecasting, risk management, financial econometrics, valuation and corporate finance.  Dr. Nye prepared a detailed report on market efficiency and the calculation of damages, which was submitted to the Court as part of Lead Plaintiff's successful effort to certify the Class.

(ii)    Zyla Valuation Advisors, LLC ("Zyla"): $93,705.94.  Zyla and its Managing Director, Mark L. Zyla, CPA/ABV, CFA, ASA, provide business valuation services. Mr. Zyla is a certified public accountant, and a presenter, author, and committee member with a direct focus on matters related to business valuation.  Lead Plaintiff engaged Zyla to analyze whether and when Maxar should have taken impairments to its business valuation, as well as the appropriate size of those impairments.  Zyla began preparation of a report, but the case settled before that report was finalized or filed.

- 3 -

4869-4982-6433.v2

(iii)     L.R. Hodges & Associates, Ltd. ("LRH&A"):  $74,404.26.  Over a 20-month period (April through October 2019, February and September through December 2020, and February, March and August through November 2021) in which LRH&A provided investigative services to Lead Counsel, LRH&A expended 321.2 hours for combined fees of $69,911.00, and incurred related expenses of $4,493.26 for a total of $74,404.26.  LRH&A's research staff expended 54 hours to research, identify, and confirm the employment status of perspective witnesses, locating all key targets, as well as maintaining and updating an evolving witness list to support other investigative team members.  This also involved research, retrieval and analysis of relevant documents, including SEC filings, media articles, court filings, as well as other materials related to the case issues.  The case manager and interviewing investigators expended a combined 267.2 hours to research, review, and analyze materials in preparation for the investigation; contacting and conducting interviews with targeted third-party witnesses; and thereafter, preparing comprehensive interview summaries and other case reports.  In addition, these individuals were involved in analyzing key case issues, as well as establishing and executing the joint litigation investigation team plan, and participating in numerous strategy sessions and investigation briefings with Lead Counsel.

(iv)     Application Technology Strategy, LLC ("ATS"): $73,200.01.  ATS and its founder, Bruce Elbert, provide consultation services in the area of satellite technology engineering and innovation.  Mr. Elbert is a leading satellite industry expert, communications engineer, project leader, and consultant with over 50 years of experience in communications and space-based systems in the public and private sectors.  Lead Plaintiff engaged ATS to provide

4869-4982-6433.v2

opinions concerning Maxar's satellite business, the satellite industry, and satellite industrial trends. ATS began preparation of a report, but the case settled before that report was finalized or filed.

(v)    Tasta Group (dba Caliber Advisors, Inc. ("Caliber")): $57,950.00. Caliber is an economic consulting firm.  Lead Plaintiff retained Bjorn Steinholt, CFA, a managing director at Caliber with more than 25 years of experience providing capital markets consulting, including financial and economic analyses relating to mergers and acquisitions, initial public offerings, fairness opinions, private placements, venture capital investments, structured finance, portfolio risk management, market structure, performance measurement, option and warrant valuations, and shareholder disputes.  Lead Plaintiff retained Mr. Steinholt to analyze and prepare reports on issues of loss causation and damages.

(vi)    Philip Anisman: $9,220.80.  Mr. Anisman is a lawyer in Canada and an authority on Canadian securities law.  He has conducted corporate, securities, regulatory, and other commercial litigation before every level of court in Ontario, the Supreme Court of Canada, securities commissions, and other tribunals.  Lead Plaintiff retained Mr. Anisman during the pleading phase to assist with analysis of potential claims under Canadian securities laws.

(vii)    TransPerfect Translations International Inc. ("TransPerfect"): $7,568.86.  TransPerfect is a document translation company.  Lead Plaintiff hired TransPerfect to translate foreign-language materials into English, including a press release written in Israeli.

(viii)    Lily Haggerty: $4,575.00.  Lily Haggerty is a private investigator. Lead Plaintiff engaged Ms. Haggerty to locate and monitor a third party witness who was evading personal service.

- 5 -

4869-4982-6433.v2

(ix)    J.S. Held Midco LLC ("J.S. Held"): $1,800.00.  J.S. Held is a full-service consulting firm.  Lead Plaintiff engaged Kent Barrett, CPA, CFF, CFE, CLU, ChFC, FLMI, a senior managing director at J.S. Held, to analyze Maxar's accounting practices.  Mr. Barrett previously served for several years as Chief Financial Officer for a number of major insurance and investment companies and directed the internal audit function for American General Financial Group.  Mr. Barrett analyzed whether Maxar's accounting practices complied with International Financial Reporting Standards (IFRS).

(x)    The Expert Institute Group, LLC ("Expert Institute"): $1,500.00. Expert Institute connects lawyers to legal experts.  Lead Plaintiff paid Expert Institute a finder's fee for introducing Lead Plaintiff to ATS and Mr. Elbert.

(e)    Outside Canadian Counsel: $119,661.91.

(i)    Borden Lander Gervais, LLP ("BLG"): $86,697.91.  BLG is a large, full-service law firm based in Canada.  Lead Plaintiff retained BLG to assist with obtaining discovery from KPMG (Canada).  BLG helped Lead Plaintiff prepare motions to issue letters rogatory, negotiate the production of documents, and secure testimonial evidence through additional letters rogatory.

(ii)    Osler, Hoskin & Harcourt LLP ("Osler"): $32,964.00. Osler is a large, full-service law firm based in Toronto, Canada.  KPMG (Canada) hired Osler to help respond to Lead Plaintiff's letters rogatory, and Lead Plaintiff reimbursed KPMG (Canada) this amount in fees and expenses.

(f)    Photocopies: $153.15.  In connection with this case, the Firm made 1,021 black and white copies.  Robbins Geller requests $0.15 per copy for a total of $153.15.  Each time

- 6 -

an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to the Litigation.

(g)    Online Legal and Financial Research: $14,044.12.  This category includes vendors such as LexisNexis, PACER, Thomson Financial, Transunion Acquisition, and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(h)    eDiscovery Database Hosting: $37,057.20.  Robbins Geller requests $37,057.20 for hosting eDiscovery related to this Litigation.  Robbins Geller has installed top tier database software, infrastructure, and security.  The platform implemented, Relativity, is offered

- 7 -

by over 100 vendors and is currently being used by 198 of the AmLaw200 firms. Over 50 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Type II data center with automatic replication to a datacenter located in a different geographic location. By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor. Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost. Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more). Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor. Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize advanced AI technology, and has reduced the expense associated with maintaining and searching electronic discovery databases. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. The amount requested reflects charges for the hosting of over 568,000 pages of documents produced by parties and non-parties in this Litigation.

(i)    Mediation Fees (Phillips ADR Enterprises, P.C. ("Phillips ADR")): $46,450.00. The parties retained Gregory P. Lindstrom, Esq. of Phillips ADR to conduct settlement discussions during the course of the Litigation. Mr. Lindstrom has substantial experience mediating securities fraud class actions. Mr. Lindstrom conducted three separate mediation sessions on March 31, 2021, May 5, 2021, and June 21, 2022, which led to the settlement of the case.

- 8 -

4869-4982-6433.v2

7.      The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.      The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 2nd day of October, 2023, at San Diego, California.

s/ Spencer A. Burkholz
SPENCER A. BURKHOLZ

- 9 -

4869-4982-6433.v2

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on October 2, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Spencer A. Burkholz*
SPENCER A. BURKHOLZ

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com

## Mailing Information for a Case 1:19-cv-00124-WJM-SKC Oregon Laborers Employers Pension Trust Fund et al v. Maxar Technologies Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew W. Close**
  mclose@omm.com,matthew-close-5511@ecf.pacerpro.com,mmena-hadyka@omm.com,mleu@omm.com

- **Nicole Gilliland**
  ngilliland@rgrdlaw.com

- **Kate Mie Ikehara**
  kikehara@omm.com,kate-ikehara-0705@ecf.pacerpro.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,panderson@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brittany Allison Rogers**
  brogers@omm.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,panderson@rgrdlaw.com,ChristC@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com

- **Christopher Dennis Stewart**
  cstewart@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Ellen Gusikoff Anne Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan Bryce Waxman**
  jwaxman@omm.com,jonathan-waxman-8134@ecf.pacerpro.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Phillup G  Newhope
,

Logan Durant
,

Michael W Slaunwhite
,